

FILED & ENTERED

JUL 13 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum        DEPUTY CLERK

## NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

In re:

DOWENT FAMILY LLC,
A Delaware Limited Liability Company,

       Debtor and Debtor-in-
       Possession.

Case No. 2:13-bk-12977-RK

Chapter 11

**MEMORANDUM DECISION ON: (1) MOTION OF DEBTOR FOR ATTORNEYS' FEES AND COSTS INCURRED IN CONNECTION WITH MOTION BY DEBTOR FOR AN ORDER DISALLOWING THE CLAIM OF EFPAR DEVELOPMENT, LLC AND (2) DEBTOR'S BILL OF COSTS**

     Pending before the court are two matters filed by Dowent Family, LLC ("Debtor"): (1) the Motion by Debtor for Attorneys' Fees and Costs Incurred in Connection with Motion by Debtor for an Order Disallowing the Claim of Efpar Development, LLC ("Fee Motion"), Electronic Case Filing (or Docket) Number ("ECF") 410, and (2) the Bill of Costs, ECF 412, both filed on September 23, 2015, wherein Debtor seeks an award of attorneys' fees in the amount of $294,212.50 and costs in the amount of $7,385.89 against Efpar Development, LLC ("Efpar"). In response, Efpar filed an objection to the Bill of Costs, ECF 415, filed on September 29, 2015, and an opposition to the Motion, ECF 416, filed on October 13, 2015. Debtor filed a reply to Efpar's Opposition. ECF 417,

filed on October 20, 2015.  Debtor is represented by the law firm of Ringstad & Sanders
LLP ("R&S") of Irvine, California.  Efpar is represented by the Law Offices of Saul Reiss,
P.C. of Santa Monica, California.

The court continued the initial hearing on the Fee Motion and the Bill of Costs on
October 27, 2015 to February 2, 2016 in order to allow Debtor and Efpar to file
supplemental briefing addressing the reasonableness of Debtor's requested attorneys'
fees.  ECF 420, entered on October 26, 2015.  Both Efpar and Debtor filed supplemental
briefs as ordered.  *See* ECF 427 and 432, filed on December 15, 2015 and January 12,
2016, respectively.  Thereafter, the court took both the Fee Motion and the Bill of Costs
under submission.

Having considered the Fee Motion and the Bill of Costs, the opposing and reply
papers, the arguments and further briefing of the parties, and the record before the court,
the court now rules on the Motion and the Bill of Costs as set forth in this memorandum
decision.

### BACKGROUND

On April 12, 2013, Efpar filed a proof of claim in this bankruptcy case that asserted
a claim against Debtor in the total amount of $1,878,333.32 ("Claim").  Claims Register,
Claim No. 2-1, filed on April 12, 2013.  As stated in the proof of claim, the basis for the
claim was "$100,000 deposit taken by Debtor & Breach of Purchase Agt."  *Id.*  Efpar
asserted that the amount of the $100,000.00 deposit was a secured claim based on a
"vendee lien", and that the remaining amount of the claim was an unsecured claim for
damages for breach of contract.  *Id.*  As discussed below, Efpar asserted this claim
against Debtor for breach of a contract for purchase and sale of certain real property that
Debtor had agreed to sell to Efpar.

On April 8, 2014, Debtor filed its Motion for an Order Disallowing Efpar's Claim
("Claim Disallowance Motion"), requesting an order disallowing Efpar's Claim in its

entirety, or, in the alternative, reducing the Claim to a nonpriority general unsecured claim not to exceed $75,000.00.  ECF 215 at 2.

In its opposition to the Motion for an Order Disallowing Efpar's Claim, Efpar argued that the amount of its claim was $2,846,161.55[1].  ECF 229 at 8, filed on April 29, 2014. Efpar's opposition to Debtor's Claim Disallowance Motion consisted of 10 pages of argument, a 5 page declaration of Farim Efraim, Efpar's managing member, a 1 page declaration of Saul Reiss, Efpar's counsel and about 150 pages of exhibits, including copies of the pleadings relating to Debtor's motion to reject the contract for sale of the subject real property with David Zander, another and different buyer of Debtor's real property (Debtor had sold the real property to two different parties at the same time), Debtor's motion to approve sale of the property and compromise with Efpar and the court's order establishing bidding procedures and sale terms for the sale of the subject property in this case.  In its opposition, Efpar argued that: (1) Debtor has not met the standard to shift the burden of proof on Efpar's proof of claim to Efpar; (2) Debtor should be judicially estopped from denying the validity of its claim based on its position in support of the motion to approve compromise of Efpar's claim; (3) the contract was not terminated, but in full force as amended with any prior breaches waived; (4) there was no mutual mistake of law to void the contract; (5) Efpar was ready, willing and able to purchase the subject property under the contract, and Debtor was not entitled to retain any of Efpar's $100,000 deposit as liquidated damages; (6) Efpar's loss of bargain damages exceeded $75,000 based on the existence of the Dollar Tree Lease disclosed to Debtor in full force; and (7) Efpar mitigated its damages contrary to Debtor's arguments.

The Claim Disallowance Motion was litigated as a contested matter under Federal Rule of Bankruptcy Procedure 9014, and the court conducted a two-day trial of the matter

---

[1] The court notes that Efpar did not expressly state this figure for its claim.  Rather, Efpar set forth several figures it asserted comprised its claim, with these figures adding up to $2,846,161.55.  At trial, Efpar asserted a claim of $2,582,777.40.

3

on December 18 and 19, 2014.  In their respective proposed findings of fact and

conclusions of law on the Claim Disallowance Motion submitted after trial, Debtor

requested that the court enter an order that it only owed Efpar $100,000, ECF 375,

lodged on February 27, 2015, and Efpar requested that the court enter an order allowing

its claim in the amount of $2,582,777.40, ECF 376 at 47-48, lodged on February 27,

2015.

On August 11, 2015, the court filed and entered its Memorandum Decision on

Debtor's Motion for Order Disallowing Claim of Efpar Development, LLC ("Claim

Disallowance Memorandum Decision"), which granted it in part and denied it in part.

ECF 399, filed and entered on August 11, 2015.  The court determined that Efpar has an

allowed, non-priority, general unsecured claim against Debtor's bankruptcy estate in the

amount of $130,192.00, plus pre-judgment, pre-petition interest. *Id.*  On August 24,

2015, the court filed and entered its judgment granting in part and denying in part the

Claim Disallowance Motion.  ECF 403.  The judgment is now final and nonappealable

because no timely appeal was taken.  Subsequently, Debtor filed its Fee Motion and Bill

of Costs.

**DISCUSSION**

Through the Fee Motion and Bill of Costs, Debtor requests an award of

$294,212.50 in attorneys' fees and $7,385.89 in costs against Efpar based on the fees

and costs incurred by Debtor for the services of its attorneys, R&S, for the work they

performed related to the contested matter of the Claim Disallowance Motion.  ECF 410

and 412.  Debtor bases its Fee Motion on an attorneys' fee provision from the Standard

Offer, Agreement and Escrow Instructions for Purchase of Real Estate (the "Sale

Agreement") between Debtor and Efpar for the sale and purchase of the subject real

property, which this court found to be a valid and enforceable contract between the

parties. *Claim Disallowance Memorandum Decision*, ECF 399 at 15-17.  Although the

Sale Agreement was modified by both an addendum and second amendment, both of

4

which were found to be valid contractual modifications of the Sale Agreement, *Id.* at 16-

17, neither party presented evidence nor argued that the attorneys' fee provision from the

Sale Agreement was modified through either the addendum or second amendment, and

thus, no longer enforceable.

Paragraph 16 of the Sale Agreement states:

> If any Party or Broker brings an action or proceeding (including arbitration) involving the Property whether founded in tort, contract or equity, or to declare rights hereunder, the Prevailing Party (as hereafter defined) in any such proceeding, action, or appeal thereon, shall be entitled to reasonable attorneys' fees.  Such fees may be awarded in the same suit or recovered in a separate suit, whether or not such action or proceeding is pursued to decision or judgment.  **The term "Prevailing Party" shall include, without limitation, a Party or Broker who substantially obtains or defeats the relief sought**, as the case may be, whether by compromise, settlement, judgment, or the abandonment by the other Party or Broker of its claim or defense.  The attorneys' fees award shall not be computed in accordance with any court fee schedules, but shall be such as to fully reimburse all attorneys' fees reasonably incurred.

*Fee Motion*, ECF 410 at 26, Exhibit 1, Sale Agreement, ¶ 16 (emphasis added).  Debtor

relies upon California Civil Code § 1717 for its Fee Motion and Bill of Costs, which

provides as follows:

> (a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.
> . . .
> Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit.
> . . .
> (b)(1) The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment.  Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract.  The court may also determine that there is no party prevailing on the contract for purposes of this section.

California Civil Code § 1717.

5

Efpar filed a written opposition to Debtor's fee motion and made the following arguments: (1) Debtor did not seek costs and attorneys' fees in its motion to disallow Efpar's claim, the Claim Disallowance Motion; (2) the claims objection was not a breach of contract action subject to the attorneys' fees clause of the Sale Agreement; (3) the Sale Agreement did not provide for an award of attorneys' fees in this case; (4) no attorneys' fees are permissible because Efpar's claim was made in good faith; (5) Debtor is not the prevailing party on the Claim Disallowance Motion; (6) arguably, there was no prevailing party in this action; (7) the attorneys' fees sought by Debtor are unreasonable, excessive and not necessarily incurred; and (8) Efpar is the prevailing party entitled to an award of attorneys' fees. *Efpar's Opposition*, ECF 416, filed on October 13, 2016. In response to the court's order requesting further briefing on the reasonableness of the attorneys' fees claimed by Debtor, Efpar filed a supplemental written opposition to Debtor's fee motion which elaborated on its original opposition. *Efpar's Supplemental Opposition,* ECF 427, filed on December 15, 2015. Efpar argued that Debtor was not the prevailing party on the Claim Disallowance Motion because Debtor lost its main objective in the litigation because the court rejected Debtor's legal theories and litigation objective, Debtor lost on its secondary and less desired objective and Debtor is not entitled to recover attorneys' fees for arguments as to which it lost and were found to be incorrect. *Id.* at 2-12. Efpar further argued that the applicable authority before the bankruptcy court mandates the rejection of Debtor's claim to be the prevailing party. *Id.* at 13-14. Efpar also argued that Debtor's rejection of the executory provisions of the Sale Agreement extinguished the attorneys' fee provision of the agreement. *Id.* at 14-16. Efpar reiterated its arguments that Debtor should not be awarded attorneys' fees because Debtor did not seek attorneys' fees in its motion objecting to Efpar's claim, that no party prevailed in this action, or that alternatively, Efpar's request for attorneys' fees should be granted. *Id.* at 12-13, 19-22. In arguing that the amount of attorneys' fees sought by Debtor is

1  unreasonable, Efpar further argued that its attorneys did not charge clients when they

2  consult with each other unlike Debtor's counsel.  *Id.* at 22.

3      Debtor in its reply to Efpar's written opposition to its fee motion and in its

4  supplemental response to Efpar's supplemental opposition to the fee motion disputes

5  Efpar's contentions that the fee motion should be denied, or the fees be disallowed or

6  substantially reduced.  The court addresses the parties' contentions below.

7      **I.      DEBTOR IS THE PREVAILING PARTY UNDER THE CONTRACT**

8      In order to be entitled to an award of reasonable attorneys' fees under the Sale

9  Agreement and California Civil Code § 1717, the court must first determine whether

10  Debtor is entitled to such award as the prevailing party in an action or proceeding

11  covered by California Civil Code § 1717.  As stated by the court in *Exxess Electronixx v.*

12  *Heger Realty Corp.*, 64 Cal.App.4th 698 (1998), "[i]f a cause of action is 'on a contract,'

13  and the contract provides that the prevailing party shall recover attorneys' fees incurred

14  to enforce the contract, then attorneys' fees must be awarded on the contract claim in

15  accordance with Civil Code section 1717."   64 Cal.App.4th at 706-707, *citing and*

16  *quoting, Santisas v. Goodin,* 17 Cal.4th 599, 615-617 (1998).

17      California Civil Code § 1717(b) provides that "the party prevailing on the contract

18  shall be the party who recovered a greater relief in the action on the contract."  In

19  deciding whether there is a prevailing party on a contract, the California Supreme Court

20  stated:

21          The trial court is to compare the relief awarded on the contract claim or
22          claims with the parties' demands on those same claims and their litigation
            objectives as disclosed by the pleadings, trial briefs, opening statements,
23          and similar sources.  The prevailing party determination is to be made only
            upon final resolution of the contract claims and only by a comparison of the
24          extent to which each party ha[s] succeeded and failed to succeed in its
            contentions.
25
    *Hsu v. Abbara*, 9 Cal.4th 863, 876 (1995) (citation and internal quotation marks omitted).
26
    The California Supreme Court in *Hsu v. Abbara* further stated that "*in determining*
27
    *litigation success*, courts should respect substance rather than form, and to this extent
28
                                    7

should be guided by 'equitable considerations.'"  *Id.* at 877 (emphasis in original); *see also, Graham v. DaimlerChrysler Corp.* 34 Cal.4th 553, 565 (noting that the California Supreme Court has "taken a broad, pragmatic view of what constitutes a 'successful party.'").  "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on *any significant issue* in litigation which achieves *some of the benefit* the parties sought in bringing suit.'"  *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal.App.4th 140, 153 (2006) (emphasis in original), *citing and quoting*, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

As discussed below, the court determines that Debtor is the prevailing party within the meaning of the Sale Agreement and California Civil Code § 1717.  But before the court addresses why Debtor is the prevailing party under these provisions, the court first considers and addresses several threshold arguments made by Efpar.

Efpar first argues that attorneys' fees cannot be awarded against it under the Sale Agreement because the Sale Agreement provides that attorneys' fees can only be awarded in a tort, contract, or equitable action.  *Efpar's Opposition to Debtor's Motion for Attorneys' Fees*, ECF 416 at 6-7.  According to Efpar, because Debtor seeks attorneys' fees for work related to a claim objection rather than a contract action, and therefore, the court cannot award attorneys' fees in this case against it.  The court rejects this argument.  The Sale Agreement states a prevailing party is entitled to an award of its attorneys' fees against the other party for any action or proceeding involving the subject property, whether sounding in contract, tort or equity, and California Civil Code § 1717(a) states that "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs. *See Fee Motion*, ECF 410 at 26, Exhibit 1, Sale Agreement, ¶16 ("If any Party. . .brings

1    an action or proceeding…involving whether the Property whether founded in tort,

2    contract, or equity. . .the Prevailing Party. . .in any such proceeding, action, or appeal

3    thereon, shall be entitled to reasonable attorneys' fees.").

4           Pursuant to Federal Rule of Bankruptcy Procedure 3001, Efpar filed its proof of

5    claim in this bankruptcy case on grounds that Debtor owed it a debt for damages for

6    breaching the contract to sell the subject property to Efpar, the Sale Agreement.  Debtor

7    disputed the claim and filed its motion objecting to Efpar's claim pursuant to Federal

8    Rules of Bankruptcy Procedure 3007 and 9013, commencing this contested matter under

9    Federal Rule of Bankruptcy Procedure 9014, which made applicable most of the

10   procedural litigation rules pertaining to adversary proceedings under Part VII of the

11   Federal Rules of Bankruptcy Procedure.  Federal Rule of Bankruptcy Procedure 9014(c)

12   and rules cited therein.  Although this litigation of the contested matter between Debtor

13   and Efpar was to determine whether Efpar held an allowable claim against Debtor's

14   bankruptcy estate, the dispute was an action or proceeding sounding in contract because

15   the issues before the court were whether Debtor breached its contract with Efpar, and if

16   so, how much were Efpar's contractual damages.  Efpar's argument fails because the

17   litigation of the contested matter between the parties was an action or proceeding

18   sounding in contract in that Efpar, by filing its proof of claim based on the contract, was

19   seeking to enforce the contract and recover damages for breach of contract from

20   Debtor's bankruptcy estate and Debtor, by filing its motion objecting to Efpar's claim,

21   disputed Efpar's claim or right to enforce the contract.  As such, Efpar's position is

22   inconsistent with the plain language of California Civil Code § 1717 and the attorneys'

23   fees provision in the Sale Agreement which provide that attorneys' fees are to be

24   awarded to the prevailing party on "any action on a contract" and "any such [contract]

25   proceeding."  See California Civil Code § 1717(a); *See Fee Motion*, ECF 410 at 26,

26   Exhibit 1, Sale Agreement, ¶16.  Efpar offers no persuasive reason why the contested

27   matter litigated between the parties by Debtor's motion objecting to Efpar's claim for

28

9

1  contractual damages is not an action or proceeding for purposes of the Sale Agreement

2  and California Civil Code §1717.  Thus, the court concludes that because the claim

3  objection was an action or proceeding sounding in contract where Efpar was seeking to

4  enforce its claim sounding in contract against Debtor, based on the contract for sale of

5  the subject property, the court has legal authority to make an award of attorneys' fees

6  and costs to the prevailing party under the Sale Agreement and California Civil Code §

7  1717.

8          Efpar also argues that Debtor's rejection of the Sale Agreement extinguished the

9  applicability of the contractual provision for an award of attorneys' fees to the prevailing

10 party, and it argues that Debtor cannot reject the Sale Agreement and "choose provisions

11 that suit its needs and ignore others."  *Efpar's Supplemental Brief*, ECF 427 at 15.

12 Efpar's argument lacks merit because it is based on a misunderstanding of the effect of

13 contract rejection under 11 U.S.C. § 365(g).  Rejection of a lease or contract "does not

14 rescind the lease [or contract] or defeat any pending claims or defenses that the debtor

15 had in regard to that lease [or contract]."  *In re Onecast Media, Inc.*, 439 F.3d 558, 563

16 (9th Cir. 2006), *citing,* 3 Resnick and Sommer, *Collier on Bankruptcy* § 365.09[1] (15th

17 rev. ed. 2005) ("Rejection does not . . . affect the parties' substantive rights under the

18 contract or lease, such as the amount owing or a measure of damages for breach and

19 does not waive any defenses to the contract).  Rather, "'[a] rejection of an unexpired

20 lease removes the lease from the bankruptcy estate,'" and "'constitutes a breach of such

21 contract or lease' that is effective immediately before the petition for bankruptcy."  *Id.*; *see*

22 *also* 11 U.S.C. § 365(g).  When Debtor rejected the contract, the Sale Agreement, the

23 rejection constituted a breach, not a rescission.  Because the contract was not rescinded,

24 the attorneys' fee provision of the contract was not extinguished and remains

25 enforceable.  As to Efpar's related argument that Debtor is improperly bypassing the

26 arbitration clause in seeking attorneys' fees by motion, Efpar had the right under the Sale

27 Agreement still in force to proceed with arbitration of the dispute over liquidated damages

28

of Debtor as the seller and the return of Efpar's deposit money as the buyer, but waived

such right as argued by Debtor since Efpar did not invoke its right to arbitration with a

demand for arbitration when Debtor filed its motion objecting to Efpar's claim, but instead

litigated the dispute at law through trial in this court.  *See In re Transport Associates, Inc.,*

263 B.R. 531, 536 (Bankr. W.D. Ky. 2001) ("The party seeking to enforce an arbitration

clause must demand arbitration within a reasonable time after the filing of the action at

law by the opposing party."), *citing American Locomotive Co. v. Gyro Process Co.,* 185

F.2d 316 (6th Cir. 1950).  Thus, the court rejects Efpar's arguments that the Sale

Agreement, including the attorneys' fee provision, is unenforceable due to rejection

because the attorneys' fee provision in the Sale Agreement remains enforceable.

Efpar further argues that Debtor is not the prevailing party because Debtor did not

accomplish its "main litigation objective . . . to disallow Efpar's entire claim."  *Efpar's*

*Supplemental Opposition*, ECF 427 at 3 (emphasis added).  Thus, Efpar reasons,

because the court found Efpar has a "non-priority, general unsecured claim against

Debtor's bankruptcy estate in the amount of $130,192.00[,]" Debtor cannot be the

prevailing party, as the court did not disallow Efpar's entire claim.  This argument of

Efpar's also lacks merit.  First, Efpar mischaracterizes Debtor's main litigation objective in

that Efpar itself acknowledges that Debtor requested Efpar's claim be disallowed in

entirety or "in the alternative, reduced to an amount not to exceed $75,000 as a

nonpriority, general unsecured claim."  *Efpar's Supplemental Opposition*, ECF 427 at 4.

Assuming for the sake of argument that "primary objective" is the test for prevailing party

under California Civil Code § 1717, while Efpar correctly asserts that Debtor likely

preferred the claim be entirely disallowed, preference is not necessarily the same as a

primary objective.  Although Debtor preferred Efpar's claim be entirely disallowed,

Debtor's actions suggest that Debtor's litigation objective was not to entirely disallow

Efpar's claim, that is, at trial, Debtor conceded that it owed Efpar $100,000 for the escrow

deposits paid under the Sale Agreement.  *Claim Disallowance Memorandum Decision*,

11

1    ECF 399 at 14, ¶56.  If Debtor's primary objective was to seek complete disallowance of

2    Efpar's claim, then Debtor's concession at trial presumably works against this goal.  In

3    contrast, these actions are not inconsistent if Debtor's primary objective was to reduce

4    Efpar's claim.

5        Efpar asserted post-trial that its claim for damages totaled $2,582,777.40.  While

6    Debtor acknowledged at trial that Efpar was entitled to its two escrow deposits totaling

7    $100,000, Debtor continued to litigate its position that Efpar was not entitled to the entire

8    amount of damages it sought.  It is unlikely that Debtor would have made this concession

9    if Debtor sought to entirely disallow Efpar's claim.  Thus, the court determines that

10    Debtor's primary objective in this litigation was to reduce Efpar's claim as much as

11    possible.   However, whether Debtor achieved its primary litigation objective is really

12    beside the point, with the point being whether Debtor is the prevailing party for purposes

13    of the attorneys' fee provision of the Sale Agreement and California Civil Code § 1717.

14        The court determines that Debtor is the prevailing party in the claim objection

15    litigation.  When determining whether there is a prevailing party, the court may look to the

16    contractual definition of prevailing party.  *Santisas v. Goodin*, 17 Cal. 4th at 622.  The

17    Sale Agreement defines the term prevailing party as the party "who substantially obtains

18    *or defeats the relief* sought[.]"  *See Fee Motion*, ECF 410 at 26, Exhibit 1, Sale

19    Agreement, ¶16 (emphasis added).  Efpar argues that under this definition, the court

20    cannot find that Debtor is the prevailing party, Efpar is the prevailing party, or neither

21    Efpar nor Debtor is the prevailing party.  The court rejects this argument.  First, as

22    discussed above, Debtor's primary litigation objective was to reduce Efpar's claim, and

23    Debtor achieved this objective as Efpar's claim was substantially reduced from

24    $2,582,777.40 to $130,192.00, which is a 95% reduction in amount.  *Judgment Granting*

25    *in Part and Denying in Part Motion by Debtor for an Order Disallowing the Claim of Efpar*

26    *Development, LLC,* ECF 403.  Debtor is also the prevailing party based on the definition

27    in the Sale Agreement, because Debtor substantially defeated the relief Efpar sought,

28                                        12

1   which was allowance of a claim for damages of $2,582,777.40 because the court only

2   allowed Efpar's claim for damages in the amount of $130,192.00, which was only 5% of

3   what Efpar sought.

4        In contrast, Debtor's initial litigation position was that Efpar's claim should be

5   entirely disallowed or in the alternative, only allowed in an amount not to exceed $75,000,

6   but later conceded at trial that Efpar's claim should be allowed in the amount of $100,000

7   for its two escrow deposits and damages not more than $2,500 for a total allowed claim

8   of $102,500.  The court's final ruling that Efpar's allowed claim for damages was

9   $130,192.00 is much closer to Debtor's position than Efpar's (i.e., $27,000 versus $2.4

10  million).   As the court stated in *De La Cuesta v. Benham*, 193 Cal.App.4th 1287 (2011),

11  "If the results in a case are lopsided in terms of one party obtaining 'greater relief' than

12  the other in comparative terms, it may be an abuse of discretion for the trial court *not* to

13  recognize that the party obtaining the 'greater' relief was indeed the prevailing party."

14  193 Cal.App.4th at 1295 (emphasis in original; citation omitted).  Such lopsided results in

15  favor of Debtor exist here.

16       The court rejects Efpar's contention that it is the prevailing party, *Efpar's*

17  *Opposition to Debtor's Motion for Attorneys' Fees*, ECF 416 at 17, because while the

18  court awarded Efpar damages, Efpar cannot be said to be the party which substantially

19  obtained the relief it sought, only obtaining 5% of the relief sought, while Debtor

20  substantially defeated Efpar's claim for relief by reducing the allowed claim by 95%.

21  Efpar cannot argue that it is the prevailing party because it only sought to receive some

22  damages.  Efpar initially sought damages of $1,878,333.32 as stated on its proof of claim

23  filed in this case, which amount was increased to $2,582,777.40 post-trial.  When the

24  court only allowed Efpar's claim for damages in the amount of $130,192.00 after it sought

25  $2,582,777.40, Efpar failed to substantially obtain the relief it sought, and under the Sale

26  Agreement and California Civil Code § 1717, Efpar cannot be determined to be the

27  prevailing party entitled to an award of attorneys' fees in this case.  Accordingly, because

28

1  the court determines that Debtor is the prevailing party in this case, the court also

2  determines that Debtor is entitled to its reasonable attorneys' fees pursuant to the Sale

3  Agreement and California Civil Code § 1717.

4      Efpar also argues that Debtor should not receive attorneys' fees for work related to

5  arguments that Debtor lost. *Efpar's Supplemental Opposition*, ECF 427 at 11-12. Efpar

6  contends that allowing Debtor to recover fees for arguments that it won and lost amounts

7  to "double recovery," and that permitting this type of recovery encourages attorneys to

8  "spend substantial amount of time citing to legal authorities which were inapplicable and

9  then attempt to recover attorneys' fees for the same." *Id*. at 12. The court rejects this

10 argument because the attorneys' fees provision in the Sale Agreement provides that a

11 prevailing party may recover attorneys' fees if it prevails in the action to enforce the

12 contract. *Fee Motion*, ECF 410 at 26, Exhibit 1, Sale Agreement, ¶16. Contrary to

13 Efpar's argument, there is no limitation in this provision which prevents Debtor as the

14 prevailing party from recovering attorneys' fees for work related to unsuccessful

15 arguments. This would be also consistent with the plain language of California Civil Code

16 § 1717. Under California Civil Code § 1717(a), "where a contract provides for attorneys'

17 fees…that provision shall be construed as applying to the *entire contract*" (emphasis

18 added). California Civil Code § 1717(b) also provides, "the party prevailing on the

19 contract shall be the party who recovered a greater relief *in the action* on the contract"

20 (emphasis added). If the court were only allowed to award fees for successful

21 arguments, then California Civil Code § 1717 would have likely included language

22 requiring the court to only award fees related to successful arguments. The plain

23 statutory language in California Civil Code § 1717 is inconsistent with Efpar's argument,

24 and Efpar has not cited any legal authority that suggests this section should be

25 interpreted differently. The court also rejects Efpar's contention that awarding attorneys'

26 fees for work related to unsuccessful arguments will encourage attorneys to purposefully

27 advance "inapplicable" arguments to inflate their fees. *Efpar's Supplemental Opposition*,

28

1  ECF 427 at 11-12.  Efpar's concern is addressed by the limitation in California Civil Code

2  § 1717 that only reasonable attorneys' fees may be awarded, and thus, the limitation is

3  not as to unsuccessful arguments, but as to unreasonable ones, which should discourage

4  improper legal advocacy, not proper advocacy.  Because California Civil Code § 1717

5  provides that a prevailing party can only recover "reasonable attorney's fees" that are

6  "fixed by the court," attorneys will likely not bill excessively, for fear of risking some fees

7  being disallowed by the court.  California Civil Code § 1717(a).

8  **II.     REASONABLENESS OF ATTORNEYS' FEES CLAIMED FOR THE**

9  **SERVICES OF RINGSTAD & SANDERS**

10      In its original opposition to Debtor's fee motion, Efpar made the following

11  arguments that the attorneys' fees sought by Debtor are unreasonable, excessive and

12  not necessarily incurred, which are quoted at length and verbatim:

13
14      Dowent seeks the sum of $294,212.50 for attorneys' fees for services
        rendered by attorneys Mr. Chris Minier (hourly rate of $375), Brian Nelson (hourly
        rate of $350) and Mr. Todd Ringstad (hourly rate of $625).  Mr. Nelson allegedly
15      spent 196.6 hours, Mr. Minier spent 399.3 hours and Mr. Ringstad spent 159.7
        [hours] for the total of 755.6 hours for a simple breach of contract claim.
16

17      The said fees were unnecessarily incurred and are clearly unreasonable.
        There are no declarations from Mr. Nelson and Mr. Ringstad regarding their hours.
18      This action involved a simple claim.  There were few witnesses in a short two day
        trial.  There was no need for three attorneys to work on such a simple case.
19      Furthermore, this action did not require over 755 hours of attorney services.
        Finally as evidenced by the Court's ruling after the trial, Dowent's counsel lost on
20      virtually every single argument.

21      A substantial amount of work was duplicated and rebilled.  For example, Mr.
22      Nelson bills the following hours for research and draft of memorandum regarding
        measure of damages in a breach of contract to sell real property (Efpar's claim):
23      0.30 hours on 2/11/13, 0.80 hours on 2/11/13 and 1.10 hours on 2/12/13.  This
        work is duplicated by Mr. Minier on 8/29/13, 0.90 hours and Mr. Minier spent
24      substantial amount of time analyzing the issue of proper measure of damages for
        breach of contract to sell real property as follows: 0.20 hours on 8/29/13, 0.40 on
25      8/29/13, 0.20 hours on 9/4/13, 0.40 hours on 9/4/13 and 0.20 hours on 9/4/13.
        Thereafter, Mr. Minier again spends time analyzing Efpar's claim, which was
26      essentially the amount of damages for breach of contract as follows: 0.20 hours on
27      9/5/13, 0.20 hours on 9/5/13, 2 hours on 9/6/13, 0.20 hours on 9/10/13, 0.10 hours

28
                                            15

on 9/10/13, 0.50 hours on 9/10/13, 0.10 hours on 9/10/13, 0.30 hours on 9/10/13, 0.10 hours on 9/11/13 and 1.60 hours on 9/11/13.

Mr. Nelson allegedly spent 71.1 hours working on the Dowent's Motion to disallow Efpar's claim starting on January 7, 2014 through April 8, 2014. This work was duplicated by Mr. Minier as evidenced by his billings of 22.9 hours and Mr. Ringstad as evidenced by his billings of 11.6 hours working on the same motion. In total, three attorneys spent allegedly spent 105.6 hours on preparing a motion which consisted of approximately eighteen pages. That is clearly unreasonable! Mr. Ringstad has been an attorney for thirty four years. Mr. Nelson has been an attorney for over four years. Mr. Minier has been attorney for eighteen years. It does not take three attorneys with over fifty six years combined experience 105.6 hours to draft eighteen pages!

To give another example, Mr. Nelson, Mr. Minier and Mr. Ringstad spent 32.5 hours in connection with the mediation, e.g., scheduling and rescheduling the mediation. An assistant can arrange a mediation. There is no need for an attorney with eighteen years experience (Mr. Minier) to schedule and reschedule a mediation at the cost of $375 per hour. On top of that, both Mr. Minier and Mr. Ringstad allegedly spent numerous hours in connection with "settlement status" and "settlement discussions."

As to the trial preparation, Mr. Minier spent over 200 hours. Mr. Nelson spent over 50 hours and then Mr. Ringstad stepped in and spent in excess of 40 hours. Mr. Ringstad spent a substantial amount of time duplicating time already spent. Mr. Minier spent the most amount of time preparing for the trial and then Mr. Ringstad spent for example 10.50 [hours] on December 17, 2014 reviewing the declarations and exhibit[s] that Mr. Minier had already prepared and reviewed.

As the examples set forth above demonstrate, Dowent's counsels duplicated each other's work and spent clearly excessive and unreasonable amount of time in connection with this action

*Opposition*, ECF 416 at 16-17.

In its supplemental opposition, Efpar also renewed its objection to Debtor's fee motion that the amount of attorneys' fees is unreasonable. *Supplemental Opposition, ECF 427 at 16-18.* Efpar also submitted a detailed analysis of the billing statements submitted by R&S in support of Debtor's fee motion. *Id.* and Exhibit A attached thereto.

Efpar stated in its supplemental opposition regarding the reasonableness of the attorneys' fees claimed by Debtor as follows:

The Court recognized in its order for further briefing that it would be extremely difficult to analyze the information submitted by Debtor's counsel in support of its claims for fees. Nevertheless, Efpar's counsel has conducted a

16

detailed analysis of the billing exhibit submitted by Dowent in the following manner.

First, Dowent's counsel's billing exhibit was entered into a worksheet which incorporated the date of service, the initials of the attorney providing the service, a description of the service, the type [sic] [i.e., time] expended, the hourly rate and the total fees.

Second, the worksheet was then extended to provide four separate categories for the purpose of recording billing items as to which Efpar contends the amounts are unreasonable and should not be awarded under any circumstances.

The four categories consist first of the pre-objection fees which are not recoverable [under] either state or federal law. Attorneys' fees in litigation do not commence until the litigation commences. Pre-litigation activities, however extensive, are not recoverable under Civ. Code § 1717. In this case, Efpar's claim remained presumptively valid from the date it was filed which was April 12, 2013 until the filing of the objection which was April 8, 2014. It is indicative of the degree of the overreach by Dowent's counsel that it has sought to recover in excess of $47,000 of fees incurred prior to the date of notice of rejection of the claim.

The second category of objectionable fees involves the duplication of effort in which Dowent's counsel is utilizing three different attorneys to perform duplicative work. In particular, the bulk of the case was prepared by attorney Chris Minier. His efforts included the duplication of work by attorney Bryan Nelson. Mr. Minier's billings were $137,625. Mr. Nelson's billings were $57,150. Both of these individuals had their work supervised, corrected and in some cases redone by attorney Todd Ringstad.

For purposes of Efpar's analysis, certain clearly duplicative efforts have been placed in the column entitled "Duplication of Effort Fees Not Recoverable". Included in this column are numerous communications with attorney Roger Hsu who was personal counsel for Michelle Orh. Mr. Hsu had a definite conflict of interest with Dowent in that Dowent's obligation was to creditors while Mr. Hsu's obligation was to the equity owners of Dowent. It was inappropriate and unreasonable for Dowent's counsel to have repeatedly and continuously involved Mr. Hsu and his associates in developing the strategy for this case.

The third category are fees incurred in connection with the unsuccessful assertion of complete forfeiture by Efpar of its earnest money deposit of $100,000 based on the various theories intended to invalidate the contract which were presumptively abandoned on the first day of the trial and then reasserted during the trial in the form of claims for impossibility, mutual mistake, etc.

The final category is excessive time incurred by assigning counsel inexperienced in real estate litigation. This category includes in particular various

research projects and work undertaken by attorney Mr. Nelson which by its description discloses a distinct lack of experience and would have been totally unnecessary had the case been assigned to a single attorney such as Mr. Minier to conduct the litigation from beginning to end.  Alternatively, Mr. Ringstad could have conducted the litigation from beginning to end and even at his higher billing rate, the time necessary to process the case would have been significantly decreased.

At the conclusion of the analysis, there are two additional discount factors which should be applied in determining the actual reasonable amount of fees incurred by Dowent's counsel.  One is a blanket ten percent of net billing after the previous deductions for the time invested in the preparation of documents relating to unsuccessful defenses and claims with respect to breach of contract and the refund of the earnest money deposit.

Finally, a thirty percent deduction is applied based on an analysis of the manner in which this case was handled by Dowent's counsel.   The Court will note from the worksheet and the exhibit provided by Efpar's counsel that on most days an individual would bill multiple distinct activities in six minute increments.  Any experienced lawyer knows that dealing with a case in distinct six minute increments involves at least a thirty percent waste of time.  This occurs either because six minutes is the minimum allowable increment, i.e., 0.1 hours so that any item handled between thirty seconds and six minutes is billed six minutes.  Each time an item is started and stopped, there is a considerable waste of time which is unreasonable and could be avoided by proper focus on all tasks related to a particular case at the same time.

It is not a mere coincidence that the net billable cost incurred by Efpar's counsel is approximately the same as ultimately determined to be reasonable for Dowent's counsel.  Had Dowent's counsel simply assigned this case to Mr. Minier and allowed him to try it, without interference from attorney Mr. Hsu or duplication of efforts from Mr. Ringstad and Mr. Nelson, the fees incurred by both sides would have been virtually identical.  It is unreasonable under any circumstances to charge a litigant for attorneys' fees incurred in a law firm structure which encourages duplication of effort and attempts to bill for what is effectively the training of inexperienced counsel.

Submitted concurrently herewith is the declaration of Saul Reiss which sets forth the analysis referred to above and attached as the worksheet.

*Supplemental Opposition* at 16-18.

As stated above, the court has quoted at length and verbatim Efpar's arguments in its original and supplemental oppositions to Debtor's fee motion why the attorneys' fees claimed by Debtor are unreasonable, excessive and/or unnecessarily incurred.  As discussed herein, the court determines that Efpar's arguments deserve serious

1    consideration, although the court does not agree with all of its arguments and will

2    determine that not all of its arguments are meritorious.  The court agrees with Efpar that

3    some but not all of the attorneys' fees claimed by Debtor are unreasonable, excessive

4    and/or unnecessarily incurred.  The issue is how much is reasonable and how much is

5    not.

6         The court reviewed each and every billing and cost entry set forth in the

7    billing statements of R&S submitted in support of Debtor's Fee Motion and the Bill of

8    Costs.  The court's examination of every billing and cost entry in the Fee Motion and the

9    Bill of Costs was labor-intensive and time-consuming because the entries are

10   voluminous, 85 pages with 10 to 15 billing entries per page, and the court had to analyze

11   each task performed to determine the reasonableness of fee claimed for the task in the

12   light of the nature of the task and the time spent on the task as well as the identity of the

13   professional performing the task, particularly where multiple attorneys as was frequently

14   the situation here worked on the same task. The court determined that it was required to

15   go to this level of detail because that is the expectation put upon a trial court to review an

16   application for an award of attorneys' fees.  As stated by the Ninth Circuit, trial courts

17   "must show their work when calculating [such awards]," *Padgett v. Loventhal*, 706 F.3d

18   1205, 1208 (9th Cir. 2013), and a trial "court acts within its discretion in awarding fees

19   when the amount is reasonable and the court fully explains its reasoning in making the

20   award." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009); *see also*,

21   *Muniz v. United Parcel Service, Inc.,* 738 F.3d 214, 227 (9th Cir. 2013) (M. Smith, J.,

22   concurring in part and dissenting in part).

23        In order to analyze whether the claimed professional fees are reasonable, the

24   court reviewed the billing entries of R&S set forth in exhibits to the Supplemental Brief of

25   Debtor in Support of its Reply Motion for Attorneys' Fees and Costs ("Debtor's

26   Supplemental Reply"), ECF 432, because the Supplemental Reply categorized the

27   services provided by R&S based on related tasks and listed the services in each category

28

19

in a separate exhibit, Exhibits 2 through 12.  Specifically, the Supplemental Reply broke

down the time spent and billed into the following categories, which also lists the exhibit

number for each category.  The following table sets forth how much time each R&S

attorney billed for services in each fee category set forth in Debtor's Supplemental Reply:

| Fee Categories | Total Fees Billed | Total Hours Billed | BN Hours at $300/hr | CAM Hours at $375/hr | TR Hours at $625/hr |
|---|---|---|---|---|---|
| Investigation of Efpar's Claim, Obtaining and Reviewing Documents Pertaining to the Claim, and Researching Legal Issues Bearing on the Validity of the Claim (Ex.2) | $28,395.00 | 83.8 | 48.4 | 33 | 2.4 |
| Drafting of Debtor's Motion for an Order Disallowing Efpar's Claim and Related Documents (Ex. 3) | $16,797.50 | 42.1 | 28.2 | 1.4 | 12.5 |
| Efpar's Opposition to Debtor's Claim Objection, Debtor's Reply and the Hearing (Ex.4) | $14,230.00 | 35.3 | 2.1 | 28.6 | 4.6 |
| Mediation (Ex. 5) | $19,507.50 | 41.3 | 4.4 | 19.5 | 17.4 |
| Pre-Trial Preparation (Ex. 6) | $36,860.00 | 93.1 | 5.2 | 76.9 | 11 |
| Discovery (Ex. 7) | $37,327.50 | 98.2 | 0.3 | 93.1 | 4.8 |
| Preparation of Debtor's Trial Declarations (Ex. 8) | $10,687.50 | 26.7 | 0 | 24 | 2.7 |
| Preparation of Debtor's Trial Brief and Related matters (Ex. 9) | $21,027.50 | 55.5 | 27.8 | 18.5 | 9.2 |
| Motions in Limine (Ex. 10) | $8,067.50 | 21.6 | 12.1 | 6 | 3.5 |
| Attending Trial, Preparing Objections to Efpar's Trial Declarations and Exhibits, and Related Matters (Ex. 11) | $59,112.50 | 112.9 | 13 | 28.9 | 71 |
| Post-Trial Matters (Ex. 12) | $39,987.50 | 104.2 | 52.5 | 32.3 | 19.4 |
| Total Fees | $292,000.00 | | | | |

In the table above, "BN" refers to Brian R.M. Nelson, an associate attorney at R&S with

three years of experience as of the commencement of this bankruptcy case whose hourly

billing rate is of $300, "CAM" refers to Christopher A. Minier, an associate attorney at

R&S with sixteen years of experience as of the commencement of the case whose hourly

billing rate is $375, and "TR" refers to Todd C. Ringstad, a partner of R&S with thirty-

1  three years of experience as of the commencement of the case whose hourly billing rate

2  is $625.

3        After the court conducted its independent review of the billing entries for R&S's

4  services as counsel for Debtor, the court found that not all the claimed fees are

5  reasonable and that the billing entries raised several areas of general concern, which

6  include the following: the time spent was excessive for the tasks performed; the

7  performance by attorneys of services which were secretarial in nature or otherwise part of

8  R&S's overhead; vagueness of some billing entries, which do not allow the court to

9  determine the reasonableness of the work performed; and multiple attorneys working on

10  the same tasks resulting in excessive time spent for the tasks performed.  *See Ketchum*

11  *v. Moses*, 24 Cal.4th 1122, 1132 (2001) ("In referring to *'reasonable'* compensation, we

12  indicated that trial courts must carefully review attorney documentation of hours

13  expended; 'padding' in the form of inefficient or duplicative efforts is not subject to

14  compensation.") (emphasis in original), *citing, Serrano v. Priest,* 20 Cal.3d 25, 48 (1977);

15  *In re Macke International Trade, Inc.*, 370 B.R. 236, 254 (9th Cir. BAP 2007), *quoting,*

16  *Dawson v. Washington Mutual Bank, F.A.*, 390 F.3d 1139, 1152 (9th Cir. 2004) ("[E]ven

17  where evidence supports [that] a particular number of hours [were] worked, the court may

18  give credit for fewer hours if the time claimed is 'excessive, redundant, or otherwise

19  unnecessary.'"); *Christian Research Institute v. Alnor*, 165 Cal.App.4th 1315, 1324-1326

20  (2008), *citing, ComputerXpress, Inc. v. Jackson*, 93 Cal.App.4th 993, 1020 (2001) (the

21  court may disallow attorneys' fees when the billing entries are vague and do not allow the

22  court to determine the reasonableness of the work performed).

23        Before discussing the specific details of the reasonableness of the fees claimed by

24  Debtor for the services of its counsel, R&S, the court has general comments about the

25  nature of the litigation between the parties as context for the court's consideration of the

26  Fee Motion.  The contested matter of the Claim Disallowance Motion, the underlying

27  litigation for the Fee Motion and Bills of Costs, was in this court's view a straightforward,

28

or in Efpar's word, simple, contractual dispute between the parties, raising two separate disputes.  First, whether Debtor breached the real estate purchase and sale agreement where it agreed to sell the subject property to Efpar, and the fact of the breach is not in serious dispute, and second, what was the measure of damages suffered by Efpar for breach of contract, that is, specifically, for loss of benefit of bargain, lost profits, and other miscellaneous forms of contract damages, which are relatively straightforward, and simple.  An examination of the pleadings in this matter, consisting of Efpar's proof of claim with a copy of its state court complaint attached, Debtor's motion objecting to Efpar's claim, Efpar's opposition to the motion, and the parties' joint pretrial stipulation, bears this out.

A clear example of the simple and straightforward nature of this contested matter is set forth in the parties' joint pretrial stipulation, ECF 325.  In the joint pretrial stipulation, the parties agreed to numerous facts regarding contract negotiation, contract formation, contract performance and breach as stated in Paragraphs 1 through 51.  *Id.* at 1-12.  The only disputed issues of fact listed by the parties as remaining to be litigated were in Paragraphs 52 through 56: (1) whether Efpar informed Debtor of the existence of the Dollar Tree lease; (2) what was the value of the property as of the date of Debtor's alleged breach to determine Efpar's claim for damages based on the difference between the price agreed to be paid and the value of the property at the time of the breach; (3) whether Efpar gave notice to the escrow and/or Debtor that it disapproved of estoppel certificates for two tenants; (4) what were the terms of loan financing provided by SR Capital to Efpar to acquire the property; and (5) was Efpar's claim for damages from liability to SR Capital of $209,270.83 for a loan commitment fee and 30 days minimum interest a postpetition obligation not includible in its prepetition claim.  *Id.* at 12-13.  These factual issues primarily relate to the amount of damages for Debtor's breach of contract and to a relatively minor issue of whether Efpar gave notice of breach regarding tenant estoppel certificates.

1      The only disputed issues of law listed by the parties in the joint pretrial stipulation

2  as remaining to be litigated were in Paragraphs 58 through 66: (1) whether Debtor's

3  executed notice of cancellation terminated Efpar's contract for purchase of the property;

4  (2) whether Efpar is entitled to a claim for its first $50,000 deposit if Debtor rightfully

5  cancelled the sale; (3) whether if the contract was terminated, the Second Amendment to

6  the contract was void and ineffective due to mutual mistake of the parties that the

7  contract had not been terminated; (4) whether Efpar is entitled to a claim for its second

8  $50,000 deposit made pursuant to the Second Amendment to the contract due to mutual

9  mistake of the parties that the contract had not been terminated; (5) whether Efpar was

10  ready, willing and able to perform and conclude the purchase of the property but for

11  Debtor's alleged breach; (6) what is the proper measure of Efpar's damages for breach of

12  contract, specifically, whether the Dollar Tree Lease was within the fair contemplation of

13  the parties to be considered "loss of bargain" damages; (7) whether Efpar's claim for

14  damages for an increase of value based on the Dollar Tree Lease was reasonably

15  foreseeable by Debtor and/or reasonably within the contemplation of the parties at the

16  time of contracting; (8) whether Efpar's claim for damages of $209,270.83 for the loan

17  commitment fee and 30 days minimum interest charged by SR Capital was reasonably

18  foreseeable by Debtor and/or reasonably within the contemplation of the parties at the

19  time of contracting; and (9) whether Efpar's claim for damages of $65,500 for the value of

20  the services of Efpar's principals, Farid Efraim and Keith Parry, expended in its efforts to

21  acquire the property and billed at $250 per hour constitutes recoverable damages under

22  applicable law.  These legal issues relate to primarily what was the amount of damages

23  for Debtor's breach of contract and to Debtor's defense of contract termination to Efpar's

24  claim of breach of contract.  *Id.* at 13-15.

25      It might be said that Debtor made the litigation more complex, perhaps

26  unnecessarily so as argued by Efpar, by raising and litigating defenses of contract

27  termination and contract impossibility, which were not only unsuccessful, but somewhat

28

23

weak to begin with.  The merits of the litigation are described in the court's Claim Disallowance Memorandum Decision.

The existence of Debtor's breach of contract with Efpar was simple, straightforward and not in serious dispute.  *Claim Disallowance Memorandum Decision,* ECF 399 at 15-17.  The parties entered into three separate contract agreements, the original Sales Agreement, the Addendum and the Second Amendment, the execution of which by the parties was not contested.  *Id.*  Debtor's breach of its contract based on its unjustified or unexcused failure to perform was not seriously disputed.  *Id.* at 17-21.  The breach of contract occurred when Debtor failed to convey the subject real property to Efpar by the date agreed upon by the parties in the Second Amendment contract document.  *Id.*  Thus, in the court's view, the existence of Debtor's breach of contract was simple and straightforward.

Debtor made the issue of breach of contract more complex than it should have been by raising two weak arguments that the contract was terminated rather than breached and that it was impossible for it to have breached the contract.  Debtor's contract termination defense lacked factual support because Debtor failed to offer sufficient evidence to show that it met the terms of the contract to terminate it.  Debtor's contract impossibility defense lacked legal support as the case law did not support that its argument that the *lis pendens* of the competing buyer, a private litigant, made it impossible for it to perform under the contract.  *Id.* at 38-44.  Neither of these defenses presented a difficulty to resolve in terms of professional time and effort to needed to litigate the defenses.  Just because Debtor thinks these defenses presented complex issues needing extensive attorney time to investigate, research and consult does not make it so.  *See In re Macke International Trade, Inc.*, 370 B.R. at 254.

Regarding contractual breach, Efpar made the date of the breach an issue by arguing for an alternative date based on the rejection of the contract for bankruptcy purposes.  *Claim Disallowance Memorandum Decision*, ECF 399 at 19.  While Debtor

24

1  had to address and refute this argument, this presented a straightforward issue of law,

2  which did not demand much litigation effort of the parties in terms of the need for

3  extensive factual development or legal analysis.  *Id.*

4        The main dispute between the parties arising from Debtor's Claim Disallowance

5  Motion was over the amount of consequential damages from the Debtor's contract

6  breach under California Civil Code § 3306.  The court concluded that Efpar did not meet

7  its burden of proving the amount of $2,160,000 in consequential damages it claimed it

8  suffered in losing the benefit of its bargain.  However, that litigation of Debtor's Claim

9  Disallowance Motion resulted in substantially reducing Efpar's claim of damages to a

10  relatively modest amount of $130,000, of which $25,000 was attributable to loss of

11  bargain damages, does not warrant all of the claimed professional fees because the

12  issues in controversy regarding damages were straightforward and not complex or

13  difficult.  Efpar's claim for consequential damages from Debtor's contractual breach was

14  primarily an issue of valuation of the subject property, which was a credibility contest

15  between the valuation witnesses of the parties.

16        Efpar offered valuation testimony from two witnesses, Brandon Michaels, a real

17  estate salesperson, and its principal, Farid Efraim, and Debtor offered valuation

18  testimony from a licensed appraiser, Bradley E. Lofgren, MAI.  The valuation testimony of

19  Efpar's witnesses was based on the factual premise that it as the prospective owner of

20  the property could lease out the property to a specific commercial tenant, Dollar Tree, a

21  well-known chain discount retailer, but this premise was not valid because such a lease

22  out to Dollar Tree was only a hypothetical contingency and was not within the

23  contemplation of the parties, namely, Debtor, and thus, was not a proper basis for valuing

24  the subject property.  *Claim Disallowance Memorandum Decision,* ECF 399 at 23-27.

25        Aside from this improper factual premise, the court did not accord much weight to

26  the testimony of Efpar's valuation witnesses.  The testimony of Mr. Michaels lacked

27  credibility because although he was a real estate professional as a real estate sales

28                                              25

agent, he had no experience and training to appraise property, did not personally inspect

the property, and spent no more than one hour preparing his valuation opinion, which

reflected a minimal foundation for his testimony.  Mr. Efraim, Efpar's principal, offered

testimony not sufficiently based on the facts and on scientifically accepted valuation

principles and methods to be admissible.  *Id.* at 23-24.  The court also had reason to

discount the value of Mr. Efraim's testimony because he was self-interested as the

principal of Efpar.

The court gave greater weight to Debtor's valuation witness, Mr. Lofgren, because

he was a licensed real property appraiser with more than 20 years of real estate valuation

experience, made a physical inspection of the property and based his analysis upon

scientifically accepted valuation principles.  *Id.* at 25-27.   Thus, the court determines that

since litigation of the primary issue in this case relating to the valuation of Efpar's

consequential damages issue related to valuation of the subject property, the litigation of

this issue was very straightforward, and would not have taken much time and effort in

discovery or to prepare for trial as claimed for R&S's services, especially given the

weakness of the evidentiary presentation of Efpar's valuation witnesses.

Efpar made a similar argument to its loss of bargain damages in the form of

alleging lost profits based on the same improper premise of the hypothetical contingency

lease to Dollar Tree.  While the amount of lost profits of $1,570,391 alleged by Efpar was

large, the analysis of Efpar's lost profits issue was essentially the same as the loss of

bargain issue, and similarly resolved, and did not require substantially more litigation time

or effort.

Efpar also asserted a claim for damages from the lost time for services of its

principals in conducting due diligence for the Sale Agreement with Debtor and for its out

of pocket expenditures for services of third-party contractors in conducting due diligence,

such as physical inspection and onsite testing of the subject property, and the court

allowed some of these claimed damages, but disallowed most of them.  *Claim*

26

*Disallowance Memorandum Decision,* ECF 399 at 31-38.  These claims for damages

were minor claims because they were for small amounts, and the issues presented were

straightforward and resolved based on a determination of whether Efpar could meet its

burden of proving by a preponderance of the evidence that such expenditures were

necessary and foreseeable.  For the most part, Efpar was not able to meet this burden

because such claims were based on Efpar's improper factual premise that it could lease

out the property to Dollar Tree.  *Id.*  In the court's view, the litigation of these minor

expenses regarding the necessity and foreseeability of Efpar's contract-related

expenditures presented simple factual and legal issues which did not require much

litigation time and effort by Debtor's professionals at R&S.

As discussed in detail below, in the court's view, while Debtor is entitled to an

award of attorneys' fees and costs as the prevailing party in this case, the amount of

allowable fees and costs must be reasonable.  The overall amount of the attorneys' fees

claimed by Debtor for services performed by its counsel, R&S, is excessive and

unreasonable, and needs to be reduced in light of the nature of the litigation on the Claim

Disallowance Motion.  The issues were straightforward, simple, not complex and did not

warrant the time spent by counsel on these issues, and in large part, the excessive billing

here was due to attorney overstaffing of the case, resulting in the duplication of services

by multiple attorneys, the performance of unnecessary and/or nonbillable work, such as

work performed disproportionate to the novelty and difficulty of the questions involved,

attorneys performing administrative, non-lawyer tasks, or performing basic legal research

by a relatively inexperienced associate.  In these respects, the court agrees with Efpar's

arguments generally, but not entirely.  Since Debtor was the prevailing party in this

litigation of the parties' contractual dispute over Debtor's breach of the Sale Agreement,

Debtor is entitled under the Sale Agreement and California Civil Code § 1717 to an award

of reasonable attorneys' fees and costs.  What is not reasonable is excessive.

1    As stated under the terms of the Sale Agreement, "The attorneys' fees award . . .

2  shall be such as to fully reimburse all attorneys' fees reasonably incurred."  *See Fee*

3  *Motion*, ECF 410 at 26, Exhibit 1, Sale Agreement, ¶16.  The Sale Agreement does not

4  define "reasonably."    Nonetheless, in California, the trial court has broad authority to

5  determine the amount of a reasonable attorneys' fee award.  *PLCM Group, Inc. v.*

6  *Drexler*, 22 Cal.4th 1084, 1095 (2000).  California Civil Code § 1717 provides that

7  "[r]easonable attorney's fees shall be fixed by the court."  *PLCM Group, Inc. v. Drexler*,

8  22 Cal.4th at 1094.  "[T]his requirement reflects the legislative purpose 'to establish

9  uniform treatment of fee recoveries in actions on contracts containing attorney fee

10  provisions.'  *Id., citing and quoting, Santisas v. Goodin*, 17 Cal.4th at 616.

11    "Consistent with that purpose, the trial court has broad authority to determine

12  the amount of a reasonable fee."  *Id., citing, International Industries, Inc. v. Olen,* 21

13  Cal.3d 218, 224 (1978) ("[E]quitable considerations [under Civil Code section 1717]]

14  must prevail over ... the technical rules of contractual construction."); *Beverly Hills*

15  *Properties v. Marcolino,* 270 Cal.App.3d Supp. 7, 12, 270 Cal.Rptr. 605 (1990) ("the

16  award of attorney fees under section 1717, as its purposes indicate, is governed by

17  equitable principles"); *Montgomery v. Bio-Med Specialties, Inc.,* 183 Cal.App.3d 1292,

18  1297 (1986) (trial court has "wide latitude in determining the amount of an award of

19  attorney's fees" under Civil Code section 1717); *Vella v. Hudgins,* 151 Cal.App.3d

20  515, 522 (1984) ("The amount to be awarded in attorney's fees is left to the sound

21  discretion of the trial court.").  "The 'experienced trial judge is the best judge of the

22  value of professional services rendered in his court, and while his judgment is of

23  course subject to review, it will not be disturbed unless the appellate court is

24  convinced that it is clearly wrong' — meaning that it abused its discretion."  *PLCM*

25  *Group, Inc. v. Drexler*, 22 Cal.4th at 1095, *citing and quoting, Serrano v. Priest,* 20 Cal.3d

26  25, 49 (1977); *Fed-Mart Corp. v. Pell Enterprises, Inc.,* 111 Cal.App.3d 215, 228

27

28                                                28

1  (1980) (an appellate court will interfere with a determination of reasonable attorney

2  fees "only where there has been a manifest abuse of discretion").

3         A "fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the

4  number of hours reasonably expended multiplied by the reasonable hourly rate."  *Id.*; *see*

5  *also,* 3 Jones, Rosen, Wegner & Jones, *Rutter Group Practice Guide: Federal Civil Trials*

6  *and Evidence*, ¶ 19:312 at 19-57 (2017), *citing inter alia, Hensley v. Eckerhart,* 461 U.S.

7  424, 433-437 (1983).  "[T]he lodestar is the basic fee for comparable legal services in the

8  community; it may be adjusted by the court based on factors including, as relevant

9  herein, (1) the novelty and difficulty of the questions involved, (2) the skill displayed in

10 presenting them, (3) the extent to which the nature of the litigation precluded other

11 employment by the attorneys, (4) the contingent nature of the fee award."  *Ketchum v.*

12 *Moses*, 24 Cal.4th at 1132, *citing, Serrano v. Priest,* 20 Cal.3d at 49.  The party seeking

13 attorney fees bears the burden to prove that the fees it seeks are reasonable.  *Gorman v.*

14 *Tassajara Development Corp.*, 178 Cal.App.4th 44, 98 (2009); *see also,* California Code

15 of Civil Procedure § 1033.5(c)(5) (the moving party bears the burden of proof on any

16 claim for attorneys' fees for actions on a contract not based on the court's established fee

17 schedule).  In *Ketchum v. Moses,* the California Supreme Court also observed "[i]n

18 referring to *'reasonable'*  compensation, we indicated that trial courts must carefully

19 review attorney documentation of hours expended; 'padding' in the form of inefficient or

20 duplicative efforts is not subject to compensation."  *Ketchum v. Moses,* 24 Cal.4[th] at 1132

21 (emphasis in original), *citing, Serrano v. Priest,* 20 Cal.3d at 48.

22        **EFPAR'S OBJECTIONS TO FEES**

23        Efpar in its original opposition argued: "The said fees were unnecessarily incurred

24 and are clearly unreasonable. . . . This action involved a simple claim.  There were few

25 witnesses in a short two day trial.  There was no need for three attorneys to work on such

26 a simple case.  Furthermore, this action did not require over 755 hours of attorney

27 services.  .  .  ."  *Efpar's Opposition to Debtor's Fee Motion*, ECF 416 at 16.  The court

28

agrees with this general statement by Efpar that this case involved a simple contract

claim that did not require three attorneys to work on such a simple case and did not

require over 755 hours of attorney services.  However, Efpar acknowledges that at least,

one attorney would have been justified to work on this simple contract dispute case.

Thus, implicitly, Efpar would acknowledge if fees were to be awarded, it would have to be

in a reasonable amount.  The issue before the court is what amount of fees would be

reasonable.  Efpar in its supplemental opposition offered specific methodology in

analyzing the fee billing statements submitted by R&S on behalf of Debtor: (1) disallowing

entirely $47,680.00 in fees for work performed before the date of the notice of rejection of

the claim (i.e., Debtor's Claim Disallowance Motion); (2) disallowance of fees of

$54,711.33 incurred for work involving duplication of effort based on specific objections to

billing entries set forth in a chart attached to Efpar's Supplemental Opposition; (3)

disallowance of fees of $16,180.00 incurred for work involving unsuccessful claims for

complete forfeiture of Efpar's $100,000 deposit money; (4) disallowance of fees of

$6,920.00 incurred for work performed by counsel inexperienced in real estate litigation;

(5) discounting net fees after deducting for categories (1), (2), (3) and (4) above by 10

percent for work performed in preparing documents relating to unsuccessful defenses

and claims with respect to breach of contract and refund of Efpar's earnest money

deposit, resulting in disallowance of fees of $17,254.33; and (6) discounting net fees after

deducting for categories (1), (2), (3) and (4) above by 30 percent for inefficiencies in

billing in six minute increments by Debtor's counsel resulting in disallowance of fees of

$51,762.98.  *Supplemental Opposition* at 16-18 and Exhibit A attached thereto.

The court does not agree with the precise methodology offered by Efpar in

reducing Debtor's fee claim to a reasonable amount, but the court determines that the

concerns behind the methodology have merit and deserve serious consideration.  As

discussed previously, the court determines that fees to Debtor's counsel should not be

disallowed on grounds that it was for "prelitigation" services since the work in dispute was

performed after Efpar filed its proof of claim and is not considered "prelitigation."  The

court does not adopt Efpar's analysis to disallow fees for specific billing entries as

indicative of duplication of effort, but agrees with its argument generally that there was

duplication of effort involved here as discussed in this memorandum decision.  The court

does not adopt Efpar's analysis to disallow fees for specific billing entries for work relating

to Debtor's unsuccessful claims for complete forfeiture of Efpar's earnest money deposit

because the court agrees with Debtor that fees may be allowed for services relating to

unsuccessful claims and defenses, but that such fees must be reasonable.  The court

does not adopt Efpar's analysis to disallow fees based on the theory of inherent

overstatement of attorney time billed in six minute increments since the court in its rules

authorizes and requires counsel to bill for time in which services are performed in tenths

of an hour, or six minute increments, and Efpar's theory is not supported by admissible

and credible evidence.  *See* Local Bankruptcy Rule 2016-1(a)(1)(E)(iii).

The court now addresses the reasonableness of the fees based on each category

set forth in the exhibits to Debtor's Supplemental Brief, ECF 432.  In evaluating the

reasonableness of the claimed fees, the court examined each billing statement provided

by R&S on behalf of Debtor and categorized each billing entry by task.  The court's

categorization for each billing entry for each task listed below can be found in Exhibit A

attached to this memorandum decision.

Debtor in its application grouped R&S's billing entries for the work the firm

performed in litigating Debtor's motion objecting to Efpar's claim into 11 separate task

categories as indicated in Exhibits 2 through 12 to Debtor's Supplemental Reply.

Breaking down the billing entries into 11 separate task categories was apparently to

address Efpar's argument that this was a simple case which did not require over 755

hours of attorney services, though Debtor in its reply papers to Efpar's opposition papers

does not directly address the merits of Efpar's argument that this was a simple case that

did not require 755 hours of billable attorney time.  *Debtor's Supplemental Reply* at 19-

30.  Debtor's response to Efpar's argument was indirect, focusing on the numerous tasks performed by R&S in this case.  *Id.*  That is, Debtor's response was to describe the number of tasks performed by R&S and did not discuss the nature of the case as argued by Efpar that this was a simple contract case.  Separating the billing entries of R&S into 11 separate task categories makes each category seem less expensive and more reasonable in appearance.  As discussed below, the court cannot find that Debtor's response focusing on the numerous tasks performed is completely satisfactory as the analysis should be not how many tasks were performed, but how many tasks performed were reasonably necessary.  This is not fully explained by Debtor, and in the court's analysis, not all of the work performed was reasonably necessary.

The court in its analysis of R&S's billing entries examines each of R&S's 11 separate task categories as discussed below.  In analyzing R&S's 11 separate task categories, the court also breaks these down into subcategories as well as looking at individual billing entries in its analysis.  Moreover, the court believes that it is useful to consider the work performed by R&S in three phases of litigation: (1) the law and motion phase; (2) the pretrial litigation phase; and (3) the trial phase.

**LAW AND MOTION PHASE OF LITIGATION**

The law and motion phase of this litigation consisted of Debtor's prefiling investigation, the preparation of its motion objecting to Efpar's claim and related pleadings and the appearance and argument at the hearing on the motion and encompasses the billing entries in Exhibits 2, 3 and 4 to Debtor's Supplemental Reply. The total fees and hours billed by R&S for the law and motion phase consisting of prefiling investigation, preparation of motion pleadings, and appearance and argument at the hearing on the motion were $59,422.50 and 161.2 hours of services.  By attorney, this breaks down to $23,610.00 in fees for 78.7 hours of service by Mr. Nelson at $300.00 per hour, $23,625.00 in fees for 63 hours by Mr. Minier at $375.00 per hour, and $12,187.50 in fees for 19.5 hours of service by Mr. Ringstad at $625.00 per hour.

32

Efpar asserted specific objections to the law and motion phase of the litigation.  In its original opposition, Efpar argued that it was "clearly unreasonable" that "[i]n total, three attorneys allegedly spent 105.6 hours on preparing a motion which consisted of approximately eighteen pages."  *Efpar's Opposition to Debtor's Fee Motion*, ECF 416 at 16.  In its supplemental opposition, Efpar argues that fees in this category should not be allowed because fees for pre-objection (i.e., prelitigation) work are not recoverable under state or federal law, such fees involve the duplication of effort in which Debtor is utilizing three different attorneys to perform duplicative work, fees should not be allowed for work on Debtor's unsuccessful assertion of complete forfeiture by Efpar of its earnest money deposit of $100,000, and fees should not be allowed for work performed by counsel inexperienced in real estate litigation (i.e., by Attorney Nelson).  *Efpar's Supplemental Opposition,* ECF 427 at 16-19.  On the chart analysis by Efpar's counsel attached to the Supplemental Opposition, Efpar objected to fees for services incurred in reviewing and analyzing the transcript of the deposition of David Zander, the other buyer of Debtor's real property and another claimant of Debtor's, and for services incurred regarding objections to multiple claims of Efpar and other claimants without allocation between these claimants as not necessary to the litigation of Debtor's objection to Efpar's claim. *Id.* and Exhibit A attached thereto.

In the reply to the opposition, Debtor responded to Efpar's argument, claiming that the 105.6 hours allegedly spent on preparing the 18-page motion objecting to Efpar's claim was clearly reasonable, stating that much of the time billed from January 7, 2014 through April 8, 2014 was for investigation and analysis of the underlying facts and legal research, consistent with R&S's duty under Federal Rule of Bankruptcy Procedure 9011 that its pleading was reasonably based in fact and law and only 42.1 hours incurring fees of $16,797.50 was the time actually spent working on the motion objecting to claim. *Reply*, ECF 417 at 12.  Debtor stated that the work performed by R&S consisted of "undert[aking] a thorough investigation of the underlying facts, which required analysis of

33

competing real estate purchase contracts, review of deposition transcripts, review of state court pleadings, and discussions with Debtor's principals and attorneys, as well as significant legal research before making the determination to file an objection to the Claim." *Id.* Debtor elaborated on the need for "significant amount of time" for investigation and legal research here as R&S "understood that the Claim Objection would lead to the instant contested matter, and that resolution of this contested matter would have an enormous impact on the Debtor's bankruptcy case, and would determine the amount distributed to creditors and the amount remaining for the Debtor's principals, if any." *Id.* at 12-13. Thus, according to Debtor, "the Claim Objection herein was akin to a complaint", and "[i]t would not seem unusual for a plaintiff's firm to spend a significant amount of time doing factual investigation and legal research prior to filing a complaint, even if the complaint was 'only' 18 pages (the length of the Claim Objection herein)." *Id.* at 12-13.

As to Efpar's argument that Debtor's counsel performed duplicative services, in the reply to the opposition, Debtor argued that "[t]here was no duplication of efforts or rebilling of time" in that R&S "divvied up" the work among the attorneys to "ensure[] that less expensive attorneys handle as much of matters as possible, with more expensive attorneys handling tasks that require greater skill and experience." *Id.* Specifically, in this case, Debtor stated that "Mr. Nelson did most of the legal research and drafted much of the initial pleadings, Mr. Minier did some of the legal research and most of the factual investigation, oversaw and directed Mr. Nelson's research and drafting, handled most of the discussions and negotiations with opposing counsel, and attended most of the hearings, and Mr. Ringstad supervised the effort, assigned research and writing tasks, and handled the trial." *Id.* at 11.

In response to Efpar's argument that fees should not be allowed for the work of inexperienced counsel, Debtor in its supplemental reply to the opposition stated that the work assigned to the less experienced attorney was entirely appropriate because the

34

1  matters assigned to that attorney were relatively routine matters which could be handled

2  by an attorney with a lower billing rate and that the relatively small amount of fees of

3  $6,920.00 objected to by Efpar specifically for this reason is justified on this basis.

4  *Supplemental Reply* at 16-18.

5      Efpar argues that Debtor cannot recover for fees incurred for "prelitigation" work

6  performed by its counsel before Debtor filed its motion objecting to Efpar's claim.

7  *Supplemental Opposition*, ECF 427 at 17.  Citing *In re Brosio,* 505 B.R. 903, 912-913 (9th

8  Cir. BAP 2014).  Debtor argues that case law in this circuit recognizes that work

9  performed by counsel to object to a claim after a proof of claim is filed is not "prelitgation"

10 because a proof of claim filed by a creditor is analogous to filing a complaint in the

11 bankruptcy case.  *Supplemental Reply*, ECF 432 at 12-14.  Therefore, Debtor argues that

12 Efpar's objection to Debtor's claim for fees by its counsel for so-called "prelitigation" work

13 should be denied because such work was after Efpar filed its proof of claim and cannot

14 be considered "prelitigation."

15     The court has considered the competing arguments of the parties regarding the

16 law and motion phase of the litigation.  The court agrees in part and disagrees in part with

17 Efpar's arguments, and agrees in part and disagrees in part with Debtor's arguments.

18 As to Efpar's argument that it was "clearly unreasonable" that "[i]n total, three attorneys

19 spent allegedly spent 105.6 hours on preparing a motion which consisted of

20 approximately eighteen pages", the court agrees with this argument in substance for the

21 reasons that it will explain.  However, the court does not entirely agree with Efpar's

22 specific arguments that fees in this category should not be allowed because fees for pre-

23 objection (i.e., prelitigation) work are not recoverable under state or federal law, such

24 fees involve the duplication of effort in which Debtor is utilizing three different attorneys to

25 perform duplicative work, fees should not be allowed for work on Debtor's unsuccessful

26 assertion of complete forfeiture by Efpar of its earnest money deposit of $100,000, and

27 fees should not be allowed for work performed by counsel inexperienced in real estate

28

litigation (i.e., by Attorney Nelson).  The court agrees with Debtor that Efpar's objection

that none of fees incurred for "prelitigation" work before Debtor's motion objecting to

Efpar's claim is allowable under state or federal law should be overruled because the

work performed by Debtor's counsel was after Efpar filed its proof of claim, which is

analogous to the filing of a complaint in the bankruptcy case, and thus not "prelitigation"

and not disallowed on that basis as recognized in the case law.  *In re Brosio, supra.*

Debtor's argument that it did not just spend 105.6 hours as argued by Efpar, or 161.2

hours in the law and motion phase of this litigation, on writing an 18-page motion

objecting to Efpar's claim, but also, conducting a factual investigation of the claim and

related legal research, misses the point of whether such amount of time was reasonably

necessary.  The court cannot find that 161.2 hours and $59,422.50 in fees were

reasonably necessary to spend on not just writing the 18-page motion, but in the factual

investigation and related legal research.  That so much time resulted in an 18-page

motion is indicative that the time spent was not reasonably necessary.

Referring back to Efpar's general argument that "[t]his action involved a simple

claim" and "[t]here was no need for three attorneys to work on such a simple case," the

court notes that Efpar did not elaborate in its opposition papers why this was a simple

case involving a simple claim.  It seems that Efpar considered its general observation that

this was a simple case involving a simple claim to be obvious.  Perhaps this is not as

obvious as the court noted earlier since Debtor never addresses this general argument

directly, that is, rather, Debtor's indirect argument in response was that its counsel did a

lot of work as described and listed in its papers.

Debtor's defense of the fees billed in the law and motion phase of the litigation is

set forth in the Supplemental Reply at 19-21 and Exhibits 2, 3 and 4 thereto discussing

the first three of eleven of Debtor's fee categories: (1) the investigation of Efpar's claim,

obtaining and reviewing documents pertaining to the claim and research legal issues

bearing on the validity of the claim (totaling 83.8 hours and $28,395.00 in fees); (2) the

drafting of the Debtor's motion for an order disallowing Efpar's claim and related documents (totaling 42.1 hours and $16,797.50 in fees); and (3) Efpar's opposition to the Debtor's claim objection, the Debtor's reply and the Hearing (totaling 25.3 hours and $14,230.00 in fees).

Debtor's justification of the time spent by its lawyers was set forth in the listing of the tasks performed by them in these categories:

Category 1 (Investigation of Efpar's Claim): analyzing Efpar's proof of claim and attached documents; communicating with Debtor's principals regarding Efpar's claim, the implication of the allowance or disallowance of the claim, the legal theories on which the claim and Debtor's objection depended, and obtaining documents relevant to the claim and Debtor's anticipated objection; researching the proper measure of damages under California law for breach of contract to sell real property and preparation of a memorandum of law regarding this issue, engaging in ongoing telephone and email communications with Efpar's counsel regarding the validity of Efpar's claim, the damages asserted by Efpar, various legal theories being asserted by both parties related to the claim and settlement possibilities; researching the case law and statutory authority regarding the numerous legal issues involved or potentially involved, in determining the validity or invalidity of damages being sought, and preparing the Debtor's motion objecting to Efpar's claim; obtaining and reviewing documents relevant to Efpar's claim and the Debtor's anticipated objection thereto, including all pleadings, discovery requests and responses, and deposition transcripts from the two state court actions initiated by Efpar and David Zander against the Debtor, engaging in ongoing communications with Debtor's special litigation counsel who represented Debtor and its principals in the two prepetition state court actions regarding Efpar's claim, potential defenses to the claim, developing the Debtor's legal theories and strategy regarding preparation of the objection to Efpar's claim and obtaining legal research and relevant documents from special litigation counsel, reviewing lengthy transcripts of the multiday hearing on the Debtor's motion to sell its commercial real property to either Efpar or David Zander regarding ascertaining representations of Efpar concerning the value of the property, preparation of a document binder containing all documents relevant, or potentially relevant, to Efpar's claim and the Debtor's anticipated objection thereto, and researching case law authority previously cited by Efpar in prepetition state court litigation to determine whether the same was relevant to the validity and invalidity of the claim.

Category 2 (Drafting Motion Objecting to Efpar's Claim): drafting of the Debtor's motion for an order disallowing Efpar's claim, and related declaration, commenting "These documents were relatively complex from both a factual and legal standpoint, and involved multiple legal issues and alternative theories for complete or partial disallowance of Efpar's Claim."  Supplemental Reply at 20.

Category 3 (Reviewing Efpar's Opposition, Drafting Debtor's Reply and Attending Hearing on Motion):  reviewing and responding to Efpar's opposition to the Debtor's

motion objecting to Efpar's claim, including "that necessary to research the legal authorities set forth in Efpar's Opposition, as well as additional authority for the preparation of the Debtor's Reply," Supplemental Reply at 21, preparing the Debtor's reply and supporting declaration, and evidentiary objections to the declaration of Efpar's principal, communicating with Debtor's principal regarding the ongoing claim litigation and preparing her declaration in support of Debtor's reply, preparing for and attending the hearing on the objection to Efpar's claim, and preparing a proposed scheduling order.

Debtor's listing of tasks did not set forth a narrative explanation regarding the simplicity or complexity of the factual or legal issues themselves in this matter. Debtor's litany of tasks broken down into many components may make the litigation sound more complex and difficult than it really was, but does not address the lodestar adjustment factors of "the novelty and difficulty of the questions involved" set forth in the case law. *Ketchum v. Moses*, 24 Cal.4th at 1132. The court finds it unusual for counsel in this listing of tasks to have broken down the work of drafting a motion, responding to the opposition and appearing at the hearing into three separate categories of work, and it appears that this was done to mask the inordinate amount of time and costs billed for drafting the motion, responding to the opposition and arguing the motion on a simple and straightforward contract matter, that is, it took 161.2 hours of attorney time and cost $59,422.50 in fees to draft a motion that Efpar's contractual claim should be disallowed, asserting that there was no breach of contract because it was terminated or impossible to perform, or if there was a breach, the damages are not as large as Efpar claimed.

In the court's view, having presided over the litigation of this matter to trial, the factual and legal issues presented by Efpar's proof of claim were not difficult, nor complex, but simple and straightforward. Efpar's proof of claim attached a copy of Efpar's state court complaint for breach of contract which laid out the basis of Efpar's contractual claims. The issues raised by Efpar in its proof of claim and the attached state court complaint were simple and straightforward contractual issues regarding: (1) contract formation, i.e., whether there was a contract with Efpar in force; (2) contract breach, i.e., if an enforceable contract existed, whether Debtor breached it; (3) defense to breach of contract, i.e., whether Debtor had defenses to Efpar's breach of contract claims

38

(such as contract termination and impossibility); and (4) contract damages, i.e., if Debtor

had no valid defenses to breach of contract, how much were Efpar's damages, if any.

These were the issues involved in this contested matter, no matter how many ways

Debtor tries to slice and dice them.  These contract dispute issues were simple and

straightforward as Efpar generally argues, or the court analyzed in its memorandum

decision on Debtor's Claim Disallowance Motion and in this decision on Debtor's fee

motion.  Aside from having presided over this litigation taken to trial, the court also

reaches this conclusion because the relevant subject matter, the law of contracts, is

taught to lawyers in the first year of the standard law school curriculum, and none of

these issues fall outside the first year law school curriculum.  The legal research of these

issues could not have been that difficult or complex as the issues of contract formation,

breach, defenses and damages are adequately covered in standard legal treatises, such

as Volume 1 on Contracts of Witkin's Summary of California Law (10th ed. 2005 and

updated supplements).  In this respect, the court agrees with Efpar that this was a simple

case about a simple claim.

The Claim Disallowance Motion consisted of 18 pages of argument, a 4 page

declaration of Michelle Orh, Debtor's managing member, a 2 page declaration of

Christopher A. Minier, an associate attorney with R&S and about 60 pages of exhibits,

including copies of the contract documents and Efpar's proof of claim with its state court

complaint for breach of contract and exhibits in support thereof.  In the Claim

Disallowance Motion, Debtor made the following arguments in support of disallowance of

Efpar's claim: (1) Efpar's proof of claim lacks sufficient evidentiary support which shifts

the burden of proving the validity and amount of the claim to it; (2) the contract was

terminated, and the Second Amendment to the contract is void due to a mutual mistake

of law; (3) assuming Efpar proves entitlement to damages for breach of contract,

damages should be fixed at most, at $75,000, consisting of $25,000 for the difference

between Efpar's contract price and fair market value, and $50,000 for return of one of

Efpar's two $50,000 deposits; (4) Debtor should be allowed to keep one of Efpar's

$50,000 deposits as liquidated damages for Efpar's breach of contract for failure to timely

close the contract transaction; (5) Efpar's claim of damages based on the Dollar Tree

lease is not allowable because the lease was not within the fair contemplation of the

parties; and (6) Efpar is not entitled to damages because it cannot establish that it was

ready, willing and able to perform by timely closing the transaction. *Claim Disallowance*

*Motion* at 10-17.  The 4 page declaration of Ms. Orh, Debtor's principal, described the

facts regarding Debtor's conduct in forming the contract and performing on the contract.

*Id.* at 19-22.  The 2 page declaration of Mr. Minier, an associate attorney with R&S,

related to the eventual sale of the subject property in the bankruptcy case.  *Id.* at 23-24.

In this category, R&S billed a total of 83.8 hours and charged a total of $28,395.00

in fees.  Mr. Nelson billed 48.4 hours, Mr. Minier billed 33 hours, and Mr. Ringstad billed

2.4 hours for services related to the investigation of Efpar's claim up to the actual drafting

of Debtor's Motion for an Order Disallowing Efpar's Claim.  Such services included

analyzing Efpar's proof of claim, communicating with Debtor's principals regarding

Efpar's claim, obtaining documents relevant to Efpar's claim and Debtor's anticipated

objection, and researching the applicable case law and statutory authority including the

proper measure of damages under California for breach of a contract to sell real property.

In order to draft the motion, respond to the motion and argue the motion at the

hearing, counsel for Debtor needed to read and analyze the contract documents,

consisting of the Sale Agreement, the First Addendum and the Second Addendum, talk to

Debtor's principals, and Debtor's state court counsel, regarding discussions between

Efpar on contract formation and attempted termination, conduct some basic legal

research on contract formation and termination, and draft the motion setting forth

Debtor's position on contract formation and termination.  Debtor argues that its counsel

needed to do much more to investigate extensively, research extensively and consult and

communicate extensively, but the court does not believe that.  The court cannot find that

1  161.2 hours of attorney time resulting in $59,422.50 in fees were reasonably necessary

2  to investigate Efpar's breach of contract claim, research and write the motion objecting to

3  the claim and the reply to Efpar's opposition, and argue the motion at the hearing.  *See In*

4  *re Macke International Trade, Inc.*, 370 B.R. at 254 (no abuse of discretion for bankruptcy

5  court to reduce attorneys' fees where the case was "ridiculously overworked").

6        Given that this motion was not complex and R&S expended 83.8 hours before the

7  motion was drafted, much of which was expended on reviewing documents and

8  researching legal issues, which would have necessarily aided in preparation of the

9  motion to disallow Efpar's Claim, the court determines that it is not only excessive but

10  egregious to bill an additional 42.1 hours in drafting this specific motion.  The court notes

11  that the memorandum of points and authorities was only 15 pages long and dealt with the

12  same issues that the firm had already expended an excessive amount of time reviewing

13  and researching.

14        The court observes that Debtor's reply to Efpar's Opposition did not deal with

15  complicated legal issues. The reply dealt with whether Efpar carried its burden of proof,

16  whether judicial estoppel applies to preclude Debtor from seeking disallowance of Efpar's

17  claim, whether Debtor is entitled to retain Efpar's security deposit (an issue that was

18  addressed in Debtor's Motion), whether loss of bargain damages should be fixed at

19  $75,000 (which was already argued and addressed in Debtor's Motion), and other issues

20  related to consequential damages.  Regarding this work, given the complexity of the legal

21  issues involved, the court determines that 27.7 hours is excessive for 4 pages of

22  evidentiary objections and a 21 page reply that dealt with straightforward legal issues.

23  Additionally, the court finds that much of the work and legal argument presented in this

24  pleading was duplicative or unnecessary.

25        Specifically, it is inefficient to have one associate work on the motion and another

26  associate work on the related reply and at the same time, to bill for the "catch-up" time of

27  the second associate.  For example, Mr. Nelson billed 1.8 hours to review and analyze

28                             41

Efpar's opposition, issues pertaining to consequential damages, and sale hearing transcripts, yet only billed 0.3 hours for drafting the reply.  Then Mr. Minier, the more senior associate, billed 28.6 hours in this category, including 10.2 hours drafting the reply.  It is inefficient and excessive to have Mr. Nelson and Mr. Minier spend 28.2 hours and 1.4 hours, respectively, on tasks related to Debtor's Motion, and then have Mr. Nelson and Mr. Minier spend 2.1 hours and 28.6 hours, respectively, on Debtor's reply to Efpar's opposition to the Motion.  The total amount of time is excessive and not reasonably related to the difficulty (or lack thereof) of the legal issues involved, which were simple and straightforward.  Arguably, it might be necessary to have different associates splitting up the work on a motion and a reply, but not here, where the second associate attorney apparently has to bill to get up to speed on what the first associate who drafted the motion would have already known.  Efpar's opposition to Debtor's motion did not raise any surprising or novel arguments that would have called for the same amount of work for Debtor's reply as its original motion, so the total amount of time spent by both attorneys on the reply was excessive, unreasonable, and duplicative.  Therefore, the court will allow only time for one attorney working on the motion and the reply for Debtor to avoid the redundancy of effort for having two attorneys having to work and bill to get up to speed on the matter and will not allow Mr. Nelson's billed time on the motion and reply.

Among the tasks listed for the law and motion phase were extraneous tasks relating to research and review of documents from the state court litigation, such as whether case law cited by Efpar in the state court litigation was applicable, or performance of administrative tasks which could have been performed by a lower cost nonattorney legal assistant, such as preparing document binders.  In the court's view, what needed to be done to analyze and object to Efpar's proof of claim were the following tasks: (1) read and analyze the contract documents between Debtor and Efpar, the Sale Agreement, the Addendum and the Second Amendment; (2) conduct legal research

42

relating to contract formation, breach of contract, contract breach defenses and contract

damages, which the court considers to be basic and simple legal research; (3) review

Efpar's state court breach of contract complaint attached to its proof of claim and check

on the status of the state court litigation; (4) interview Debtor's representatives, including

prior state court counsel, involved in formation of the contract between Debtor and Efpar

(Debtor's bankruptcy counsel had the advantage of a head start consulting with Debtor's

prior state court counsel and did not need to "reinvent the wheel" with basic legal

research on contract law); (5) write the motion objecting to Efpar's proof of claim; and (6)

attend the hearing on the motion.  Having reviewed the contract documents and heard

the testimony of Debtor's witnesses at trial, the court has an informed understanding of

what time would have been reasonably necessary to perform these tasks, and

determines that  it would have taken 12 hours of attorney time of an experienced attorney

like Mr. Minier to read and analyze the contract documents between Debtor and Efpar,

the Sale Agreement, the Addendum and the Second Addendum, 8 hours for him to

conduct legal research relating to contract formation, breach of contract, contract breach

defenses and contract damages, which the court considers to be basic and simple legal

research, 4 hours for him to review Efpar's state court breach of contract complaint

attached to its proof of claim and review the state court litigation, including checking on

status of that litigation, 8 hours for him to correspond and confer with Debtor's

representatives, that is, the insiders and Debtor's state court counsel, regarding the

factual background of the case (including the circumstances of formation of the contract

between Debtor and Efpar and the alleged breach, and the state court litigation), 1 hour

to correspond and confer with Efpar's counsel, and 24 hours for him to write the motion

objecting to Efpar's proof of claim and the reply to Efpar's opposition, for a total of 57

hours billed by Mr. Minier at $375 per hour, or $21,375 in fees.  The court would also

allow 6 hours for Mr. Ringstad at $625 per hour, or $3,750 in fees, for supervision of the

investigation, research and drafting of the motion (including 0.3 hour for conferring with

Efpar's counsel regarding settlement prospects).  This would result in 61 hours of

attorney time and fees of $25,125 as reasonably necessary to perform the tasks in the

law and motion phase of this case.

Fundamentally, the court does not agree with Debtor's argument that the division

of labor among its attorneys was an efficient use of attorney time in this case.  It appears

the contrary because the attorneys working on the case duplicated their work.  Efpar

argued in its supplemental opposition that one of the categories of objectionable fees was

"excessive time incurred by assigning counsel inexperienced in real estate litigation,"

which included "in particular various research projects and work undertaken by attorney

Mr. Nelson which by its description discloses a distinct lack of experience and would

have been totally unnecessary had this case been assigned to a single attorney such as

Mr. Minier to conduct the litigation from beginning to end."  *Supplemental Opposition* at

17-18.  While Debtor argues that one associate attorney did legal research, another

associate attorney did factual investigation and the partner supervised the legal research

and factual investigation, the billing entries show that the junior associate did both legal

research and factual investigation, the senior associate did all three, legal research,

factual investigation and supervision of the junior associate doing both, and the partner

also did all three, legal research, factual investigation and supervision of the junior

attorneys.  *In re Macke International Trade, Inc.*, 370 B.R. at 254 ("Excessive use of

senior partner rates in research may also justify a reduction.") (citation omitted).  In this

regard, the court agrees with Efpar that R&S did not exercise reasonable billing judgment

in divvying up the tasks between the three attorneys who worked on the case in writing

down time for work by an inexperienced and less efficient attorney and duplication of

services between the three attorneys.  There is no other reasonable explanation of why

so much time and fees were billed for the law and motion phase other than the

inefficiencies from duplication of services and work by an inexperienced attorney.  The

court observes that in researching Efpar's proof of claim, Mr. Nelson billed 27 hours for

basic research at $300 per hour, or $8,100 in fees, including 1.4 hours of drafting

memoranda, regarding damages in contracts involving the sale of real property,

cancellation of a contract, state court *lis pendens* issues, amendments to contracts, and

the revival of a contract.  The court determines that in this case, it is unreasonable to bill

for this rudimentary research.  For this reason, the court does not allow any of the 27

hours for Mr. Nelson's basic research.  As another example, from January 2014 to April

2014, Mr. Nelson billed 5.6 hours to "analyze Efpar's proof of claim for possible objection"

describing the same work in time entries with a few different variations.  The court finds

this time unnecessary, excessive, and vague, and does not allow any of these 5.6 hours

of Mr. Nelson's billed time.  On February 4, 2014, Mr. Nelson billed 0.1 hours to "follow

up on objection to Efpar claim," which is vague and lacking in any meaningful description

and should not be allowed.  Similarly, Mr. Minier billed 0.9 hours for "research re case law

and statutory authority re measure of damages for breach of contract to convey real

property re settlement negotiations," which appears to be basic legal research that is

unreasonable to bill for. Mr. Minier billed 5.9 hours from August 2013 to March 2014 to

"review and analyze correspondence and documents received" from either counsel for

Efpar or M. Orh.  The court determines that these entries are vague and excessive and

will not be allowed, except as otherwise credited for Mr. Minier's preparation of the

motion.

The court will not allow time for the inexperienced attorney, Mr. Nelson, because

he would not have been efficient in conducting legal research or drafting, which is evident

in the inordinate amount of time billed by him on this simple and straightforward case

involving basic issues of contract law.  The proposed adjustment in the chart analysis

attached to Efpar's supplemental opposition for excessive use of inexperienced real

estate litigation counsel was a relatively minor amount of $6,920.00.  Exhibit A to

Supplemental Opposition.  The court's adjustment as to billing by the junior attorney as

reflected in its analysis is probably far larger than stated in Efpar's supplemental

45

opposition as to this item in reducing the amount of fees allowed based on services of the more experienced associate attorney, Mr. Minier, and not just disallowing fees for the less experienced attorney, Mr. Nelson.  The court's consideration is based on the rationale that only reasonably necessary fees based on the nature of the case in light of "the novelty and difficulty of the questions involved", which is one of the lodestar adjustment factors in the case law, should be allowed.  *Ketchum v. Moses*, 24 Cal.4th at 1132.  This also includes not allowing all of the fees billed by Mr. Ringstad, the partner/senior attorney, given the relative simplicity, and the lack of novelty and difficulty, of the questions involved.  It should not have taken almost $60,000 ($59,422.50) in fees from 161.2 hours of attorney time to write and argue this motion on an objection to claim based on uncomplicated issues of contract law.  Debtor's claim for attorneys' fees is based on a division of labor used by R&S which did not result in reasonable fees, and therefore, adjustments must be made.

The court also agrees with Efpar's objection to fees for services incurred for work not related to the objection to Efpar's claim, i.e., reviewing and analyzing the transcript of the deposition of David Zander, another claimant, and for services incurred regarding objections to multiple claims of Efpar and other claimants without allocation between these claimants as not necessary to the litigation of Debtor's objection to Efpar's claim. In the court's view, Debtor cannot claim fees for work involving Debtor's objections to claims of other creditors which do not relate to Efpar's claim, and the fees should not be allowed as to review and analysis of the Zander deposition and reduced as to work performed relating to objections to claims of creditors other than Efpar.

**PRETRIAL LITIGATION PHASE**

The pretrial litigation phase consisted of Debtor's participation in mediation, discovery and the preparation of pleadings for the pretrial conference, including trial declarations, and the appearance at the pretrial conference and encompasses the billing entries in Exhibits 5, 6, 7 and 8 to Debtor's Supplemental Reply.  The total fees and

46

hours billed by R&S for the pretrial litigation phase consisting of mediation, discovery and preparing for and handling the pretrial conference were $104,382.50 and 259.3 hours of services.  By attorney, this breaks down to $2,970.00 in fees for 9.9 hours of service by Mr. Nelson at $300.00 per hour, $81,787.50 in fees for 218.1 hours by Mr. Minier at $375.00 per hour, and $25,312.50 in fees for 40.5 hours of service by Mr. Ringstad at $625.00 per hour.

Efpar asserted specific objections to the pretrial phase of the litigation.  In its original opposition, Efpar argued that the amount of time spent by Debtor's attorneys for trial preparation, i.e., over 200 hours by Mr. Minier, over 50 hours by Mr. Nelson and over 40 hours by Mr. Ringstad was clearly excessive and unreasonable because "[t]his action involved a simple claim," "[t]here were few witnesses in a short two day trial," "[t]here was no need for three attorneys to work on such a simple case," noting that the attorneys, Mr. Ringstad in particular, "spent a substantial amount of time duplicating time already spent." *Opposition* at 16-17.

As a specific example, Efpar argued that the time charged for mediation was excessive: "Mr. Nelson, Mr. Minier and Mr. Ringstad spent 32.5 hours in connection with the mediation, e.g., scheduling and rescheduling a mediation.  There is no need for an attorney with eighteen years experience (Mr. Minier) to schedule and reschedule a mediation at the cost of $375 per hour.  On top of that, both Mr. Minier and Mr. Ringstad allegedly spent numerous hours in connection with 'settlement status' and 'settlement discussions.'" *Id.* at 17.

On the chart analysis by Efpar's counsel attached to the Supplemental Opposition, Efpar asserted objections to billing entries for fees for services relating to the deposition of Jae H. Kim, Debtor's lawyer who handled the state court litigation involving multiple parties, including Efpar, regarding Debtor's "abandoned" claim of contract invalidity,  for services relating to mediation of multiple claims of Efpar and other claimants without allocation as to the other claims, review of document production in state court litigation

47

involving multiple claims of Efpar and other claimants without allocation as to the other claims, for services related to "appraiser shopping" (i.e., selection of an appraiser as a valuation expert for Debtor), for services related to communications with Roger Hsu as the attorney for Debtor's insiders, for services related to the deposition of David Wan, Debtor's broker on grounds of relevance except for issue of contract breach, as not necessary to the litigation of Debtor's objection to Efpar's claim.

With respect to the pretrial phase of the litigation, as to Efpar's argument that Debtor's counsel performed duplicative services, as noted previously, in the reply to the opposition, Debtor generally argued that "[t]here was no duplication of efforts or rebilling of time" in that R&S "divvied up" the work among the attorneys to "ensure[] that less expensive attorneys handle as much of matters as possible, with more expensive attorneys handling tasks that require greater skill and experience." *Debtor's Reply* at 11-12.  Specifically, in this case, Debtor stated that "Mr. Nelson did most of the legal research and drafted much of the initial pleadings, Mr. Minier did some of the legal research and most of the factual investigation, oversaw and directed Mr. Nelson's research and drafting, handled most of the discussions and negotiations with opposing counsel, and attended most of the hearings, and Mr. Ringstad supervised the effort, assigned research and writing tasks, and handled the trial." *Id.* at 11.

In responding to Efpar's contention that the overall fees of Debtor's attorneys are excessive, Debtor cited the work needed to litigate this matter: "[T]he Claim Objection was pending for almost 19 months, including significant discovery (by the Firm), preparation for an attendance at a nearly 12-[h]our mediation, completion of trial preparation, completion of trial, and significant post-trial work including a closing argument held a month after the trial, and at the Court's request detailed Findings of Fact and Conclusions of Law submitted by both parties, who then were permitted to and did file objections to each other's Findings and Conclusions." *Debtor's Reply* at 14.  In response to Efpar's argument that Debtor's attorneys' fees are excessive because Debtor

incurred more fees than Efpar, Debtor responded:  "Finally, as a general matter, it is not surprising that the Debtor incurred more fees and expenses than Efpar.  The Debtor took discovery, including a request for production of documents and interrogatories and noticed and took depositions of six witnesses.  Efpar served no discovery and took no depositions.  As discussed in more detailed in the Minier Declaration, the firm drafted the Joint Pre-Trial Order which included numerous stipulated facts.  The Debtor's trial declarations were more extensive and detailed than Efpar's, totaling 31 pages of testimony to Efpar's 12.  The Debtor's counsel may have simply worked harder, and the successful outcome justifies those efforts."  *Id.*

In the original reply to Efpar's opposition, Debtor responded to Efpar's argument that the 32.6 hours spent in connection with the mediation was excessive, specifically relating to the scheduling and rescheduling of the mediation, stating that because the mediation involved multiple parties, including Debtor's former counsel and Debtor's former broker, since Debtor was trying to settle and conclude multiple litigations at once, the coordination of the mediation was made more difficult, including that Efpar had informed Debtor of a scheduling conflict only a few days before the original date of the mediation, causing additional time to be spent rescheduling the mediation.

As previously noted, in the supplemental reply to Efpar's opposition asserting that the fees are excessive and clearly unreasonable, Debtor's defense of the fees billed in the pretrial phase of the litigation is set forth in the Supplemental Reply at 21-27 and Exhibits 5, 6, 7 and 8 attached thereto discussing the fourth, fifth, sixth and seventh of eleven of Debtor's fee categories: (4) mediation (totaling 41.3 hours and $19,507.50 in fees); (5) pretrial preparation (totaling 93.1 hours and $36,860.00 in fees); (6) discovery (totaling 104.4 hours and $39,987.50 in fees); and (7) preparation of Debtor's trial declarations (totaling 26.7 hours and $10,687.50 in fees).

Debtor's justification of the time spent by its lawyers was set forth in the listing of the tasks performed by them in these categories:

49

1

2

Category 4 (Mediation of Disputes with Creditors):  preparing all of the required court forms to have the matter assigned to mediation and to have a mediator appointed; researching potential mediators; engaging in ongoing communicating with Efpar's counsel to choose a mediator and arrange the mediation which the parties mutually

3

4

agreed to be expanded to a "global" mediation to include Mandarin Realty/David Wan and their insurer, Jae H. Kim/JHK Law Group and their insurer; preparation of the Debtor's mediation brief; engaging in "extensive" communication with the mediator,

5

6

Efpar's counsel, Mandarin's counsel, JHK's counsel as well as Debtor's principal and special litigation counsel to arrange the mediation, including rescheduling due to Efpar's request to reschedule the mediation; communicating with the Debtor's principals and special litigation counsel to prepare for and develop a strategy for the mediation;

7

8

preparing a stipulation continuing the mediation completion deadline established by the court; reviewing the mediation briefs and other documents; preparing a binder of documents to take to mediation in preparation for attending the same and traveling to the

9

mediator's office in Riverside and attending the mediation.

10

11

Category 5 (Pre-Trial Preparation):  negotiating, drafting, revising and finalizing the parties' joint pretrial stipulation and order, exhibit lists and witness lists, and reviewing documents in connection with same; analyzing documents and issues in order to

12

ascertain the work that needed to be completed to prepare for trial; researching potential appraisers to use as Debtor's trial valuation expert, and communicating with such

13

14

potential experts regarding their qualifications and providing them with case facts and documents to assess work and possible conflicts of interest; ongoing communication with Efpar's counsel regarding trial preparation issues, trial scheduling issues and possible

15

postponement of trial; ongoing communications with the Debtor's principal and special litigation counsel to prepare for trial; ongoing communications with Efpar's counsel, the

16

17

Debtor's principal and special litigation counsel regarding possible settlement of the parties' dispute; ongoing communications with appraiser selected by Debtor to provide him with relevant documents, and to facilitate his preparation of appraisal report and to

18

discuss contents of report generated and use of same at trial; communicating with Debtor's special litigation counsel to obtain additional evidentiary documents from same,

19

20

and analyze documents received; reviewing Efpar's direct trial testimony declarations and exhibits; preparation of a notice of status conference in contested matter; negotiating and drafting a stipulation to continue the trial, the pre-trial conference and various related

21

deadlines; attending several contested matter status conferences and pre-trial conferences; researching standards for recovery of attorneys' fees pursuant to contact by

22

prevailing party; reviewing deposition transcripts, discovery responses and document productions of various parties in prepetition state court lawsuits; analyzing appraisal

23

report and attachments by Debtor's appraiser; researching case law and statutory authority regarding Efpar's claim to be liable to lender for undocumented loan

24

commitment fee; communicating with counsel for other creditors re status of Debtor's litigation with Efpar and timeline for expected resolution of same; obtaining and reviewing

25

additional evidentiary documents from the Debtor's principals; preparation of motion for authority to employ and pay Debtor's valuation expert, Peregrine Realty Partners/Bradley

26

Lofgren and related documents, communicate with appraiser regarding same, obtain and review documents from Peregrine for motion; reviewing Efpar's trial exhibits and

27

communicate with Efpar's counsel regarding the parties stipulating close to all of each other's trial exhibits; drafting the declaration of Debtor's counsel regarding Debtor's

28

unilateral lodging of proposed Joint Pre-Trial Stipulation and Order and reasons for same; research possible real estate transaction expert, Richard Reimer, to be hired by Debtor for trial, and communicate with expert to ascertain qualifications of same and negotiate terms of employment of same; provide documents to real estate transaction expert; preparation of supplement to Joint Pre-Trial Stipulation and Order setting forth Debtor's agreement to stipulation to foundation/authenticity of close to all of Efpar's trial exhibits; and communicating with Debtor's trial witnesses regarding same testifying at trial on cross-examination.

Category 6 (Discovery): reviewing documents in furtherance of preparing written discovery requests; preparation of interrogatories and requests for production of documents to Efpar; ongoing communications with Efpar's counsel regarding its document production and provision of responses to written discovery requests, and multiple requests for extension of time for same; redrafting a stipulation and proposed order granting Efpar an extension of time to respond to discovery requests and extending deadline for completion of discovery, and review documents to prepare same; ongoing communication with Efpar's counsel to schedule depositions being taken by the Debtor of Efpar's trial witnesses and others; arranging, preparing for and engaging in, multiple "meet and confer" conferences with Efpar's counsel to resolve discovery disputes that developed pertaining to Efpar's untimely and incomplete discovery responses; researching various procedural and substantive issues related to discovery being taken by Debtor, procedural requirements regarding the same and resolving discovery disputes that developed with Efpar; preparation of deposition notices and subpoenas for depositions of six witnesses; preparation of second stipulation continuing deadline for Debtor to conduct follow up discovery due to Efpar's late production of documents; communicating with third-party deponents and their counsel regarding arranging depositions of same; reviewing and resolving objection to notice of taking deposition of Jae H. Kim; preparation of third stipulation and order continuing deadline for Debtor to complete follow up discovery; preparation of six new notices of taking depositions for rescheduled deposition dates; communicating with process service regarding efforts to serve deposition subpoenas on third party witnesses; reviewing documents produced by Efpar, as well as its responses and supplemental responses to Debtor's written discovery requests; obtaining additional documents from Debtor's special litigation counsel and Debtor's principals related for depositions being taken by Debtor; reviewing documents in preparation for taking depositions, preparing documents to be used at depositions (most of which were document intensive) and preparing questions for depositions; preparation of a written waiver of attorney-client privilege and work product doctrine insisted upon by Counsel for Jae H. Kim before she would let him testify at deposition; communicating with Debtor's real estate valuation expert in preparation for deposition of Efpar's valuation expert, and review documents received from same to prepare deposition questions; take six depositions, most of which lasted nearly an entire day, and one of which was required to be taken in Los Angeles at the insistence of Efpar's counsel.

Category 7(Preparing Trial Declarations):  developing and preparing Debtor's direct testimony trial declarations, including the Debtor's principal, Michelle Orh, the Debtor's real estate valuation expert, Peregrine Realty/Bradley Lofgren, the Debtor's real estate transaction expert, Richard Niemer, and Escrow Officer Iris Chase.

51

As for the first phase of this litigation for law and motion work, this listing of tasks for the second phase of the litigation, pretrial litigation, did not set forth a narrative explanation regarding the simplicity or complexity of the factual or legal issues themselves in this matter.  The court generally agrees with Efpar that the time spent by Debtor's counsel in the pretrial litigation phase of this case was excessive and that not all the time billed was reasonably necessary.

Specifically, the court agrees with Efpar that the time billed for mediation was excessive because many of the tasks billed for scheduling and rescheduling mediation are administrative in nature and should be not billed at attorney rates.  There is no good reason why the administrative tasks of scheduling a mediation, or rescheduling one, should not have been handled by a nonlawyer legal assistant rather than a senior associate attorney billed at his normal lawyer rate of $375.00, or could have been handled in a more efficient way such as by email or a group calendaring computer program, such as doodle.com (at https://doodle.com).  By using a group calendaring program, Debtor's counsel could have surveyed the mediator and other counsel regarding available times to schedule or reschedule the mediation.  It was not necessary for Debtor's counsel to call the mediator's office and other counsel regarding setting up the dates and time of the mediation.  The time billed for calendar-related tasks of 36 or so hours was excessive.

Even though the mediation also involved Debtor's disputes with other parties, including malpractice claims against Debtor's former real estate broker/agent, Mandarin Realty/David Wan, and Debtor's former attorney, JHK Group/Jae H. Kim, Debtor's counsel billed all the time for mediation to the Efpar dispute, which is not a fair and reasonable allocation of the time spent on mediation because time was spent in mediation on Debtor's disputes with other parties not related to the Efpar claim dispute, and thus, Debtor should have allocated attorney billed time to all three disputes involved in the mediation, and not just the Efpar dispute.  Thus, the court determines that the time

52

spent by Debtor's counsel should have been allocated among the three separate

disputes, one dispute with Efpar, one dispute with Mandarin Realty/David Wan and one

dispute with JHK Group/Jae H. Kim, and the allocation should be one-third allocation for

each dispute because the time billed for the mediation of other disputes was not

reasonably necessary to litigate the Efpar dispute as the disputes with the other parties to

the mediation, Debtor's former real estate broker/agent and Debtor's former attorney, are

not related to the Efpar claim dispute.

The court does not see how 259.3 hours of attorney time resulting in $104,382.50

in fees were reasonably necessary in the pretrial phase of the litigation to prepare the

contested matter of Debtor's motion objecting to Efpar's breach of contract claim for trial,

conducting the mediation, conducting discovery and preparing the case for the pretrial

conference.  Among the tasks listed for the pretrial phase of the litigation were

extraneous tasks relating to research and review of documents from the state court

litigation, such as whether case law cited by Efpar in the state court litigation was

applicable, or performance of administrative tasks which could have been performed by a

lower cost nonattorney legal assistant, such as scheduling and rescheduling depositions,

preparing deposition notices, stipulations and proposed orders to rescheduling discovery

deadlines or depositions, communicating with process servers on serving witnesses,

obtaining documents from special litigation counsel and Debtor's principals (i.e., the client

representatives).  In the court's view, what needed to be done to conduct the mediation,

to conduct discovery and prepare the contested matter for the pretrial conference were

the following tasks: (1) participate in the mediation of the dispute over Efpar's claim; (2)

conduct discovery, including depositions and document production requests; (3) search

for, retain and assist a valuation expert witness to appraise the real property; (4) attend

status conferences; (5) prepare Debtor's witness and exhibit lists; (6) prepare the joint

pretrial stipulation in cooperation with Efpar's counsel; (7) review Efpar's exhibits for

1    admissibility and identify evidentiary objections on the joint pretrial stipulation; and (8)

2    prepare direct testimony trial declarations for Debtor's trial witnesses.

3         Because the litigation of this contested matter was a simple and straightforward

4    contractual dispute, the issues to be litigated in this matter were simple and

5    straightforward, and extensive litigation proceedings were not necessary.  The court has

6    listed the tasks that needed to be accomplished in the pretrial litigation phase of this

7    matter in general terms.

8         **Mediation**

9         The attorney time and fees billed for mediation of the Efpar claim objection dispute

10   of 41.3 hours of attorney time and $19,507.50 in fees are excessive.  The time needed

11   for an attorney should have included time to review and select prospective mediators, to

12   prepare a mediation statement, to consult with client representatives regarding mediation

13   strategy and to participate in the mediation.  As indicated by the billing entries of R&S,

14   extensive attorney time was charged for administrative tasks related to mediation that

15   should have been handled by nonattorney legal assistant staff and/or through electronic

16   means like email or a group calendaring program, such as contacting the selected

17   mediator's office to schedule the mediation appointment and communicating with the staff

18   of other mediation participants regarding scheduling.  Here, the parties agreed upon a

19   mediator who was appointed by the court, prepared the mediator selection forms,

20   coordinated the scheduling of the mediation with the mediator and other mediation

21   participants, which were administrative tasks which should have been handled by

22   nonattorney staff and/or handled electronically through email or a group calendaring

23   program.  It was not reasonably necessary to have an attorney spend hours to "research"

24   the local rules and mediation procedures and forms and to handle scheduling or

25   rescheduling functions as billed by R&S (sample entries included the following: 0.8 hours

26   for "research re local rules, federal rules and court's trial procedures re calendaring

27   various dates and deadlines re mediation and trial re debtor's objection to Efpar's claim,"

28

54

which is basic research and should not be charged for, multiple entries for essentially the same task, 0.3 hour for "review and analyze documents and issues re selecting mediator and alternate mediator with Efpar re debtor's objection to claim of same, and re completing and filing required mediation forms on a timely basis," and multiple entries for the same tasks, but worded in different ways).

The time needed to review and select a mediator should have reasonably taken no more than 2 hours, and in this regard, the court would allow 1.5 hours by Mr. Minier, the senior associate attorney, at $375 per hour ($562.50), and 0.5 hour by Mr. Ringstad, the supervising partner, at $625 per hour ($312.50), for review, totaling $875.00 in fees.  The time needed to prepare a mediation statement should have taken no more than 3 hours since Debtor had already formulated its litigation positions as set forth in its moving and reply papers and the purpose of the mediation statement, as opposed to what Debtor calls a "mediation brief," was to educate the mediator as to Debtor's litigation position to allow the mediator to facilitate the mediation discussion.  In this regard, the court would allow 2.0 hours by Mr. Minier, the senior associate attorney, at $375 per hour ($750.00), for drafting, and 1.0 hour by Mr. Ringstad, the supervising partner, at $625 per hour ($625.00), for review, totaling $1,375.00 in fees.  The time needed to consult with client representatives regarding mediation strategy should have taken no more than 3 hours. In this regard, the court would allow 3.0 hours by Mr. Ringstad, as the lead counsel, at $625 per hour, to consult with the client representatives, totaling $1,875.00 in fees.  The time needed to participate in the mediation should have taken no more than 10 hours (one full 8 hour day, plus 2 hours of travel time from counsel's office to the mediator's office in Riverside), totaling $6,250.00 in fees.  Administrative tasks, such as filling out the mediator selection form documents and coordinating scheduling and rescheduling of the mediation session, should have been handled by nonattorney staff at a lower billing rate.

The attorneys' fees reasonably necessary for handling the mediation total $10,375, which should be allocated among the three disputes mediated by dividing the

55

1    amount by three, one-third for each dispute, or $3,458.33 for each dispute, including the

2    Efpar claim dispute.  Only this amount of $3,458.33 in attorneys' fees is reasonably

3    allowed for fees relating to mediation for 6 hours of attorney time on a prorated basis.

4        **Pretrial Preparation**

5        The attorney time and fees billed for pretrial preparation for the Efpar claim

6    objection dispute of 93.1 hours and $36,860.00 in fees are excessive.  As previously

7    stated, Debtor listed the following tasks in this category, including negotiating, drafting,

8    revising and finalizing the parties' joint pretrial stipulation and order, exhibit lists and

9    witness lists, and reviewing documents in connection with same; analyzing documents

10    and issues in order to ascertain the work that needed to be completed to prepare for trial;

11    researching potential appraisers to use as Debtor's trial valuation expert, and

12    communicating with such potential experts regarding their qualifications and providing

13    them with case facts and documents to assess work and possible conflicts of interest;

14    ongoing communication with Efpar's counsel regarding trial preparation issues, trial

15    scheduling issues and possible postponement of trial; ongoing communications with the

16    Debtor's principal and special litigation counsel to prepare for trial; ongoing

17    communications with Efpar's counsel, the Debtor's principal and special litigation counsel

18    regarding possible settlement of the parties' dispute; ongoing communications with

19    appraiser selected by Debtor to provide him with relevant documents, and to facilitate his

20    preparation of appraisal report and to discuss contents of report generated and use of

21    same at trial; communicating with Debtor's special litigation counsel to obtain additional

22    evidentiary documents from same, and analyze documents received; reviewing Efpar's

23    direct trial testimony declarations and exhibits; preparation of a notice of status

24    conference in contested matter; negotiating and drafting a stipulation to continue the trial,

25    the pre-trial conference and various related deadlines; attending several contested matter

26    status conferences and pre-trial conferences; researching standards for recovery of

27    attorneys' fees pursuant to contact by prevailing party; reviewing deposition transcripts,

28

discovery responses and document productions of various parties in prepetition state court lawsuits; analyzing appraisal report and attachments by Debtor's appraiser; researching case law and statutory authority regarding Efpar's claim to be liable to lender for undocumented loan commitment fee; communicating with counsel for other creditors regarding the status of Debtor's litigation with Efpar and timeline for expected resolution of same; obtaining and reviewing additional evidentiary documents from the Debtor's principals; preparation of motion for authority to employ and pay Debtor's valuation expert, Peregrine Realty Partners/Bradley Lofgren and related documents, communicate with appraiser regarding same, obtain and review documents from Peregrine for motion; reviewing Efpar's trial exhibits and communicate with Efpar's counsel regarding the parties stipulating close to all of each other's trial exhibits; drafting the declaration of Debtor's counsel regarding Debtor's unilateral lodging of proposed Joint Pre-Trial Stipulation and Order and reasons for same; research possible real estate transaction expert, Richard Reimer, to be hired by Debtor for trial, and communicate with expert to ascertain qualifications of same and negotiate terms of employment of same; provide documents to real estate transaction expert; preparation of supplement to Joint Pre-Trial Stipulation and Order setting forth Debtor's agreement to stipulation to foundation/authenticity of close to all of Efpar's trial exhibits; and communicating with Debtor's trial witnesses regarding same testifying at trial on cross-examination.

Most of these tasks listed by Debtor's counsel regarding pretrial preparation are stated verbatim. Some of the tasks billed for conducting pretrial preparation were administrative in nature and should be not billed at attorney rates, including scheduling and rescheduling discovery, preparation of stipulations to extend deadlines for discovery responses, preparing deposition notices and subpoenas, preparing deposition exhibits, contacting potential witnesses regarding scheduling of depositions, obtaining documents from Debtor's special litigation counsel and communications regarding the same.

1    Extensive pretrial preparation was not needed in this matter.  This dispute was

2  primarily over contract interpretation, and the contract documents were known from the

3  beginning of the dispute.  The dispute was primarily decided on interpretation of the

4  contract documents, the Sale Agreement, the Addendum, and the Second Amendment,

5  for which extensive pretrial preparations were not needed.  Debtor needed to participate

6  in the preparation of a joint pretrial stipulation and attend the pretrial conference, prepare

7  and file stipulations regarding scheduling of the pretrial conference, search for, retain and

8  assist expert witnesses, including a qualified appraiser to render an opinion on valuation

9  of the subject real property, and participate in settlement negotiations with Efpar in

10  consultation with the client.  Time for attorneys for Debtor in pretrial preparation was a

11  reasonably necessary task, but the time needed to prepare for trial involving simple and

12  straightforward issues of contract law relating to contract negotiation, contract formation

13  and contract performance should have not been extensive or complicated.

14    Debtor's counsel charged fees of $9,112.50 for 23.5 hours of attorney work in

15  preparing the joint pretrial stipulation, including 22.3 hours by Mr. Minier at $375.00 per

16  hour ($8,362.50) for drafting the joint pretrial stipulation, including Debtor's witness and

17  exhibit lists, and communicating with Efpar's counsel, and 1.2 hours by Mr. Ringstad at

18  $625.00 per hour for review of the joint pretrial stipulation.  Based on the court's review of

19  the joint pretrial stipulation and the billing entries, it should not have taken so much

20  attorney time and fees of over $9,000 for preparation of the joint pretrial stipulation, 23

21  pages in total, specifically consisting of 53 paragraphs of stipulated, mostly procedural

22  facts, 5 disputed issues of fact, 1 undisputed issue of law, 9 disputed issues of law, 12

23  witnesses on Debtor's witness list and 40 exhibits on Debtor's exhibit list.  As previously

24  stated, the issues in this case are straightforward issues of contract law, not involving

25  complicated facts, requiring a very simple joint pretrial stipulation, which it was.  The court

26  will allow fees for a reasonable amount of time for Debtor's counsel to prepare the joint

27  pretrial stipulation and Debtor's witness and exhibit lists as part of the joint pretrial

28

stipulation.  The time needed for Debtor's counsel to perform these tasks should have

reasonably taken no more than 7.2 hours of attorney time, and in this regard, the court

will allow 6 hours by Mr. Minier, the senior associate attorney, to participate in the drafting

of the joint pretrial stipulation and  to communicate with Efpar's counsel at $375 per hour

($2,250.00) and 1.2 hours by Mr. Ringstad, the supervising partner, to review the draft

joint pretrial stipulation at $625 per hour ($750.00), totaling $3,000.00 in fees.  The court

will allow fees for additional reasonable amount of time for Debtor's counsel for pretrial

preparation, including review of Efpar's trial declarations, 1.0 hour by Mr. Minier at

$375.00 on September 24, 2014 and attending status conference, 0.6 hour by Mr. Minier

on October 7, 2014, for a total of 1.6 hours at $375 per hour, or $600.00 in fees.

The court will allow fees for a reasonable amount of time for Debtor's counsel to

participate in settlement negotiations with Efpar's counsel and to consult with the client.

The time needed for Debtor's counsel to perform these tasks should have reasonably

taken no more than 8.7 hours of attorney time, and in this regard, the court will allow 6.1

hours of work between September 12, 2014 and October 16, 2014 by Mr. Ringstad, the

supervising partner, who primarily handled the settlement negotiations with Efpar's

counsel for Debtor, and the consultation with the client representatives, stipulation at

$625 per hour ($3,812.50) and 2.6 hours by Mr. Minier, the senior associate attorney,

who assisted Mr. Ringstad in the settlement negotiations for Debtor at $375 per hour

($975.00), totaling $4,787.50 in fees.

Debtor's counsel charged fees of $5,487.50 for 13.5 hours of attorney work to

search for, and retain, a qualified real property appraiser to render an expert opinion for

Debtor on valuation of the subject real property, which had a direct bearing on the

computation of damages asserted by Efpar, to prepare an application to employ the

retained expert witness and to assist the appraiser in obtaining the necessary material to

prepare and render a valuation opinion in preparing the joint pretrial stipulation, including

11.8 hours by Mr. Minier at $375.00 per hour ($4,425.50), and 1.7 hours by Mr. Ringstad

at $625.00 per hour ($1,062.50).  The court will allow fees for a reasonable amount of time for Debtor's counsel to search for, and retain, a qualified real property appraiser to render an expert opinion for Debtor on valuation of the subject real property, which had a direct bearing on the computation of damages asserted by Efpar, to prepare an application to employ the retained expert witness and to assist the appraiser in obtaining the necessary material to prepare and render a valuation opinion.  The court determines that it was reasonably necessary for Debtor's counsel to perform these tasks, and time will be allowed for such.  The time needed for Debtor's counsel to perform these tasks should have reasonably taken no more than 13.5 hours of attorney time, and in this regard, the court will allow 11.8 hours by Mr. Minier, the senior associate attorney, to search for, and retain for Debtor, a qualified real property appraiser to render an expert opinion on valuation of the subject real property, to prepare the application for employment of this expert and to assist the expert in obtaining the necessary material to prepare and render a valuation opinion at $375 per hour ($4,425) and 1.7 hours by Mr. Ringstad, the supervising partner, to review the search, retention, employment and preparation of the expert witness at $625 per hour ($1,062.5), totaling $5,487.50 in fees.

Debtor's counsel charged fees of $875.00 for 2.2 hours of attorney work to search for, and retain, a qualified real property transaction expert witness to render an expert opinion for Debtor on interpretation of the sales contract for the sale of the subject real property to Efpar, including 2 hours by Mr. Minier at $375.00 per hour ($750.00) for 0.2 hours by Mr. Ringstad at $625.00 per hour ($125.00).  The court will allow fees for the amount of time for Debtor's counsel to search for, and retain, a qualified real property transaction expert witness to render an expert opinion for Debtor on interpretation of the sales contract for the sale of the subject real property to Efpar, which arguably had a direct bearing on the computation of damages asserted by Efpar, to prepare an application to employ the retained expert witness and to assist the expert obtain the necessary material to prepare and render a contract interpretation opinion.  While the

60

court has serious reservations about the propriety of retaining this expert because his contract interpretation opinion is really disguised argument in support of Debtor's interpretation of the contract that it did not breach the contract, the court determines that it was reasonably necessary for work of Debtor's counsel to perform these tasks, and time will be allowed for such. The court will allow the $875.00 billed by Debtor's counsel for this work.

For pretrial preparation, Debtor's counsel billed 8.4 hours and $3,312.50 in corresponding and conferring with Efpar's counsel, 8.8 hours and $3,525.00 in fees corresponding and conferring with Debtor's prospective expert witnesses and 22.7 hours and $9,450.00 corresponding and conferring with others, including client representatives and state court litigation counsel. Some of this time and these fees have already been allowed regarding preparation of the joint pretrial stipulation, consulting with prospective expert witnesses and settlement negotiations. However, some of this corresponding and conferring is not reasonably necessary, such as with Debtor's state court counsel because as stated previously, the issues of this case are simple and straightforward issues of contract law, and while it may have been reasonable and necessary for some consultation with state court counsel in the beginning of the case, which has been allowed, but not constant corresponding and conferring with state court counsel afterwards regarding research of state law issues and trial since these matters were now for Debtor's bankruptcy counsel to handle. Moreover, the time corresponding and conferring with client representatives in pretrial preparation is excessive. The total corresponding and conferring between Debtor's counsel and Debtor's client representatives and state court counsel for pretrial preparation of 22.7 hours at $9,450.00 is excessive.

Substantial time was also billed by the junior attorney, Mr. Nelson, for pretrial preparation of the case, even though he was neither the trial attorney nor the senior associate attorney who primarily handled the pretrial preparation of the case for Debtor.

After the court's review of his billing entries for trial preparation, the court determines that his work was not necessary.  Mr. Nelson billed substantial time for researching the admissibility of evidence, including reviewing pleadings (0.5 hour on August 11, 2014), analyzing issues (0.2 hour on October 1, 2014), researching award of attorneys' fees as prevailing party (0.2 hour on October 10, 2014 – duplicative of research performed by Mr. Minier on the same date), analyzing issues (0.2 hour on November 19, 2014), reviewing the transcript of the deposition of Brandon Michaels, one of Efpar's valuation witnesses (1.0 hour on December 5, 2014) and analyzing the scope of the pretrial order (2.5 hours on December 16, 2014).  None of this work was reasonably necessary because there is no showing that the tasks of "reviewing" and "analyzing" as opposed to "doing" something had any litigation purpose and because it was duplicative of the pretrial preparation work performed by Mr. Minier, the senior associate attorney.  Mr. Nelson's review and analysis is not shown to have any litigation purpose and is not otherwise shown to be reasonably necessary, and fees for such time is not allowed.

The attorneys' fees reasonably necessary for pretrial preparation total $14,750.00 for 33.2 hours of attorney time.

**Discovery**

The attorney time and fees billed for discovery for the Efpar claim objection dispute of 98.2 hours and $37,327.50 in fees are excessive.  As previously stated, Debtor listed the following tasks in this category, including reviewing documents in furtherance of preparing written discovery requests; preparation of interrogatories and requests for production of documents to Efpar; ongoing communications with Efpar's counsel regarding its document production and provision of responses to written discovery requests, and multiple requests for extension of time for same; redrafting a stipulation and proposed order granting Efpar an extension of time to respond to discovery requests and extending deadline for completion of discovery, and review documents to prepare same; ongoing communication with Efpar's counsel to schedule depositions being taken

by the Debtor of Efpar's trial witnesses and others; arranging, preparing for and engaging

in, multiple "meet and confer" conferences with Efpar's counsel to resolve discovery

disputes that developed pertaining to Efpar's untimely and incomplete discovery

responses; researching various procedural and substantive issues related to discovery

being taken by Debtor, procedural requirements regarding the same and resolving

discovery disputes that developed with Efpar; preparation of deposition notices and

subpoenas for depositions of six witnesses; preparation of second stipulation continuing

deadline for Debtor to conduct follow up discovery due to Efpar's late production of

documents; communicating with third-party deponents and their counsel regarding

arranging depositions of same; reviewing and resolving objection to notice of taking

deposition of Jae H. Kim; preparation of third stipulation and order continuing deadline for

Debtor to complete follow up discovery; preparation of six new notices of taking

depositions for rescheduled deposition dates; communicating with process service

regarding efforts to serve deposition subpoenas on third party witnesses; reviewing

documents produced by Efpar, as well as its responses and supplemental responses to

Debtor's written discovery requests; obtaining additional documents from Debtor's special

litigation counsel and Debtor's principals related for depositions being taken by Debtor;

reviewing documents in preparation for taking depositions, preparing documents to be

used at depositions (most of which were document intensive) and preparing questions for

depositions; preparation of a written waiver of attorney-client privilege and work product

doctrine insisted upon by Counsel for Jae H. Kim before she would let him testify at

deposition; communicating with Debtor's real estate valuation expert in preparation for

deposition of Efpar's valuation expert, and review documents received from same to

prepare deposition questions; take six depositions, most of which lasted nearly an entire

day, and one of which was required to be taken in Los Angeles at the insistence of

Efpar's counsel.    Most of these tasks listed by Debtor's counsel regarding discovery are

stated verbatim.  Many of the tasks billed for conducting discovery are administrative in

nature and should be not billed at attorney rates, including scheduling and rescheduling

discovery, preparation of stipulations to extend deadlines for discovery responses,

preparing deposition notices and subpoenas, preparing deposition exhibits, contacting

potential witnesses regarding scheduling of depositions, obtaining documents from

Debtor's special litigation counsel and communications regarding the same.

Extensive discovery was not needed in this matter.  This dispute was primarily

over contract interpretation, and the contract documents were known from the beginning

of the dispute.  The dispute was primarily decided on interpretation of the contract

documents, the Sale Agreement, the Addendum, and the Second Amendment, for which

further discovery was not needed.  Debtor needed to take some limited discovery

regarding to the conduct of the parties during the contract negotiation process, which

would include depositions of the principals of Debtor, the Orhs, and principal of Efpar, Mr.

Efraim, and document production relating to the communications between the parties

during contract negotiations.  Such discovery would have addressed the need for Debtor

to evaluate its defenses to Efpar's claim for breach of contract, which defenses turned out

not to be viable.

Debtor needed to conduct discovery of the bases for Efpar's claim for damages,

including evidence of the various costs it claims to have incurred as consequential

damages for Debtor's breach of contract, which turned out to the be primary dispute in

the case.  The parties also needed to take discovery regarding the valuation of the

subject real property, which was an important issue for determining Efpar's claim for

damages based on loss of bargain, and such discovery would have included preparing

for and attending depositions of the parties' valuation expert witnesses.

The court has reviewed the written discovery requests propounded by Debtor

through counsel as copies of these discovery requests, Debtor's interrogatories and

requests for production of documents, and Efpar's responses thereto, including

supplemental responses, were listed as Debtor's Trial Exhibits 34 through 39.  Debtor's

discovery requests were fairly simple and straightforward, that is, interrogatories and document requests seeking identification of facts and documents relating to Efpar's claims for breach of contract and for damages therefrom.  Debtor's interrogatories consisted of 19 interrogatories requesting Efpar to state facts and/or identify documents in support of its contentions of contractual breach and damages.  *Debtor's Trial Exhibit 35.*  Debtor's document production requests consisted of 35 requests to Efpar to produce documents in support of its contentions of contractual breach and damages.  *Debtor's Trial Exhibit 34*.  Efpar's responses consisted of an original response and a supplemental response for each of Debtor's interrogatories and document production requests. *Debtor's Trial Exhibits 36 through 39*.  In these responses, Efpar raised legal objections to the interrogatories and document production requests, but having reserved its rights based on objections, responded substantively to many, if not, most of the interrogatories and document production requests, stating that as to the documents, the documents were produced or were being produced.  *Id*.  Having reviewed Debtor's written discovery requests and Efpar's responses thereto, it should not have taken extensive time for Debtor's counsel to propound such discovery requests and review the responses thereto.

Debtor noticed and took the depositions of six witnesses, Farzad Sean Rahbar, a principal at SR Capital, Efpar's lender, Julian F. Torkan, Efpar's real estate agent, Jae H. Kim, Debtor's former attorney, Fred Efraim, one of Efpar's principals, David Wan, Debtor's real estate agent, and Brandon Michaels, Efpar's real estate agent valuation expert witness.  The court has reviewed the transcripts of these depositions which Debtor had indicated it would be offering into evidence.  Debtor took Mr. Rahbar's deposition regarding Efpar's claim of damages relating to loan costs through loan financing from SR Capital.  Debtor took the depositions of Mr. Torkan and Mr. Wan as the real estate agents for the parties and of Mr. Kim as Debtor's former attorney regarding Efpar's claim of breach of contract by Debtor.  Debtor took the depositions of Mr. Efraim and Mr. Michaels

as Efpar's designated valuation expert witnesses regarding Efpar's claim of damages based on the valuation of the subject real property.

Debtor needed to respond to Efpar's discovery, but as it stated in its fee motion, Efpar only conducted minimal discovery, so not much attorney time was needed for responding to any discovery requests from Efpar.  Time for attorneys for Debtor to conduct discovery was a reasonably necessary task, but the time needed to conduct discovery involving simple and straightforward issues of contract law in this relating to contract negotiation, contract formation and contract performance should have not been extensive or complicated.

The court will allow fees for a reasonable amount of time for Debtor's counsel for preparation of written interrogatories and document production requests to Efpar regarding the contract formation, negotiation and performance, including Debtor's breach, and the bases for Efpar's claim of damages for breach of contract, to prepare requests for production of documents by Efpar relating to these matters and to review Efpar's responses to Debtor's written discovery requests.   The time needed for Debtor's counsel to perform these tasks should have reasonably taken no more than 9.6 hours of attorney time, and in this regard, the court will allow 4 hours by Mr. Minier, the senior associate attorney, to draft the discovery requests and 3 hours to review Efpar's responses and to correspond with Efpar's counsel regarding the responses at $375 per hour ($2,625.00) and 2 hours by Mr. Ringstad, the supervising partner, to review the draft discovery requests and 0.6 hours to confer with Mr. Minier regarding review of Efpar's responses thereto at $625 per hour ($1,625.00), totaling $4,250.00 in fees.

The court will allow fees for a reasonable amount of time for Debtor's counsel to direct preparation of notices of deposition, prepare for depositions of potential witnesses and appearing for and taking depositions of potential witnesses.  Debtor took depositions of six witnesses, including Farzad Sean Rahbar, a principal at SR Capital, Efpar's lender, Julian F. Torkan, Efpar's real estate agent, Jae H. Kim, Debtor's former attorney, Fred

Efraim, one of Efpar's principals, David Wan, Debtor's real estate agent, and Brandon Michaels, Efpar's real estate agent valuation expert witness.  The court determines that it was reasonably necessary for work of Debtor's counsel to prepare for these depositions, and time will be allowed for such.  The time needed for Debtor's counsel to perform these tasks should have reasonably taken no more than 34.6 hours of attorney time. In this regard, the court will allow 1.0 hours by Mr. Minier, the senior associate attorney, to prepare for the deposition of Farzad Sean Rahbar and 2.9 hours to attend the deposition of Mr. Rahbar, at $375 per hour, totaling $1,462.50 in fees.  The court will allow 1.0 hour by Mr. Minier, the senior associate attorney, to prepare for the deposition of Julian Torkan and 3.6 hours to attend the deposition of Mr. Torkan, at $375 per hour, totaling $1,725.00 in fees.  The court will allow 1.0 hour by Mr. Minier, the senior associate attorney, to prepare for the deposition of Fred Efraim and 4.8 hours to attend the deposition of Mr. Efraim, at $375 per hour, totaling $2,175.00 in fees.  The court will allow 1.0 hour by Mr. Minier, the senior associate attorney, to prepare for the deposition of Jae H. Kim, 0.4 hour to draft the attorney-client privilege waiver for Mr. Kim and to consult the client, and 4.8 hours to attend the deposition of Mr. Kim, at $375 per hour, totaling $2,325.00 in fees. The court will allow 1.0 hour by Mr. Minier, the senior associate attorney, to prepare for the deposition of David Wan and 5.6 hours to attend the deposition of Mr. Wan, at $375 per hour, totaling $2,475.00 in fees.  The court will allow 1.0 hour by Mr. Minier, the senior associate attorney, to prepare for the deposition of Brandon Michaels and 6.5 hours to attend the deposition of Mr. Michaels, at $375 per hour, totaling $2,812.50 in fees.

Debtor's counsel billed much time for preparing deposition notices and subpoenas, which is primarily an administrative task since these notices and subpoenas are form documents which should be prepared by a nonattorney legal assistant rather than an attorney billing at attorney rates, though the court would allow time for review of such documents prepared by a legal assistant.  Here, Mr. Minier billed 1.6 hours at $375.00,

67

totaling $600.00 on August 14, 2014 for preparing six deposition notices and subpoenas, 0.2 hour at $375.00, totaling $75.00, for preparing a deposition notice for one of the same witnesses on September 7, 2014, 1.2 hours at $375.00, totaling $450.00 for preparing four deposition notices and two subpoenas for the same witnesses on September 16, 2014, 0.2 hour at $375.00 totalling $75.00 for preparing a deposition notice and a subpoena for one of the same witnesses on September 17, 2014, and 0.4 hour at $375 per hour, totaling $150.00 for finalizing multiple deposition notices and subpoenas for the same witnesses on September 17, 2014.  Instead of billing $1,350.00 in fees for 3.6 hours of attorney time, Mr. Minier should have had a legal assistant prepare these documents and billed at most 0.75 hour at $375.00, totaling $281.25 in fees to instruct the legal assistant and review the documents before service.  The court will allow fees of $281.25 for Mr. Minier to instruct and review the preparation of deposition notices and subpoenas.

Debtor's counsel billed numerous hours for communications, including drafting and reviewing correspondence, including email correspondence, and telephone conferences with the clients, Debtor's insiders, counsel for Efpar, Debtor's special litigation counsel, review, and assistants to these parties, and most of these communications related to arranging meetings, scheduling and rescheduling of depositions, which should have been handled by nonattorney legal assistants rather than by an attorney billing at a senior associate rate.  The court will allow some time, but most of the time should not be allowed for lack of showing of reasonable necessity.  For example, Mr. Minier billed 0.1 hour twice at $375 per hour, or $75.00, to "review and analyze" two separate emails from the court reporting agency on scheduling depositions, that is, looking at two emails, which probably took 1 minute at most to look at.  Thus, this example shows that Efpar's argument about the problem of billing a minimum of tenths of an hour would appear to have some force.

68

1    Debtor's counsel also billed time for basic research which is unnecessary for an

2  experienced trial attorney.  Here, Mr. Minier billed 0.6 hour at $375 per hour, totaling

3  $225.00, on September 24, 2014 for "research re case law and Federal Rules of

4  Evidence re taking depositions in preparation for Efpar trial."  There is no showing that

5  such "research" was reasonably necessary for the particular facts of this case to warrant

6  allowance.  Mr. Minier billed 0.4 hour at $375.00 per hour, totaling $150, on September

7  23, 2014 for "research re case law drafting correspondence re impropriety of same failing

8  to respond to interrogatory re expected testimony of Efpar's trial witness."  There is no

9  showing of reasonable necessity for such research since the responses indicated that

10  Efpar did respond to the interrogatory, apparently on its face.

11    The junior associate, Mr. Nelson, billed 0.3 hour at $300 per hour, totaling $90.00

12  for "draft areas for questions in deposition of D. Wan."  No showing was made that such

13  work was reasonably necessary since Mr. Nelson was not the attorney representing

14  Debtor at the deposition of Mr. Wan, and such fees should not be allowed.

15    The attorneys' fees reasonably necessary for conducting discovery total

16  $17,506.25 for 44.95 hours of attorney time.

17    **Preparing Debtor's Trial Declarations**

18    The attorney time and fees billed for preparing direct testimony trial declarations

19  of witnesses by Debtor for trial of the Efpar claim objection of 26.7 hours of attorney time

20  and $10,687.50 in fees are excessive.

21    Debtor called four witnesses at trial, Michelle Orh, Debtor's managing member,

22  Bradley Lofgren, Debtor's expert witness on valuation, Iris Chae, an escrow officer at

23  Commerce Escrow Company responsible for the escrow between Efpar and Debtor that

24  was opened for the sale of the subject real property, and Richard Riemer, II, Debtor's

25  expert witness on real estate transactions.

26    The declaration of Michelle Orh was important because she was Debtor's chief

27  percipient witness regarding the events relating to contract negotiation, formation and

28
                                                69

performance between Debtor and Efpar.  Her trial declaration was 16 pages long and elaborated on her testimony in her 4-page declaration in support of Debtor's motion objecting to Efpar's claim.  Eight pages of Ms. Orh's declaration pertained to the issues of contract negotiation, formation and performance of the contract with Efpar, which were relevant to the case.  However, the remaining pages of the declaration pertained to extraneous matters, including Dowent's financial condition as its motivation to sell the subject property and the litigation between Debtor and David Zander and Efpar, which are not directly relevant to the case.  The time charged for communicating with, and preparing, Ms. Orh's declaration relating her knowledge of the facts pertaining to the issues of contract negotiation, formation and performance of the contract with Efpar relevant to the case should be allowed in a reasonable amount, but the time charged for communicating with, and preparing, her declaration relating to extraneous matters, such as Debtor's financial condition, Debtor's motivation to sell the subject property and recitation of the litigation proceedings by David Zander and Efpar for breach of contract, should not be allowed.   The time needed to communicate with Ms. Orh and prepare her declaration should have reasonably taken no more than 8 hours, and in this regard, the court would allow 7.0 hours by Mr. Minier, the senior associate attorney, at $375 per hour ($2,625.00), and 1.0 hour by Mr. Ringstad, the supervising partner, at $625 per hour ($625.00), for review, totaling $3,250.00 in fees.

The declaration of Bradley Lofgren was also important because he was the Debtor's expert witness on valuation, which was the primary issue in the case.  The value of Mr. Lofgren's testimony was his valuation analysis of the Debtor's real property which was primarily set forth in his appraisal or valuation report attached to the declaration. The primary purpose of the declaration was to state the witness's qualifications as a valuation expert and authenticate the witness's formal valuation analysis report, but the declaration also contained Mr. Lofgren's analysis of the valuation opinions of Efpar's valuation witnesses.  Arguably, this analysis of the other side's valuation witnesses

should have been drafted by the witness himself, Mr. Lofgren, rather than by counsel since essentially, the opinions expressed are the witness's rather than counsel's and an extension of his formal valuation report as counsel's function is just to put the witness's testimony into declaration format.  The time needed to communicate with Mr. Lofgren and prepare his declaration should have reasonably taken no more than 4 hours, and in this regard, the court would allow 3.5 hours by Mr. Minier, the senior associate attorney, at $375 per hour ($1,312.50), and 0.5 hour by Mr. Ringstad, the supervising partner, at $625 per hour ($312.50), for review, totaling $1,625.00 in fees.

The declaration of Iris Chae was 5 paragraphs long and less than 2 pages, containing minimal substantive content.  Her testimony was that during the escrow, Efpar did not give notice to the escrow that it disapproved the estoppel certificates of two of Debtor's tenants on the subject real property.  Debtor intended to show by this testimony that it did not breach the contract with Efpar based on this ground.   The time needed to communicate with Ms. Chae and prepare her declaration should have reasonably taken no more than 1 hour, and in this regard, the court would allow 0.9 hours by Mr. Minier, the senior associate attorney, at $375 per hour ($337.50), and 0.1 hour by Mr. Ringstad, the supervising partner, at $625 per hour ($62.50), for review, totaling $400.00 in fees.

The declaration of Richard Reimer, II, was 5 pages long, containing his legal opinion that based on the form contract document used for the Sale Agreement between Debtor and Efpar, the escrow and contract were cancelled by Efpar's failure to close escrow within 5 days of Debtor submitting a cancellation certificate.  Debtor intended to show by this testimony that the contract with Efpar was cancelled or terminated based on this ground.  Efpar had objected to this testimony on relevance ground based on its motion in limine to exclude evidence of a contract termination before the parties executed the Second Amendment on June 7, 2012, which the court denied.  *See Efpar's Objection to Declaration of Richard Reimer*, ECF 349 at 2.  While the court overruled Efpar's objection to this testimony based on relevance, the court accorded no weight to this

71

testimony.  First, the testimony was wrong in opining that the contract was terminated

because the evidence as determined by the court and discussed in its memorandum

decision showed that Debtor did not terminate the contract because it failed to give

proper notice of cancellation as required by the terms of the contract.  *Claim*

*Disallowance Memorandum Decision,* ECF 399 at 40-44.  Second, the court disregarded

this witness's testimony because it was a legal opinion not of assistance to the court for

purposes of Federal Rule of Evidence 702 and was thus disguised legal argument of

Debtor.  Although the court has some inclination to disallow time charged for preparing

Mr. Reimer's declaration since it is really disguised legal argument as legal opinion about

contract interpretation, the court will allow reasonable necessary time to prepare his

declaration.  The time needed to communicate with Mr. Reimer and prepare his

declaration should have reasonably taken no more than 1.5 hour, and in this regard, the

court would allow 1.4 hours by Mr. Minier, the senior associate attorney, at $375 per hour

($525.00), and 0.1 hour by Mr. Ringstad, the supervising partner, at $625 per hour

($62.50), for review, totaling $587.50 in fees.

The attorneys' fees reasonably necessary for preparing the direct testimony trial

declarations of Debtor's witnesses total $5,862.50 for 14.5 hours of attorney time.

**TRIAL PHASE OF LITIGATION**

The trial phase consisted of the preparation of Debtor's trial brief and related

matters, motions in limine, objections to Efpar's trial declarations and exhibits and related

matters, appearance at the trial and the preparation of proposed findings of fact and

conclusions of law and encompasses the billing entries in Exhibits 9, 10, 11 and 12 to

Debtor's Supplemental Reply.  The total fees and hours billed by R&S for the trial phase,

consisting of preparing for trial, appearing at the trial and preparing post-trial findings of

fact and conclusions of law, were $128,195.00 and 294.2 hours of services.  By attorney,

this breaks down to $31,620.00 in fees for 105.4 hours of service by Mr. Nelson at

$300.00 per hour, $32,137.50 in fees for 85.7 hours by Mr. Minier at $375.00 per hour,

and $64,437.50 in fees for 103.1 hours of service by Mr. Ringstad at $625.00 per hour.
Efpar asserted specific objections to the pretrial phase of the litigation.

As for the trial phase, in its original opposition, Efpar argued that the amount of
time spent by Debtor's attorneys for trial preparation, i.e., over 200 hours by Mr. Minier,
over 50 hours by Mr. Nelson and over 40 hours by Mr. Ringstad was clearly excessive
and unreasonable because "[t]his action involved a simple claim," "[t]here were few
witnesses in a short two day trial," "[t]here was no need for three attorneys to work on
such a simple case," noting that the attorneys, Mr. Ringstad in particular, "spent  a
substantial time duplicating time already spent." *Opposition* at 16-17.

With respect to the trial, Efpar argued in its original opposition as an example of
duplication of effort that "Mr. Minier spent the most time preparing for the trial and then
Mr. Ringstad spent for example 10.50 [hours] on December 17, 2014 reviewing the
declarations and exhibit[s] that Mr. Minier had already prepared and reviewed." *Id.* at 17.
In its supplemental opposition, Efpar argued that the fees charged by Debtor's counsel
were objectionable on grounds of duplication of effort because Debtor's counsel was
"utilizing three different attorneys to perform duplicative work." *Supplemental Opposition*
at 17.  In elaborating on this point, Efpar argued, "In particular, the bulk of the case was
prepared by attorney Chris Minier.  His efforts included the duplication of work by
attorney Bryan Nelson.  Mr. Minier's billings were $137,625.  Mr. Nelson's billings were
$57,150.  Both individuals had their work supervised, corrected and in some cases
redone by attorney Todd Ringstad." *Id.*

As previously noted, in the supplemental reply to Efpar's opposition asserting that
the fees are excessive and clearly unreasonable, Debtor's defense of the fees billed in
the trial phase of the litigation is set forth in the Supplemental Reply at 21-27 and Exhibits
9, 10, 11 and 12 thereto discussing the eighth, ninth, tenth and eleventh of eleven of
Debtor's fee categories: (8) preparation of Debtor's trial brief and related matters (totaling
55.5 hours and $21,027.50 in fees); (9) motions in limine (totaling 22.2 hours and

$8,067.50 in fees); (10) attending the trial, preparing objections to Efpar's trial declarations and exhibits, and related matters (totaling 119.0 hours and $59,112.50 in fees); and (11) post-trial matters (totaling 104.4 hours and $39,987.50 in fees).

As for the prior two phases of the litigation, law and motion and pretrial preparation, Debtor's justification of the time spent by its lawyers for the third phase of the litigation for trial was set forth in the listing of the tasks performed by them in these categories:

Category 8 (Preparing Debtor's Trial Brief): research and drafting Debtor's trial brief and several related matters, including reviewing documents in furtherance of preparing of the trial brief, conducting additional research on Debtor's previously asserted defenses, research on new defenses that may be applicable based on developed facts, resolving the lack of a deadline for parties to file their trial briefs, including communicating with court staff and Efpar's counsel on this, drafting a stipulation and proposed order to resolve this issue.

Category 9 (Motions in Limine): research and drafting Debtor's three motions in limine and related declarations to exclude various evidence sought to be introduced by Efpar, reviewing Efpar's motion in limine to exclude introduction of evidence by Debtor and Efpar's oppositions to Debtor's motions in limine, communicating with Efpar's counsel regarding these motions.

Category 10: (Attending Trial and Objecting to Efpar's Evidence): conducting legal research regarding several different issues pertaining to the admissibility of certain evidence at trial; analyzing various issues to develop trial strategy and to identify matters needing to be proved at trial; analyzing Efpar's trial exhibits and direct testimony trial declarations, and drafting extensive evidentiary objections to same; preparing the Debtor's trial exhibits and trial exhibit binders; reviewing deposition transcripts of various witnesses for use at trial and marking deposition transcripts; communicating with the Debtor's principals and special litigation counsel regarding trial; communicating with the Debtor's witnesses regarding the trial and to prepare them for cross-examination; reviewing legal authorities in preparation for trial; analyzing evidentiary objections filed by Efpar to the Debtor's trial declarations and exhibits; communicating with Efpar's counsel regarding the conduct of the trial, the production of witnesses and the order of witness cross-examination; analyzing Efpar's trial declarations to prepare for cross-examination of Efpar's witnesses and preparation of notes and strategy for cross-examination; preparing of pleading binders and other documents for use at trial; reviewing Efpar's responses and supplemental responses to discovery requests to ascertain admissions made by Efpar, and preparation of documents summarizing admissions for use at trial; attending three days of trial (including closing arguments); preparing for closing arguments, including reviewing audio recording of the first two days of trial and preparation of PowerPoint presentation on legal issues and various items of damages claimed by Efpar.

74

Category 11: (Post-Trial Matters) research and drafting the Debtor's 24 pages of proposed findings of fact and conclusions of law, including reviewing the audio recording of the trial and preparing a time log of key trial testimony of other events, reviewing Efpar's 47-page proposed findings of fact and conclusions of law, researching the extensive authorities cited therein, drafting Debtor's 30-page objection to Efpar's proposed findings of fact and conclusions of law and reviewing Efpar's objections to Debtor's proposed findings of fact and conclusions of law.

The court generally agrees with Efpar that the time spent by Debtor's counsel in the trial litigation phase of this case was excessive and that not all the time billed was reasonably necessary

The court does not see how 294.2 hours of attorney time resulting in $128,195.00 in fees were reasonably necessary in the trial phase of the litigation to participate in the trial of this contested matter of Debtor's motion objecting to Efpar's breach of contract claim to trial and to prepare and submit post-trial proposed findings of fact and conclusions of law requested by the court.

Among the tasks listed for the trial phase of the litigation were extraneous tasks relating to research and review of documents from the state court litigation, such as whether case law cited by Efpar in the state court litigation was applicable, and performance of administrative tasks which could have been performed by lower cost nonattorney legal assistants, such as communicating with court staff and opposing counsel's staff regarding filing deadlines, preparing and filing stipulations and proposed orders resolving any disputes, preparation of litigation binders.  In the court's view, what needed to be done to try the case and prepare and submit the proposed findings of fact and conclusions of law were the following tasks: prepare a trial brief, prepare questions for examination of the witnesses, attend the trial, prepare proposed findings of fact and conclusions of law, and prepare objections to Efpar's proposed findings of fact and conclusions of law.

//

1    **<u>Drafting Debtor's Trial Brief</u>**

2        The attorney time and fees billed for preparing Debtor's trial brief for the trial of the

3    Efpar claim objection and related matters of 55.5 hours of attorney time and $21,027.50

4    in fees are excessive.  As previously stated, Debtor listed the following tasks in this

5    category including reviewing documents in furtherance of preparing of the trial brief,

6    conducting additional research on Debtor's previously asserted defenses, research on

7    new defenses that may be applicable based on developed facts, resolving the lack of a

8    deadline for parties to file their trial briefs, including communicating with court staff and

9    Efpar's counsel on this, drafting a stipulation and proposed order to resolve this issue.

10   First, the court doubts the need for extensive research at this late stage of the litigation as

11   claimed by Debtor since the issues involved in this case were simple and straightforward

12   ones of contract law relating to contract negotiation, contract formation and contract

13   performance.  Second, a number of the tasks for the so-called related matters for the

14   Debtor's trial listed in the above description are administrative tasks, such as

15   communicating with court staff regarding filing deadlines and preparing stipulations

16   regarding this, which should not have been performed by attorneys, but by lower rate

17   clerical staff.

18       Time for attorneys for Debtor to research and draft a trial brief for Debtor was a

19   reasonably necessary task, even though the filing of trial briefs is optional with this court.

20   The time needed to research and draft a trial brief for this case involving simple and

21   straightforward issues of contract law relating to contract negotiation, contract formation

22   and contract performance should have reasonably taken no more than 22 hours of

23   attorney time, and in this regard, the court will allow 20 hours by Mr. Minier, the senior

24   associate attorney, at $375 per hour ($7,500.00), and 2 hours by Mr. Ringstad, the

25   supervising partner, at $625 per hour ($1,250.00), for review, totaling $8,750.00 in fees.

26   In comparing Debtor's arguments in its original motion objecting to Efpar's claim and in its

27   trial brief, the arguments were essentially the same, that is, Debtor had no liability for

28

breach because the contract was terminated, it was excused from performance due to mutual mistake of law or impossibility, and that if Debtor breached the contract, Efpar has failed to prove its damages for loss of bargain, lost profits or for valuation based on the Dollar Tree Lease since that was not within the contemplated by the parties.

The attorneys' fees reasonably necessary for researching and drafting Debtor's trial brief and related matters total $8,750.00 for 22 hours of attorney time.

**Motions in Limine**

The attorney time and fees billed for drafting Debtor's motions in limine to exclude Efpar's evidence and to oppose Efpar's motion in limine to exclude Debtor's evidence of 22.2 hours and $8,067.50 in fees are excessive.

Time for attorneys for Debtor to respond and oppose Efpar's motion in limine to exclude Debtor's evidence of a contractual breach or termination before the execution of the Second Amendment to the Sale Agreement by the parties was reasonably necessary. By its motion in limine, Efpar attempted to exclude Debtor's evidence of any contractual breach by Efpar of the original Sale Agreement or termination of the Sale Agreement by Debtor based on its theory that the contract as modified by the Second Amendment was in force.  Efpar's motion in limine was not well-taken because as the court ruled, such evidence was relevant background and context for the overall dispute over contract interpretation and breach between the parties and went to the weight of the evidence. While ultimately Efpar was right in arguing that the contract as modified by the Second Amendment was enforceable and not terminated, Debtor was within its right to oppose the motion in limine.  The time needed to research and draft an opposition to Efpar's motion in limine, which only involved a simple issue of evidence law relating to relevance, should have reasonably taken no more than 2 hours of attorney time, and in this regard, the court will allow 1.6 hours by Mr. Minier, the senior associate attorney, at $375 per hour ($600.00), and 0.4 hour by Mr. Ringstad, the supervising partner, at $625 per hour ($250.00), for review, totaling $850.00 in fees.

1    Debtor filed three motions in limine of its own, which were heard by the court, two

2  of which were denied, and one was granted.  The first motion was to exclude evidence

3  relating to alleged damages from an oral loan commitment with SR Capital to finance

4  Efpar's purchase of Debtor's real property.  The second motion was to exclude the

5  testimony of Brandon Michaels as an expert witness on valuation. The third motion was

6  to exclude the testimony of Fred Efraim, one of Efpar's principals, as an expert witness

7  on valuation.

8    Although the court denied the first motion in limine to exclude the evidence of the

9  loan commitment damages because the evidence was relevant to Efpar's claim for

10 damages, the court ultimately ruled in favor of Debtor on the issue because the loan

11 commitment was for the attempted purchase of the subject property at the bankruptcy

12 auction in the case and not related to the breach of the contract as modified by the

13 Second Amendment.  In the court's view, the motion in limine was reasonably necessary

14 for Debtor to support its objection to Efpar's claim, and the court will allow reasonably

15 necessary attorney time to research and draft this motion.  The time needed to research

16 and draft the motion in limine, which only involved a simple issue of contract law relating

17 to the Statute of Frauds, should have reasonably taken no more than 2 hours of attorney

18 time, and in this regard, the court will allow 1.6 hours by Mr. Minier, the senior associate

19 attorney, at $375 per hour ($600.00), and 0.4 hour by Mr. Ringstad, the supervising

20 partner, at $625 per hour ($250.00), for review, totaling $850.00 in fees.

21    Debtor's second and third motions in limine were to exclude the testimony of

22 Efpar's valuation witnesses, Brandon Michaels and Fred Efraim, as not qualified as

23 expert witnesses.  The court denied the motion in limine as to Mr. Michaels since he was

24 qualified to testify on real estate valuation as a real estate agent.  The court has

25 reservations about whether filing this motion was reasonably necessary since Mr.

26 Michaels was minimally qualified to testify as a valuation expert, but will allow some

27 attorney time as reasonably necessary to draft the motion.  The court also notes that

28

attorney time was already spent and billed for drafting evidentiary objections to Mr.
Michaels's trial declaration, so only minimal attorney time was needed to research and
draft the motion in limine to exclude his testimony, which also involved only a simple
issue of evidence law regarding qualification of an expert witness.  The time needed to
research and draft the motion in limine to exclude the testimony of Mr. Michaels as a
valuation expert, which only involved a simple issue of evidence law relating to
qualifications of an expert witness, should have reasonably taken no more than 1 hour of
attorney time, and in this regard, the court will allow 0.8 hours by Mr. Minier, the senior
associate attorney, at $375 per hour ($300.00), and 0.2 hour by Mr. Ringstad, the
supervising partner, at $625 per hour ($125.00), for review, totaling $425.00 in fees.

The court granted the motion in limine as to Mr. Efraim since he was not qualified
to testify on real estate valuation as a real estate investor and developer.  The court will
allow some attorney time as reasonably necessary to draft the motion, but also notes that
as for Mr. Efraim, attorney time was already spent and billed for drafting evidentiary
objections to Mr. Efraim's trial declaration, so only minimal attorney time was needed to
research and draft the motion in limine to exclude his testimony, which also involved only
a simple issue of evidence law regarding qualification of an expert witness.  The time
needed to research and draft the motion in limine to exclude the testimony of Mr. Efraim
as a valuation expert, which only involved a simple issue of evidence law relating to
qualifications of an expert witness, should have reasonably taken no more than 1 hour of
attorney time, and in this regard, the court will allow 0.8 hours by Mr. Minier, the senior
associate attorney, at $375 per hour ($300.00), and 0.2 hour by Mr. Ringstad, the
supervising partner, at $625 per hour ($125.00), for review, totaling $425.00 in fees.

The attorneys' fees reasonably necessary for researching and drafting, and
responding to, motions in limine total $2,550.00 for 6 hours of attorney time.

1

**<u>Attending Trial</u>**

2      The attorney time and fees billed for attending the trial and preparing objections to

3   Efpar's trial declarations and exhibits and related matters for the Efpar claim objection

4   dispute of 112.9 hours and $59,112.50 in fees are excessive.  As previously stated,

5   Debtor listed the following tasks in this category, including conducting legal research

6   regarding several different issues pertaining to the admissibility of certain evidence at

7   trial; analyzing various issues to develop trial strategy and to identify matters needing to

8   be proved at trial; analyzing Efpar's trial exhibits and direct testimony trial declarations,

9   and drafting extensive evidentiary objections to same; preparing the Debtor's trial exhibits

10  and trial exhibit binders; reviewing deposition transcripts of various witnesses for use at

11  trial and marking deposition transcripts; communicating with the Debtor's principals and

12  special litigation counsel regarding trial; communicating with the Debtor's witnesses

13  regarding the trial and to prepare them for cross-examination; reviewing legal authorities

14  in preparation for trial; analyzing evidentiary objections filed by Efpar to the Debtor's trial

15  declarations and exhibits; communicating with Efpar's counsel regarding the conduct of

16  the trial, the production of witnesses and the order of witness cross-examination;

17  analyzing Efpar's trial declarations to prepare for cross-examination of Efpar's witnesses

18  and preparation of notes and strategy for cross-examination; preparing of pleading

19  binders and other documents for use at trial; reviewing Efpar's responses and

20  supplemental responses to discovery requests to ascertain admissions made by Efpar,

21  and preparation of documents summarizing admissions for use at trial; attending three

22  days of trial (including closing arguments); preparing for closing arguments, including

23  reviewing audio recording of the first two days of trial and preparation of PowerPoint

24  presentation on legal issues and various items of damages claimed by Efpar.

25      Most of these tasks listed by Debtor's counsel regarding trial and related matters

26  are stated verbatim.  Although Debtor states a multitude of tasks in preparing for and

27  attending the trial in this contested matter, the time claimed for these tasks is excessive

28

in light of the simple and straightforward nature of this matter involving a breach of contract by Debtor and resulting damages to Efpar.

Time for attorneys for Debtor to prepare for and participate in trial were reasonably necessary tasks, but the time needed to prepare the case for trial and try the case involving simple and straightforward issues of contract law in this relating to contract negotiation, contract formation and contract performance should have not been extensive or complicated, and thus, the time charged is excessive. The court will allow fees for a reasonable amount of time for Debtor's counsel to prepare and try the case regarding the contract formation, negotiation and performance, including Debtor's breach, and the bases for Efpar's claim of damages for breach of contract. In order to prepare this contested matter for trial and conduct the trial, Debtor's counsel needed to prepare Debtor's trial exhibits (and trial declarations, which are discussed in another section), and review Efpar's exhibits and trial declarations and prepare written objections thereto. Debtor's actual trial counsel needed to prepare for trial by familiarizing himself with the evidence offered by Debtor and Efpar and attend the trial, including closing argument. The court determines that it was reasonably necessary for work of Debtor's counsel to prepare for these tasks, and time will be allowed for such.

Excessive time is claimed for reviewing and preparing "extensive" objections to Efpar's trial declarations and exhibits. The court has reviewed Efpar's trial declarations and exhibits, which were not numerous, three trial declarations and 18 trial exhibits. Debtor's objections to Efpar's trial declarations and exhibits were not extensive, and they needed not to be. Debtor only objected to two of Efpar's trial exhibits, 7 specific objections to Exhibit 17 and one objection to Exhibit 18. Debtor objected to 8 items in the trial declaration of Brandon Michaels, Efpar's real estate agent valuation expert witness, on various grounds. Debtor objected to 3 items in the trial declaration of Sean Rahbar, one of Efpar's principals, regarding alleged damages. Debtor objected to 11 items in the trial declaration of Fred Ephraim, one of Efpar's principals, regarding Debtor's breach and

his valuation opinion of the subject real property in relation to Efpar's damages.  Given

the limited number of Debtor's objections to Efpar's evidence, it really cannot be said that

such objections were "extensive" to justify the time charged to prepare such objections.

Excessive time is claimed for communicating with various parties, including

Debtor's principals, Debtor's special trial counsel and Efpar's counsel.  The time entries

reflect numerous communications in telephone conferences, drafting email

correspondence and "detailed" written correspondence with these parties.  Debtor's

counsel has not satisfactorily explained the reasonableness and necessity of such

communicating involving thousands of dollars of fee billing.  Since the issues for trial

were relatively simple and straightforward contract issues of contract breach and breach

damages, it is difficult to justify the extensive communicating by Debtor's counsel with

Debtor's insiders, Debtor's special litigation counsel and Efpar's counsel.  For the most

part, the facts regarding Debtor's breach of contract were undisputed, and mostly

stipulated to.  The main disputes in this contested matter related to Efpar's claims of

damages for Debtor's contractual dispute.  In this contested matter, there was not much

on Debtor's side to discuss because it was up to Efpar as the nonbreaching party to

establish its damages from Debtor's breach with its evidence.  There was not much

reason to have extensive communications with any party for this.  Moreover, substantial

time was billed by the senior associate attorney, Mr. Minier, for otherwise preparing

Debtor's case for trial.  It was not reasonably necessary for Mr. Minier to do much of this

work since he was not the attorney who tried the case for Debtor, and such work is

duplicative of Mr. Ringstad, who actually tried the case.  A number of the tasks billed by

Mr. Minier for conducting trial and related matters are administrative in nature and should

be not billed at attorney rates, including preparing trial exhibit binders, preparation of

stipulations to extend deadlines to file the pretrial stipulation subpoenas, preparing

deposition exhibits, contacting potential witnesses regarding scheduling of testimony.

1    Substantial time was also billed by the junior attorney, Mr. Nelson, for preparing

2 the case for trial, even though he was not the trial attorney, and after the court's review of

3 his billing entries for trial preparation, the court determines that his work was not

4 necessary.  Mr. Nelson billed substantial time for researching the admissibility of

5 evidence, including review of the admissibility of deposition transcripts or testimony (2.1

6 hours on December 4 and 8, 2014), the admissibility of expert witness testimony of a real

7 estate developer or agent (4.8 hours on December 4 and 5, 2014), and the admissibility

8 of answers to interrogatories (0.5 hour on December 17, 2014).  None of this work was

9 reasonably necessary because an experienced trial attorney like Mr. Ringstad would

10 have known whether this evidence was admissible or not without the need for this

11 research.  That is, Mr. Ringstad would have known that generally, deposition testimony

12 and answers to interrogatories are inadmissible hearsay, unless there is an exception,

13 such as admissions of a party opponent, Fed. R. Evid. 801 *et seq.*, the attorney who

14 actually tried the case, and that the admissibility of expert witness testimony on valuation

15 would have depended on whether the purported expert witness had the training and/or

16 experience to qualify as an expert and had used scientifically valid methods of valuation,

17 Fed. R. Evid. 702 (the real estate agent, yes, but the developer, no).  Mr. Nelson's

18 research was not reasonably necessary.

19    Mr. Nelson billed substantial time for substantive legal research in the late stages

20 of the case right before trial, including research of waiver of breach (0.5 hour on

21 December 8, 2014) and nonmaterial breaches under California law (1.0 hours on

22 December 8, 2014).  None of this work was reasonably necessary because this was at

23 the late stage of the case right before trial and the issues of nonmaterial breach were

24 known or should have been known long before trial.

25    Mr. Nelson billed substantial time for analyzing issues for trial, assisting at trial or

26 "reviewing" documents at trial, including "analyze trial strategies and possible motion for

27 judgment on partial findings" (0.3 hour on December 11, 2014), "analyze Efpar trial

28

issues" (0.3 hour on December 16, 2014), "assisting with trial preparation" (0.8 hour on December 17, 2014)(vague), "review tentative ruling on Efpar claim objection" (0.1 hour on December 18, 2018)(vague), "analyze issues arising at first day of trial on Efpar claim objection" (0.3 hour on December 18, 2018), "review Efpar's supplement to the joint pretrial stipulation and order" (0.1 hour on December 18, 2014), "review closing argument materials re Efpar objection" (0.2 hour on January 20, 2015), "analyze issues re closing arguments" (0.2 hours on January 20, 2015), "assist with preparation for closing arguments" (0.9 hour on January 20, 2015), "analyze issues re Power Point presentation for closing argument re Efpar claim objection" and related telephone calls to the court clerk (0.3 hour on January 20, 2015).  None of this work was reasonably necessary because there was no need for Mr. Nelson to analyze, review or assist for trial since such work duplicated the effort of Mr. Ringstad, the attorney who actually tried the case and the purposes of the work claimed in these entries are vague and do not show that the work was reasonably necessary.  Therefore, the court does not allow any of the time charged for Mr. Nelson's services relating to the trial.

The time needed for Debtor's counsel to review Efpar's trial exhibits and witness trial declarations in this case involving simple and straightforward issues of contract law relating to contract negotiation, contract formation and contract performance should have reasonably taken no more than 10 hours of attorney time, and in this regard, the court will allow 8 hours by Mr. Minier, the senior associate attorney, at $375 per hour ($3,000.00), and 2 hours by Mr. Ringstad, the supervising partner, at $625 per hour ($1,250.00), for review, totaling $4,250.00 in fees.

The time needed for Debtor's counsel, Mr. Minier, to "communicate" with Debtor's principals, Debtor's special litigation counsel and Efpar's trial counsel regarding trial preparation should have been minimal, and should have been handled by nonattorney staff for administrative matters, such as coordinating scheduling of witnesses or extending deadlines for trial filings, and should have reasonably taken no more than 4

1   hours of attorney time, and in this regard, the court will allow 4 hours by Mr. Minier, the

2   senior associate attorney, at $375 per hour ($1,500.00), totaling $1,500.00 in fees.

3          The time needed for Debtor's actual trial counsel, Mr. Ringstad, to review trial

4   exhibits and witness trial declarations and prepare his witness examination and closing

5   argument in this case involving simple and straightforward issues of contract law relating

6   to contract negotiation, contract formation and contract performance should have

7   reasonably taken no more than 38.3 hours of attorney time, and in this regard, the court

8   will allow 38.3 hours by Mr. Ringstad, the supervising partner, at $625 per hour (10 hours

9   for trial preparation, including reviewing anticipated trial testimony and trial exhibits and

10  witness examination preparation; some of these tasks were performed in reviewing

11  Debtor's trial objections drafted by Mr. Minier, and thus, already considered), 10.5 hours

12  for attending the first day of trial, 8.4 hours for attending the second day of trial, 4.0 hours

13  for preparing closing argument and 5.4 hours for attending closing argument), totaling

14  $23,937.50 in fees.

15         The attorneys' fees reasonably necessary for attending the trial and preparing

16  objections to Efpar's trial declarations and exhibits total $29,687.50 for 52.3 hours of

17  attorney time.

18         **Post Trial Matters**

19         The attorney time and fees billed for post-trial matters consisting primarily of

20  preparing Debtor's proposed findings of fact and conclusions of law after the trial of the

21  Efpar claim objection and preparing Debtor's objections to Efpar's proposed findings of

22  fact and conclusions of law of 104.2 hours of attorney time and $39,987.50 in fees are

23  excessive.  As previously stated, Debtor listed the following tasks in this category

24  including research and drafting the Debtor's 24 pages of proposed findings of fact and

25  conclusions of law, including reviewing the audio recording of the trial and preparing a

26  time log of key trial testimony of other events, reviewing Efpar's 47-page proposed

27  findings of fact and conclusions of law, researching the extensive authorities cited

28
                                        85

therein, drafting Debtor's 30-page objection to Efpar's proposed findings of fact and conclusions of law and reviewing Efpar's objections to Debtor's proposed findings of fact and conclusions of law.

The court has reviewed the work performed by Debtor's counsel on the post-trial matters primarily preparing Debtor's proposed findings of fact and conclusions of law and reviewing and objecting to Efpar's proposed findings of fact and conclusions of law and determines that the time spent of 104.2 hours of attorney time for which fees of $39,987.50, are not justified as reasonably necessary.

Excessive time is claimed for preparing Debtor's proposed findings of fact and conclusions of law and Debtor's objections to Efpar's proposed findings of fact and conclusions of law due to the involvement of three attorneys, including one relatively inexperienced attorney.  The matter was tried by Mr. Ringstad, the partner of R&S and the senior attorney of the litigation team, and presumably, he handled the examination of the witnesses and the admissibility of exhibits offered by both parties, and presumably, he took notes of the proceedings.  However, substantial time was billed by the senior associate attorney, Mr. Minier, for reviewing and analyzing the audio recording of the trial and preparing a log record for the recording, researching and analyzing the issues at trial and preparing the proposed findings of fact and conclusions of law.  It was not reasonably necessary for Mr. Minier to do this work since the attorney who tried the case, Mr. Ringstad, was reasonably familiar with the trial proceedings to be able to assist in the preparation of proposed findings of fact and conclusions of law, having been present in the courtroom and taken notes of the proceedings.

Substantial time was also billed by the junior attorney, Mr. Nelson, for reviewing the evidentiary record, researching and analyzing the issues at trial and preparing the proposed findings of fact and conclusions of law, which was not necessary.  Mr. Nelson billed substantial time for reviewing the record that presumably had been reviewed by Mr. Ringstad before the trial to prepare for trial or or during trial, including review of Debtor's

appraiser's declaration (4.0 hours), the Dollar Tree Lease (0.7 hour).  None of this work was reasonably necessary because it duplicated the effort of Mr. Ringstad, the attorney who actually tried the case.  It might be argued by Debtor that Mr. Nelson needed to review these materials in order to draft Debtor's proposed findings of fact and conclusions of law, which seems to the court inefficient because the trial attorney should have given directions about proposed findings of fact and conclusions of law after trying the case if he needed assistance in drafting them or done them himself.

Looking at the actual work product of Debtor's counsel in the 24-page Debtor's proposed findings of fact and conclusions of law and 30-page Debtor's objections to Efpar's proposed findings of fact and conclusions of law, it is hard to see how so many hours of attorney time, over 100 hours, were spent in preparing these documents.  The court notes that the supporting authorities for Debtor's proposed findings of fact and conclusions of law were known to counsel before trial, which were primarily based on the stipulated and admitted facts in the joint pretrial stipulation approved by the court, the trial declaration of Debtor's principal, Michelle Orh, and the trial exhibits of the parties, though there were a few, and only a few, references to the trial record itself.

The court reviews and analyzes the Debtor's proposed findings of fact and conclusions of law in detail to make this point clear.  Debtor's proposed findings of fact consists of 62 numbered paragraphs, and its proposed conclusions of law consist of 23 numbered paragraphs.  The court first reviews and analyzes the 62 numbered paragraphs of Debtor's proposed findings of fact: ¶¶ 1-6 pertain to jurisdiction, venue and notice which are legal in nature and undisputed; ¶ 7 describes the business of Debtor based on Ms. Orh's trial declaration; ¶ 8 describes the subject real property based on Ms. Orh's trial declaration and the stipulated facts in the joint pretrial stipulation; ¶¶ 9-11 describe the history of formation of the contract with Efpar based on Ms. Orh's trial declaration, the stipulated facts in the joint pretrial stipulation and Debtor's trial exhibits; ¶ 12 describes the purchase offer and contract of the subject real property with another

87

purchaser, David Zander, based on the stipulated facts in the joint pretrial stipulation and

Debtor's Trial Exhibit 5; ¶¶ 13-20 describe the alleged cancellation by Debtor of the

contract with Efpar based on Ms. Orh's trial declaration, the stipulated facts in the joint

pretrial stipulation and Debtor's trial exhibits;  ¶¶ 21-28 describe the Second Amendment

to the contract with Efpar based on Ms. Orh's trial declaration, the stipulated facts in the

joint pretrial stipulation and Debtor's trial exhibits; ¶¶ 29-31 describe Debtor's bankruptcy

case filing and the bankruptcy sale of the subject real property based on Ms. Orh's trial

declaration and the stipulated facts in the joint pretrial stipulation; and the remaining

paragraphs, ¶¶ 32-62, relate to Efpar's claim for damages based primarily on Efpar's trial

exhibit, particularly Efpar's Trial Exhibit 17, ¶ 32 (describing the pleadings), ¶¶ 33-40

(addressing Efpar's claim of "loss of bargain damages" addressed by Ms. Orh's trial

declaration that Debtor had no knowledge of the Dollar Tree Lease), ¶ 41 (addressing

Efpar's claim of "lost profits"), ¶ 42 (addressing Efpar's claim of architectural plan costs),

¶ 43 (addressing Efpar's claim of environmental assessment costs), ¶ 44 (addressing

Efpar's claim of asbestos testing costs), ¶ 45 (addressing Efpar's claim of demolition and

restoration services costs), ¶ 46 (addressing Efpar's claim of rental costs of scissors lift

for destructive testing), ¶ 47 (addressing Efpar's claim of wall coring costs), ¶ 48

(addressing Efpar's claim of deputy inspector costs), ¶ 49 (addressing Efpar's claim of

electrical engineering and plan costs), ¶ 50 (addressing Efpar's claim of Department of

Water and Power new service application and engineering costs),  ¶ 51 (addressing

Efpar's claim of legal services costs), ¶ 52 (addressing Efpar's claim of additional legal

services costs), ¶ 53 (addressing Efpar's claim of court-ordered legal services costs), ¶

54 (addressing Efpar's claim of first deposit of $50,000 on contract conceded by Debtor),

¶ 55 (addressing Efpar's claim of second deposit of $50,000 on contract conceded by

Debtor), ¶ 56 (addressing Efpar's claim of loan fee costs to PPI Capital), ¶ 57 (addressing

Efpar's claim of interest costs to PPI Capital), ¶¶ 58-60 (addressing Efpar's claim of loan

commitment fee and minimum interest costs to SR Capital), ¶ 61 (addressing Efpar's

claim of the value of its principals' time working on the contract), and ¶ 62 (summarizing Debtor's position on Efpar's claim of damages, conceding $100,000 for the first and second money deposits and denying the claim for other damages).  The court does not see that the time spent was necessary since the only time needed was for drafting the proposed findings of fact based on a limited portion of the trial evidence consisting of the stipulated facts of the joint pretrial stipulation, Ms. Orh's declaration, the trial exhibits and brief references to the testimony of the appraisers of the parties and Efpar's principals, Mr. Efraim and Mr. Rahbar, on limited subjects.

The court first reviews and analyzes the 23 numbered paragraphs of Debtor's conclusions of law: ¶¶ 1-3 addressing burden of proof which was previously discussed in Debtor's original motion at 9 and in its trial brief at 9-10; ¶¶ 4-6 addressing Debtor's impossibility defense  which was previously discussed in Debtor's trial brief at 20-24; ¶¶ 7-11 addressing Debtor's mutual mistake of law defense which was previously discussed in Debtor's original motion at 10-12 and in its trial brief at 10-14; ¶¶ 12-20 addressing Efpar's claim of loss of bargain damages which was previously discussed in Debtor's original motion at 12-15 and in its trial brief at 24-28; ¶¶ 21-22 addressing Efpar's claim of lost profits damages which was previously discussed in Debtor's trial brief at 28-30; and ¶ 23 summarizing Debtor's legal arguments.  Although Debtor claims additional time spent by its attorneys for legal research and drafting, the court does not see how this was reasonably necessary since the proposed legal conclusions offered by Debtor were raised in its prior pleadings, including its original motion and its trial brief. That is, it should not have taken much time for Debtor's counsel to incorporate Debtor's prior legal conclusions in prior pleadings into its proposed conclusions of law.

The court also reviews and analyzes the Debtor's objections to Efpar's proposed findings of fact and conclusions of law.  Debtor's objections to Efpar's proposed findings of fact and conclusions of law consist of 12 numbered paragraphs with multiple subparagraphs over 30 pages of text, and many of the objections incorporate arguments

89

1  made by Debtor in its prior pleadings, including its original motion, its trial brief and

2  proposed findings of fact and conclusions of law.  The court reviews and analyzes the 12

3  numbered paragraphs of Debtor's objections to Efpar's proposed findings of fact and

4  conclusions of law: ¶ 1 addressing Efpar's proposed conceded fact that Debtor conceded

5  a breach of contract; Debtor's position was assuming arguendo Efpar proved a breach,

6  the date of breach was June 27, 2012, the date for escrow closing, as discussed  in its

7  trial brief at 25; ¶¶ 2-3 addressing Efpar's proposed factual findings on its claim for

8  damages from loan commitment fee and minimum interest costs from SR Capital which

9  was previously discussed in Debtor's proposed findings of fact at ¶¶ 58-60; ¶¶ 4 and 7

10 addressing Efpar's factual findings and conclusions of law on its claim for damages from

11 loss of bargain which was previously discussed in Debtor's original motion at 12-14, its

12 trial brief at 24-28 and in Debtor's proposed findings of fact at ¶¶ 33-40 and proposed

13 conclusions of law at ¶¶ 12-20; ¶ 5 addressing Efpar's proposed conclusions of law on

14 Debtor's cancellation defense which was previously discussed in Debtor's trial brief at 10-

15 11 and in Debtor's proposed findings of fact at ¶¶ 13-20 and proposed conclusions of law

16 at ¶¶ 7-11; ¶ 6 addressing Efpar's proposed conclusions of law on its claim for damages

17 from lost profits which was previously discussed in Debtor's trial brief at 28-30 and in

18 Debtor's proposed findings of fact at ¶ 41 and proposed conclusions of law at ¶¶ 21-22; ¶

19 8 addressing Efpar's proposed conclusions of law on its claim for damages from loan

20 commitment fee and minimum interest costs from SR Capital which was previously

21 discussed in Debtor's proposed findings of fact at ¶¶ 58-60 and its proposed conclusions

22 of law at ¶ 23;  ¶ 9 addressing Efpar's proposed conclusions of law on its claim for

23 consequential damages for various costs that it incurred which was previously discussed

24 in Debtor's proposed findings of fact at ¶¶ 42-61 and its proposed conclusions of law at ¶

25 23; ¶¶ 10 and 12 addressing Efpar's proposed conclusions of law on Debtor's

26 impossibility defense which was previously discussed in Debtor's trial brief at 20-24 and

27 in Debtor's proposed findings of fact at ¶¶ 58-60 and proposed conclusions of law at ¶¶

28

90

4-6; ¶ 10 addressing Efpar's mathematical computations of its damages in its proposed

conclusions of law which was previously discussed in Debtor's trial brief at 24-31 and in

Debtor's proposed findings of fact at ¶¶ 32-62 and proposed conclusions of law at ¶¶ 12-

23.  This review and analysis of Debtor's objections to Efpar's proposed findings of fact

and conclusions of law further indicates that Debtor's objections were based on

arguments it already prepared and asserted in its prior pleadings, which undermine its

argument that further extensive research and drafting was needed to prepare these

objections.  As stated previously, the court doubts the need for extensive research at this

late stage of the litigation as claimed by Debtor since the issues involved in this case

were simple and straightforward ones of contract law relating to contract negotiation,

contract formation and contract performance and had already been researched and

drafted for the most part in prior pleadings.

Time for attorneys for Debtor on post-trial matters to review the evidentiary record

at trial, to draft Debtor's proposed findings of fact and conclusions of law and to review

Efpar's proposed findings of fact and conclusions of law and to draft objections thereto

were reasonably necessary tasks, but the time charged by Debtor's attorneys is not all

reasonably necessary and is excessive.  The time needed to review the evidentiary

record to review the evidentiary record at trial, to draft Debtor's proposed findings of fact

and conclusions of law and to review Efpar's proposed findings of fact and conclusions of

law and prepare objections thereto should have reasonably taken no more than 44 hours

of attorney time.

The court finds that it would have been reasonably necessary that Mr. Ringstad

review his notes as trial counsel to strategize and direct his senior associate attorney, Mr.

Minier, to draft the proposed findings of fact and conclusions of law on behalf of Debtor if

he, Mr. Ringstad, was not drafting them himself since he was the actual trial counsel.  It

would have been efficient for him to provide guidance and direction to his associate

attorneys in assisting him in drafting the proposed findings of fact and conclusions of law.

1    The issues for trial were laid out in the statement of issues in the joint pretrial stipulation

2    of the parties and in the trial briefs of the parties, and Mr. Ringstad should have reviewed

3    what evidence came in, both in testimony and exhibits, on the issues for trial.  It is not

4    efficient or reasonably necessary for Mr. Minier or Mr. Nelson, who did not attend the

5    trial, to listen to the audio recording of the entire trial as they evidently did and are

6    charging for, or to read the trial declarations and review the exhibits which were already

7    done by Mr. Ringstad, Debtor's trial counsel, who reviewed these materials in his pretrial

8    preparation and/or at trial when presented at trial, and who has already charged for such

9    pretrial preparation and for trial attendance.  For Mr. Minier and Mr. Nelson to charge for

10    becoming familiar with the trial record is truly duplication of effort of the actual trial

11    counsel, for which time should not be reasonably charged, as this is indeed overcharging

12    due to duplicative effort.  As stated above, based on the court's analysis, the court

13    determines that the time charged is excessive, given that much of the legal research and

14    argument development for Debtor had already been accomplished and charged for in

15    preparing prior pleadings starting with Debtor's original motion, the issues had been

16    known and developed well before trial, and the evidentiary record upon which Debtor's

17    proposed findings of fact and conclusions of law and its objections to Efpar's proposed

18    findings of fact and conclusions of law was mostly developed, uncomplicated and fixed

19    before trial, and notably, numerous stipulated facts of the parties' joint pretrial stipulation,

20    the unobjected-to trial exhibits of the parties and the trial declarations of the parties'

21    principals and valuation expert witnesses filed well before trial.  There was not much

22    evidentiary record from the trial to pore over anew as the number of hours of attorney

23    time charged by Debtor's counsel suggests.  Moreover, Debtor's proposed conclusions of

24    law were arguments that were first raised in prior pleadings, including Debtor's original

25    motion and the trial brief, and essentially, the conclusions of law are those arguments

26    reviewed and refined based on the trial record.  It should not have taken long to

27    accomplish this task since it was not writing the arguments of law from scratch.

28

The court will allow 4 hours by Mr. Ringstad, Debtor's trial counsel, at $625 per hour ($2,500.00), for review of his trial notes, the trial record and strategizing with his associate attorney, Mr. Minier, in drafting Debtor's proposed findings of fact and conclusions of law, and 2 hours for review of the draft proposed findings of fact and conclusions of law, at $625 per hour ($1,250.00).  The court will allow 20 hours by Mr. Minier, the senior associate attorney, for drafting Debtor's proposed findings of fact and conclusions of laws for reviewing the draft proposed findings of fact and conclusions of law, at $375 per hour ($7,500.00).

The court will allow 2 hours by Mr. Ringstad, Debtor's trial counsel, at $625 per hour ($1,250.00), for review of his trial notes, the trial record and strategizing with his associate attorney, Mr. Minier, in drafting Debtor's objections to Debtor's proposed findings of fact and conclusions of law, and 2 hours for review of the draft objections to Efpar's proposed findings of fact and conclusions of law, at $625 per hour ($1,250.00). The court will allow 5 hours by Mr. Minier in drafting Debtor's objections to Efpar's proposed findings of fact and conclusions of law and for review of the draft proposed findings of fact and conclusions of law, at $375 per hour ($1,875.00).

No time is authorized for Mr. Nelson, the junior associate attorney, since it does not appear that his work on post-trial matter was reasonably necessary because there is no purpose in having him review the trial record since he was not the actual trial counsel and it would duplicate the efforts of the actual trial counsel for him to review the record and there is no purpose in having him conduct further legal research since the legal research for the matter was already accomplished in preparing Debtor's original motion and its trial brief.

The attorneys' fees reasonably necessary for post-trial matters on behalf of Debtor total $15,625.00 for 35 hours of attorney time.

III.    **DEBTOR'S BILL OF COSTS**

The court has reviewed Debtor's Bill of Costs, ECF 412, for Debtor's costs in the amount of $7,385.89, including fees for service of the summons and complaint, witness fees, copying expenses and deposition costs, and determines that these costs are appropriate and therefore allows Debtor's Bill of Costs in full.

IV.    **CONCLUSION**

For the foregoing reasons, the court grants in part and denies in part Debtor's motion for attorneys' fees, allowing the amount of $123,314.58 in fees, and approves Debtor's bill of costs, allowing the amount of $7,385.89.

| Category | Allowed Amount |
|---|---|
| Law and Motion | $25,125 |
| Pretrial Phase: | |
|    Mediation | $3,458.33 |
|    Pretrial Preparation | $14,750 |
|    Discovery | $17,506.25 |
|    Preparing Debtor's Trial Declarations | $5,862.50 |
| Trial Phase: | |
|    Drafting Debtor's Trial Brief | $8,750 |
|    Motions in Limine | $2,550 |
|    Attending Trial | $29,687.50 |
| Post Trial Matters | $15,625 |
| TOTAL: | $123,314.58 |

///

1   This memorandum decision constitutes the court's findings of fact and conclusions

2   of law pursuant to rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52

3   of the Federal Rules of Civil Procedure.  A separate final order on Debtor's Fee Motion

4   and Bill of Costs is being entered concurrently providing that Efpar must pay the

5   attorneys' fees and costs awarded to Debtor on the motion and bill of costs.

6   IT IS SO ORDERED.

7   ### 

Date: July 13, 2018

_____

Robert Kwan
United States Bankruptcy Judge

**APPENDIX**

**1.  Court's Task Break Down of Fees Billed by R&S in Exhibit 2 to Debtor's
Supplemental Brief for Investigation of Efpar's Claim, Obtaining and
Reviewing Documents Pertaining to the Claim, and Researching Legal
Issues Bearing on the Validity of the Claim**

- Draft memo regarding measure of damages for breach of contract
  - Time: 1.4
  - Total: $420
- Time spent discussing possible settlement with Efpar and working on
  settlement
  - Time: 2.7
  - Total: $1,012.50
- Analyze and Review Proof of Claim
  - Time: 2.8
  - Total: $900
- Correspondence to Efpar regarding damages
  - Time: 1
  - Total: $375
- Conferring and Correspondence (drafting and analyzing) related to Efpar's
  alleged claim
  - Time: 7.5
  - Total: $2,865
- Research and analysis regarding contract issues
  - Time: 16.6
  - Total: $5,165

- Research and analysis regarding damages issues
    - Time: 10.3
    - Total: $3,157.50
- Research and analyze documents for preparation of claim objection
    - Time: 22.8
    - Total: $7,777.50
- Analyze issues and strategies related to claim objection
    - Time: 9.7
    - Total: $3,797.50
- Research of miscellaneous legal issues
    - Time: 1.2
    - Total: $450
- Work related to vendee lien issue
    - Time: 4
    - Total: $1,222.50
- Preparing notes regarding deposition transcript
    - Time: 1
    - Total: $375
- Miscellaneous tasks
    - Time: 1.7
    - Total: $547.50
- Vague Entry
    - Time: .1
    - Total: $30
- Double Billing[2]
    - Time: 1

---

[2] Debtor's Supplemental Brief, ECF 432, Exhibit 3 at 59 has an identical billing entry: "Continue revising objection to Efpar Claim."

1        o   Total: $300

2   **Total billed by R&S for Debtor's Fee Category 1 (Exhibit 2 to Supplemental**

3   **Brief) for Investigation of Efpar's Claim, Obtaining and Reviewing**

4   **Documents Pertaining to the Claim, and Researching Legal Issues Bearing**

5   **on the Validity of the Claim: Time: 82.8 hours; Fees: $28,095.00**

6

7   **2. Court's Task Break Down of Fees Billed by R&S in Exhibit 3 to Debtor's**

8   **Supplemental Brief for Drafting Motion for an Order Disallowing Efpar's**

9   **Claim and Related Documents:**

10      •   Drafting Claim Objection

11          o   Time: 5.9

12          o   Total: $1,875

13      •   Revising Claim Objection

14          o   Time: 28.9

15          o   Total:$11,237.50

16      •   Draft Declarations in support of Claim Objection

17          o   Time: .8

18          o   Total: $240

19      •   Prepare Objection

20          o   Time: 4

21          o   Total: $2,500

22      •   Finalize Objection

23          o   Time: 2.5

24          o   Total: $945

25   **Total billed by R&S in Exhibit 3 for Drafting Motion for an Order Disallowing**

26   **Efpar's Claim and Related Documents: Time: 42.1 hours; Fees: $16,797.50**

27

28

**3.  Court's Task Break Down of Fees Billed by R&S in Exhibit 4 to Debtor's
Supplemental Brief for Time Related to Responding to Efpar's Opposition:**

- Analyze Opposition
  - o Time: 3.8
  - o Total: $1,305
- Research case law for Reply
  - o Time: 8.3
  - o Total: $3,112.50
- Draft Reply
  - o Time: 7
  - o Total: $2,602.50
- Review documents related to drafting Reply
  - o Time: 2.4
  - o Total: $885
- Correspondence with M. Orh regarding Debtor's Reply draft
  - o Time: .6
  - o Total: $225
- Draft evidentiary objections
  - o Time: 1.7
  - o Total: $737.50
- Review, revise, and finalize Reply
  - o Time: 5.6
  - o Total: $3,150
- Work on scheduling order
  - o Time: 3.8
  - o Total: $1,425
- Correspondence with Mr. Orh regarding mediation

- o Time: .5
- o Total: $187.50
- • Miscellaneous Entries
  - o Time: 1.6
  - o Total: $600

**Total billed by R&S in Exhibit 4 for Time Related to Responding to Efpar's**

**Opposition: Time: 35.3 hours; Fees: $14,230.00**


**4. Court's Task Break Down of Fees Billed by R&S in Exhibit 5 to Debtor's**

**Supplemental Brief for Court Ordered Mediation:**

- • Correspondence (drafting and analyzing) and conferring with M. Orh
  - o Time: 2.2
  - o Total: $825
- • Correspondence (drafting and analyzing) with Efpar's Counsel (S. Reiss & F. Simab)
  - o Time: 4.2
  - o Total: $1,625
- • Review and analyze mediation documents
  - o Time: 1.5
  - o Total: $562.50
- • Correspondence (drafting and analyzing) and conferring with F. Adams (mediator) and his office
  - o Time: 2.6
  - o Total: $975
- • Review and analyze mediation strategy
  - o Time: 2.3
  - o Total: $1,287.50

- Correspondence and conferring with Hsu
  - Time: 1.4
  - Total: $650
- Draft and revise Efpar mediation brief
  - Time: 7.5
  - Total: $2,982.50
- Drafting mediation order and related work
  - Time: 3.1
  - Total: $1,162.50
- Drafting stipulation to continue mediation and related work
  - Time: 2.6
  - Total: $975
- Preparation for mediation
  - Time: 1.9
  - Total: $1,012.50
- Miscellaneous entries
  - Time: 12
  - Total: $7,450

**Total billed by R&S in Exhibit 5 for Court Ordered Mediation: Time: 41.3 hours; Fees: $19,507.50**

**5. Court's Task Break Down of Fees Billed by R&S in Exhibit 6 to Debtor's Supplemental Brief for Pre-Trial Preparation:**

- Correspondence (drafting and analyzing), conferring with Efpar's counsel, and miscellaneous work related to pretrial conferences
  - Time: 5
  - Total: $1,687.50

- Correspondence (drafting and analyzing) and conferring with expert witnesses
    - Time: 7.9
    - Total: $3,187.50
- Drafting Joint Pre-Stipulation, and work related to drafting Joint Pre-Trial Stipulation
    - Time: 25.5
    - Total: $10,112.50
- Correspondence and conferring with opposing counsel regarding settlement[3]
    - Time: 1.6
    - Total: $950
- Correspondence and conferring with others regarding settlement[4]
    - Time: 6.4
    - Total: $3375
- Correspondence (drafting and analyzing) regarding continuing trial
    - Time: 1.2
    - Total: $450
- Conferring and correspondence (drafting and analyzing) regarding claim litigation and claim objection
    - Time: 14.9
    - Total: $5,550
- Preparing trial exhibits and worked related to preparing trial exhibits and witness lists
    - Time: 4.4

---

[3] This task break down is derived from the billing entries in the table named "Correspondence and conferring re: Settlement" in the attached exhibit.
[4] See footnote 3 above.

- o Total: $1,650
- Preparing and working on employment application
  - o Time: 4.8
  - o Total: $1,800
- Correspondence regarding trial exhibits and trial witnesses
  - o Time: .6
  - o Total: $225
- Conferring and corresponding with real estate expert
  - o Time: .9
  - o Total: $337.50
- Reviewing real estate experts/appraiser experts  and related issues
  - o Time: 2.2
  - o Total: $1,150
- Research regarding state law issues (prevailing party and damages)
  - o Time: 5.6
  - o Total: $2,085
- Analyze trial issues and strategy
  - o Time: 3.6
  - o Total: $1,575
- Review documents and evidence in preparation for trial
  - o Time: 3.5
  - o Total: $1,237.50
- Conferring and corresponding regarding trial preparation
  - o Time: 1.4
  - o Total: $525
- Miscellaneous Entries
  - o Time: 2.3

1            o  Total: $887.50

2        •  Double Billing[5]

3            o  Time: .2

4            o  Total: $75

5        •  No Charge Entries

6            o  Time: 1.1

7            o  Total: $0

8    **Total billed by R&S in Exhibit 6 for Pre-Trial Preparation: Time: 91.8 hours;**

9    **Fees: $36,785.00**

10

11    **6. Court's Task Break Down of Fees Billed by R&S in Exhibit 7 to Debtor's**

12    **Supplemental Brief for Discovery:**

13        •  Draft interrogatories and production requests

14            o  Time: 11.6

15            o  Total: $4,850

16        •  Correspondence (drafting and analyzing) regarding stipulation to extend

17            discovery deadline

18            o  Time: 4.2

19            o  Total: $1,625

20        •  Draft stipulation to extend discovery request

21            o  Time: 2.3

22            o  Total: $862.50

23        •  Researching and analyzing discovery issues related to Efpar's failure to

24            comply

25            o  Time: 2

26            o  Total: $900

27

---

28
[5] Debtor's Supplemental Brief, ECF 432, Exhibit 5 at 7 of Appendix Part 2 has an identical billing entry: "Draft correspondence to Efpar's counsel re issues re upcoming mediation and preparation of joint pre-trial order."

- Correspondence regarding failure to comply with discovery requests
    - Time: 3.6
    - Total: $1,350
- Correspondence with experts regarding depositions[6]
    - Time: 1
    - Total: $375
- Correspondence with opposing counsel regarding depositions[7]
    - Time: 6.5
    - Total: $2,437.50
- Correspondence with others regarding depositions[8]
    - Time: 2.1
    - Total: $787.50
- Analyzing documents and preparing for depositions
    - Time: 24.7
    - Total: $9,665
- Preparing deposition notices and subpoenas
    - Time: 9.1
    - Total: $3,412.50
- Attending depositions
    - Time: 18.3
    - Total: $6,862.50
- Correspondence (drafting and analyzing) regarding document production
    - Time: 1.5
    - Total: $562.50
- Review produced documents and interrogatories

---

[6] This task break down is derived from the billing entries in the table named "Correspondence re: Depositions" in the attached exhibit.
[7] See footnote 6 above.
[8] See footnote 6 above.

- o  Time: 6.6
- o  Total: $2,475
- Correspondence re: joint pre-trial order
  - o  Time: .5
  - o  Total: $187.50
- Review and research entry of court's orders
  - o  Time: .4
  - o  Total: $150
- Review and analyze issue related to service of deposition subpoenas
  - o  Time: .4
  - o  Total: $150
- Correspondence regarding meeting with M. Orh
  - o  Time: .4
  - o  Total: $150
- Miscellaneous Entries
  - o  Time: .1.2
  - o  Total: $525
- No Charge Entries
  - o  Time: 2
  - o  Total: $0

**Total billed by R&S in Exhibit 7 for Discovery: Time: 96.4 hours; Fees: $37,327.50**

**7.  Court's Task Break Down of Fees Billed by R&S in Exhibit 8 to Debtor's Supplemental Brief for Preparation of Debtor's Trial Declarations:**

- Correspondence with B. Lofgren regarding trial declaration
  - o  Time: 3.2

- o Total: $1,200
- Analyze correspondence from B. Lofgren
  - o Time: 1
  - o Total: $375
- Correspondence with B. Lofgren's assistant
  - o Time: .9
  - o Total: $337.50
- Analyze documents for B. Lofgren trial declaration
  - o Time: 2.7
  - o Total: $1,012.50
- Draft B. Lofgren trial declaration
  - o Time: 3
  - o Total: $1,325
- Confer with I. Chae/Commerce Escrow
  - o Time: 1.6
  - o Total: $600
- Review/Analyze Correspondence and documents from R. Riemer
  - o Time: 1.2
  - o Total: $450
- Preparing trial declaration of M. Orh
  - o Time: 6.8
  - o Total: $2,900
- Drafting trial declaration of R. Riemer
  - o Time: 2.3
  - o Total: $987.50
- Prepare correspondence to R. Riemer
  - o Time: .3

- o  Total: $112.50
- Review and analyze correspondence and documents relating to M. Orh trial declaration
  - o  Time: 1.3
  - o  Total: $487.50
- Correspondence to M. Orh
  - o  Time: .3
  - o  Total: $112.50
- Draft Trial Declaration of I. Chae
  - o  Time: .9
  - o  Total: $337.50
- Telephone conference with M. Orh
  - o  Time: .5
  - o  Total: $187.50
- Miscellaneous Entries
  - o  Time: .7
  - o  Total: $262.50

**Total billed by R&S in Exhibit 8 for  Preparation of Debtor's Trial Declarations: Time: 26.7 hours; Fees: $10,687.50**

**8.  Court's Task Break Down of Fees Billed by R&S in Exhibit 9 to Debtor's Supplemental Brief for Preparation of Debtor's Trial Brief and Related Matters:**

- Draft Trial Brief
  - o  Time: 31
  - o  Total: $12,120
- Research and analysis of damages issue

- o Time: 2.3
- o Total: $690
- Research and analysis of contract enforceability defenses
  - o Time: 10.5
  - o Total: $3,667.50
- Review and analyze documents relating to trial brief
  - o Time: 3.6
  - o Total: $1,350
- Analyze issues regarding trial brief
  - o Time: .9
  - o Total: $270
- Work related to trial brief submission deadline
  - o Time: 1.5
  - o Total: $555
- Research legal authority regarding preparation of trial brief
  - o Time: 2.9
  - o Total: $1,087.50
- Review and analyze Efpar's trial brief
  - o Time: 2.8
  - o Total: $1,287.50

**Total billed by R&S in Exhibit 9 for Preparation of Debtor's Trial Brief and Related Matters: Time: 55.5 hours; Fees: $21,027.50**

**9. Court's Task Break Down of Fees Billed by R&S in Exhibit 10 to Debtor's Supplemental Brief for Motions in Limine:**

- Draft motion in limine regarding loan fee damages
  - o Time: 4.6

- o Total: $1,640
  - Draft motion in limine regarding valuation evidence from B. Michaels
    - o Time: 6.2
    - o Total: $1,965
  - Draft motion in limine regarding valuation evidence from F. Efraim
    - o Time: 1.8
    - o Total: $607.50
  - Research and analyze issue of loan fee damages
    - o Time: 1.6
    - o Total: $525
  - Strategize regarding motion in limine
    - o Time: 1.1
    - o Total: 687.50
  - Research and analyze Statute of Frauds
    - o Time: 1.4
    - o Total: $420
  - Prepare motions for filing
    - o Time: .6
    - o Total: $180
  - Analyze correspondence from Efpar and prepare correspondence to Efpar
    - o Time: .5
    - o Total: $187.50
  - Review Efpar's Opposition
    - o Time: 1.6
    - o Total: $720
  - Review motion in limine
    - o Time: .7

- o  Total: $262.50
- Miscellaneous entries
   - o  Time: 1.5
   - o  Total: $872.50
- No Charge Entries
   - o  Time: .6
   - o  Total: $0

**Total billed by R&S in Exhibit 10 for Motions in Limine: Time: 21.6 hours; Fees: $8,067.50**

**10.  Court's Task Break Down of Fees Billed by R&S in Exhibit 11 to Debtor's Supplemental Brief for Attending Trial, Preparing Objections to Efpar's Trial Declarations and Exhibits, and Related Matters:**

- Research and analyze issue of admissibility of deposition transcripts
   - o  Time: 2.1
   - o  Total: $630
- Research and analyze issue of whether real estate agent can give expert opinion
   - o  Time: 4.8
   - o  Total: $1,440
- Research and analyze documents regarding objections to Efpar's Trial Exhibits and Declarations
   - o  Time: 4.8
   - o  Total: $1,817.50
- Draft objection to trial exhibits and trial declarations
   - o  Time: 5.5
   - o  Total: $2,337.50

- Prepare and review trial exhibits and transcripts
  - o Time: 12.1
  - o Total: $5,102.50
- Research contract law
  - o Time: 6.5
  - o Total: $3,575
- Conferring with Efpar's Counsel
  - o Time: .9
  - o Total: $337.50
- Correspondence (drafting and analyzing) and conferring with B. Lofgren
  - o Time: 3
  - o Total: $1,125
- Analyze trial strategies and documents for trial
  - o Time: 24.1
  - o Total: $13,792.50
- Correspondence (drafting and analyzing) and conferring with M. Orh
  - o Time: .5
  - o Total: $187.50
- Review documents filed by Efpar
  - o Time: 1
  - o Total: $517.50
- Correspondence (drafting and analyzing) and conferring with R. Riemer
  - o Time: .5
  - o Total: $187.50
- Correspondence (drafting and analyzing) and conferring with R. Hsu
  - o Time: .8
  - o Total: $500

- Preparation for closing argument
  - Time: 20.2
  - Total: $11,507.50
- Attend trial
  - Time: 25.1
  - Total: $15,687.50
- Miscellaneous Entries
  - Time: .3
  - Total: $105
- Vague Entry
  - Time: .7
  - Total: $262.50

**Total billed by R&S in Exhibit 11 for Attending Trial, Preparing Objections to Efpar's Trial Declarations and Exhibits, and Related Matters: Time: 112.9 hours; Fees: $59,112.50**

**11. Court's Task Break Down of Fees Billed by R&S in Exhibit 12 to Debtor's Supplemental Brief for Post-Trial Matters:**

- Analysis of strategy and issues regarding proposed findings and conclusions of law
  - Time: 4.3
  - Total: $1,645
- Analysis of audio recording of trial
  - Time: 18.1
  - Total: $6,787.50
- Draft and revise proposed findings of fact
  - Time: 21.5

- o Total: $8,570
- Review and analyze Efpar's Proposed Findings and Conclusions of Law
  - o Time: 15.4
  - o Total: $5,627.50
- Draft objection to Efpar's Proposed Findings and Conclusions of Law
  - o Time: 25.3
  - o Total: $9,902.50
- Review and analyze Efpar's Objection to Debtor's Proposed Findings and Conclusions of Law
  - o Time: 2.2
  - o Total: $1,147.50
- Correspondence (drafting and analyzing) and conferring with R. Hsu
  - o Time: .4
  - o Total: $175
- Correspondence (drafting and analyzing) and conferring with M. Orh
  - o Time: 2.7
  - o Total: $1,062.50
- Review and analyze court's memorandum of decision
  - o Time: 3.3
  - o Total: $1,192.50
- Review of trial testimony, declarations and other related documents
  - o Time: 6.5
  - o Total: $1,950
- Research regarding damages
  - o Time: 1.2
  - o Total: $360
- Miscellaneous Entries

- Time: 3.3
- Total: $1,567.50

**Total billed by R&S in Exhibit 12 for Post-Trial Matters: Time: 104.2 hours; Fees: $39,987.50**

Supporting Tables for Court's Task Breakdown

(A) Draft Memo re: Measure of Damages for Breach of K

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 2/11/2013 | BN | DRAFT MEMORANDUM RE MEASURE OF DAMAGES FOR BREACH OF CONTRACT TO SELL REAL PROPERTY | 0.3 | $300 | $90 |
| 2/12/2013 | BN | DRAFT MEMORADUM RE MEASURE OF DAMAGES FOR BREACH OF CONTRACT TO SELL REAL PROPERTY | 1.1 | $300 | $330 |

(B)  Time Spent Discussing Possible Settlement with Efpar and Working on Settlement

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 7/3/2013 | CAM | TELEPHONE CONFERENCE WITH S. REISS, COUNSEL FOR EFPAR, RE ISSUES RECLAIM FILED BY SAME, CASE FACTS, POSSIBLE SETTLEMENT OF RE SAME AND RE ISSUES RE STATUS OF DEBTOR'S SALE OF ITS REAL PROPERTY | 0.5 | $375 | $187.50 |
| 7/11/2013 | CAM | TELEPHONE CONFERENCE WITH S. REISS DISCUSSING SETTLEMENT OF EFPAR'S CLAIM UPON CONCLUSION OF SALE OF PROPERTY, AND RE ISSUES RE STATUS OF SALE OF PROPERTY AND ISSUES RE SAME. | 0.3 | $375 | $112.50 |
| 7/29/2013 | CAM | TELEPHONE CONFERENCE WITH S. REISS, COUNSEL FOR EFPAR, RE ISSUES RE RESOLVING CLAIM OF SAME AND STATUS OF SALE OF DEBTOR'S REAL PROPERTY. | 0.1 | $375 | $37.50 |
| 8/14/2013 | CAM | REVIEW AND ANALYZE DOCUMENTS RE SETTLEMENT DISCUSSIONS WITH EFPAR'S COUNSEL | 0.5 | $375 | $187.50 |
| 8/14/2013 | CAM | TELEPHONE CONFERENCE (THIRD) WITH S. REISS RE FACTS AND LEGAL THEORIES SURROUNDING EFPAR'S PROOF OF CLAIM, ISSUES RE OTHER CLAIMS AGAINST BANKRUPTCY ESTATE, AND RE POSSIBLE SETTLEMENT OF EFPAR'S CLAIM | 0.9 | $375 | $337.50 |
| 8/14/2013 | CAM | TELEPHONE CONFERENCE WITH S. REISS, COUNSEL FOR EFPAR, RE ISSUES RE NEGOTIATING SETTLEMENT RE CLAIM FILED BY SAME. | 0.1 | $375 | $37.50 |
| 8/14/2013 | CAM | SECOND TELEPHONE CONFERENCE WITH S. REISS RE ISSUES RE SETTLING CLAIM FILED BY EFPAR AND ISSUES RE SAME. | 0.1 | $375 | $37.50 |
| 8/28/2013 | CAM | EXCHANGE E-MAILS WITH S. REISS RE ONGOING SETTLEMENT DISCUSSIONS BETWEEN EFPAR AND DEBTOR. | 0.2 | $375 | $75.00 |

(C) Analyze/Review Proof of Claim

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 8/13/2013 | CAM | REVIEW AND ANALYZE PROOF OF CLAIM FILED BY EFPAR, DOCUMENTS ATTACHED THERETO AND STATE COURT LITIGATION PLEADINGS RE INITIATING SETTLEMENT DISCUSSIONS WITH EFPAR RE ITS PROOF OF CLAIM AGAINST THE BANKRUPTCY ESTATE | 0.8 | $375 | $300.00 |
| 1/7/2014 | BN | ANALYZE EFPAR'S PROOF OF CLAIM FOR POSSIBLE OBJECTION. | 1.6 | $300 | $480.00 |
| 1/8/2014 | BN | ANALYZE EFPAR'S PROOF OF CLAIM FOR POSSIBLE OBJECTION. | 0.2 | $300 | $60.00 |
| 1/8/2014 | BN | ANALYZE EFPAR'S PROOF OF CLAIM FOR POSSIBLE OBJECTION. | 0.2 | $300 | $60.00 |

(D) Correspondence to Efpar re: Damages

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 8/29/2013 | CAM | PREPARE CORRESPONDENCE TO S. REISS, COUNSEL FOR EFPAR, RE CASE LAW DECISION RE PROPER MEASURE OF DAMAGES FOR BREACH OF CONTRACT TO SELL REAL PROPERTY RE SETTLEMENT DISCUSSIONS WITH SAME. | 0.2 | $375 | $75.00 |
| 8/29/2013 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND DOCUMENTS RECEIVED FROM EFPAR'S COUNSEL, S. REISS, RE DAMAGES CLAIMS OF SAME RE SETTLEMENT NEGOTIATIONS WITH SAME. | 0.4 | $375 | $150.00 |
| 9/10/2013 | CAM | PREPARE CORRESPONDENCE TO R. HSU RE LEGAL AUTHORITY RE DAMAGES AVAILABLE TO EFPAR FOR BREACH OF WRITTEN AGREEMENT TO SELL REAL PROPERTY. | 0.2 | $375 | $75.00 |
| 9/10/2013 | CAM | DRAFT SECOND E-MAIL TO R. HSU RE DAMAGES BEING CLAIMED BY EFPAR | 0.1 | $375 | $37.50 |
| 9/10/2013 | CAM | REVIEW AND ANALYZE MULTIPLE E-MAILS FROM R. HSU RE DAMAGES BEING CLAIMED BY EFPAR | 0.1 | $375 | $37.50 |

(E)  Conferring and Correspondence (drafting and analyzing) re: Efpar's Alleged Claim

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 9/4/2013 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM S. REISS RE ALLEGE CLAIM OF EFPAR AND SETTLEMENT RE SAME | 0.2 | $375 | $75.00 |
| 9/4/2013 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM S. REISS, COUNSEL FOR EFPAR, RE ISSUES RE CASE LAW DISALLOWING RECOVERY OF LOST RENT CONSEQUENTIAL DAMAGES FOR | 0.4 | $375 | $150.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | BREACH OF CONTRACT TO SELL REAL PROPERTY; DRAFT REPLY E-MAIL TO SAME RE SAME AND RE POTENTIAL MEDIATION RE DISPUTED CLAIM FILED BY SAME | | | |
| 9/4/2013 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM M. ORH RE ESCROW INSTRUCTIONS WITH EFPAR FOR SALE OF REAL PROPERTY RE ANALYZING DISPUTED CLAIM OF SAME. | 0.2 | $375 | $75.00 |
| 9/5/2013 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM M. ORH RE ISSUES RE SUPPLEMENTAL ESCROW INSTRUCTIONS BETWEEN DEBTOR AND EFPAR RE ANALYZING CLAIM FILED BY SAME. | 0.2 | $375 | $75.00 |
| 9/5/2013 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM R. HSU RE ISSUES RE LEGAL AND FACTUAL THEORIES ESPOUSED BY EFPAR'S COUNSE RE DISPUTED CLAIM FILED BY SAME; ANALYZE ISSUES RE SAME. | 0.2 | $375 | $75.00 |
| 9/10/2013 | CAM | TELEPHONE CONFERENCE WITH R. HSU, DEBTOR'S SPECIAL LITIGATION COUNSEL, RE ISSUES DISPUTED CLAIM HELD BY EFPAR AND FACTS RE SAME, AND RE LITIGATION CLAIMS HELD BY ESTATE AGAINST DEBTOR'S FORMER ATTORNEY AND REAL ESTATE BROKER AND DOCUMENTS RELEVANT TO SAME. | 0.5 | $375 | $187.50 |
| 9/10/2013 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND DOCUMENTS RECEIVED FROM J. LIU RE ANALYZING CLAIMS OF EFPAR AGAINST DEBTOR. | 0.3 | $275 | $112.50 |
| 9/11/2013 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM R. HSU RE ISSUES RE LEGAL THEORIES RELIED UPON BY EFPAR IN SUPPORT OF ITS CLAIM. | 0.1 | $375 | $37.50 |
| 9/11/2013 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND MULTIPLE DOCUMENTS RECEIVED FROM J. LIU, DEBTOR'S SPECIAL LITIGATION COUNSEL, RE DOCUMENTS RELATED TO EFPAR'S DISPUTED CLAIM. | 0.3 | $375 | $112.50 |
| 9/12/2013 | CAM | EXCHANGE E-MAILS WITH R. HSU RE DEFENSES DEBTOR MAY HAVE TO CLAIMS OF EFPAR | 0.1 | $375 | $37.50 |
| 12/23/2013 | CAM | DRAFT CORRESPONDENCE TO R. HSU RE OBJECTION TO EFPAR'S CLAIM. | 0.2 | $375 | $75.00 |
| 12/23/2013 | CAM | PREPARE CORRESPONDENCE TO R. HSU AND J. LIU RE OBTAINING DOCUMENTS FROM SAME FOR OBJECTION TO EFPAR'S CLAIM | 0.2 | $375 | $75.00 |
| 12/20/2013 | CAM | PREPARE CORRESPONDNECE TO R. HSU RE OBTAINING ADDITIONAL INFORMATION AND DOCUMENTS FROM SAME RE LIQUIDATION OF EFPAR'S DISPUTED CLAIM. | 0.2 | $375 | $75.00 |
| 12/31/2013 | CAM | EXCHANGE E-MAILS WITH R. HSU AND J. LIU RE OBTAINING DOCUMENTS FROM SAME RE PREPARATION OF OBJECTION TO EFPAR'S | 0.1 | $375 | $37.50 |

| | | CLAIM AND LIQUIDATING SAME THROUGH LITIGATION. | | | |
|---|---|---|---|---|---|
| 2/4/2014 | CAM | TELEPHONE CONFERENCE WITH M. ORH RE PREPARING OBJECTION TO EFPAR'S CLAIM AND OBTAINING INFORMATION RE SAME. | 0.1 | $375 | $37.50 |
| 3/6/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU RE LEGAL RESEARCH RE PREPARATION OF OBJECTION TO CLAIM OF EFPAR DEVELOPMENT. | 0.2 | $375 | $75.00 |
| 3/6/2014 | CAM | EXCHANGE E-MAILS WITH R. HSU RE ISSUES RE LEGAL RESEARCH RE PREPARATION OF OBJECTION TO CLAIM OF EFPAR DEVELOPMENT. | 0.2 | $375 | $75.00 |
| 3/7/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU RE LEGAL RESEARCH RE PREPARATION OF OBJECTION TO CLAIM OF EFPAR. | 0.2 | $375 | $75.00 |
| 3/11/2014 | BN | TELEPHONE CONFERENCE WITH C. MINIER AND R. HSU RE DEFENSES TO EFPAR'S CLAIM. | 0.3 | $300 | $90.00 |
| 3/11/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU AND B. NELSON RE ISSUES RE PREPARATION OF OBJECTION TO EFPAR'S CLAIM AND LEGAL RESEARCH RE SAME. | 0.3 | $375 | $112.50 |
| 3/11/2014 | CAM | DRAFT CORRESPONDENCE TO R. HSU RE LEGAL ISSUES RAISED BY SAME RE OBJECTION TO EFPAR'S CLAIM AND ISSUES RE SAME. | 0.2 | $375 | $75.00 |
| 3/11/2014 | CAM | REVIEW AND ANALYZE MULTIPLE E-MAILS FROM R. HSU RE LEGAL ISSUES RE LITIGATING EFPAR'S CLAIM AND PREPARING OBJECTION TO SAME. | 0.1 | $375 | $37.50 |
| 3/11/2014 | TR | TELEPHONE CONFERENCE WITH SAUL REISS RE EFPAR CLAIM AND ISSUES RE POSSIBLE SETTLEMENT NEGOTIATIONS. | 0.3 | $625 | $187.50 |
| 3/12/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND LEGAL AUTHORITIES RECEIVED FROM DEBTOR'S LITIGATION COUNSEL RE PREPARING OBJECTION TO EFPAR'S CLAIM. | 0.3 | $375 | $112.50 |
| 3/13/2014 | CAM | REVIEW AND ANALYZE MUTIPLE E-MAILS AND COPY OF EFPAR'S EXECUTED LEASE WITH DOLLAR TREE RECEIVED FROM R. HSU RE PREPARATION OF OBJECTION TO EFPAR'S CLAIM. | 0.3 | $375 | $112.50 |
| 3/13/2014 | CAM | DRAFT MULTIPLE E-MAILS TO R. HSU RE PREPARATION OF OBJECTION TO EFPAR'S CAIM AND ISSUES RE SAME. | 0.2 | $375 | $75.00 |
| 3/13/2014 | CAM | DRAFT CORRESPONDENCE TO SPECIAL LITIGATION COUNSEL, P. BRUM, RE LEGAL MEMORANDUM PREPARED BY SAME RE OBJECTION TO EFPAR'S CLAIM. | 0.1 | $375 | $37.50 |
| 3/13/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND MEMORANDUM OF LAW RECEIVED FROM P. BRUM, DEBTOR'S SPECIAL LITIGATION COUNSEL, RE RELEVANT CALIFORNIA | 0.4 | $375 | $150.00 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| | | AUTHORITY RE OBJECTION TO EFPAR'S CLAIM. | | | |
| 3/20/2014 | CAM | DRAFT CORRESPONDENCE TO R. HSU RE OBTAINING CERTAIN DISCOVERY DOCUMENTS FROM PREPETITION STATE COURT LITIGATION RE PREPARING/LITIGATING OBJECTIONS TO CLAIMS. | 0.3 | $375 | $112.50 |
| 3/21/2014 | CAM | DRAFT CORRESPONDENCE TO R. HSU RE OBTAINING STATE COURT DISCOVERY DOCUMENTS FROM SAME RE PREPARATION OF CLAIM OBJECTIONS. | 0.2 | $375 | $75.00 |
| 3/21/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM R. HSU RE STATE COURT LITIGATION DISCOVERY THAT WAS TAKEN AND OBTAINING COPIES OF SAME. | 0.1 | $375 | $37.50 |
| 4/8/2014 | CAM | TELEPHONE CONFERENCE WITH M. ORH RE ISSUES RE OBJECTION TO EFPAR'S CLAIM. | 0.1 | $375 | $37.50 |
| 4/8/2014 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO M. ORH RE DRAFT OF OBJECTION TO EFPAR'S CLAIM AND RELATED DECLARATIONS FOR REVIEW AND EXECUTION OF SAME. | 0.2 | $375 | $75.00 |
| 4/9/2014 | CAM | PREPARE CORRESPONDENCE AND MULTIPLE ENCLOSURES TO R. HSU RE DBTOR'S OBJECTION TO CLAIM OF EFPAR DEVELOPMENT. | 0.1 | $375 | $37.50 |
| 4/11/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU RE ISSUES RE OBJECTION TO EFPAR'S CLAIM. | 0.1 | $375 | $37.50 |

(F) Research and Analysis re: Contract Issues

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 12/19/2013 | BN | ANALYZE ISSUES PERTAINING TO CANCELLATION OF EFPAR CONTRACT AND FAILURE OF AMENDMENT TO REVIVE SAME. | 0.2 | $300 | $60.00 |
| 12/23/2013 | BN | RESEARCH RE ELEMENTS FOR CANCELLATION OF A CONTRACT UNDER CALIFORNIA LAW | 0.4 | $300 | $120.00 |
| 12/23/2013 | BN | RESEARCH RE WHETHER CONTRACT CAN BE SUFFICIENT AND DEFINITE BY INCORPORATING ANOTHER CONTRACT. | 0.4 | $300 | $120.00 |
| 1/8/2014 | BN | RESEARCH RE WHETHER SECOND AMENDMENT IS INDEPENDENT CONTRACT BASED ON INCORPORATION OF PREVIOUS CANCELLED CONTRACT. | 0.8 | $300 | $240.00 |
| 1/8/2014 | BN | RESEARCH RE EFFECT OF CANCELLATION OF CONTRACT AND ATTEMPT TO REVIVE SAME. | 1.2 | $300 | $360.00 |
| 1/8/2014 | BN | RESEARCH RE WHETHER SECOND AMENDMENT IS INDEPENDENT CONTRACT BASED ON INCORPORATION OF PREVIOUS CANCELLED CONTRACT. | 0.8 | $300 | $240.00 |
| 1/8/2014 | BN | RESEARCH RE EFFECT OF CANCELLATION OF CONTRACT AND ATTEMPT TO REVIVE SAME. | 1.2 | $300 | $360.00 |
| 1/9/2014 | BN | RESEARCH RE MODIFICATION OF A CANCELLED | 1 | $300 | $300.00 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| | | CONTRACT. | | | |
| 1/9/2014 | BN | RESEARCH RE LAW PERTAINING TO CANCELLATION AND REVIVAL OF CONTRACTS. | 0.7 | $300 | $210.00 |
| 1/9/2014 | BN | RESEARCH RE WHETHER SECOND AMENDMENT INCORPORATED ORIGINAL PURCHASE AGREEMENT BY REFERENCE. | 0.6 | $300 | $180.00 |
| 1/15/2014 | BN | CONTINUE RESEARCHING WHETHER A DOCUMENTS CAN INCORPORATE A CANCELLED AGREEMENT BY REFERENCE. | 0.3 | $300 | $90.00 |
| 3/4/2014 | BN | RESEARCH RE WHETHER TERMINATED CONTRACT CAN BE REVIVED. | 1.3 | $300 | $390.00 |
| 3/4/2014 | CAM | RESEARCH RE ISSUES RE PREPARATION/FINALIZING OBJECTION TO CLAIM OF OFPAR DEVELOPMENT. | 0.3 | $375 | $112.50 |
| 3/5/2014 | BN | CONTINUE RESEARCHING WHETHER TERMINATED CONTRACT CAN BE REVIVED. | 1 | $300 | $300.00 |
| 3/5/2014 | BN | RESEARCH RE INCORPORATION OF TERMINATED CONTRACT BY REFERENCE. | 0.1 | $300 | $30.00 |
| 3/6/2014 | BN | CONTINUE RESEARCHING WHETHER TERMINATED CONTRACT CAN BE REVIVED. | 1.2 | $300 | $360.00 |
| 3/6/2014 | BN | RESEARCH RE RESCISSION FOR MISTAKE OF FACT OR LAW. | 2.2 | $300 | $660.00 |
| 3/7/2014 | BN | RESEARCH RE WHETHER IMPOSSIBILITY IS A VIABLE DEFENSE TO EFPAR CLAIM. | 1.1 | $300 | $330.00 |
| 3/7/2014 | BN | ANALYZE POSSIBLE DEFENSES TO EFPAR'S CLAIM. | 0.2 | $300 | $60.00 |
| 3/7/2014 | TR | ANALYZE ISSUES AND DEFENSES TO EFPAR CLAIM. | 0.5 | $625 | $312.50 |
| 3/10/2014 | BN | CONTINUE RESEARCHING REVIVAL OF CONTRACTS ISSUE. | 0.3 | $300 | $90.00 |
| 3/10/2014 | BN | CONTINUE RESEARCHING WHETHER IMPOSSIBILITY IS A VIABLE DEFENSE TO EFPAR CLAIM. | 0.4 | $300 | $120.00 |
| 3/10/2014 | BN | RESEARCH RE CANCELLATION OF CONTRACT ISSUES. | 0.4 | $300 | $120.00 |

(G) Research and Analysis re: Damages Issue

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 2/11/2013 | BN | RESEARCH RE MEASURE OF DAMAGES FOR BREACH OF CONTRACT TO SELL REAL PROPERTY | 0.8 | $300 | $240.00 |
| 8/29/2013 | CAM | RESEARCH RE CASE LAW AND STATUTORY AUTHORITY RE MEASURE OF DAMAGES FOR BREACH OF CONTRACT TO CONVEY REAL PROPERTY RE SETTLEMENT NEGOTIATIONS WITH EFPAR REGARDING ITS CLAIM. | 0.9 | $375 | $337.50 |
| 12/19/2013 | BN | REVIEW AND ANALYZE MEMORANDUM FROM R. HSU RE DOWENT'S DEFENSES TO EFPAR'S DAMAGE CLAIMS RESULTING FROM THE ALLEGED BREACH OF REAL CONTRACT. | 1 | $300 | $300.00 |

| 1/9/2014 | BN | RESEARCH RE LOST PROFITS AS CONSEQUENTIAL DAMAGES FOR FAILURE TO CONVEY REAL PROPERTY. | 0.2 | $300 | $60.00 |
| 1/10/2014 | BN | CONTINUE RESEARCHING LOST PROFITS AS CONSEQUENTIAL DAMAGES FOR FAILURE TO CONVEY REAL PROPERTY. | 1.7 | $300 | $510.00 |
| 1/13/2014 | BN | ANALYZE ISSUES PERTAINING TO FAIR MARKET VALUE OF PROPERTY AND EFPAR'S MEASURE OF DAMAGES. | 0.2 | $300 | $60.00 |
| 1/13/2014 | BN | RESEARCH RE HOW "VALUE" IS DEFINED FOR PURPOSES OF STATUTORY DAMAGES FOR FAILURE TO CONVEY REAL PROPERTY. | 0.8 | $300 | $240.00 |
| 1/13/2014 | BN | CONTINUE RESEARCHING LOST PROFITS AS CONSEQUENTIAL DAMAGES FOR FAILURE TO CONVEY REAL PROPERTY | 1.3 | $300 | $390.00 |
| 1/14/2014 | BN | CONTINUE RESEARCHING HOW "VALUE" IS DEFINED FOR PURPOSES OF STATUTORY DAMAGES FOR FAILURE TO CONVEY REAL PROPERTY. | 0.1 | $300 | $30.00 |
| 1/14/2014 | BN | RESEARCH RE WHETHER FAIR MARKET VALUE CAN BE DETERMINED BY AUCTION. | 0.2 | $300 | $60.00 |
| 1/15/2014 | BN | RESEARCH RE BYER'S DUTY TO PROVE IT WAS READY, WILLING, AND ABLE TO PERFORM AS A PREREQUISITE TO COMPENSATION. | 0.3 | $300 | $90.00 |
| 1/15/2014 | BN | RESEARCH RE FAILURE TO MITIGATE BY BIDDING HIGH ENOUGH TO PURCHASE PROPERTY. | 0.5 | $300 | $150.00 |
| 3/19/2014 | BN | REVIEW MEMO RE EFPAR'S ENTITLEMENT TO CONSEQUENTIAL DAMAGES. | 0.3 | $300 | $90.00 |
| 4/4/2014 | BN | ANALYZE DAMAGES ISSUES RELEVANT TO OBJECTION TO EFPAR CLAIM. | 0.6 | $300 | $180.00 |
| 4/4/2014 | BN | RESEARCH RE STATEMENT OF FAIR MARKET VALUE RULE USED IN BREACH OF CONTRACT TO SELL REAL PROPERTY CASES. | 1.4 | $300 | $420.00 |

(H) Review/Analyze Documents for Preparation of Claim Objection

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
| --- | --- | --- | --- | --- | --- |
| 9/11/2013 | CAM | PREPARE STATEMENT OF FACTS/ANALYSIS, AND DOCUMENT BINDER, RE CLAIMS OF EFPAR AGAINST DEBTOR AND DEBTOR'S POTENTIAL DEFENSES TO SAME, AND RE DEBTOR'S CLAIMS AGAINST J. KIM AND MANDARIN REALTY AND DEFENSES TO ASME; REVIEW/ANALYZE DOCUMENTS RE SAME. | 1.6 | $375 | $600.00 |
| 12/23/2013 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND STATE COURT PLEADINGS AND DEPOSITION TRANSCRIPT OF D. WAN RE OBJECTION TO EFPAR'S CLAIM RECEIVED FROM R. HSU | 1.8 | $375 | $675.00 |
| 12/24/2013 | CAM | REVIEW AND ANALYZE DOCUMENTS RECEIVED FROM R. HSU RE OBJECTION TO EFPAR'S | 0.6 | $375 | $225.00 |

| | | CLAIM. | | | |
|---|---|---|---|---|---|
| 12/20/2013 | BN | REVIEW AND ANALYZE STATE COURT LIS PENDEN EXPUNGEMENT PLEADINGS FOR POSSIBLE USE IN OBJECTION TO EFPAR CLAIM. | 0.5 | $300 | $150.00 |
| 12/31/2013 | CAM | REVIEW AND ANALYZE DOCUMENTS RECEIVED FROM R. HSU AND J. LIU RE PREPARATION OF OBJECTINO TO EFPAR'S CLAIM AND LIQUIDATING SAME THROUGH LITIGATION. | 0.3 | $375 | $112.50 |
| 1/7/2014 | BN | REVIEW AND ANALYZE PLEADINGS FILED IN CONNECTION WITH STATE COURT LIS PENDENS LITIGATION FOR USE IN OBJECTION TO CLAIM OF EFPAR. | 2 | $300 | $600.00 |
| 1/7/2014 | CAM | REVIEW AND ANALYZE STATE COURT PLEADINGS RECEIVED FROM  R. HSU RE PREPARATION OF OBJECTIONS TO CLAIMS OF SBH REALTY AND EFPAR. | 0.4 | $375 | $150.00 |
| 1/8/2014 | BN | REVIEW TENTATIVE RULING ON MOTION TO EXPUNGE LIS PENDENS FOR USE IN OBJECTION TO EFPAR CLAIM. | 0.3 | $300 | $90.00 |
| 1/7/2014 | CAM | REVIEW AND ANALYZE STATE COURT PLEADINGS RECEIVED FROM R. HSU RE PREPARATION OF OBJECTIONS TO CLAIMS OF SBH REALTY AND EFPAR. | 0.4 | $375 | $150.00 |
| 1/8/2014 | BN | REVIEW TENTATIVE RULING ON MOTION TO EXPUNGE LIS PENDENS FOR USE IN OBJECTION TO EFPAR CLAIM. | 0.3 | $300 | $90.00 |
| 1/8/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE PREPARING OBJECTION TO EFPAR'S CLAIM. | 0.3 | $375 | $112.50 |
| 1/15/2014 | BN | REVIEW LENGTHY STATEMENT OF FACTS FOR POSSIBLE USE IN OBJECTION TO EFPAR CLAIM. | 1.5 | $300 | $450.00 |
| 1/22/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE ANALYZING CLAIM OF EFPAR AND PREPARING OBJECTION TO SAME. | 0.9 | $375 | $337.50 |
| 2/4/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS AND ISSUES RE PREPARATION OF OBJECTION TO EFPAR'S CLAIM. | 0.8 | $375 | $300.00 |
| 2/10/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE PREPARATION OF OBJECTION TO CLAIM OF EFPAR. | 0.4 | $375 | $150.00 |
| 2/11/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE DRAFTING AND REVISIONS OBJECTION TO CLAIM OF EFPAR DEVELOPMENT. | 1.1 | $375 | $412.50 |
| 3/6/2014 | BN | REVIEW R. HSU'S MEMO RE OBJECTION TO EFPAR CLAIM. | 0.5 | $300 | $150.00 |
| 3/10/2014 | BN | REVIEW DOCUMENTS TO BE USED AS EXHIBITS FOR OBJECTION TO EFPAR CLAIM. | 0.4 | $300 | $120.00 |
| 3/10/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE PREPARATION OF OBJECTION TO EFPAR'S CLAIM. | 0.4 | $375 | $150.00 |
| 3/11/2014 | BN | REVIEW TRANSCRIPT OF SALE HEARINGS FOR USE IN EFPAR CLAIM OBJECTION. | 0.2 | $300 | $60.00 |

| 3/12/2014 | BN | REVIEW TRANSCRIPTS OF SALE HEARINGS TO DETERMINE WHETHER EFPAR COMMENTED ON FAIR MARKET VALUE OF PROPERTY. | 0.2 | $300 | $60.00 |
| 3/18/2014 | BN | REVIEW TRANSCRIPTS OF SALE HEARINGS FOR ADMISSION OF FAIR MARKET VALUE. | 1.5 | $300 | $450.00 |
| 3/19/2014 | BN | REVIEW TRANSCRIPTS OF SALE HEARINGS FOR ADMISSION OF FAIR MARKET VALUE. | 1.4 | $300 | $420.00 |
| 3/19/2014 | BN | REVIEW NOTES AND MEMOS PERTAINING TO OBJECTION TO EFPAR CLAIM. | 0.5 | $300 | $150.00 |
| 3/20/2014 | BN | REVIEW DEPOSITION OF M. ORH REGARDING DOLLAR TREE LEASE. | 0.2 | $300 | $60.00 |
| 3/21/2014 | BN | REVIEW DEPOSITION TRANSCRIPTS FOR POSSIBLE USE IN OBJECTION TO EFPAR CLAIM. | 0.8 | $300 | $240.00 |
| 4/21/2014 | CAM | REVIEW AND ANALYZE DECLARATION OF D. ZANDER TAKEN IN PREPETITION STATE COURT LITIGATION RE ISSUES RE DEBTOR'S OBJECTIONS TO CLAIMS OF SBH REALTY AND EFPAR. | 0.3 | $375 | $112.50 |
| 4/23/2014 | CAM | REVIEW AND ANALYZE DEPOSITION TRANSCRIPT OF D. ZANDER FROM PREPETITINO STATE COURT LITIGATION RE CLAIM OBJECTION LITIGATION. | 1.4 | $375 | $525.00 |
| 4/24/2014 | CAM | REVIEW AND ANALYZE TRANSCRIPT OF DEPOSITION OF D. ZANDER RE STATE COURT LITIGATION AND RE OBJECTIONS TO CLAIMS FILED AGAINST THE ESTATE. | 1.8 | $375 | $675.00 |

(I) Analyze Issues and Strategies Related to Claim Objection

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 10/2/2013 | TR | ANALYZE STRATEGY RE DISPUTED EFPAR CLAIM. | 0.3 | $625 | $187.50 |
| 12/20/2013 | CAM | REVIEW AND ANALYZE ISSUES RE LIQUIDATION OF EFPAR'S DISPUTED CLAIM AND OBTAINING ADDITIONAL INFORMATION AND DOCUMENTS RE SAME. | 0.3 | $375 | $112.50 |
| 1/7/2014 | BN | ANALYZE STRATEGY FOR OBJECTION TO EFPAR'S CLAIM. | 0.2 | $300 | $60.00 |
| 1/9/2014 | BN | ANALYZE ISSUES PERTAINING TO OBJECTION TO EFPAR CLAIM. | 0.3 | $300 | $90.00 |
| 1/20/2014 | BN | ANALYZE ISSUES PERTAINING TO OBJECTION TO EFPAR CLAIM. | 0.6 | $300 | $180.00 |
| 1/15/2014 | BN | ANALYZE ISSUES PERTAINING TO OBJECTION TO EFPAR CLAIM. | 0.1 | $300 | $30.00 |
| 2/4/2014 | BN | ANALYZE ISSUES PERTAINING TO OBJECTION TO EFPAR CLAIM. | 0.2 | $300 | $60.00 |
| 2/4/2014 | CAM | RESEARCH RE CASE LAW RE ISSUES RE PREPARATION OF OBJECTION TO CLAIM OF EFPAR. | 1.3 | $375 | $487.50 |
| 2/28/2014 | BN | ANALYZE ISSUES PERTAINING TO OBJECTION | 0.2 | $300 | $60.00 |

| | | TO EFPAR CLAIM. | | | |
|---|---|---|---|---|---|
| 3/3/2014 | CAM | REVIEW/ANALYZE DRAFT OF OBJECTION TO EFPAR'S CLAIM AND ISSUES RE SAME RE FINALIZING OBJECTION AND CONDUCTING ADDITIONAL LEGAL RESEARCH RE SAME. | 1.2 | $375 | $450.00 |
| 3/4/2014 | BN | ANALYZE ISSUES PERTAINING TO OBJECTION TO EFPAR'S CLAIM. | 0.2 | $300 | $60.00 |
| 3/5/2014 | TR | ANALYZE ISSUES AND STRATEGY RE EFPAR CLAIM OBJECTION. | 0.3 | $625 | $187.50 |
| 3/6/2014 | BN | ANALYZE ISSUES PERTAINING TO OBJECTINO TO EFPAR CLAIM. | 0.5 | $300 | $150.00 |
| 3/6/2014 | TR | ANALYZE ISSUES AND STRATEGY RE EFPAR CLAIM OBJECTION. | 0.3 | $625 | $187.50 |
| 3/11/2014 | CAM | REVIEW AND ANALYZE ISSUES AND LEGAL RESEARCH RE PREPARATION OF OBJECTION TO EFPAR'S CLAIM. | 0.4 | $375 | $150.00 |
| 3/11/2014 | CAM | REVIEW AND ANALYZE ISSUES RE SETTLEMENT DISCUSSIONS WITH S. REISS/EFPAR. | 0.2 | $375 | $75.00 |
| 3/11/2014 | TR | ANALYZE ISSUES RE EFPAR CLAIM. | 0.3 | $625 | $187.50 |
| 3/13/2014 | CAM | REVIEW AND ANALYZE ISSUES RE PREPARATION OF OBJECTION TO CLAIM OF EFPAR DEVELOPMENT AND POSSIBLE LIQUIDATION VALUE OF SAME. | 0.3 | $375 | $112.50 |
| 3/19/2014 | CAM | REVIEW AND ANALYZE ISSUES RE OBTAINING TRANSCRIPT OF HEARING RE PREPARATION OF OBJECTION TO EFPAR'S CLAIM. | 0.2 | $375 | $75.00 |
| 3/31/2014 | CAM | REVIEW AND ANALYZE ISSUES RE PREPARATION. FINALIZATION OF OBJECTION TO CLAIM EFPAR AND RELATED DOCUMENTS, AND RE OBTAINING FINAL TRANSCRIPT OF HEARING ON DEBTOR'S SALE MOTION RE SAME. | 0.3 | $375 | $112.50 |
| 4/1/2014 | BN | ANALYZE ISSUES PERTAINING TO OBJECTION TO EFPAR CLAIM. | 0.6 | $300 | $180.00 |
| 4/4/2014 | BN | ANALYZE PROOF AND SPECULATION ISSUES RELEVANT TO OBJECTION TO EFPAR CLAIM. | 0.3 | $300 | $90.00 |
| 4/8/2014 | CAM | REVIEW AND ANALYZE ISSUES AND DOCUMENTS RE FINALIZING DEBTOR'S OBJECTION TO CLAIM OF EFPAR. | 0.3 | $375 | $112.50 |
| 4/22/2014 | CAM | ANALYZE ISSUES AND ADDITIONAL LEGAL RESEARCH TO BE PERFORMED RE DEBTOR'S OBJECTION TO EFPAR'S CLAIM AND POSSIBLE SETTLEMENT OF SAME. | 0.4 | $375 | $150.00 |
| 4/22/2014 | TR | ANALYZE ISSUES AND STRATEGY RE EFPAR OBJECTION AND POSSIBLE SETTLEMENT NEGOTIATIONS. | 0.4 | $625 | $250.00 |

(J) Research of Misc. Legal Issues

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 1/8/2014 | CAM | RESEARCH RE LEGAL ISSUES RE PREPARING OBJECTION TO EFPAR'S CLAIM. | 0.3 | $375 | $112.50 |
| 3/7/2014 | CAM | RESEARCH CASE LAW RE ISSUES RE DRAFTING OBJECTION TO CLAIM OF EFPAR DEVELOPMENT. | 0.6 | $375 | $225.00 |
| 3/11/2014 | CAM | RESEARCH RE STATUTORY AUTHORITY RE ISSUES RAISED BY R. HSU RE PREPARATION OF OBJECTION TO EFPAR'S CLAIM. | 0.3 | $375 | $112.50 |

(K) Work Related to Vendee Lien Issue

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 4/1/2014 | BN | RESEARCH RE VENDEE LIEN UNDER CALIFORNIA LAW AND WHETHER SAME IS AVOIDABLE IN BANKRUPTCY. | 2 | $300 | $600.00 |
| 4/2/2014 | BN | CONTINUE RESEARCHING VENDEE LIEN UNDER CALIFORNIA LAW AND WHETHER SAME IS AVOIDABLE IN BANKRUPTCY. | 0.8 | $300 | $240.00 |
| 4/2/2014 | BN | DRAFT EMAIL TO T. RINGSTAD AND C. MINIER RE AVOIDING EFPAR'S ASSERTED VENDEE'S LIEN. | 0.6 | $300 | $180.00 |
| 4/2/2014 | CAM | REVIEW AND ANALYZE LEGAL RESEARCH RE POSSIBLE AVOIDANCE OF VENDEES LIEN BEING ASSERTED BY EFPAR. | 0.3 | $375 | $112.50 |
| 4/4/2014 | BN | ANALYZE VALUATION ISSUES RELEVANT TO OBJECTION TO EFPAR CLAIM. | 0.3 | $300 | $90.00 |

(L) Preparing Notes re: Deposition Transcript

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 4/23/2014 | CAM | PREPARE NOTES RE DEPOSITION TRANSCRIPT OF D. ZANDER FROM PREPETITION STATE COURT LITIGATION RE CLAIM OBJECTION LITIGATION. | 0.4 | $375 | $150.00 |
| 4/24/2014 | CAM | PREPARE NOTES RE DEPOSITION TRANSCRIPT OF D. ZANDER FROM STATE COURT LITIGATION. | 0.6 | $375 | $225.00 |

Miscellaneous Entries

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 1/7/2014 | BN | REVIEW CASES CITED BY EFPAR IN RESPONSE TO ZANDER'S OPPOSITION TO MOTION TO EXPUNGE. | 0.5 | $300 | $150.00 |

| 3/3/2014 | BN | REVIEW OBJECTION TO EFPAR CLAIM. | 0.5 | $300 | $150.00 |
| 3/20/2014 | CAM | PREPARE/REVISE DEBTOR'S OBJECTION TO CLAIM OF EFPAR DEVELOPMENT. | 0.5 | $375 | $187.50 |
| 4/8/2014 | BN | DRAFT NOTICE OF OBJECTION TO EFPAR CLAIM. | 0.2 | $300 | $60.00 |

Vague Entry

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 2/4/2014 | BN | FOLLOW UP ON OBJECTION TO EFPAR CLAIM. | 0.1 | $300 | $30.00 |

Double Billing

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 3/19/2014 | BN | CONTINUE REVISING OBJECTION TO EFPAR CLAIM. | 1 | $300 | $300.00 |

Exhibit 3

(A) Drafting Claim Objection

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 1/7/2014 | BN | BEGIN DRAFTING OBJECTION TO EFPAR'S CLAIM. | 0.3 | $300 | $90.00 |
| 1/8/2014 | BN | CONTINUE DRAFTING OBJECTION TO EFPAR'S CLAIM. | 0.1 | $300 | $30.00 |
| 1/9/2014 | BN | CONTINUE DRAFTING OBJECTION TO EFPAR'S CLAIM. | 0.5 | $300 | $150.00 |
| 1/10/2014 | BN | CONTINUE DRAFTING OBJECTION TO EFPAR'S CLAIM. | 0.5 | $300 | $150.00 |
| 1/13/2014 | BN | CONTINUE DRAFTING OBJECTION TO EFPAR'S CLAIM. | 0.3 | $300 | $90.00 |
| 1/14/2014 | BN | CONTINUE DRAFTING OBJECTION TO EFPAR'S CLAIM. | 1 | $300 | $300.00 |
| 1/15/2014 | BN | CONTINUE DRAFTING OBJECTION TO EFPAR CLAIM. | 1.6 | $300 | $480.00 |
| 2/10/2014 | CAM | DRAFT DEBTOR'S OBJECTION TO CLAIM OF EFPAR DEVELOPMENT. | 1.4 | $375 | $525.00 |
| 4/4/2014 | BN | DRAFT DISCUSSION OF CASE RE DETERMINING FAIR MARKET VALUE AT THE TIME OF BREACH FOR USE IN EFPAR OBJECTION. | 0.2 | $300 | $60.00 |

(B) Revising Claim Objection

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 1/15/2014 | BN | REVISE OBJECTION TO EFPAR CLAIM. | 1.6 | $300 | $480.00 |

| 1/16/2014 | BN | CONTINUE REVISING OBJECTION TO EFPAR CLAIM. | 1.2 | $300 | $360.00 |
| 1/17/2014 | BN | CONTINUE REVISING OBJECTION TO EFPAR CLAIM. | 0.3 | $300 | $90.00 |
| 1/17/2014 | TR | REVIEW AND REVISE OBJECTION TO EFPAR CLAIM. | 2.3 | $625 | $1,437.50 |
| 1/27/2014 | BN | REVISE OBJECTION TO EFPAR CLAIM. | 0.1 | $300 | $30.00 |
| 2/4/2014 | BN | REVISE OBJECTION TO EFPAR CLAIM. | 0.1 | $300 | $30.00 |
| 3/5/2014 | BN | REVISE OBJECTION TO EFPAR CLAIM. | 0.9 | $300 | $270.00 |
| 3/6/2014 | BN | CONTINUE REVISING OBJECTION TO EFPAR CLAIM. | 0.3 | $300 | $90.00 |
| 3/10/2014 | BN | CONTINUE REVISING OBJECTION TO EFPAR CLAIM. | 0.5 | $300 | $150.00 |
| 3/19/2014 | BN | CONTINUE REVISING OBJECTION TO EFPAR CLAIM. | 1 | $300 | $300.00 |
| 3/20/2014 | BN | CONTINUE REVISING OBJECTION TO EFPAR CLAIM. | 2.5 | $300 | $750.00 |
| 3/24/2014 | BN | CONTINUE REVISING OBJECTION TO EFPAR CLAIM. | 1.5 | $300 | $450.00 |
| 3/26/2014 | BN | CONTINUE REVISING OBJECTION TO EFPAR CLAIM. | 1.3 | $300 | $390.00 |
| 3/27/2014 | BN | CONTINUE REVISING OBJECTINO TO EFPAR'S CLAIM | 1.8 | $300 | $540.00 |
| 3/28/2014 | BN | CONTINUE REVISING OBJECTION TO EFPAR'S CLAIM | 4.8 | $300 | $1,440.00 |
| 4/1/2014 | TR | REVIEW AND REVISE OBJECTION TO EFPAR CLAIM. | 1.2 | $625 | $750.00 |
| 4/1/2014 | TR | PREPARE ADDITIONAL REVISIONS TO OBJECTION TO EFPAR CLAIM. | 1.5 | $625 | $937.50 |
| 4/3/2014 | TR | REVISE EFPAR OBJECTION. | 2.5 | $625 | $1,562.50 |
| 4/7/2014 | BN | REVISE OBJECTION TO EFPAR CLAIM. | 2.7 | $300 | $810.00 |
| 4/7/2014 | TR | ANALYZE AND REVISE LATEST DRAFT OF MOTION TO DISALLOW EFPAR CLAIM. | 0.4 | $625 | $250.00 |
| 4/8/2014 | BN | REVISE OBJECTION TO EFPAR CLAIM. | 0.4 | $300 | $120.00 |

(C) Draft Declarations in Support of Claim Objection

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 3/28/2014 | BN | DRAFT DECLARATIONS IN SUPPORT OF OBJECTION TO EFPAR'S CLAIM | 0.2 | $300 | $60.00 |
| 3/31/2014 | BN | CONTINUE DRAFTING DECLARATIONS IN SUPPORT OF OBJECTION TO EFPAR CLAIM. | 0.6 | $300 | $180.00 |

(D) Prepare Claim Objection

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 4/4/2014 | TR | PREPARE OBJECTION TO EFPAR CLAIM. | 4 | $625 | $2,500.00 |

(E)  Finalize Claim Objection

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 4/8/2014 | BN | FINALIZE OBJECTION TO EFPAR CLAIM; PREPARE SAME AND EXHIBITS THERETO FOR FILING. | 1.9 | $300 | $570.00 |
| 4/8/2014 | TR | REVISE FINAL CHANGES TO OBJECTION TO EFPAR CLAIM AND FINALIZE. | 0.6 | $625 | $375.00 |

Exhibit 4

(A) Analyze Opposition

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 4/29/2014 | CAM | REVIEW AND ANALYZE (PRELIMINARILY) EFPAR'S OPPOSITION TO OBJECTION TO ITS CLAIM. | 0.3 | $375 | $112.50 |
| 4/30/2014 | BN | ANALYZE EFPAR'S OPPOSITION TO OBJECTION TO CLAIM. | 0.1 | $300 | $30 |
| 4/30/2014 | CAM | REVIEW AND ANALYZE OPPOSITION OF EFPAR TO DEBTOR'S OBJECTION TO EFPAR'S CLAIM AND RELATED DOCUMENTS. | 1.1 | $300 | $413 |
| 5/1/2014 | BN | ANALYZE ISSUES PERTAINING TO EFPAR'S OPPOSITION TO OBJECTION TO CLAIM. | 0.3 | $300 | $90.00 |
| 5/1/2014 | BN | REVIEW AND ANALYZE EFPAR'S OPPOSITION, DECLARATION AND DOCUMENTS RESPONDING TO DEBTOR'S OBJECTION TO EFPAR'S CLAIM RE PREPARATION OF DEBTOR'S REPLY TO SAME. | 0.8 | $375 | $300.00 |
| 5/5/2014 | BN | REVIEW OPPOSITION TO OBJECTION TO EFPAR CLAIM. | 0.8 | $300 | $240.00 |
| 5/5/2014 | BN | ANALYZE ISSUES PERTAINING TO CONSEQUENTIAL DAMAGES RELATED TO EFPAR OBJECTION. ANALYZE ISSUES PERTAINING TO CONSEQUENTIAL DAMAGES RELATED TO EFPAR OBJECTION. | 0.4 | $300 | $120.00 |

(B) Research Case Law for Reply

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 4/30/2014 | CAM | RESEARCH CASE LAW RE PREPARATION OF DEBTOR'S REPLY TO EFPAR'S OPPOSITION | 1.4 | $375 | $525.00 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|-----------|
| | | TO DEBTOR'S OBJECTION TO CLAIM OF SAME. | | | |
| 5/1/2014 | CAM | RESEARCH RE CASE LAW AUTHORITY RE DRAFTING DEBTOR'S REPLY TO EFPAR'S OPPOSITION TO DEBTOR'S OBJECTION TO EFPAR'S CLAIM. | 0.8 | $375 | $300.00 |
| 5/2/2014 | CAM | RESEARCH RE CASE LAW ASSERTED BY EFPAR IN ITS OPPOSITION TO DEBTOR'S OBJECTION TO ITS CLAIM, AND RE CASE LAW FAVORABLE TO DEBTOR'S POSITION RE DRAFTING DEBTOR'S REPLY. | 2.2 | $375 | $825.00 |
| 5/2/2014 | CAM | DRAFT DEBTOR'S REPLY TO OPPOSITION OF EFPAR DEVELOPMENT TO DEBTOR'S OBJECTION TO EFPAR'S CLAIM, AND DRAFT SUPPORTING DECLARATIONS. | 2.1 | $375 | $787.50 |
| 5/5/2014 | CAM | RESEARCH RE CASE LAW AUTHORITY RE DRAFTING DEBTOR'S REPLY TO EFPAR'S OPPOSITION TO DEBTOR'S OBJECTION TO EFPAR'S CLAIM AND SUPPORTING DECLARATIONS. | 1.8 | $375 | $675.00 |

(C) Draft Reply

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|-----------|
| 4/30/2014 | CAM | DRAFT DEBTOR'S REPLY TO EFPAR'S OPPOSITION TO DEBTOR'S MOTION FOR OISALLOWANCE OF CLAIM OF SAME. | 0.3 | $375 | $112.50 |
| 5/1/2014 | CAM | DRAFT DEBTOR'S REPLY TO EFPAR'S OPPOSITION TO DEBTOR'S OBJECTION TO EFPAR'S CLAIM. | 1.1 | $375 | $412.50 |
| 5/5/2014 | BN | DRAFT ARGUMENT THAT CONSEQUENTIAL DAMAGES ARE NOT AVAILABLE TO EFPAR FOR REPLY TO OPPOSITION TO OBJECTION TO CLAIM. | 0.3 | $300 | $90.00 |
| 5/5/2014 | CAM | DRAFT DEBTOR'S REPLY TO EFPAR'S OPPOSITION TO DEBTOR'S OBJECTION TO EFPAR'S CLAIM AND SUPPORTING DECLARATIONS OF M. ORH ANO C. MINIER. | 3.6 | $375 | $1,350.00 |
| 5/6/2014 | CAM | DRAFT DEBTOR'S REPLY AND SUPPORTING DECLARATIONS RESPONDING TO EFPAR'S OPPOSITION TO DEBTOR'S OBJECTION TO EFPAR'S CLAIM. | 1.7 | $375 | $637.50 |

(D) Review Documents re: Drafting Reply

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|-----------|
| 5/1/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE DRAFTING DEBTOR'S REPLY TO EFPAR'S OPPOSITION TO DEBTOR'S OBJECTION TO | 0.4 | $375 | $150.00 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| | | CLAIM FILED BY EFPAR. | | | |
| 5/5/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE DRAFTING DEBTOR'S REPLY TO EFPAR'S OPPOSITION TO DEBTOR'S OBJECTION TO EFPAR'S CLAIM AND SUPPORTING DECLARATIONS. | 0.7 | $375 | $262.50 |
| 5/6/2014 | BN | REVIEW SALE HEARING TRANSCRIPTS FOR USE IN REPLY TO OPPOSITION TO OBJECTOIN TO OOWENT CLAIM. | 0.2 | $300 | $60.00 |
| 5/8/2014 | CAM | REVIEW AND ANALYZE TRANSCRIPT OF HEARING ON DEBTOR'S MOTION TO SELL REAL PROPERTY AND TO REJECT ZANDER PREPETITION AGREEMENTS RE REPRESENTATIONS MADE BY ZANDER AND EFPAR AT SAME RE LITIGATION RE OBJECTIONS TO CLAIMS OF EFPAR AND SBH REALTY. | 1.1 | $375 | $412.50 |

(E) Correspondence with M. Orh re: Debtor's Reply Draft

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 5/6/2014 | CAM | TELEPHONE CONFERENCES (MULTIPLE) WITH M. ORH RE SAME REVIEWING REPLY TO OPPOSITION OF EFPAR TO OBJECTION TO ITS CLAIM, AND REVIEWING, SIGNING AND RETURNING SUPPORTING DECLARATION OF SAME. | 0.3 | $375 | $112.50 |
| 5/6/2014 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO M. ORH RE DRAFT OF DEBTOR'S REPLY TO OPPOSITION OF EFPAR TO OBJECTION TO ITS CLAIM, AND SUPPORTING DECLARATIONS, RE HAVING SAME REVIEW SAME AND EXECUTE DECLARATION. | 0.2 | $375 | $75.00 |
| 5/6/2014 | CAM | PREPARE SECOND CORRESPONDENCE AND ENCLOSURE TO M. ORH RE DRAFT OF DEBTOR'S REPLY TO OPPOSITION OF EFPAR TO OBJECTION TO ITS CLAIM, AND SUPPORTING DECLARATIONS, RE HAVING SAME REVIEW DOCUMENTS AND EXECUTE DECLARATION. | 0.1 | $375 | $37.50 |

(F) Draft Evidentiary Objections

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 5/6/2014 | CAM | DRAFT EVIDENTIARY OBJECTIONS TO DECLARATION OF F. EFRAIM FILED IN SUPPORT OF EFPAR'S OPPOSITION TO DEBTOR'S OBJECTION TO ITS CLAIM. | 0.9 | $375 | $337.50 |

| 5/6/2014 | CAM | REVIEW / REVISE / FINALIZE EVIDENTIARY OBJECTIONS TO DECLARATION OF F. EFRAIM FILED IN SUPPORT OF EFPAR'S OPPOSITION TO DEBTOR'S OBJECTION TO ITS CLAIM PER INSTRUCTION OF T. RINGSTAD. | 0.4 | $375 | $150.00 |
| 5/6/2014 | TR | REVISE EVIDENTIARY OBJECTIONS. | 0.4 | $625 | $250.00 |

(G) Review/Revise/Finalize Reply

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 5/6/2014 | CAM | REVIEW / REVISE / FINALIZE DEBTOR'S REPLY AND SUPPORTING DECLARATIONS RESPONDING TO EFPAR'S OPPOSITION TO DEBTOR'S CLAIM OBJECTION PER INSTRUCTION OF T. RINGSTAD. | 1.4 | $375 | $525.00 |
| 5/6/2014 | TR | REVIEW AND REVISE REPLY TO EFPAR OPPOSITION TO CLAIM OBJECTION. | 4.2 | $625 | $2,625.00 |

(H) Work on Scheduling Order

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 5/7/2014 | CAM | REVIEW AND ANALYZE TRANSCRIPT OF HEARING ON DEBTOR'S MOTION TO SELL REAL PROPERTY AND TO REJECT ZANDER PREPETITION AGREEMENTS RE REPRESENTATIONS MADE BY ZANDER AND EFPAR AT SAME RE LITIGATION RE OBJECTIONS TO CLAIMS OF EFPAR AND SBH REALTY. | 2.9 | $375 | $1,087.50 |
| 5/13/2014 | CAM | DRAFT PROPOSED MEDIATION AND TRIAL SCHEDULING ORDER RE DEBTOR'S OBJECTION TO EFPAR'S CLAIM; REVIEW / REVISE SAME. | 0.7 | $375 | $262.50 |
| 5/14/2014 | CAM | FINALIZE PROPOSED SCHEDULING ORDER RE TRIAL AND MEDIATION RE OBJECTION TO CLAIM OF EFPAR. | 0.2 | $375 | $75.00 |

(I) Correspondence with M. Orh re: Mediations

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 5/15/2014 | CAM | EXCHANGE E-MAILS WITH M. ORH RE OBJECTIONS TO CLAIMS OF EFPAR AND SBH REALTY, AND RE MEDIATIONS RE SAME. | 0.3 | $375 | $112.50 |
| 5/15/2014 | CAM | EXCHANGE MULTIPLE E-MAILS WITH M. ORH RE RE OBJECTIONS TO CLAIMS OF EFPAR AND SBH REALTY, AND RE | 0.2 | $375 | $75.00 |

| | | MEDIATIONS AND EVIDENTIARY HEARINGS RE SAME. | | | |
|---|---|---|---|---|---|

Miscellaneous Entries

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 5/12/2013 | CAM | REVIEW AND ANALYZE COURTS TENTATIVE RULING ON DEBTOR'S OBJECTION TO EFPAR'S CLAIM. | 0.1 | $375 | $37.50 |
| 5/13/2014 | CAM | REVIEW AND ANALYZE PLEADINGS IN PREPARATION FOR HEARING ON DEBTOR'S OBJECTION TO EFPAR'S CLAIM. | 0.7 | $375 | $262.50 |
| 5/13/2014 | CAM | ATTEND HEARING ON DEBTOR'S OBJECTION TO CLAIM OF EFPAR. | 0.8 | $375 | $300.00 |

Exhibit 5

(A) Correspondence (Drafting and Analyzing) and Conferring with M. Orh

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 5/15/2014 | CAM | EXCHANGE E-MAILS WITH M. ORH RE OBJECTIONS TO CLAIMS OF EFPAR AND SBH REALTY, AND RE MEDIATIONS RE SAME. | 0.3 | $375 | $112.50 |
| 5/15/2014 | CAM | EXCHANGE MULTIPLE E-MAILS WITH M. ORH RE RE OBJECTIONS TO CLAIMS OF EFPAR AND SBH REALTY, AND RE MEDIATIONS AND EVIDENTIARY HEARINGS RE SAME. | 0.2 | $375 | $75.00 |
| 7/2/2014 | CAM | EXCHANGE E-MAILS WITH M. ORH RE ISSUES RE SCHEDULING MEDIATION WITH EFPAR RE DEBTOR'S OBJECTION TO CLAIM OF SAME. | 0.2 | $375 | $75.00 |
| 7/21/2014 | CAM | DRAFT CORRESPONDENCE TO M. ORH RE ARRANGING MEDIATION WITH EFPAR. | 0.1 | $375 | $37.50 |
| 7/21/2014 | CAM | EXCHANGE E-MAILS WITH M. ORH RE ARRANGING EFPAR MEDIATION. | 0.1 | $375 | $37.50 |
| 7/21/2014 | CAM | DRAFT CORRESPONDENCE TO M. ORH RE ARRANGI NG MEDIATION WITH EFPAR. | 0.1 | $375 | $37.50 |
| 7/22/2014 | CAM | DRAFT CORRESPONDENCE TO M. ORH RE ARRANGING EFPAR MEDIATION. | 0.1 | $375 | $37.50 |
| 7/22/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM M. ORH RE | 0.1 | $375 | $37.50 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
|  |  | ARRANGING EFPAR MEDIATION. |  |  |  |
| 7/22/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM M. ORH RE ARRANGING EFPAR MEDIATION. | 0.1 | $375 | $37.50 |
| 7/22/2014 | CAM | DRAFT CORRESPONDENCE TO M. ORH RE ISSUES RE EFPAR MEDIATION. | 0.1 | $375 | $37.50 |
| 7/25/2014 | CAM | EXCHANGE E-MAILS WITH M. ORH RE MEDIATION WITH EFPAR. | 0.1 | $375 | $37.50 |
| 8/15/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM M. ORH RE EFPAR MEDIATION. | 0.1 | $375 | $37.50 |
| 8/15/2014 | CAM | PREPARE CORRESPONDENCE TO M. ORH AND R. HSU RE ARRANGING MEDIATION WITH EFPAR. | 0.2 | $375 | $75.00 |
| 8/18/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM M. ORH RE ARRANGING MEDIATION WITH EFPAR. | 0.1 | $375 | $37.50 |
| 8/18/2014 | CAM | DRAFT CORRESPONDENCE TO R. HSU AND M. ORH RE ARRANGING MEDIATION WITH EFPAR. | 0.1 | $375 | $37.50 |
| 9/7/2014 | CAM | PREPARE CORRESPONDENCE TO M. ORH RE PREPARATION FOR MEDIATION WITH EFPAR. | 0.2 | $375 | $75.00 |

(B) Correspondence (Drafting and Analyzing) with Efpar's Counsel (S. Reiss & F. Simab)

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 9/4/2013 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM S. REISS, COUNSEL FOR EFPAR, RE ISSUES RE CASE LAW DISALLOWING RECOVERY OF LOST RENT CONSEQUENTIAL DAMAGES FOR BREACH OF CONTRACT TO SELL REAL PROPERTY; DRAFT REPLY E-MAIL TO SAME RE SAME AND RE POTENTIAL MEDIATION RE DISPUTED CLAIM FILED BY SAME. | 0.4 | $375 | $150.00 |
| 6/10/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM COUNSEL FOR EFPAR DEVELOPMENT, S. REISS, RE CHOOSING MEDIATOR. | 0.1 | $375 | $37.50 |
| 6/10/2014 | CAM | DRAFT CORRESPONDENCE TO S. REISS, EFPAR'S COUNSEL, RE CHOOSING MEDIATOR AND ALTERNATE, AND COMPLETI NG AND FILING MEDIATION FORMS. | 0.2 | $375 | $75.00 |

| 6/11/2014 | CAM | PREPARE CORRESPONDENCE TO S. REISS RE ISSUES RE CHOOSING MEDIATOR AND PREPARATION OF MEDIATION FORMS. | 0.2 | $375 | $75.00 |
|---|---|---|---|---|---|
| 7/9/2014 | CAM | EXCHANGE E-MAILS WITH EFPAR'S COUNSEL RE ARRANGING MEDIATION DATE WITH MEDIATOR RE DEBTOR'S OBJECTION TO CAIM FILED BY SAME. | 0.2 | $375 | $75.00 |
| 7/9/2014 | CAM | EXCHANGE MULTIPLE ADDITIONAL E-MAILS WITH EFPAR'S COUNSEL RE ARRANGING MEDIATION. | 0.2 | $375 | $75.00 |
| 7/10/2014 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO MEDIATOR F. ADAMS AND EFPAR'S COUNSEL, S. REISS, RE ARRANGING MEDIATION RE EFPAR'S CLAIM AND DEBTOR'S OBJECTION TO SAME. | 0.3 | $375 | $112.50 |
| 7/22/2014 | CAM | DRAFT CORRESPONDENCE TO S. REISS AND MEDIATOR RE CONFIRMING MEDIATION DATE. | 0.1 | $375 | $37.50 |
| 7/22/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM S. REISS RE ARRANGING EFPAR MEDIATION. | 0.1 | $375 | $37.50 |
| 8/13/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR 1S COUNSEL RE NEED OF SAME TO RESCHEDULE MEDIATION. | 0.1 | $375 | $37.50 |
| 8/13/2014 | CAM | TELEPHONE CONFERENCE WITH EFPAR 1S COUNSEL RE OBTAINING DOCUMENT PRODUCTION AND DISCOVERY RESPONSES FROM SAME, AND RE RESCHEDULING MEDIATION. | 0.3 | $375 | $112.50 |
| 8/13/2014 | TR | EMAIL CORRESPONDENCE RE POSTPONEMENT OF MEDIATION BY F. SIMAB, COUNSEL FOR EFPAR. | 0.2 | $625 | $125.00 |
| 8/14/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE STIPULATION CONTINUING MEDIATION COMPLETION DEADLINE AND DEADLINE FOR DOWENT TO CONDUCT FOLLOW UP DISCOVERY. | 0.1 | $375 | $37.50 |
| 8/14/2014 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO EFPAR'S COUNSEL RE STIPULATION CONTINUING  MEDIATION COMPLETION DEADLINE AND DEADLINE FOR DEBTOR TO CONDUCT FOLLOW UP DISCOVERY AND ISSUES RE SAME. | 0.2 | $375 | $75.00 |
| 8/15/2014 | CAM | DRAFT CORRESPONDENCE TO EFPAR'S COUNSEL RE ARRANGING MEDIATION. | 0.2 | $375 | $75.00 |

| 8/18/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE DEPOSITIONS AND SCHEDULING MEDIATION. | 0.1 | $375 | $37.50 |
|---|---|---|---|---|---|
| 8/18/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE ISSUES RE NOTICED DEPOSITIONS AND ARRANGI NG MEDIATION. | 0.2 | $375 | $75.00 |
| 8/18/2014 | CAM | TELEPHONE CONFERENCE WITH KAREN AT SAUL REISS' OFFICE RE ARRANGING MEDIATION WITH EFPAR. | 0.1 | $375 | $37.50 |
| 8/19/2014 | CAM | REVIEW AND ANALYZE MULTIPLE E-MAILS FROM EFPAR'S COUNSEL RE ISSUES RE ARRANGING DEPOSITIONS OF EFPAR'S TRIAL WITNESSES AND ARRANGING MEDIATION. | 0.2 | $375 | $75.00 |
| 8/19/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE ARRANGING MEDIATION. | 0.1 | $375 | $37.50 |
| 8/19/2014 | CAM | DRAFT CORRESPONDENCE TO COUNSEL FOR EFPAR, MANDARIN REALTY AND JAE KIM RE ARRANGING MEDIATION AND ISSUES RE SAME. | 0.2 | $375 | $75.00 |
| 8/22/2014 | CAM | PREPARE CORRESPONDENCE TO COUNSEL FOR PARTIES RE EFPAR MEDIATION. | 0.1 | $375 | $37.50 |
| 9/2/2014 | CAM | EXCHANGE E-MAILS WITH EFPAR'S COUNSEL RE MEDIATION. | 0.1 | $375 | $37.50 |
| 9/7/2014 | CAM | DRAFT CORRESPONDENCE TO EFPAR'S COUNSEL RE ISSUES RE UPCOMING MEDIATION AND PREPARATION OF JOINT PRE-TRIAL ORDER. | 0.2 | $375 | $75.00 |

(C) Review and Analyze Mediation Documents

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 5/13/2014 | CAM | REVIEW AND ANALYZE MEDIATION FORMS AND GENERAL ORDER INSTRUCTIONS RE COURT ORDERED MEDIATION | 0.3 | $375 | $112.50 |
| 5/14/2014 | CAM | REVIEW AND ANALYZE ISSUES AND DOCUMENTS RE SELECTI NG MEDIATOR AND ALTERNATE, AND COMPLETI NG REQUIRED FORMS RE COURT'S MEDIATION  PROGRAM., | 0.4 | $375 | $150.00 |
| 6/9/2014 | CAM | REVIEW AND ANALVZE DOCUMENTS AND ISSUES RE SELECTING MEDIATOR | 0.3 | $375 | $112.50 |

| | | | | | |
|---|---|---|---|---|---|
| | | AND ALTERNATE MEDIATOR WITH EFPAR RE DEBTOR'S OBJECTION TO CLAIM OF SAME, AND RE COMPLETING AND FILING REQUIRED MEDIATION FORMS ON A TIMELY BASIS. | | | |
| 6/10/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE DRAFTING REQUEST FOR ASSIGNMENT TO MEDIATION PROGRAM AND PROPOSED ORDER ASSIGNING MATTER TO MEDIATION RE DEBTOR'S OBJECTION TO EFPAR'S CLAIM. | 0.3 | $375 | $112.50 |
| 6/12/2014 | CAM | REVIEW AND ANALYZE EXECUTED MEDIATION DOCUMENTS RECEIVED FROM EFPAR'S COUNSEL. | 0.2 | $375 | $75.00 |

(D) Correspondence (Drafting and Analyzing) and Conferring with F. Adams (mediator) and his office

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 6/12/2014 | CAM | TELEPHONE CONFERENCE WITH F. ADAMS RE SAME MEDIATING DISPUTE WITH EFPAR REGARDING ITS CLAIM. TELEPHONE CONFERENCE WITH F. ADAMS RE SAME MEDIATING DISPUTE WITH EFPAR REGARDING ITS CLAIM. | 0.3 | $375 | $112.50 |
| 7/14/2014 | CAM | PREPARE CORRESPONDENCE TO MEDIATOR F. ADAMS RE ARRANGING MEDIATION. | 0.2 | $375 | $75.00 |
| 7/15/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM MEDIATOR F. ADAMS RE ARRANGING MEDIATION DATE RE EFPAR CLAIM OBJECTION. | 0.1 | $375 | $37.50 |
| 7/21/2014 | CAM | REVIEW AND ANALYZE MULTIPLE E-MAILS FROM FRANK ADAMS' OFFICE RE ARRANGING  MEDIATION WITH EFPAR. | 0.2 | $375 | $75.00 |
| 7/21/2014 | CAM | DRAFT CORRESPONDENCE TO F. ADAMS RE ARRANGING MEDIATION. | 0.2 | $375 | $75.00 |
| 7/21/2014 | CAM | DRAFT CORRESPONDENCE TO MEDIATOR RE ARRANGING EFPAR MEDIATION | 0.1 | $375 | $37.50 |
| 7/22/2014 | CAM | DRAFT CORRESPONDENCE TO MEDIATOR RE ARRANGING MEDIATION. | 0.1 | $375 | $37.50 |
| 7/24/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND DOCUMENT RECEIVED FROM MEDIATOR RE CONFIDENTIALITY AGREEMENT, MEDIATION PROCEDURES, BRIEF FILING DEADLINE AND RELATED MATTERS. | 0.2 | $375 | $75.00 |

| 8/13/2014 | CAM | TELEPHONE CONFERENCE WITH MEDIATOR RE RESCHEDULING MEDIATION AND AVAILABLE DATES RE SAME. | 0.2 | $375 | $75.00 |
|---|---|---|---|---|---|
| 8/15/2014 | CAM | TELEPHONE CONFERENCES (MULTIPLE) WITH MEDIATOR'S ASSISTANT RE EFFORTS TO RESCHEDULE MEDIATION, AND RE OBTAINING MULTIPLE ADDITIONAL DATES ON WHICH MEDIATION COULD BE HELD. | 0.2 | $375 | $75.00 |
| 8/18/2014 | CAM | THIRD TELEPHONE CONFERENCE WITH MEDIATOR'S ASSISTANT RE ARRANGI NG EFPAR MEDIATION. | 0.1 | $375 | $37.50 |
| 8/18/2014 | CAM | TELEPHONE CONFERENCE WITH MEDIATOR'S ASSISTANT RE RESCHEDULING EFPAR MEDIATION AND OBTAINING ADDITIONAL POSSIBLE MEDIATION DATES RE SAME. | 0.2 | $375 | $75.00 |
| 8/18/2014 | CAM | TELEPHONE CONFERENCE WITH MEDIATOR'S ASSISTANT RE OBTAINING ADDITIONAL POSSIBLE MEDIATION DATES RE OBJECTION TO EFPAR'S CLAIM. | 0.1 | $375 | $37.50 |
| 8/19/2014 | CAM | TELEPHONE CONFERENCE WITH MEDIATOR'S ASSISTANT RE CONFIRMING NEW MEDIATION DATE / TIME AND ISSUES RE SAME. | 0.2 | $375 | $75.00 |
| 8/22/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND ENCLOSURE FROM MEDIATOR RE EFPAR MEDIATION AND CONFIDENTIALITY AGREEMENT RE SAME. | 0.2 | $375 | $75.00 |

(E) Review and Analyze Mediation Strategy

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 6/10/2014 | CAM | REVIEW AND ANALYZE ISSUES RE CHOOSING MEDIATOR WITH EFPAR'S COUNSEL, S. REISS, RE DEBTOR'S OBJECTION TO EFPAR'S CLAIM. | 0.2 | $375 | $75.00 |
| 6/10/2014 | TR | REVIEW STRATEGY AND ISSUES RE MEDIATION OF EFPAR CLAIM. | 0.2 | $625 | $125.00 |
| 6/11/2014 | CAM | REVIEW AND ANALYZE ISSUES RE NEGOTIATIONS WITH EFPAR DEVELOPMENT RE CHOOSING MEDIATOR RE DEBTOR'S OBJECTION TO CLAIM OF SAME. | 0.2 | $375 | $75.00 |
| 7/21/2014 | CAM | REVIEW AND ANALYZE ISSUES RE ARRANGING MEDIATION WITH EFPAR. | 0.2 | $375 | $75.00 |

| 7/21/2014 | TR | ANALYZE STRATEGY RE EFPAR MEDIATION AND TIMING. | 0.3 | $625 | $187.50 |
| 8/13/2014 | TR | ANALYZE ISSUES AND PREPARE FOR MEDIATION OF EFPAR CLAIM. | 0.8 | $625 | $500.00 |
| 8/15/2014 | TR | ANALYZE ISSUES RE MEDIATION OF EFPAR CLAIM. | 0.4 | $625 | $250.00 |

(F) Correspondence and Conferring with Hsu

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 7/24/2014 | TR | TELEPHONE CONFERENCE WITH R. HSU RE STRATEGY FOR MEDIATION. | 0.3 | $625 | $187.50 |
| 8/13/2014 | TR | REVIEW AND ANALYZE MULTIPLE E-MAILS FROM R. HSU RE RESCHEDULING MEDIATION WITH EFPAR AND OTHER PARTIES AND ISSUES RE SAME. | 0.1 | $375 | $37.50 |
| 8/13/2014 | TR | TELEPHONE CONFERENCE WITH R. HSU RE MEDIATION OF EFPAR CLAIM. | 0.2 | $625 | $125.00 |
| 8/15/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM R. HSU RE ARRANGING EFPAR MEDIATION. | 0.1 | $375 | $37.50 |
| 8/15/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM R. HSU RE EFPAR MEDIATION. | 0.1 | $375 | $37.50 |
| 8/18/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU RE ISSUES RE ARRANGING EFPAR MEDIATION. | 0.1 | $375 | $37.50 |
| 8/19/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM R. HSU RE ARRANGING MEDIATION WITH EFPAR. | 0.1 | $375 | $37.50 |
| 9/8/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU RE STRATEGY FOR MEDIATION WITH EFPAR, AND ISSUES RE SAME, AND RE MEDIATION BRIEF JUST SERVED BY J. KIM. | 0.4 | $375 | $150.00 |

(G) Draft and Revise Efpar Mediation Brief

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 6/6/2014 | TR | REVISE EFPAR MEDIATION BRIEF. | 1.3 | $625 | $812.50 |
| 8/11/2014 | BN | PREPARE DRAFT EFPAR OBJECTION MEDIATION BRIEF. | 0.2 | $300 | $60.00 |
| 8/11/2014 | BN | DRAFT EFPAR OBJECTION MEDIATION BRIEF. | 3.5 | $300 | $1,050.00 |
| 8/11/2014 | BN | PREPARE EXHIBITS TO MEDIATION BRIEF. | 0.5 | $300 | $150.00 |

| 8/11/2014 | BN | FINALIZE EFPAR OBJECTION MEDIATION BRIEF; PREPARE SAME FOR FILING. | 0.2 | $300 | $60.00 |
| 8/11/2014 | CAM | REVIEW / REVISE / FINALIZE MEDIATION BRIEF AND EXHIBITS RE MEDIATION WITH EFPAR. | 1.1 | $375 | $412.50 |
| 8/11/2014 | TR | REVIEW AND REVISE MEDIATION BRIEF RE EFPAR CLAIM. | 0.7 | $625 | $437.50 |

(H) Drafting Mediation Order and Related Work

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 5/13/2014 | CAM | RESEARCH RE LOCAL RULES, FEDERAL RULES AND COURT'S TRIAL PROCEDURES RE CALENDARING VARIOUS DATES AND DEADLINES RE MEDIATION AND TRIAL RE DEBTOR'S OBJECTION TO EFPAR'S CLAIM. | 0.8 | $375 | $300.00 |
| 5/13/2014 | CAM | DRAFT PROPOSED MEDIATION AND TRIAL SCHEDULING ORDER RE DEBTOR'S OBJECTION TO EFPAR'S CLAIM; REVIEW / REVISE SAME. | 0.7 | $375 | $262.50 |
| 5/14/2014 | CAM | FINALIZE PROPOSED SCHEDULING ORDER RE TRIAL AND MEDIATION RE OBJECTION TO CLAIM OF EFPAR. | 0.2 | $375 | $75.00 |
| 6/10/2014 | CAM | DRAFT PROPOSED ORDER ASSIGNING MATTER TO MEDIATION RE DEBTOR'S OBJECTION TO EFPAR'S CLAIM; REVIEW / REVISE / FINALIZE SAME. | 0.4 | $375 | $150.00 |
| 6/10/2014 | CAM | DRAFT REQUEST FOR ASSIGNMENT TO MEDIATION PROGRAM RE DEBTOR'S OBJECTION TO EFPAR'S CLAIM; REVIEW / REVISE / FINALIZE SAME. | 0.6 | $375 | $225.00 |
| 6/12/2014 | CAM | FINALIZE PROPOSED ORDER ASSIGNING MATTER TO MEDIATION AND REQUEST FOR MEDIATION FOR SERVICE AND FILING. | 0.2 | $375 | $75.00 |
| 6/16/2014 | CAM | REVIEW AND ANALYZE COURT'S ORDER ASSIGNING EFPAR CLAIM OBJECTION DISPUTE TO MEDIATION AND RELATED MEDIATION DOCUMENTS. | 0.2 | $375 | $75.00 |

(I) Drafting Stipulation to Continue Mediation and Related Work

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 8/13/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE DRAFTING STIPULATION CONTINUING DISCOVERY AND MEDIATION | 0.3 | $375 | $112.50 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| | | DEADLINES. | | | |
| 8/14/2014 | CAM | FINALIZE STIPULATION WITH EFPAR CONTINUING MEDIATION AND DISCOVERY DEADLINES. | 0.1 | $375 | $37.50 |
| 8/14/2014 | CAM | DRAFT STIPULATION CONTINUING MEDIATION COMPLETION DEADLINE AND DEADLINE FOR DEBTOR TO CONDUCT FOLLOW UP DISCOVERY. | 0.9 | $375 | $337.50 |
| 8/15/2014 | CAM | REVIEW AND ANALYZE FEASIBILITY OF VARIOUS POSSIBLE MEDIATION DATES PROVIDED BY MEDIATOR. | 0.2 | $375 | $75.00 |
| 8/15/2014 | CAM | DRAFT PROPOSED ORDER CONTINUING MEDIATION COMPLETION DEADLINE AND DEADLINE FOR DEBTOR TO CONDUCT FOLLOW UP DISCOVERY. | 0.5 | $375 | $187.50 |
| 8/18/2014 | CAM | RESEARCH RE COURT'S ENTRY OF ORDER CONTINUING DISCOVERY COMPLETION AND MEDIATION COMPLETION DEADLINES. | 0.2 | $375 | $75.00 |
| 8/18/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS AND ISSUES RE RESCHEDULING MEDIATION BETWEEN EFPAR, DEBTOR, MANDARIN REALTY AND JAE KIM. | 0.4 | $375 | $150.00 |

(J) Preparation for Mediation

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 9/8/2014 | CAM | PREPARE DOCUMENTS FOR MEDIATION WITH EFPAR, J. KIM AND MANDARIN REALTY. | 0.7 | $375 | $262.50 |
| 9/8/2014 | TR | REVIEW STATUS OF ALL CREDITOR CLAIMS IN PREPARATION FOR MEDIATION OF EFPAR CLAIM. | 0.6 | $625 | $375.00 |
| 9/8/2014 | TR | REVIEW STATUS OF MEDIATION BRIEFS IN PREPARATION FOR MEDIATION OF EFPAR CLAIM. | 0.6 | $625 | $375.00 |

Miscellaneous Entries

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 8/19/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND OBJECTION TO NOTICE OF TAKING DEPOSITION OF J. KIM IN CONNECTION WITH EFPAR CLAIM OBJECTION RECEIVE FROM COUNSEL FOR KIM. | 0.2 | $375 | $75.00 |

| 9/9/2014 | TR | ATTEND MEDIATION OF EFPAR, JAE KIM AND MANDARIN REALTY CLAIMS AT BEST BEST & KRIEGER OFFICES IN RIVERSIDE. | 11.8 | $625 | $7,375.00 |

## Exhibit 6

(A) Correspondence (Drafting and Analyzing) and Conferring with Efpar's Counsel and miscellaneous work related to pretrial conferences

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 8/6/2014 | CAM | REVIEW AND ANALYZE MULTIPLE E-MAILS AND DOCUMENT RECEIVED FROM EFPAR'S COUNSEL RE PRE-TRIAL STIPULATION AND PRE-TRIAL CONFERENCE. | 0.2 | $375 | $75.00 |
| 8/6/2014 | CAM | DRAFT CORRESPONDENCE TO EFPAR'S COUNSEL RE DISCOVERY ISSUES, JOINT PRE-TRIAL ORDER AND PRE-TRIAL CONFERENCE. | 0.2 | $375 | $75.00 |
| 8/6/2014 | CAM | PREPARE CORRESPONDENCE TO EFPAR'S COUNSEL RE PREPARATION OF JOINT PRE-TRIAL STIPULATION, PRE-TRIAL CONFERENCE AND COURT"S SCHEDULING ORDER. | 0.1 | $375 | $37.50 |
| 8/6/2014 | CAM | REVIEW AND ANALYZE MULTIPLE E-MAILS FROM EFPAR'S COUNSEL RE PREPARATION OF JOINT PRE-TRIAL ORDER. | 0.2 | $375 | $75.00 |
| 8/6/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE PRE-TRIAL CONFERENCE. | 0.1 | $375 | $37.50 |
| 9/26/2014 | CAM | EXCHANGE E-MAILS WITH M. ORH RE ISSUES RE UPCOMING PRE-TRIAL CONFERENCE. | 0.2 | $375 | $75.00 |
| 10/1/2014 | CAM | TELEPHONE CONFERENCE WITH S. REISS RE EVENTS OCCURRING AT CHAPTER 11STATUS CONFERENCE, CONTINUING TRIAL AND VARIOUS RELATED DEADLINES, AND RE RESCHEDULING DEPOSITIOIN OF B. MICHAELS. | 0.2 | $375 | $75.00 |
| 10/3/2014 | CAM | DRAFT STIPULATION WITH EFPAR'S COUNSEL RE CONTINUING TRIAL AND PRETRIAL CONFERENCE, AND RE EXTENDING DISCOVERY COMPLETION DEADLINE, DEADLINE FOR FILING DIRECT TESTIMONY DECLARATIONS, OBJECTIONS AND RELATED | 0.7 | $375 | $262.50 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| | | DOCUMENTS. | | | |
| 11/11/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU RE ISSUES RE PREPARATION OF JOINT PRE-TRIAL STIPULATION AND ORDER WITH EFPAR. | 0.1 | $375 | $37.50 |
| 11/19/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM JUDGE'S CHAMBERS RE REJECTION OF JOINT PRE-TRIAL ORDER DUE TO EFPAR'S FAILURE TO SIGN SAME. | 0.2 | $375 | $75.00 |
| 11/19/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND EXECUTED JOINT PRE-TRIAL ORDER RECEIVED FROM EFPAR1S COUNSEL. | 0.1 | $375 | $37.50 |
| 11/21/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE ISSUES RE JOINT PRE-TRIAL CONFERENCE AND TRIAL SCHEDULE. | 0.1 | $375 | $37.50 |
| 12/4/2014 | CAM | REVIEW AND ANALYZE JOINT PRE-TRIAL ORDER AS ENTERED BY COURT. | 0.1 | $375 | $37.50 |
| 12/16/2014 | BN | ANALYZE ISSUES RE SCOPE OF PRETRIAL ORDER AND EFFECT OF PRETRIAL ORDER ON TRIAL EVIDENCE. | 2.5 | $300 | $750.00 |

(B) Correspondence (Drafting and Analyzing) and Conferring with Expert Witnesses

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 7/3/2014 | TR | EXCHANGE EMAIL CORRESPONDENCE WITH J. BROKER RE POSSIBLE APPRAISER. | 0.2 | $625 | $125.00 |
| 7/22/2014 | TR | EMAIL CORRESPONDENCE TO POSSIBLE EXPERT WITNESS RE VALUATION. | 0.3 | $625 | $187.50 |
| 7/30/2014 | TR | EXCHANGE EMAIL CORRESPONDENCE WITH POSSIBLE EXPERT WITNESS. | 0.2 | $625 | $125.00 |
| 9/12/2014 | CAM | TELEPHONE CONFERENCE WITH APPRAISER G. ELLIS RE EXPERT WITNESS SERVICES OF SAME FOR TRIAL RE EFPAR'S CLAIM AND DEBTOR'S OBJECTION TO SAME, CASE FACTS AND DOCUMENTS, AND ISSUES IN LITIGATION. | 0.4 | $375 | $150.00 |
| 9/12/2014 | CAM | TELEPHONE CONFERENCE WITH APPRAISER M. MASON RE EXPERT WITNESS SERVICES OF SAME FOR | 0.1 | $375 | $37.50 |

| | | TRIAL RE EFPAR'S CLAIM AND DEBTOR'S OBJECTION TO SAME. | | | |
|---|---|---|---|---|---|
| 9/12/2014 | CAM | TELEPHONE CONFERENCE WITH APPRAISER B. LOFGREN  RE EXPERT WITNESS SERVICES OF SAME FOR TRIAL RE EFPAR'S CLAIM AND DEBTOR'S OBJECTION TO SAME. | 0.1 | $375 | $37.50 |
| 9/15/2014 | CAM | DRAFT CORRESPONDENCE TO APPRAISER M. MASON RE ISSUES RE CASE FACTS, LITIGATION WITH EFPAR, HIRING SAME AS TRIAL EXPERT, ETC. | 0.1 | $375 | $37.50 |
| 9/15/2014 | CAM | TELEPHONE CONFERENCE WITH APPRAISER M. MASON RE ISSUES RE CASE FACTS AND ISSUES RE DEBTOR'S LITIGATION WITH EFPAR, HIRING SAME AS TRIAL EXPERT, AND RELATED ISSUES. | 0.3 | $375 | $112.50 |
| 9/15/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE,  PROPOSAL AND RESUME RECEIVED FROM APPRAISER B. LOFGREN. | 0.1 | $375 | $37.50 |
| 9/15/2014 | CAM | TELEPHONE CONFERENCE WITH APPRAISER B. LOFGREN RE CASE FACTS AND ISSUES, ANDR E HIRING SAME AS DEBTOR'S EXPERT RE TRIAL RE DEBTOR'S OBJECTION TO EFPAR'S CLAIM. | 0.3 | $375 | $112.50 |
| 9/15/2014 | CAM | PREPARE CORRESPONDENCE TO APPRAISER B. LOFGREN RE CASE FACTS AND ISSUES, AN RE HIRING SAME AS DEBTOR'S EXPERT RE TRIAL RE DEBTOR'S OBJECTION TO EFPAR'S CLAIM. | 0.2 | $375 | $75.00 |
| 9/16/2014 | CAM | EXCHANGE E-MAILS WITH APPRAISER B. LOFGREN RE SAME BEING DEBTOR'S VALUATION RE EFPAR LITIGATION. | 0.2 | $375 | $75.00 |
| 9/17/2014 | CAM | EXCHANGE E-MAILS WITH APPRAISER M. MASON RE ISSUES RE HIS REFERENCES, AND RE RETAINING SAME RE DEBTOR'S OBJECTION TO EFPAR'S CLAIM. | 0.2 | $375 | $75.00 |
| 9/17/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND CV RECEIVED FROM APPRAISER MIKE MASON RE HIRING SAME IN CONNECTION WITH TRIAL OF DEBTOR'S OBJECTION TO EFPAR'S | 0.2 | $375 | $75.00 |

| | | CLAIM. | | | |
|---|---|---|---|---|---|
| 9/17/2014 | CAM | DRAFT CORRESPONDENCE TO APPRAISER M. MASON RE OBTAINING ADDITIONAL INFORMATION FROM SAME. | 0.2 | $375 | $75.00 |
| 9/18/2014 | CAM | REVIEW CORRESPONDENCE FROM APPRAISER M. MASON RE EFPAR CLAIM. | 0.1 | $375 | $37.50 |
| 9/24/2014 | CAM | DRAFT CORRESPONDENCE TO DEBTOR'S APPRAISER, B. LOFGREN, RE ISSUES RE CASE FACTS AND RE DEBTOR HIRING SAME AS EXPERT WITNESS RE EFPAR TRIAL. | 0.2 | $375 | $75.00 |
| 9/24/2014 | CAM | TELEPHONE CONFERENCE WITH DEBTOR'S APPRAISER RE CASE FACTS AND DOCUMENTS, AND RE DEBTOR HIRING SAME. | 0.2 | $375 | $75.00 |
| 9/25/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND ENGAGEMENT AGREEMENT RECEIVED FROM APPRAISER B. LOFGREN. | 0.2 | $375 | $75.00 |
| 9/25/2014 | CAM | PREPARE CORRESPONDENCE TO B. LOFGREN RE HIRING SAME AND PROVIDING DOCUMENTS TO SAME. | 0.1 | $375 | $37.50 |
| 9/26/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE  FROM APPRAISER B. LOFGREN RE PROVIDING SAME WITH DOCUMENTS AND INFORMATION. | 0.1 | $375 | $37.50 |
| 9/26/2014 | CAM | PREPARE DETAILED CORRESPONDENCE AND MULTIPLE ENCLOSURES TO B. LOFGREN RE CASE FACTS AND DOCUMENTS RELEVANT TO EFPAR DISPUTE AND PREPARATION OF APPRAISAL OF REAL PROPERTY. | 0.5 | $375 | $187.50 |
| 9/26/2014 | CAM | PREPARE SECOND E-MAIL AND MULTIPLE ENCLOSURES TO APPRAISER B. LOFGREN RE CORRESPONDENCE AND MULTIPLE ENCLOSURES TO B. LOFGREN RE CASE FACTS AND DOCUMENTS RELEVANT TO EFPAR DISPUTE AND PREPARATION OF APPRAISAL OF REAL PROPERTY. | 0.3 | $375 | $112.50 |
| 9/26/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE PROVIDING DOCUMENTS AND INFORMATION TO APPRAISER B. LOFGREN RE CASE FACTS AND DOCUMENTS RELEVANT TO EFPAR | 0.8 | $375 | $300.00 |

| | | DISPUTE AND PREPARATION OF APPRAISAL OF REAL PROPERTY. | | | |
|---|---|---|---|---|---|
| 9/29/2014 | CAM | PREPARE CORRESPONDENCE AND MULTIPLE ENCLOSURES TO B. LOFGREN RE PROVIDING DOCUMENTS TO SAME RE ANALYZING VALUE OF DEBTOR'S REAL PROPERTY RE LITIGATION WITH EFPAR. | 0.3 | $375 | $112.50 |
| 9/29/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM B. LOFGREN RE PROVIDING DOCUMENTS TO SAME. | 0.1 | $375 | $37.50 |
| 10/10/2014 | CAM | TELEPHONE CONFERENCE WITH B. LOFGREN RE APPRAISAL REPORT PREPARED BY SAME AND ISSUES RE PROPERTY VALUATION. | 0.3 | $375 | $112.50 |
| 10/28/2014 | CAM | DRAFT CORRESPONDENCE TO B. LOFGREN RE EFPAR TRIAL AND SCHEDULING OF SAME. | 0.1 | $375 | $37.50 |
| 10/31/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND DOCUMENT FROM DEBTOR'S APPRAISER, B. LOFGREN, RE APPRAISAL REPORT. | 0.2 | $375 | $75.00 |
| 10/31/2014 | CAM | DRAFT CORRESPONDENCE TO DEBTOR'S APPRAISER, B. LOFGREN, RE APPRAISAL REPORT. | 0.1 | $375 | $37.50 |
| 11/21/2014 | CAM | PREPARE DETAILED CORRESPONDENCE ANO ENCLOSURE TO REAL ESTATE EXPERT R. RIEMER RE DOWENT POSSIBLY HIRING SAME RE EFPAR TRIAL, CASE FACTS, PARTIES IDENTITIES AND HISTORY OF PRIOR STATE COURT LITIGATION AND TESTIMONY GIVEN BY SAME IN STATE COURT LITIGATION. | 0.4 | $375 | $150.00 |
| 11/21/2014 | TR | REVIEW ENGAGEMENT AGREEMENT FOR POTENTIAL EXPERT WITNESS IN EFPAR MATTER. | 0.2 | $625 | $125.00 |
| 11/24/2014 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO R. RIEMER RE EXECUTED ENGAGEMENT LETIER, PAYMENT OF RETAINER AND ISSUES RE HIRING SAME AS EXPERT RE TRIAL WITH EFPAR. | 0.2 | $375 | $75.00 |
| 12/1/2014 | CAM | TELEPHONE CONFERENCE WITH B. LOFGREN RE TRIAL PREPARATION ISSUES. | 0.1 | $375 | $37.50 |
| 12/2/2014 | CAM | TELEPHONE CONFERENCE WITH B. LOFGREN RE TRIAL PREPARATION | 0.2 | $375 | $75.00 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| | | ISSUES. | | | |
| 12/16/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM B. LOFGREN RE TRIAL PREPARATION ISSUES. | 0.1 | $375 | $37.50 |

(C) Drafting Joint Pre-Trial Stipulation (and other work related to)

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 8/12/2014 | TR | REVIEW AND REVISE EFPAR JOINT PRETRIAL STIPULATION. | 0.8 | $625 | $500.00 |
| 9/15/2014 | CAM | DRAFT JOINT PRE-TRIAL STIPULATION AND ORDER, EXHIBIT LIST AND WITNESS LIST. | 0.6 | $375 | $225.00 |
| 9/15/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE DRAFTING JOINT PRE-TRIAL STIPULATION AND ORDER, EXHIBIT LIST AND WITNESS LIST. | 0.7 | $375 | $262.50 |
| 10/21/2014 | CAM | REVIEW AND ANALYZE PARTY AND NON-PARTY DOCUMENT PRODUCTIONS FROM PREPETITION STATE COURT LITIGATION RECEIVED FROM B. BROUSSEAU RE PREPARATION FOR TRIAL WITH EFPAR, AND PREPARING JOINT PRE-TRIAL ORDER, AND EXHIBIT LSIT AND BINDER. | 0.5 | $375 | $187.50 |
| 10/22/2014 | CAM | PREPARE JOINT PRE-TRIAL STIPULATION AND ORDER, EXHIBIT LIST AND EXHIBIT BINDER RE LITIGATION WITH EFPAR. | 0.6 | $375 | $225.00 |
| 10/30/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE PREPARATION OF JOINT PRE-TRIAL STIPULATION AND ORDER, AND EXHIBIT LIST RE LITIGATION WITH EFPAR. | 0.6 | $375 | $225.00 |
| 11/6/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE PREPARATION OF TRIAL EXHIBITS AND EXHIBIT LIST, AND RE DRAFTING JOINT PRE-TRIAL STIPULATION. | 0.7 | $375 | $262.50 |
| 11/6/2014 | CAM | DRAFT JOINT PRE-TRIAL STIPULATION AND ORDER, AND EXHIBIT AND WITNESS LISTS. | 1.8 | $375 | $675.00 |
| 11/7/2014 | CAM | DRAFT PROPOSED JOINT PRE-TRIAL STIPULATION AND ORDER. | 3.3 | $375 | $1,237.50 |
| 11/7/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE DRAFTING DRAFT JOINT PRE-TRIAL STIPULATION AND ORDER, AND IDENTIFYING TRIAL EXHIBITS AND | 1.4 | $375 | $525.00 |

| | | PREPARING EXHIBIT BINDER. | | | |
|---|---|---|---|---|---|
| 11/10/2014 | CAM | DRAFT JOINT PRE-TRIAL STIPULATION AND ORDER. | 4.7 | $375 | $1,762.50 |
| 11/10/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE DRAFTING JOINT PRE-TRIAL STIPULATION AND ORDER. | 1 | $375 | $375.00 |
| 11/11/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND DRAFT OF JOINT PRE-TRIAL STIPULATION AND ORDER RECEIVED FROM EFPAR'S COUNSEL. | 0.4 | $375 | $150.00 |
| 11/11/2014 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO EFPAR'S COUNSEL RE DRAFT OF JOINT PRE-TRIAL STIPULATION AND ORDER, AND ISSUES RE SAME. | 0.3 | $375 | $112.50 |
| 11/11/2014 | CAM | DRAFT REVIEW / REVISE JOINT PRE-TRIAL STIPULATION AND ORDER RE DEBTOR'S OBJECTION TO EFPAR'S CLAIM. | 1.5 | $375 | $562.50 |
| 11/13/2014 | CAM | REVIEW AND ANALYZE (PRELIMINARILY)  CORRESPONDENCE AND REVISED DRAFT OF JOINT PRETRIAL ORDER RECEIVED FROM EFPAR'S COUNSEL. | 0.2 | $375 | $75.00 |
| 11/14/2014 | CAM | REVIEW AND ANALYZE SECOND E-MAIL FROM EFPAR'S COUNSEL RE ARRANGING MEET AND CONFER RE JOINT PRE-TRIAL STIPULATION AND ORDER. | 0.1 | $375 | $37.50 |
| 11/14/2014 | CAM | DRAFT CORRESPONDENCE TO EFPAR'S COUNSEL RE ISSUES RE PREPARATION OF JOINT PRE-TRIAL STIPULATION AND ORDER, AND RE ARRANGING MEET AND CONFER PHONE CALL RE SAME. | 0.1 | $375 | $37.50 |
| 11/14/2014 | CAM | REVIEW AND ANALYZE REVISED DRAFT OF JOINT PRE-TRIAL STIPULATION AND ORDER RECEIVED FROM EFPAR'S COUNSEL AND ANALYZE ISSUES RE SAME. | 0.8 | $375 | $300.00 |
| 11/14/2014 | CAM | DRAFT PROPOSED FURTHER REVISONS TO JOINT PRE-TRIAL STIPULATION AND ORDER. | 0.8 | $375 | $300.00 |
| 11/14/2014 | CAM | DRAFT CORRESPONDENCE TO EFPAR'S COUNSEL RE REVISIONS TO JOINT PRE-TRIAL ORDER AND ARRANGING TELEPHONE CALL TO DISCUSS SAME. | 0.1 | $375 | $37.50 |
| 11/14/2014 | CAM | REVIEW AND ANALYZE E-MAIL FROM EFPAR'S COUNSEL RE ARRANGING MEET AND CONFER RE JOINT PRE-TRIAL STIPULATION AND ORDER. | 0.1 | $375 | $37.50 |

| 11/14/2014 | TR | REVIEW EFPAR REVISIONS TO JOINT PRETRIAL STIPULATION. | 1 | $625 | $625.00 |
|---|---|---|---|---|---|
| 11/17/2014 | CAM | TELEPHONE CONFERENCE WITH EFPAR'S  COUNSEL RE NEGOTIATING TERMS OF JOINT PRE-TRIAL STIPULATION AND ORDER. | 0.4 | $375 | $150.00 |
| 11/17/2014 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO EFPAR'S COUNSEL RE FURTHER REVISED DRAFT OF JOINT PRE-TRIAL STIPULATION AND ORDER FOR EXECUTION OF SAME, AND RE ISSUES RE EXCHANGE OF TRIAL EXHIBITS. | 0.2 | $375 | $75.00 |
| 11/17/2014 | CAM | DRAFT / REVIEW / REVISE JOINT PRE-TRIAL STIPULATION AND ORDER, AND EXHIBIT AND WITNESS LIST, RE TRIAL WITH EFPAR. | 0.8 | $375 | $300.00 |
| 11/17/2014 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO EFPAR'S COUNSEL RE FINALIZED DRAFT OF JOINT PRE-TRIAL STIPULATION AND ORDER FOR EXECUTION OF SAME, AND RE CERTAIN CORRECTIONS THAT WERE MADE TO STIPULATION AND ORDER. | 0.2 | $375 | $75.00 |
| 11/17/2014 | TR | ANALYZE ISSUES RE JOINT PRETRIAL STIPULATION WITH  EFPAR. | 0.4 | $625 | $250.00 |
| 11/18/2014 | CAM | DRAFT CORRESPONDENCE TO EFPAR'S COUNSEL NEED TO LODGE PRE-TRIAL ORDER UNILATERALLY DUE TO FAILURE OF SAME TO PROVIDE COMPLETED SIGNATURE  PAGE. | 0.1 | $375 | $37.50 |
| 11/18/2014 | CAM | DRAFT DECLARATION OF C. MINIER RE UNILATERALLY LODGING PROPOSED JOINT PRE-TRIAL STIPULATION AND ORDER. | 0.3 | $375 | $112.50 |
| 11/18/2014 | CAM | FINALIZE JOINT PRE-TRIAL ORDER, WITNESS LIST AND EXHIBIT LIST. | 0.3 | $375 | $112.50 |
| 11/18/2014 | CAM | DRAFT CORRESPONDENCE TO EFPAR'S COUNSEL RE GETTING SAME TO SIGN PRE-TRIAL ORDER, AND RE PARTIES STIPULATING TO ADMISSIBILITY OF EACH OTHER'S TRIAL EXHIBITS. | 0.1 | $375 | $37.50 |
| 11/19/2014 | CAM | FINALIZE JOINT PRE-TRIAL STIPULATION AND ORDER FOR RE-FILING WITH SIGNATURE OF EFPAR'S COUNSEL. | 0.2 | $375 | $75.00 |
| 12/4/2014 | CAM | DRAFT SUPPLEMENT TO JOINT PRE-TRIAL STIPULATION AND ORDER RE DEBTOR'S STIPULATION TO AUTHENTICITY / FOUNDATION OF | 0.4 | $375 | $150.00 |

| | | CERTAIN OF EFPAR'S TRIAL EXHIBITS AND OBJECTIONS TO OTHER EXHIBITS PER INSTRUCTION OF COURT AT PRE-TRIAL CONFERENCE. | | | |
|---|---|---|---|---|---|

(D) Correspondence and Conferring re: Settlement

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 9/12/2014 | TR | TELEPHONE CONFERENCE WITH SAUL REISS RE SETTLEMENT OPTIONS RE EFPAR. | 0.5 | $625 | $312.50 |
| 9/12/2014 | TR | TELEPHONE CONFERENCE WITH F. ADAMS RE EFPAR SETTLEMENT NEGOTIATIONS. | 0.1 | $625 | $62.50 |
| 9/12/2014 | TR | TELEPHONE CONFERENCE WITH ROGER HSU RE SETTLEMENT OPTIONS RE EFPAR | 0.5 | $625 | $312.50 |
| 9/15/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU AND T. RINGSTAD RE ISSUES RE ATIEMPTING TO NEGOTIATE SETTLEMENT  WITH EFPAR. | 0.2 | $375 | $75.00 |
| 9/15/2014 | TR | EXCHANGE EMAIL CORRESPONDENCE WITH S. REISS RE SETTLEMENT STATUS. | 0.2 | $625 | $125.00 |
| 9/15/2014 | TR | TELEPHONE CONFERENCE WITH R. HSU RE SETTLEMENT DISCUSSIONS WITH EFPAR. | 0.2 | $625 | $125.00 |
| 9/16/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU RE ISSUES RE SETTLEMENT NEGOTIATIONS WITH EFPAR, ISSUES RE SAME AND RE PREPARATION FOR TRIAL WITH EFPAR. | 0.5 | $375 | $187.50 |
| 9/17/2014 | CAM | REVIEW AND ANALYZE MULTIPLE E-MAILS FROM R. HSU AND T. RINGSTAD RE ISSUES RE POSSIBILITY OF NEGOTIATING SETTLEMENT WITH EFPAR. | 0.1 | $375 | $37.50 |
| 9/17/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU RE ISSUES RE EFFORTS TO NEGOTIATE SETTLEMENT WITH EFPAR AND RE TRIAL PREPARATION RE DEBTOR'S OBJECTION TO EFPAR'S CLAIM. | 0.4 | $375 | $150.00 |
| 9/17/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM R. HSU RE ISSUES RE EFFORTS TO NEGOTIATE SETTLEMENT WITH EFPAR AND MEETING WITH | 0.1 | $375 | $37.50 |

| | | CLIENTS RE SAME. | | | |
|---|---|---|---|---|---|
| 9/17/2014 | TR | EXCHANGE EMAIL CORRESPONDENCE WITH R. HSU RE POSSBILE MEETING TO DISCUSS SETTLEMENT. | 0.1 | $625 | $62.50 |
| 9/22/2014 | CAM | DRAFT CORRESPONDENCE TO EFPAR'S COUNSEL RE ISSUES RE SETTLEMENT AND POSSIBLE CONTINUANCE OF TRIAL. | 0.2 | $375 | $75.00 |
| 9/22/2014 | TR | MEET AND CONFER WITH STEVE AND MICHELLE ORH RE SETTLEMENT ISSUES AND STRATEGY. | 1.8 | $625 | $1,125.00 |
| 9/22/2014 | TR | TELEPHONE CONFERENCE WITH SAUL REISS RE SETTLEMENT AND TRIAL DATE. | 0.2 | $625 | $125.00 |
| 9/23/2014 | CAM | DRAFT CORRESPONDENCE TO R. HSU RE SETTLEMENT NEGOTIATIONS WITH EFPAR. | 0.1 | $375 | $37.50 |
| 9/23/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU RE ISSUES RE ATTEMPTING TO NEGOTIATE SETTLEMENT WITH EFPAR. | 0.2 | $375 | $75.00 |
| 9/23/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU AND T. RINGSTAD RE ATIEMPTING TO NEGOTIATE SETTLEMENT WITH EFPAR, AND RE TRIAL PREPARATION. | 0.2 | $375 | $75.00 |
| 9/23/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM M. ORH RE SETTLEMENT NEGOTIATIONS WITH EFPAR. | 0.2 | $375 | $75.00 |
| 9/23/2014 | CAM | TELEPHONE CONFERENCE WITH M. ORH RE SETTLEMENT NEGOTIATIONS WITH EFPAR. | 0.1 | $375 | $37.50 |
| 9/23/2014 | TR | EMAIL CORRESPONDENCE TO S. REISS RE EFPAR'S REJECTION OF SETTLEMENT OFFER. | 0.2 | $625 | $125.00 |
| 9/23/2014 | TR | EMAIL CORRESPONDENCE TO S. REISS RE SETTLEMENT. | 0.1 | $625 | $62.50 |
| 9/23/2014 | TR | DRAFT SETTLEMENT OFFER TO EFPAR. | 0.3 | $625 | $187.50 |
| 9/23/2014 | TR | TELEPHONE CONFERENCE WITH S. REISS RE SETTLEMENT OFFER. | 0.2 | $625 | $125.00 |
| 9/23/2014 | TR | EMAIL CORRESPONDENCE FROM R. HSU AND MICHELLE ORH RE SETTLEMENT OFFER. | 0.1 | $625 | $62.50 |
| 9/23/2014 | TR | ANALYZE EMAIL CORRESPONDENCE FROM M. ORH RE SETTLEMENT OFFER AND ISSUES RE SAME. | 0.3 | $625 | $187.50 |
| 9/24/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU RE SETTLEMENT NEGOTIATIONS WITH EFPAR, OBTAINING DOCUMENTS RE SAME AND RE TRIAL | 0.2 | $375 | $75.00 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| | | PREPARATION. | | | |
| 9/25/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM M. ORH RE SETTLEMENT NEGOTIATIONS WITH EFPAR. | 0.1 | $375 | $37.50 |
| 9/25/2014 | CAM | DRAFT CORRESPONDENCE TO M. ORH RE SETTLEMENT COUNTEROFFER RECEIVED FROM EFPAR. | 0.1 | $375 | $37.50 |
| 10/16/2014 | TR | REVISE DRAFT LETIER TO M. ORH RE SETTLEMENT ISSUES WITH EFPAR. | 0.5 | $625 | $312.50 |

(E) Correspondence (Drafting and Analyzing) re: Continuing Trial

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 9/18/2014 | CAM | EXCHANGE E-MAILS WITH EFPAR'S COUNSEL RE POSSIBLE CONTINUANCE OF TRIAL. | 0.2 | $375 | $75.00 |
| 9/18/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE POSSIBLE POSTPONEMENT OF TRIAL. | 0.1 | $375 | $37.50 |
| 9/18/2014 | CAM | DRAFT CORRESPONDENCE TO EFPAR'S COUNSEL RE ISSUES RE POSSIBLE CONTINUANCE OF TRIAL AND POTENTIAL PROBLEMS THAT CONTINUANCE WOULD CAUSE. | 0.2 | $375 | $75.00 |
| 9/22/2014 | CAM | TELEPHONE CONFERENCE WITH ASSISTANT TO EFPAR'S COUNSEL RE REQUEST OF SAME TO CONTINUE TRIAL. | 0.1 | $375 | $37.50 |
| 10/3/2014 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO S. REISS RE DRAFT OF STIPULATION TO CONTINUE TRIAL, PRE-TRIAL CONFERENCE AND VARIOUS DEADLINES. | 0.2 | $375 | $75.00 |
| 10/3/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE DRAFTING STIPULATION WITH EFPAR'S COUNSEL RE CONTINUING TRIAL AND PRETRIAL CONFERENCE, AND RE EXTENDING DISCOVERY COMPLETION DEADLINE, DEADLINE FOR FILING DIRECT TESTIMONY DECLARATIONS, OBJECTIONS AND RELATED DOCUMENTS. | 0.1 | $375 | $37.50 |
| 10/5/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE  AND EXECUTED STIPULATION CONTINUING TRIAL AND OTHER DEADLINES RECEIVED FROM S. | 0.1 | $375 | $37.50 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| | | REISS. | | | |
| 10/5/2014 | CAM | DRAFT CORRESPONDENCE TO S. REISS RE STIPULATION CONTINUING TRIAL AND OTHER DEADLINES. | 0.1 | $375 | $37.50 |
| 10/7/2014 | CAM | DRAFT CORRESPONDENCE TO S. REISS RE COURT'S ENTRY OF ORDER ON STIPULATION CONTINUING TRIAL, EXTENDING DEADLINES AND TAKING STATUS CONFERENCE OFF CALENDAR, AND RE SCHEDULING DEPOSITION OF D. WAN. | 0.1 | $375 | $37.50 |

(F) Conferring and Correspondence (Drafting and Analyzing) re: Claim Litigation/Claim Objection

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 8/11/2014 | BN | REVIEW PLEADINGS FILED IN CONNECTION WITH OBJECTION TO EFPAR CLAIM. | 0.5 | $300 | $150.00 |
| 9/22/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU RE MEETING WITH CLIENT'S PRINCIPALS RE EFPAR CLAIM LITIGAITON. | 0.1 | $375 | $37.50 |
| 9/22/2014 | CAM | TELEPHONE CONFERENCE WITH M. ORH RE MEETING RE EFPAR CLAIM OBJECTION. | 0.1 | $375 | $37.50 |
| 9/22/2014 | CAM | EXCHANGE E-MAILS WITH M. ORH RE EFPAR CLAIM LITIGATION AND MEETING RE SAME. | 0.2 | $375 | $75.00 |
| 9/22/2014 | CAM | MEET AND CONFER WITH M. ORH, S. ORH, R. HSU AND T. RINGSTAD RE EFPAR CLAIM LITIGATION. | 1.8 | $375 | $675.00 |
| 9/22/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM R. HSU RE MEETING WITH MICHELLE AND SAHM ORH. | 0.1 | $375 | $37.50 |
| 9/23/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND DOCUMENTS FROM R. HSU RE EXHIBITS TO DEPOSITION TRANSCRIPTS RE TRIAL PREPARATION RE OBJECTION TO EFPAR'S CLAIM. | 0.2 | $375 | $75.00 |
| 9/24/2014 | CAM | DRAFT CORRESPONDENCE TO R. HSU AND M. ORH RE OBTAINING ADDITIONAL DOCUMENTS FROM SAME RE EFPAR1S CLAIM. | 0.2 | $375 | $75.00 |
| 9/24/2014 | CAM | EXCHANGE E-MAILS WITH M. ORH RE ISSUES RE TRIAL OF EFPAR'S CLAIM. | 0.1 | $375 | $37.50 |
| 9/24/2014 | CAM | REVIEW AND ANALYZE | 0.7 | $375 | $262.50 |

| | | (PRELIMINARILY) EFPAR'S DIRECT TRIAL TESTIMONY DECLARATIONS AND EXHIBITS. | | | |
|---|---|---|---|---|---|
| 10/1/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU RE LITIGATION WITH EFPAR, DEPOSITIONS THAT HAVE BEEN TAKEN IN CONNECTION WITH SAME, AND TRIAL STRATEGY RE SAME. | 0.7 | $375 | $262.50 |
| 10/8/2014 | CAM | DRAFT DETAILED CORRESPONDENCE TO S. AND M. ORH RE INFORMATION LEARNED FROM RECENT DEPOSITIONS AND RE EVIDENCE EXPECTED TO BE PRESENTED AT TRIAL OF OBJECTION TO EFPAR'S CLAIM AND ISSUES RE SAME. | 1.2 | $375 | $450.00 |
| 10/9/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE PREPARATION OF DETAILED LETTER TO S. AND M. ORH RE EVIDENCE EXPECTED TO BE PRESENTED AT TRIAL OF OBJECTION TO EFPAR'S CLAIM AND ISSUES RE SAME. | 0.6 | $375 | $225.00 |
| 10/9/2014 | CAM | DRAFT DETAILED LEITER TO S. AND M. ORH RE EVIDENCE EXPECTED TO BE PRESENTED ATTRIAL OF OBJECTION TO EFPAR'S CLAIM AND ISSUES RE SAME. | 1.8 | $375 | $675.00 |
| 10/10/2014 | CAM | DRAFT DETAILED CORRESPONDENCE TO M. ORH RE ANALYSIS OF FACTS, EVIDENCE CLAIMS AND DEFENSES AT ISSUES IN LITIGATION WITH EFPAR AND RECOMMENDED STRATEGY RE SAME. | 0.7 | $375 | $262.50 |
| 10/10/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE DRAFTING CORRESPONDENCE TO M. ORH RE ISSUES RE EFPAR LITIGATION. | 0.3 | $375 | $112.50 |
| 10/13/2014 | CAM | EXCHANGE E-MAILS WITH M. ORH RE ISSUES RE EFPAR LITIGATION AND TRIAL PREPARATION. | 0.2 | $375 | $75.00 |
| 10/13/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE DRAFTING DETAILED CORRESPONDENCE TO M. ORH ANALYZING ISSUES RE LITIGATION CONCERNING EFPAR'S CLAIM. | 0.3 | $375 | $112.50 |
| 10/13/2014 | CAM | DRAFT DETAILED CORRESPONDENCE TO M. ORH ANALYZING ISSUES RE LITIGATION CONCERNING EFPAR'S CLAIM. | 0.7 | $375 | $262.50 |
| 10/19/2014 | CAM | EXCHANGE E-MAILS WITH P. | 0.1 | $375 | $37.50 |

| | | ROSENBAUM RE STATUS OF LITIGATION WITH EFPAR. | | | |
|---|---|---|---|---|---|
| 10/20/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM P. ROSENBAUM RE STATUS OF CLAIM LITIGATION WITH EFPAR. | 0.1 | $375 | $37.50 |
| 10/20/2014 | CAM | REVISE / FINALIZE LENGTHY LETIER TO MICHELLE AND SAHM ORH RE ANALYSIS OF ISSUES AND FACTS IN EFPAR LITIGATION IN LIGHT OF APPLICABLE LAW AND ANTICIPATED RESULT OF TRIAL RE SAME. | 0.6 | $375 | $225.00 |
| 10/21/2014 | CAM | REVIEW AND ANALYZE MULTIPLE E-MAILS AND MULTIPLE DOCUMENTS RECEIVED FROM M. ORH RE ISSUES IN LITIGATION WITH EFPAR, DOCUMENTS RELEVANT TO PARTIES' CLAIMS AND DEFENSES RE SAME AND RE POSSIBILITY OF SETTLEMENT OF DISPUTE, AND ANALYZE ISSUES RE SAME. | 0.3 | $375 | $112.50 |
| 10/21/2014 | CAM | REVIEW AND ANALYZE MULTIPLE E-MAILS AND DOCUMENTS RECEIVED FROM M. ORH RE LITIGATION WITH EFPAR. | 0.3 | $375 | $112.50 |
| 10/23/2014 | CAM | REVIEW AND ANALYZE MULTIPLE E-MAILS AND DOCUMENTS RECEIVED FROM M. ORH RE LITIGATION WITH EFPAR. | 0.3 | $375 | $112.50 |
| 10/23/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND DOCUMENT RECEIVED FROM R. HSU RE EFPAR LITIGATION AND PREPARING FOR TRIAL RE SAME. | 0.2 | $375 | $75.00 |
| 10/30/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU RE STATE LAW LEGAL ISSUES RELATED TO LITIGATION WITH EFPAR. | 0.3 | $375 | $112.50 |
| 10/30/2014 | CAM | REVIEW AND ANALYZE (PRELIMINARILY) LEGAL RESEARCH RECEIVED FROM R. HSU RE LITIGATION WITH EFPAR. | 0.4 | $375 | $150.00 |
| 11/3/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND (PRELIMINARILY) LEGAL RESEARCH RECEIVED FROM J. LIU. | 0.2 | $375 | $75.00 |
| 11/18/2014 | CAM | REVIEW AND ANALYZE MULTIPLE E-MAILS AND DOCUMENTS RECEIVED FROM EFPAR'S COUNSEL RE STIPULATING TO AUTHENTICITY OF | 0.8 | $375 | $300.00 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| | | EFPAR'S TRIAL OBJECTIONS. | | | |
| 11/20/2014 | CAM | REVIEW AND ANALYZE SECOND CORRESPONDENCE FROM EFPAR'S COUNSEL RE ISSUES RE VARIOUS DEADLINES ASSOCIATED WITH TRIAL. | 0.1 | $375 | $37.50 |
| 12/2/2014 | CAM | EXCHANGE E-MAILS WITH M. ORH RE ISSUES RE TRIAL WITH EFPAR. | 0.1 | $375 | $37.50 |
| 12/2/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU RE LEGAL AND FACTUAL ISSUES RE UPCOMING TRIAL WITH EFPAR. | 0.5 | $375 | $187.50 |
| 12/5/2014 | CAM | EXCHANGE E-MAILS WITH P. ROSENBAUM RE STATUS OF LITIGATION WITH EFPAR. | 0.1 | $375 | $37.50 |

(G) Preparing Trial Exhibits and Work Related to Preparing Trial Exhibits and Witness Lists

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 11/11/2014 | CAM | PREPARE TRIAL EXHIBIT LIST AND TRIAL EXHIBITS RE DEBTOR'S OBJECTION TO EFPAR'S CLAIM. | 0.8 | $375 | $300.00 |
| 11/11/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND DOCUMENTS RECEIVED FROM J. LIU RE PREPARATION OF TRIAL EXHIBITS RE OBJECTION TO EFPAR'S CAIM. | 0.2 | $375 | $75.00 |
| 11/11/2014 | CAM | PREPARE DEBTOR'S TRIAL WITNESS LIST RE DEBTOR'S OBJECTION TO EFPAR'S CLAIM. | 0.4 | $375 | $150.00 |
| 11/11/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE PREPARATION OF DEBTOR'S TRIAL EXHIBIT LIST AND TRIAL EXHIBITS RE DEBTOR'S OBJECTION TO EFPAR'S CLAIM. | 0.7 | $375 | $262.50 |
| 11/11/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU AND J. LIU RE OBTAINING DOCUMENTS FROM SAME RE PREPARING TRIAL EXHIBITS RE OBJECTION TO EFPAR'S CLAIM. | 0.2 | $375 | $75.00 |
| 11/17/2014 | CAM | REVIEW AND ANALYZE MULTIPLE TRIAL EXHIBITS RECEIVED FROM EFPAR'S COUNSEL, AND ANALYZE ISSUES RE STIPULATING TO AUTHENTICITY OF EXHIBITS. | 0.9 | $375 | $337.50 |
| 12/4/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS | 0.6 | $375 | $225.00 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| | | RE PREPARATION OF DEBTOR'S FINAL TRIAL EXHIBIT LIST PER INSTRUCTION OF COURT AT PRE-TRIAL CONFERENCE. | | | |
| 12/4/2014 | CAM | DRAFT DEBTOR'S FINAL TRIAL EXHIBIT LIST PER INSTRUCTION OF COURT AT PRE-TRIAL CONFERENCE. | 0.6 | $375 | $225.00 |

(H) Preparing and Working on Employment Application

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 11/11/2014 | CAM | DRAFT APPLICATION TO EMPLOY APPRAISER B. LOFGREN RE TRIAL ON DEBTOR'S OBJECTION TO EFPAR'S CLAIM. | 0.2 | $375 | $75.00 |
| 11/13/2014 | CAM | TELEPHONE CONFERENCE WITH APPRAISER  B. LOFGREN RE OBTAINING INFORMATION AND DOCUMENTS FROM SAME RE PREPARATION OF EMPLOYMENT APPLICATION, DECLARATION AND EXHIBITS. | 0.3 | $375 | $112.50 |
| 11/13/2014 | CAM | TELEPHONE CONFERENCE WITH S. CHRIST, B. LOFGREN'S ASSISTANT RE ISSUES RE PEREGRINE EMPLOYMENT APPLICATION AND RE NEED TO PREPARE TRIAL DECLARATION. | 0.3 | $375 | $112.50 |
| 11/13/2014 | CAM | PREPARE CORRESPONDENCE TO S. CHRIST RE PEREGRINE'S EMPLOYMENT APPLICATION AND OBTAINING TRIAL DECLARATION FROM B. LOFGREN. | 0.1 | $375 | $37.50 |
| 11/13/2014 | CAM | DRAFT DEBTOR'S MOTION TO EMPLOY PEREGRINE REALTY / BRAD LOFGREN AND DECLARATIONS; REVIEW / REVISE SAME. | 2.3 | $375 | $862.50 |
| 11/13/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE PREPARATION OF DEBTOR'S APPLICATION TO EMPLOY PEREGRINE REALTY / BRAD LOFGREN, SUPPORTING  DECLARATIONS AND EXHIBITS. | 0.3 | $375 | $112.50 |
| 11/15/2014 | CAM | DRAFT CORRESPONDENCE TO B. LOFGREN RE ISSUES RE EMPLOYMENT APPLICATION OF SAME. | 0.1 | $375 | $37.50 |
| 11/15/2014 | CAM | REVIEW AND ANALYZE E-MAIL AND EXECUTED DECLARATION RECEIVED FROM B. LOFGREN. | 0.1 | $375 | $37.50 |
| 11/17/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE PREPARATION OF DEBTOR'S TRIAL EXHIBITS RE SENDING COPY OF SAME | 0.3 | $375 | $112.50 |

| | | TO EFPAR'S COUNSEL. | | | |
|---|---|---|---|---|---|
| 11/19/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND EXECUTED SIGNATURE PAGES TO APPLICATION TO EMPLOY PEREGRINE REALTY APPRAISER RECEIVED FROM M. ORH. | 0.1 | $375 | $37.50 |
| 11/19/2014 | CAM | FINALIZE APPLICATION TO EMPLOY B. LOFGREN / PEREGRINE, DECLARATION AND EXHIBIT. | 0.2 | $375 | $75.00 |
| 12/23/2014 | CAM | DRAFT PROPOSED ORDER ON DEBTOR'S MOTION TO EMPLOY APPRAISER B. LOFGREN / PEREGRINE REALTY. | 0.5 | $375 | $187.50 |

(I) Correspondence re: Trial Exhibits and Trial Witnesses

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 9/24/2014 | CAM | DRAFT CORRESPONDENCE TO EFPAR1S COUNSEL RE TRIAL DECLARATIONS FILED BY SAME AND RE ISSUES RE DEPOSITIONS OF EFPAR'S TRIAL WITNESSES. | 0.2 | $375 | $75.00 |
| 9/24/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE OBTAINING BASIC INFORMATION RE ONE OF EFPAR'S TRIAL WITNESSES. | 0.1 | $375 | $37.50 |
| 11/18/2014 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURES TO EFPAR'S COUNSEL RE DEBTOR'S ADDITIONAL TRIAL EXHIBITS. | 0.2 | $375 | $75.00 |
| 11/18/2014 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO EFPAR'S COUNSEL RE ADDITIONAL TRIAL EXHIBIT OF DEBTOR. | 0.1 | $375 | $37.50 |

(J) Conferring and Corresponding with Real Estate Expert

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 11/21/2014 | CAM | TELEPHONE CONFERENCE WITH R. RIEMER RE TERMS OF DEBTOR'S EMPLOYMENT OF SAME AS REAL ESTATE TRANSACTION EXPERT RE EFPAR TRIAL AND ISSUES RE SAME. | 0.1 | $375 | $37.50 |
| 11/21/2014 | CAM | TELEPHONE CONFERENCE WITH REAL ESTATE TRANSACTION EXPERT, R. RIEMER, RE POSSIBILITY OF DEBTOR HIRING SAME RE EFPAR TRIAL, AND RE | 0.4 | $375 | $150.00 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| | | CASE FACTS AND ISSUES. | | | |
| 11/21/2014 | CAM | DRAFT CORRESPONDENCE TO R. RIEMER RE REQUESTED REVISIONS TO RETAINER AGREEMENT. | 0.2 | $375 | $75.00 |
| 11/21/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE  AND DOCUMENT RECEIVED FROM R. RIEMER RE DRAFT OF RETAINER AGREEMENT. | 0.2 | $375 | $75.00 |

(K) Review Real Estate Experts/Appraisers and Related Issues

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 7/3/2014 | TR | REVIEW APPRAISER WEBSITE RE QUALIFICATIONS. | 0.3 | $625 | $187.50 |
| 7/22/2014 | TR | RESEARCH RE POSSIBLE EXPERT WITNESS RE VALUATION. | 1 | $625 | $625.00 |
| 9/11/2014 | CAM | REVIEW AND ANALYZE ISSUES RE HIRING APPRAISER RE CLAIM LITIGATION WITH EFPAR. | 0.2 | $375 | $75.00 |
| 9/15/2014 | CAM | RESEARCH RE QUALIFICATIONS OF APPRAISERS B. LOFGREN AND M. MASON RE DEBTOR POTENTIALLY HIRING SAME AS TRIAL EXPERT RE OBJECTION TO CLAIM OF EFPAR. | 0.3 | $375 | $112.50 |
| 11/21/2014 | CAM | RESEARCH RE REAL ESTATE TRANSACTION EXPERT TO TESTIFY AT TRIAL AND TESTIMONY GIVEN BY SAME IN PRIOR LITIGATION. | 0.4 | $375 | $150.00 |

(L) Research re: State Law Issues (e.g. prevailing party, damages)

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 10/10/2014 | BN | RESEARCH RE PREVAILING PARTY FOR PURPOSES OF ATIORNEYS' FEES UNDER CALIFORNIA LAW. | 0.2 | $300 | $60.00 |
| 10/10/2014 | CAM | RESEARCH CASE LAW AND STATUTORY AUTHORITY RE POTENTIAL VALIDITY OF EFPAR'S CLAIM TO BE LIABLE TO LENDER FOR UNDOCUMENTED LOAN COMMITMENT FEE. | 1.6 | $375 | $600.00 |
| 10/10/2014 | CAM | RESEARCH STATUTORY AUTHORITY RE ISSUES RE RECOVERABILITY OF ATIORNEYS' FEES BY PREVAILING PARTY IN EFPAR LITIGATION. | 0.4 | $375 | $150.00 |
| 10/13/2014 | CAM | RESEARCH RE CALIFORNIA CASE LAW | 1.6 | $375 | $600.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | RE RECOVERY OF ATTORNEY'S FEES BY PREVAILING PARTY IN LITIGATION OVER EFPAR'S CLAIM, AND RE HOW PREVAILING PARTY IS DETERMINED. | | | |
| 10/16/2014 | CAM | DRAFT DETAILED LETTER TO S. AND M. ORH RE STATE OF THE LAW REGARDING ISSUES IN LITIGATION WITH EFPAR, APPLICATION OF LAW TO ANTICIPATED FACTS TO BE PRESENTED AT TRIAL, AND ANALYSIS OF LIKELY OUTCOMES ON ISSUES. | 1.8 | $375 | $675.00 |

(M) Analyze Trial Issues and Strategy

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 6/5/2014 | CAM | REVIEW AND ANALYZE ISSUES RE TRIAL OF DEBTOR'S OBJECTION TO PROOF OF CLAIM FILED BY EFPAR AND PREPARING FOR SAME. | 0.2 | $375 | $75.00 |
| 7/3/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE PREPARING FOR TRIAL RE DEBTOR'S OBJECTION TO CLAIM OF EFPAR. | 0.3 | $375 | $112.50 |
| 7/22/2014 | CAM | RESEARCH ISSUES RE PREPARING FOR TRIAL OF EFPAR CLAIM OBJECTION. | 0.4 | $375 | $150.00 |
| 7/22/2014 | TR | ANALYZE ISSUES AND STRATEGY RE OBJECTION TO EFPAR CLAIM. | 0.2 | $625 | $125.00 |
| 9/12/2014 | TR | ANALYZE SETTLEMENT OPTIONS RE EFPAR. | 0.2 | $625 | $125.00 |
| 9/15/2014 | TR | ANALYZE SETTLEMENT OPTIONS AND STRATEGY. | 0.3 | $625 | $187.50 |
| 10/1/2014 | BN | ANALYZE ISSUES RE OBJECTION TO EFPAR CLAIM. | 0.2 | $300 | $60.00 |
| 10/14/2014 | TR | REVISE DRAFT EMAIL CORRESPONDENCE TO M. ORH RE TRIAL EVIDENCE AND TESTIMONY. | 0.5 | $625 | $312.50 |
| 10/16/2014 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO M. ORH RE ANALYSIS OF EVIDENCE EXPECTED TO BE PRESENTED AT ANY TRIAL WITH EFPAR. | 0.2 | $375 | $75.00 |
| 11/19/2014 | BN | ANALYZE ISSUES RE VALUATION OF PROPERTY WITH AND WITHOUT DOLLAR TREE LEASE. | 0.2 | $300 | $60.00 |
| 12/2/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND LEGAL RESEARCH RECEIVED FROM J. LIU RE ISSUES RE NONMATERIAL BREACH OF CONTRACT RE PREPARATION FOR | 0.3 | $375 | $112.50 |

| | | TRIAL WITH EFPAR AND DRAFTING TRIAL BRIEF RE SAME. | | | |
|---|---|---|---|---|---|
| 12/4/2014 | BN | ANALYZE EFPAR TRIAL ISSUES. | 0.6 | $300 | $180.00 |

(N) Review Documents and Evidence in Preparation for Trial

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 10/9/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS PRODUCED BY DEBTOR IN STATE COURT LITIGATION RE PREPARATION FOR TRIAL RE EFPAR'S CLAIM. | 0.7 | $375 | $262.50 |
| 10/10/2014 | CAM | REVIEW AND ANALYZE (PRELIMINARILY) APPRAISAL  REPORT RECEIVED FROM B. LOFGREN. | 0.3 | $375 | $112.50 |
| 10/16/2014 | CAM | REVIEW / REVISE / FINALIZE ANALYSIS OF EVIDENCE EXPECTED TO BE PRESENTED AT ANY TRIAL WITH EFPAR RE SENDING SAME TO CLIENT. | 0.3 | $375 | $112.50 |
| 11/19/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE TRIAL PREPARATION ISSUES. | 0.1 | $375 | $37.50 |
| 11/19/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE ISSUES RE STIPULATING TO TRIAL EXHIBITS. | 0.1 | $375 | $37.50 |
| 11/21/2014 | CAM | REVIEW AND ANALYZE EFPAR SALE CONTRACT AND RELATED DOCUMENTS IN PREPARATION FOR TRIAL, AND RE ANALYZING ISSUES RE SAME. | 0.8 | $375 | $300.00 |
| 11/23/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM M. ORH RE ISSUES RE PREPARATION FOR TRIAL WITH EFPAR. | 0.1 | $375 | $37.50 |
| 12/5/2014 | BN | REVIEW DEPOSITION OF BRANDON MICHAELS. | 1 | $300 | $300.00 |
| 12/8/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM R. HSU RE ISSUES UPCOMING TRIAL WITH EFPAR AND FACTS AND ISSUES RE SAME. | 0.1 | $375 | $37.50 |

(O) Conferring and Corresponding re: Trial Preparation

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 9/23/2014 | CAM | REVIEW AND ANALYZE MULTIPLE E-MAILS FROM R. HSU RE OBTAINING DOCUMENTS FROM SAME RE TRIAL PREPARATION. | 0.1 | $375 | $37.50 |
| 9/23/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM R. HSU RE OBTAINING DOCUMENTS FROM SAME RE TRIAL PREPARATION. | 0.1 | $375 | $37.50 |
| 11/24/2014 | CAM | TELEPHONE CONFERENCE WITH M. ORH RE ISSUES RE PREPARATION FOR TRIAL WITH EFPAR AND HIRING REAL ESTATE TRANSACTION EXPERT RE SAME. | 0.1 | $375 | $37.50 |
| 11/25/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU RE LEGAL RESEARCH RE ISSUES RE TRIAL WITH EFPAR. | 0.2 | $375 | $75.00 |
| 12/8/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU AND T. RINGSTAD RE ISSUES RE PREPARATION FOR TRIAL WITH EFPAR. | 0.5 | $375 | $187.50 |
| 12/8/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU RE ISSUES RE PREPARATION FOR TRIAL WITH EFPAR AND DOCUMENTS RE SAME. | 0.2 | $375 | $75.00 |
| 12/8/2014 | CAM | EXCHANGE E-MAILS WITH M. ORH RE ISSUES RE EFPAR TRIAL. | 0.1 | $375 | $37.50 |
| 12/11/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU RE TRIAL PREPARATION ISSUES. | 0.1 | $375 | $37.50 |

Miscellaneous Entries

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 7/18/2014 | CAM | DRAFT MEMORANDUM ANALYZING CLAIMS OF VARIOUS PARTIES FILED AGAINST BANKRUPTCY ESTATE, AND CLAIMS AND DEFENSES ASSERTED IN STATE COURT LITIGATION BY SAME PARTIES, AND INTERRELATIONSHIP OF SAME. | 1 | $375 | $375.00 |
| 9/12/2014 | TR | EMAIL CORRESPONDENCE TO R. HSU RE DAMAGE CLAIMS. | 0.1 | $625 | $62.50 |
| 10/1/2014 | CAM | DRAFT NOTICE OF STATUS CONFERENCE IN CONTESTED MATIER WITH EFPAR. | 0.3 | $375 | $112.50 |
| 10/2/2014 | CAM | TELEPHONE CONFERENCE WITH ASSISTANT FOR EFPAR'S COUNSEL RE STATUS HEARING IN CONTESTED MATIER RE EFPAR'S CLAIM. | 0.1 | $375 | $37.50 |

| 10/3/2014 | CAM | RESEARCH RE COURT'S CALENDAR RE AVAILABLE DATES FOR RESCHEDULING TRIAL AND PRE-TRIAL CONFERENCE. | 0.2 | $375 | $75.00 |
| 10/7/2014 | CAM | ATTEND STATUS CONFERENCE IN EFPAR CLAIM OBJECTION MATIER. | 0.6 | $375 | $225.00 |

Double Billing

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 9/7/2014 | CAM | DRAFT CORRESPONDENCE TO EFPAR'S COUNSEL RE ISSUES RE UPCOMING MEDIATION AND PREPARATION OF JOINT PRE-TRIAL ORDER. | 0.2 | $375 | $75.00 |

No Charge Entries

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 9/12/2014 | CAM | TELEPHONE CONFERENCES (MULTIPLE) WITH R. HSU AND T. RINGSTAD RE ISSUES RE FACTS AND ISSUES RE EFPAR'S CLAIM AGAINST DEBTOR, DEBTOR'S CLAIMS AGAINST MANDARIN REALTY AND J. KIM, ATIEMPTING TO NEGOTIATE SETTLEMENTS WITH SAME; MEET WITH T. RINGSTAD RE SAME AND RE PREPARING FOR UPCOMING TRIAL RE EFPAR'S CLAIM. | 1.1 | $375 | $0 |

Exhibit 7

(A) Draft Interrogatories and Production Requests

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 6/17/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE DRAFTING DOCUMENT PRODUCTION REQUESTS AND INTERROGATORIES TO EFPAR DEVELOPMENT RE ITS DISPUTED CLAIM. | 1.9 | $375 | $712.50 |
| 6/17/2014 | CAM | DRAFT REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES TO EFPAR RE ITS DISPUTED CLAIM AND IN PREPARATION FOR TRIAL RE SAME. | 1.7 | $375 | $637.50 |
| 6/19/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE PREPARATION OF DISCOVERY REQUESTS TO EFPAR RE ITS CLAIM | 1.3 | $375 | $487.50 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| | | AND DEBTOR'S OBJECTION TO SAME. | | | |
| 6/19/2014 | CAM | DRAFT MULTIPLE SETS OF DEBTOR'S DISCOVERY REQUESTS TO EFPAR RE ITS CLAIM AND DEBTOR'S OBJECTION TO SAME. | 1.7 | $375 | $637.50 |
| 6/23/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE DRAFTING INTERROGATORIES AND REQUESTS FOR PRODUCTION TO EFPAR RE LITIGATION OVER CLAIM FILED BY SAME. | 0.5 | $375 | $187.50 |
| 6/23/2014 | CAM | DRAFT INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS RE EFPAR'S CLAIM AND DEBTOR'S OBJECTION TO SAME. | 0.8 | $375 | $300.00 |
| 6/23/2014 | CAM | REVIEW / REVISE INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PROPOUND TO EFPAR. | 0.8 | $375 | $300.00 |
| 6/24/2014 | TR | REVIEW AND REVISE DRAFT INTERROGATORIES. | 0.6 | $625 | $375.00 |
| 6/24/2014 | TR | REVIEW AND REVISE DRAFT REQUESTS FOR PRODUCTION OF DOCUMENTS. | 0.6 | $625 | $375.00 |
| 6/25/2014 | CAM | REVISE / FINALIZE DEBTOR'S SPECIAL INTERROGATORIES TO EFPAR IN PREPARATION FOR TRIAL ON DEBTOR'S OBJECTION TO CLAIM OF SAME PER INSTRUCTION OF T. RINGSTAD. | 0.4 | $375 | $150.00 |
| 6/25/2014 | CAM | REVISE / FINALIZE DEBTOR'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO EFPAR IN PREPARATION FOR TRIAL ON DEBTOR'S OBJECTION TO CLAIM OF SAME PER INSTRUCTION OF T. RINGSTAD. | 0.5 | $375 | $187.50 |
| 6/25/2014 | TR | ANALYZE AND REVISE INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS RE EFPAR CLAIM OBJECTIONS. | 0.8 | $625 | $500.00 |

(B) Correspondence re: Stipulation to Extend Discovery Deadline

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 7/21/2014 | CAM | DRAFT CORRESPONDENCE TO S. REISS AND F. SIMAS RE EFPAR'S REQUEST FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY, PROBLEMS RE SAME, AND PROPOSED   RESOLUTION. | 0.4 | $375 | $150.00 |
| 7/21/2014 | CAM | TELEPHONE CONFERENCE WITH | 0.2 | $375 | $75.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | KAREN AT SAUL REISS' OFFICE RE DISCOVERY RESPONSE EXTENSION REQUESTED BY SAME. | | | |
| 7/21/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS AND ISSUES RE EFPAR'S REQUEST FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY AND DEBTOR'S NEED TO CONDUCT FOLLOW UP DISCOVERY PRIOR TO DISCOVERY CUTOFF DEADLINE. | 0.4 | $375 | $150.00 |
| 7/21/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM S. REISS RE ISSUES RE DISCOVERY  RESPONSE  EXTENSION. | 0.1 | $375 | $37.50 |
| 7/21/2014 | TR | REVISE EMAIL CORRESPONDENCE TO S. REISS RE REQUEST FOR EXTENSION OF TIME RE DISCOVERY. | 0.2 | $625 | $125.00 |
| 7/24/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND DRAFTS OF STIPULATION AND PROPOSED ORDER EXTENDING DISCOVERY RESPONSE AND COMPLETION DEADLINES RECEIVED FROM EFPAR'S COUNSEL | 0.2 | $375 | $75.00 |
| 7/24/2014 | CAM | PREPARE CORRESPONDENCE ANO MULTIPLE ENCLOSURES TO EFPAR'S COUNSEL RE REDLINED REVISED DRAFTS OF STIPULATION ANO PROPOSED ORDER EXTENDING DISCOVERY RESPONSE AND COMPLETION DEADLINES RE DEBTOR'S OBJECTION TO EFPAR'S CLAIM. | 0.2 | $375 | $75.00 |
| 7/25/2014 | CAM | PREPARE CORRESPONDENCE AND MULTIPLE ENCLOSURES TO COUNSEL FOR EFPAR RE STIPULATION AND ORDER CONTINUING VARIOUS DISCOVERY DEADLINES. | 0.2 | $375 | $75.00 |
| 7/25/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE ISSUES RE STIPULATION AND ORDER CONTINUING VARIOUS DISCOVERY DEADLINES. | 0.2 | $375 | $75.00 |
| 8/14/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE STIPULATION CONTINUING MEDIATION COMPLETION DEADLINE AND DEADLINE FOR DOWENT TO CONDUCT FOLLOW UP DISCOVERY. | 0.1 | $375 | $37.50 |
| 8/14/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND EXECUTED STIPULATION CONTINUING | 0.2 | $375 | $75.00 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| | | MEDIATION ANO DISCOVERY DEADLINES RECEIVED FROM EFPAR'S COUNSEL. | | | |
| 8/14/2014 | CAM | FINALIZE STIPULATION WITH EFPAR CONTINUING MEDIATION AND DISCOVERY DEADLINES. | 0.1 | $375 | $37.50 |
| 8/14/2014 | CAM | DRAFT STIPULATION CONTINUING MEDIATION COMPLETION DEADLINE AND DEADLINE FOR DEBTOR TO CONDUCT FOLLOW UP DISCOVERY. | 0.9 | $375 | $337.50 |
| 8/14/2014 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO EFPAR'S COUNSEL RE STIPULATION CONTINUING MEDIATION COMPLETION DEADLINE ANO DEADLINE FOR DEBTOR TO CONDUCT FOLLOW UP DISCOVERY AND ISSUES RE SAME. | 0.2 | $375 | $75.00 |
| 8/15/2014 | CAM | DRAFT PROPOSED ORDER CONTINUING MEDIATION COMPLETION DEADLINE AND DEADLINE FOR DEBTOR TO CONDUCT FOLLOW UP DISCOVERY. | 0.5 | $375 | $187.50 |
| 9/16/2014 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO S. REISS AND F. SIMAB RE STIPULATION WITH EFPAR CONTINUING PRE-TRIAL CONFERENCE, DEADLINE FOR FILING JOINT PRE-TRIAL ORDER AND DISCOVERY CUTOFF FOR DEBTOR TO COMPLETE FOLLOW UP DISCOVERY. | 0.1 | $375 | $37.50 |

(C) Draft Stipulation to Extend Discovery Request

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 7/24/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE DRAFTING REVISIONS TO STIPULATION AND PROPOSED ORDER EXTENDING DISCOVERY RESPONSE AND COMPLETION DEADLINES RECEIVED FROM EFPAR'S COUNSEL | 0.3 | $375 | $112.50 |
| 7/24/2014 | CAM | DRAFT REDLINED REVISIONS TO STIPULATION ANO PROPOSED ORDER EXTENDING DISCOVERY RESPONSE ANO COMPLETION DEADLINES RECEIVED FROM EFPAR'S COUNSEL | 0.4 | $375 | $150.00 |
| 7/25/2014 | CAM | REVIEW / REVISE / FINALIZE STIPULATION WITH EFPAR ANO ORDER CONTINUING DISCOVERY DEADLINES. | 0.3 | $375 | $112.50 |
| 9/8/2014 | CAM | DRAFT STIPULATION WITH EFPAR AND | 0.6 | $375 | $225.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | PROPOSED ORDER CONTINUING DISCOVERY DEADLINE AND JOINT PRE-TRIAL ORDER FILING DEADLINE. | | | |
| 9/16/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE DRAFTING STIPULATION WITH EFPAR CONTINUING PRE-TRIAL CONFERENCE, DEADLINE FOR FILING JOINT PRE-TRIAL ORDER AND DISCOVERY CUTOFF FOR DEBTOR TO COMPLETE FOLLOW UP DISCOVERY. | 0.2 | $375 | $75.00 |
| 9/16/2014 | CAM | DRAFT STIPULATION WITH EFPAR CONTINUING PRE-TRIAL CONFERENCE, DEADLINE FOR FILING JOINT PRE-TRIAL ORDER AND DISCOVERY CUTOFF FOR DEBTOR TO COMPLETE FOLLOW UP DISCOVERY. | 0.5 | $375 | $187.50 |

(D) Researching and Analyzing Discovery Issues Related to Efpar's Failure to Comply

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 8/13/2014 | TR | ANALYZE ISSUES RE DISCOVERY, POSSIBLE DEPOSITIONS AND POSSIBLE NEED TO COMPEL FURTHER ANSWERS RE EFPAR CLAIM. | 0.6 | $625 | $375.00 |
| 8/14/2014 | CAM | RESEARCH RE STATUTORY AND CASE LAW AUTHORITY RE REQUIREMENTS FOR THIRD PARTY SUBPOENAS, SERVICE OF SAME AND PAYMENT OF WITNESS FEES. | 0.6 | $375 | $225.00 |
| 8/22/2014 | CAM | REVIEW AND ANALYZE ISSUES RE FEASIBILITY OF PREPARING PRE-TRIAL ORDER STIPULATION AND ORDER IN LIGHT OF EFPAR'S FAILURE TO RESPOND TO DISCOVERY. | 0.3 | $375 | $112.50 |
| 8/25/2014 | CAM | REVIEW AND ANALYZE ISSUES RE EFPAR'S FAILURE TO RESPOND TO DEBTOR'S DISCOVERY REQUESTS AND LOCAL RULE REQUIREMENTS RE SAME. | 0.3 | $375 | $112.50 |
| 8/26/2014 | CAM | REVIEW AND ANALYZE ISSUES RE EFPAR'S FAILURE TO RESPOND TO DISCOVERY, AND INABILITY TO TAKE DEPOSITIONS OR TO PREPARE PRE-TRIAL STIPULATION PRIOR TO TAKING DEPOSITIONS OR EFPAR'S DOCUMENT PRODUCTION. | 0.2 | $375 | $75.00 |

(E) Correspondence re: Failure to Comply with Discovery Requests

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 8/13/2014 | CAM | DRAFT CORRESPONDENCE TO EFPAR'S COUNSEL RE SCHEDULING DEPOSITIONS, FAILURE OF EFPAR TO PRODUCE DOCUMENTS AND ADEQUATELY RESPOND TO OTHER DISCOVERY REQUESTS, ARRANGING MEET AND CONFER RE SAME, AND RE PREPARATION OF STIPULATION EXTENDING MEDIATION COMPLETION DEADLINE AND DEADLINE FOR DEBTOR TO CONDUCT FOLLOW UP DISCOVERY. | 0.3 | $375 | $112.50 |
| 8/13/2014 | CAM | TELEPHONE CONFERENCE WITH EFPAR'S COUNSEL RE OBTAINING DOCUMENT PRODUCTION AND DISCOVERY RESPONSES FROM SAME, AND RE RESCHEDULING MEDIATION. | 0.3 | $375 | $112.50 |
| 8/19/2014 | CAM | REVIEW AND ANALYZE MULTIPLE E-MAILS FROM EFPAR'S COUNSEL RE ISSUES RE ARRANGING DEPOSITIONS OF EFPAR'S TRIAL WITNESSES AND ARRANGING MEDIATION. | 0.2 | $375 | $75.00 |
| 8/20/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE ISSUES RE PRODUCTION OF DOCUMENTS BY SAME AND PRODUCING PARTIES FOR DEPOSITIONS. | 0.2 | $375 | $75.00 |
| 8/21/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE DOCUMENT PRODUCTION AND RE SCHEDULING MULTIPLE DEPOSITIONS, AND ANALYZE FEASIBILITY OF PROPOSED DEPOSITION DATES. | 0.3 | $375 | $112.50 |
| 8/25/2014 | CAM | DRAFT DETAILED CORRESPONDENCE TO EFPAR'S COUNSEL RE ISSUES RE FAILURE OF SAME TO PRODUCE DOCUMENTS, INADEQUATE RESPONSES BY SAME TO INTERROGATORIES, ARRANGING MEET AND CONFER CONFERENCE, AND EFFECT OF INADEQUATE RESPONSES ON DEBTOR'S ABILITY TO PREPARE JOINT PRE- TRIAL ORDER AND TO TAKE DEPOSITIONS OF EFPAR'S TRIAL WITNESSES. | 0.5 | $375 | $187.50 |
| 8/26/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE DOCUMENT | 0.1 | $375 | $37.50 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| | | PRODUCTION ISSUES. | | | |
| 8/30/2014 | CAM | DRAFT CORRESPONDENCE TO S. REISS RE ISSUES RE ARRANGING MEET ANO CONFER TELEPHONE CONFERENCE RE FAILURE OF EFPAR TO ADEQUATELY RESPOND TO DISCOVERY. | 0.2 | $375 | $75.00 |
| 9/2/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS IN PREPARATION FOR MEET AND CONFER TELEPHONE CONFERENCE RE DISCOVERY DISPUTE REGARDING EFPAR'S RESPONSES TO DEBTOR'S DOCUMENT PRODUCTION REQUESTS AND INTERROGATORIES. | 0.4 | $375 | $150.00 |
| 9/4/2014 | CAM | TELEPHONE CONFERENCE WITH EFPAR'S COUNSEL RE DISCOVERY ISSUES. | 0.2 | $375 | $75.00 |
| 9/4/2014 | CAM | DRAFT CORRESPONDENCE TO EFPAR'S COUNSEL RE DISCOVERY MEET AND CONFER. | 0.1 | $375 | $37.50 |
| 9/23/2014 | CAM | RESEARCH RE CASE LAW RE DRAFTING CORRESPONDENCE TO EFPAR'S COUNSEL RE IMPROPRIETY OF SAME FAILING TO RESPOND TO INTERROGATORY RE EXPECTED TESTIMONY OF EFPAR'S TRIAL WITNESSES. | 0.4 | $375 | $150.00 |
| 9/23/2014 | CAM | DRAFT CORRESPONDENCE TO EFPAR'S COUNSEL RE IMPROPRIETY OF SAME FAILING TO RESPOND TO INTERROGATORY RE EXPECTED TESTIMONY OF EFPAR'S TRIAL WITNESSES. | 0.4 | $375 | $150.00 |

(F) Correspondence re: Depositions

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 8/18/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE DEPOSITIONS AND SCHEDULING MEDIATION. | 0.1 | $375 | $37.50 |
| 8/18/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE ISSUES RE NOTICED DEPOSITIONS AND ARRANGING MEDIATION. | 0.2 | $375 | $75.00 |
| 8/18/2014 | CAM | DRAFT CORRESPONDENCE TO EFPAR'S COUNSEL RE ISSUES RE NOTICED DEPOSITIONS, ARRANGING MEDIATION AND STIPULATION | 0.4 | $375 | $150.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | CONTINUING VARIOUS DISCOVERY AND MEDIATION DEADLINES. | | | |
| 8/18/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM J. TORKAN RE NOTICED DEPOSITION OF SAME. | 0.1 | $375 | $37.50 |
| 8/19/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S BROKER, J. TORKAN, RE ISSUES RE NOTICE OF DEPOSITON OF SAME AND RE ARRANGING DEPOSITION. | 0.2 | $375 | $75.00 |
| 8/19/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND OBJECTION TO NOTICE OF TAKING DEPOSITION OF J. KIM IN CONNECTION WITH EFPAR CLAIM OBJECTION RECEIVE FROM COUNSEL FOR KIM. | 0.2 | $375 | $75.00 |
| 8/19/2014 | CAM | PREPARE CORRESPONDENCE TO EFPAR'S COUNSEL RE SCHEDULED DEPOSITIONS OF TRIAL WITNESSES OF SAME. | 0.2 | $375 | $75.00 |
| 8/26/2014 | CAM | DRAFT CORRESPONDENCE TO EFPAR'S COUNSEL RE ISSUES RE DEBTOR TAKING DEPOSITIONS OF EFPAR'S WITNESSES. | 0.2 | $375 | $75.00 |
| 9/2/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU RE SCHEDULING DEPOSITON OF J. KIM. | 0.2 | $375 | $75.00 |
| 9/4/2014 | CAM | DRAFT CORRESPONDENCE TO J. LIU RE OBTAINING DOCUMENTS AND INFORMATION FROM SAME RE DEPOSITION OF J. KIM. | 0.1 | $375 | $37.50 |
| 9/5/2014 | CAM | DRAFT CORRESPONDENCE TO J. KIM'S COUNSEL RE SCHEDULING DEPOSITION OF SAME. | 0.1 | $375 | $37.50 |
| 9/5/2014 | CAM | DRAFT CORRESPONDENCE TO J. KIM'S COUNSEL RE ARRANGING DEPOSITION OF SAME. | 0.1 | $375 | $37.50 |
| 9/5/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM J. KIM'S COUNSEL RE ARRANGING DEPOSITION OF SAME. | 0.1 | $375 | $37.50 |
| 9/11/2014 | CAM | DRAFT CORRESPONDENCE TO J. LIU AND R. HSU RE DEPOSITION OF J. KIM. | 0.1 | $375 | $37.50 |
| 9/12/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM J. KIM'S COUNSEL RE SCHEDULING DEPOSITION OF SAME. | 0.1 | $375 | $37.50 |
| 9/12/2014 | CAM | DRAFT CORRESPONDENCE TO J. KIM'S COUNSEL RE SCHEDULING DEPOSITION OF SAME. | 0.1 | $375 | $37.50 |
| 9/15/2014 | CAM | REVIEW AND ANALYZE | 0.1 | $375 | $37.50 |

| | | | | | |
|---|---|---|---|---|---|
| | | CORRESPONDENCE FROM S. REISS RE ARRANGING DEPOSITIONS OF EFPAR'S TRIAL WITNESSES. | | | |
| 9/15/2014 | CAM | DRAFT CORRESPONDENCE TO S. REISS AND F. SIMAB RE ARRANGING DEPOSITIONS OF EFPAR'S TRIAL WITNESSES, OBTAINING SUPPLEMENTAL INTERROGATORY RESPONSES FROM SAME, ARRANGING DISCOVERY MEET AND CONFER AND RE PREPARATION OF JOINT PRE-TRIAL STIPULATION AND ORDER. | 0.3 | $375 | $112.50 |
| 9/17/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM J. TORKAN RE ISSUES RE SCHEDULED DEPOSITION OF SAME, AND OBJECTIONS OF SAME TO DEPOSITION. | 0.1 | $375 | $37.50 |
| 9/17/2014 | CAM | DRAFT CORRESPONDENCE TO J. TORKAN AND S. REISS RE ISSUES RE ISSUES RE ARRANGING DEPOSITION OF J. TORKAN, AND RE ISSUES RE LOCATION OF DEPOSITION AND OBJECTIONS OF DEPONENT TO DEPOSITION. | 0.2 | $375 | $75.00 |
| 9/18/2014 | CAM | REVIEW AND ANALYZE E-MAILS FROM ATTORNEY SERVICE RE EFFORTS OF SAME TO SERVE DEPOSITION SUBPOENAS ON J. KIM AND J. TORKAN. | 0.2 | $375 | $75.00 |
| 9/23/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM J. KIM RE SCHEDULED DEPOSITION OF SAME. | 0.1 | $375 | $37.50 |
| 9/23/2014 | CAM | TELEPHONE CONFERENCE WITH KAREN, ASSISTANT TO EFPAR'S COUNSEL, RE ISSUES RE SCHEDULING DEPOSITIONS. | 0.1 | $375 | $37.50 |
| 9/23/2014 | CAM | SECOND TELEPHONE CONFERENCE WITH KAREN, ASSISTANT TO EFPAR'S COUNSEL, RE ISSUES RE SCHEDULING DEPOSITIONS. | 0.1 | $375 | $37.50 |
| 9/23/2014 | CAM | REVIEW AND ANALYZE E-MAIL FROM COURT REPORTER AGENCY RE ARRANGING DEPOSITIONS OF EFPAR'S TRIAL WITNESSES. | 0.1 | $375 | $37.50 |
| 9/23/2014 | CAM | REVIEW AND ANALYZE SECOND E-MAIL FROM COURT REPORTER AGENCY RE ARRANGING DEPOSITIONS OF EFPAR'S TRIAL WITNESSES. | 0.1 | $375 | $37.50 |
| 9/23/2014 | CAM | TELEPHONE CONFERENCE WITH R. | 0.1 | $375 | $37.50 |

| | | | | | |
|---|---|---|---|---|---|
| | | HSU RE OBTAINING DOCUMENTS FROM SAME RE TAKING DEPOSITIONS AND TRIAL PREPARATION RE OBJECTION TO EFPAR'S CLAIM. | | | |
| 9/24/2014 | CAM | TELEPHONE CONFERENCE WITH DAVID WAN'S COUNSEL, B. BROUSSEAU, RE OBTAINING COPY OF MR. WAN'S FILE AND RE SCHEDULING DEPOSITION OF SAME. | 0.1 | $375 | $37.50 |
| 9/24/2014 | CAM | DRAFT CORRESPONDENCE TO EFPAR'S COUNSEL RE ISSUES RE DEPOSITION OF S. RAHBAR. | 0.2 | $375 | $75.00 |
| 9/24/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE SCHEDULED DEPOSITION OF K. PARRY. | 0.1 | $375 | $37.50 |
| 9/24/2014 | CAM | DRAFT CORRESPONDENCE TO EFPAR'S COUNSEL RE DEPOSITION OF K. PARRY. | 0.1 | $375 | $37.50 |
| 9/24/2014 | CAM | TELEPHONE CONFERENCE WITH EFPAR'S COUNSEL RE SUPPLEMENTAL DISCOVERY RESPONSES RECEIVED FROM SAME, AND RE SCHEDULED DEPOSITIONS. | 0.2 | $375 | $75.00 |
| 9/24/2014 | CAM | TELEPHONE CONFERENCE WITH EFPAR'S COUNSEL RE SCHEDULING DEPOSITIONS. | 0.1 | $375 | $37.50 |
| 9/24/2014 | CAM | EXCHANGE E-MAILS WITH EFPAR'S COUNSEL RE DEPOSITION OF S. RAHBAR. | 0.2 | $375 | $75.00 |
| 9/25/2014 | CAM | TELEPHONE CONFERENCE WITH KAREN, ASSISTANT FOR EFPAR'S COUNSEL, RE SCHEDULED DEPOSITION OF S. RAHBAR. | 0.2 | $375 | $75.00 |
| 9/25/2014 | CAM | TELEPHONE CONFERENCE WITH KAREN, ASSISTANT FOR EFPAR'S COUNSEL, RE SCHEDULED DEPOSITION OF J. TORKAN. | 0.1 | $375 | $37.50 |
| 10/1/2014 | CAM | TELEPHONE CONFERENCE WITH B. BROUSSEAU RE ISSUES RE SCHEDULING DEPOSITION OF D. WAN AND RE OBTAINING DISCOVERY DOCUMENTS FROM SAME. | 0.3 | $375 | $112.50 |
| 10/1/2014 | CAM | PREPARE DETAILED CORRESPONDENCE TO S. REISS RE SCHEDULING DEPOSITIONS OF B. MICHAELS AND D. WAN, AND ISSUES RE SAME, CONTESTED MATTER STATUS CONFERENCE SET BY COURT AND ISSUES RE SAME, AND RE | 0.3 | $375 | $112.50 |

| | | CONTINUANCE OF TRIAL. | | | |
|---|---|---|---|---|---|
| 10/1/2014 | CAM | TELEPHONE CONFERENCE WITH S. REISS RE ISSUES RE SCHEDULING DEPOSITIONS, AND CONTINUING TRIAL AND RELATED DEADLINES. | 0.2 | $375 | $75.00 |
| 10/1/2014 | CAM | TELEPHONE CONFERENCE WITH B. MICHAELS RE RESCHEDULING DEPOSITION OF SAME AND RE ISSUES RE SAME. | 0.2 | $375 | $75.00 |
| 10/1/2014 | CAM | TELEPHONE CONFERENCE WITH J. LIU RE ISSUES RE DEPOSITIONS TAKEN IN EFPAR MATTER AND RE ISSUES RE PREPARING FOR UPCOMING DEPOSITION OF D. WAN. | 0.2 | $375 | $75.00 |
| 10/1/2014 | CAM | PREPARE CORRESPONDENCE TO J. LIU RE OBTAINING INFORMATION AND DOCUMENTS FROM SAME RE DEPOSITION OF D. WAN. | 0.1 | $375 | $37.50 |
| 10/3/2014 | CAM | EXCHANGE E-MAILS WITH B. BROUSSEAU RE RESCHEDULING DEPOSITION OF D. WAN. | 0.1 | $375 | $37.50 |
| 10/3/2014 | CAM | DRAFT CORRESPONDENCE TO S. REISS RE ISSUES RE ARRANGING DEPOSITION OF D. WAN. | 0.1 | $375 | $37.50 |
| 10/3/2014 | CAM | EXCHANGE E-MAILS WITH B. BROUSSEAU RE RESCHEDULING DEPOSITION OF D. WAN AND ISSUES RE SAME. | 0.2 | $375 | $75.00 |
| 10/7/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM B. BROUSSEAU AND S. REISS RE ISSUES RE DEPOSITION OF D. WAN. | 0.1 | $375 | $37.50 |
| 10/9/2014 | CAM | DRAFT CORRESPONDENCE TO S. REISS RE ISSUES RE DEPOSITION OF D. WAN. | 0.1 | $375 | $37.50 |
| 10/10/2014 | CAM | DRAFT CORRESPONDENCE TO B. BROUSSEAU AND S. REISS RE ISSUES RE DEPOSITION OF D. WAN. | 0.1 | $375 | $37.50 |
| 10/10/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM S. REISS RE DEPOSITION OF D. WAN. | 0.1 | $375 | $37.50 |
| 10/15/2014 | CAM | DRAFT CORRESPONDENCE TO B. BROUSSEAU RE ISSUES RE DEPOSITION OF D. WAN. | 0.1 | $375 | $37.50 |
| 10/15/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM B. BROUSSEAU RE ISSUES RE DEPOSITION OF D. WAN AND ARRANGING INTERPRETER FOR SAME. | 0.1 | $375 | $37.50 |

| 10/15/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM R. HSU RE ARRANGING TRANSLATOR FOR DEPOSITION OF D. WAN. | 0.1 | $375 | $37.50 |
|---|---|---|---|---|---|
| 10/15/2014 | CAM | TELEPHONE CONFERENCE WITH M. ORH RE ISSUES INVOLVED IN EFPAR LITIGATION AND NEED TO HIRE TRANSLATOR FOR DEPOSITION OF D. WAN. | 0.2 | $375 | $75.00 |
| 10/16/2014 | CAM | DRAFT CORRESPONDENCE TO B. BROUSSEAU RE DEPOSITION OF D. WAN. | 0.1 | $375 | $37.50 |
| 10/16/2014 | CAM | DRAFT CORRESPONDENCE TO J. LIU RE ISSUES RE DEPOSITION OF D. WAN. | 0.1 | $375 | $37.50 |
| 10/19/2014 | CAM | EXCHANGE E-MAILS WITH R. HSU AND J. LIU RE DEPOSITION OF D. WAN. | 0.1 | $375 | $37.50 |
| 10/23/2014 | CAM | DRAFT CORRESPONDENCE TO S. REISS RE ARRANGING DEPOSITION OF EFPAR'S EXPERT, B. MICHAELS. | 0.2 | $375 | $75.00 |
| 10/28/2014 | CAM | TELEPHONE CONFERENCE WITH DEBTOR'S APPRAISER, B. LOFGREN, RE ISSUES RE DECLARATION AND VALUATION PROVIDED BY EFPAR'S EXPERT, B. MICHAELS, RE TAKING DEPOSITION OF SAME. | 0.2 | $375 | $75.00 |
| 10/28/2014 | CAM | EXCHANGE E-MAILS WITH SAUL REISS RE ARRANGING DEPOSITION OF BRANDON MICHAELS. | 0.2 | $375 | $75.00 |
| 10/28/2014 | CAM | TELEPHONE CONFERENCE WITH DEBTOR'S APPRAISER, B. LOFGREN, RE TRIAL DECLARATION OF EFPAR'S EXPERT, B. MICHAELS, AND ATIACHMENTS, AND RE TAKING DEPOSITION OF SAME. | 0.8 | $375 | $300.00 |

(G) Analyzing Documents and Preparing for Depositions

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 9/24/2014 | CAM | REVIEW AND ANALYZE DOCUENTS IN PREPARATION FOR TAKING DEPOSITIONS OF S. RAHBAR AND J. TORKAN, AND PREPARING EXHIBITS TO SAME. | 1.1 | $375 | $412.50 |
| 9/24/2014 | CAM | PREPARE QUESTIONS FOR DEPOSITION OF S. RAHBAR, AND ANALYZE ISSUES RE SAME. | 0.5 | $375 | $187.50 |
| 9/24/2014 | CAM | RESEARCH RE CASE LAW AND FEDERAL RULES OF EVIDENCE RE | 0.6 | $375 | $225.00 |

| | | TAKING DEPOSITIONS IN PREPARATION FOR EFPAR TRIAL. | | | |
|---|---|---|---|---|---|
| 9/24/2014 | CAM | REVIEW AND ANALYZE MULTIPLE DOCUMENTS RECEIVED FROM M. ORH RE PREPARATION FOR TRIAL WITH EFPAR AND TAKING DEPOSITIONS OF EFPAR'S TRIAL WITNESSES. | 0.8 | $375 | $300.00 |
| 9/25/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND MULTIPLE DOCUMENTS RECEIVED FROM R. HSU IN PREPARATION FOR TAKING DEPOSITIONS RE TRIAL WITH EFPAR. | 0.6 | $375 | $225.00 |
| 9/25/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS AND NOTES IN PREPARATION FOR DEPOSITION OF S. RAHAR. | 0.6 | $375 | $225.00 |
| 9/25/2014 | CAM | REVIEW, ANALYZE AND PREPARE DOCUMENTS IN PREPARATION FOR DEPOSITION OF J. TORKAN TOMORROW. | 0.8 | $375 | $300.00 |
| 9/26/2014 | CAM | REVIEW AND ANALYZE MULTIPLE E-MAILS AND DOCUMENTS RECEIVED FROM R. HSU AND J. LIU IN PREPARATION FOR TAKING DEPOSITIONS. | 0.5 | $375 | $187.50 |
| 9/26/2014 | CAM | PREPARE FOR DEPOSITION OF J. TORKAN, REVIEW AND PREPARE DOCUMENTS FOR SAME. | 0.7 | $375 | $262.50 |
| 9/26/2014 | CAM | ATTEND DEPOSITION OF EFPAR'S BROKER, J. TORKAN. | 3.6 | $375 | $1,350.00 |
| 9/26/2014 | CAM | PREPARE DEPOSITION NOTICES AND SUBPOENAS FOR D. WAN AND EFPAR'S BROKER; REVIEW / REVISE / FINALIZE SAME. | 0.4 | $375 | $150.00 |
| 9/28/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS, AND PREPARE DOCUMENTS AND NOTES IN PREPARATION FOR DEPOSITION OF J. KIM. | 2.8 | $375 | $1,050.00 |
| 9/29/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS AND PREPARE DOCUMENTS FOR DEPOSITION OF J. KIM. | 0.7 | $375 | $262.50 |
| 9/29/2014 | CAM | DRAFT WAIVER OF ATTORNEY CLIENT AND WORK PRODUCT PRIVILEGES FOR SIGNATURE OF M. ORH AT INSISTENCE OF COUNSEL FOR J. KIM IN ORDER TO HAVE HIM TESTIFY AT DEPOSITION. | 0.3 | $375 | $112.50 |
| 9/29/2014 | CAM | EXCHANGE E-MAILS WITH M. ORH RE WAIVER OF ATTORNEY CLIENT AND WORK PRODUCT PRIVILEGES IN | 0.1 | $375 | $37.50 |

| | | CONNECTION WITH DEPOSITION OF J. KIM. | | | |
|---|---|---|---|---|---|
| 9/29/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU RE ISSUES RE INSISTENCE OF COUNSEL FOR J. KIM ON DOWENT SIGNING WRITTEN WAIVER OF ATTORNEY CLIENT ANO WORK PRODUCT PRIVILEGES AS CONDITION FOR J. KIM TESTIFYING AT DEPOSITION. | 0.2 | $375 | $75.00 |
| 9/29/2014 | TR | CONFER WITH C. MINIER RE DEPOSITIONS OF J. KIM AND F. EFRAIM. | 1 | $625 | $625.00 |
| 9/30/2014 | CAM | REVIEW AND ANALYZE, AND PREPARE DOCUMENTS AND NOTES IN PREPARATION FOR DEPOSITION OF F. EFRAIM. | 0.9 | $375 | $337.50 |
| 9/30/2014 | TR | ANALYZE ISSUES RE DEPOSITIONS IN EFPAR MATTER. | 0.3 | $625 | $187.50 |
| 10/16/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS AND DRAFT QUESTIONS IN PREPARATION FOR DEPOSITION OF D. WAN. | 3.9 | $375 | $1,462.50 |
| 10/17/2014 | BN | DRAFT AREAS FOR QUESTIONS IN DEPOSITION OF D. WAN. | 0.3 | $300 | $90.00 |
| 10/17/2014 | CAM | REVIEW / ANALYZE / ORGANIZE DOCUMENTS AND NOTES IN PREPARATION FOR DEPOSITION OF D. WAN. | 0.6 | $375 | $225.00 |
| 10/23/2014 | CAM | REVIEW AND ANALYZE ISSUES RE TAKING DEPOSITION OF B. MICHAELS RE EFPAR LITIGATION. | 0.2 | $375 | $75.00 |
| 10/27/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS, AND PREPARE DOCUMENTS AND QUESTIONS, RE TAKING DEPOSITION OF EFPAR'S VALUATION EXPERT, B. MICHAELS. | 1.2 | $375 | $450.00 |
| 10/28/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS IN PREPARATION FOR DEPOSITION OF OF EFPAR'S VALUATION EXPERT, B. MICHAELS. | 0.8 | $375 | $300.00 |
| 10/28/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND DOCUMENT RECEIVED FROM B. LOFGREN IN PREPARATION FOR DEPOSITION OF B. MICHAELS. | 0.3 | $375 | $112.50 |
| 10/28/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM B. LOFGREN RE ISSUES RE DEPOSITION OF EFPAR'S VALUATION EXPERT. | 0.1 | $375 | $37.50 |
| 10/28/2014 | CAM | REVIEW AND ANALYZE | 0.1 | $375 | $37.50 |

| | | CORRESPONDENCE FROM S. REISS RE DEPOSITION OF BRANDON MICHAELS. | | | |
|---|---|---|---|---|---|
| 10/29/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS AND PREPARE NOTES FOR DEPOSITION OF BRANDON MICHAELS. | 0.3 | $375 | $112.50 |
| 9/23/2014 | TR | ANALYZE TRIAL DECLARATIONS FROM EFPAR AND DEPOSITION STRATEGY. | 0.4 | $625 | $250.00 |

(H) Preparing Deposition Notices and Subpoenas

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 8/14/2014 | CAM | PREPARE DEPOSITION NOTICES AND SUBPOENAS FOR F. EFRAIM, S. RABHAR, K. PERRY, J. KIM, AND J. TORKAN; REVIEW / REVISE / FINALIZE SAME. | 1.6 | $375 | $600.00 |
| 9/16/2014 | CAM | PREPARE NOTICE OF TAKING DEPOSITION OF FRED EFRAIM. | 0.2 | $375 | $75.00 |
| 9/16/2014 | CAM | PREPARE NOTICE OF TAKING DEPOSITION OF J. KIM. | 0.2 | $375 | $75.00 |
| 9/16/2014 | CAM | PREPARE NOTICE OF TAKING DEPOSITION OF J. TORKAN. | 0.2 | $375 | $75.00 |
| 9/17/2014 | CAM | PREPARE NOTICE OF TAKING DEPOSITION OF K. PERRY. | 0.2 | $375 | $75.00 |
| 9/17/2014 | CAM | PREPARE DEPOSITION SUBPOENA FOR JULIAN TORKAN. | 0.2 | $375 | $75.00 |
| 9/17/2014 | CAM | PREPARE DEPOSITION SUBPOENA FOR JAE KIM. | 0.2 | $375 | $75.00 |
| 9/17/2014 | CAM | REVISE / FINALIZE MULTIPLE NOTICES OF DEPOSITION AND DEPOSITION SUBPOENAS RE EFPAR'S TRIAL WITNESSES. | 0.4 | $375 | $150.00 |
| 9/17/2014 | CAM | PREPARE NOTICE OF TAKING DEPOSITION OF S. RAHBAR. | 0.2 | $375 | $75.00 |
| 9/25/2014 | CAM | PREPARE NOTICE OF DEPOSITION AND SUBPOENA FOR EFPAR'S REAL ESTATE BROKER TESTIFYING REGARDING VALUE OF PROPERTY. | 0.2 | $375 | $75.00 |
| 10/29/2014 | CAM | ATIEND DEPOSITION OF EFPAR'S PROPERTY VALUATION EXPERT, BRANDON MICHAELS. | 5.5 | $375 | $2,062.50 |

(I) Attending Depositions

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 9/25/2014 | CAM | ATTEND DEPOSITION OF S. RAHBAR, AND MEET WITH EFPAR'S COUNSEL AFTERWARDS. | 2.9 | $375 | $1,087.50 |
| 9/29/2014 | CAM | ATTEND DEPOSITION OF JAE KIM. | 4.8 | $375 | $1,800.00 |
| 9/30/2014 | CAM | ATTEND DEPOSITION OF FARID EFRAIM. | 5 | $375 | $1,875.00 |
| 10/17/2014 | CAM | ATTEND DEPOSITION OF D. WAN. | 5.6 | $375 | $2,100.00 |

(J) Correspondence (Drafting and Analyzing) re: Document Production

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 9/2/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE DOCUMENT PRODUCTION BY SAME TO DEBTOR. | 0.1 | $375 | $37.50 |
| 9/2/2014 | CAM | TELEPHONE CONFERENCE WITH EFPAR'S COUNSEL RE MEET AND CONFER REGARDING DEBTOR'S REQUESTS FOR PRODUCTION AND INTERROGATORIES. | 0.8 | $375 | $300.00 |
| 9/5/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE DOCUMENT PRODUCTION BY SAME AND RE STIPULATION RE CONTINUING CONTESTED MATIER DEADLINES. | 0.1 | $375 | $37.50 |
| 9/5/2014 | CAM | DRAFT CORRESPONDENCE TO EFPAR'S COUNSEL RE ISSUES RE DOCUMENT PRODUCTION, PREPARATION OF JOINT PRE-TRIAL ORDER AND SCHEDULING DEPOSITIONS. | 0.2 | $375 | $75.00 |
| 9/24/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU RE ISSUES RE DIRECT TESTIMONY DECLARATIONS FILED BY EFPAR, AND RE OBTAINING DOCUMENTS FROM HIM AND M. ORH. | 0.2 | $375 | $75.00 |
| 9/24/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE EFPAR'S SUPPLEMENTAL DISCOVERY  RESPONSES. | 0.1 | $375 | $37.50 |

(K) Review Produced Documents and Interrogatories

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 9/5/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND EFPAR'S DOCUMENT PRODUCTION RECEIVED FROM EFPAR'S COUNSEL. | 0.7 | $375 | $262.50 |

| 9/8/2014 | CAM | REVIEW AND ANALYZE (PRELIMINARILY) MULTIPLE E-MAILS AND DOCUMENTS PRODUCED BY EFPAR'S COUNSEL. | 0.5 | $375 | $187.50 |
|---|---|---|---|---|---|
| 9/22/2014 | CAM | REVIEW AND PRELIMINARILY ANALYZE SUPPLEMENTAL INTERROGATORY RESPONSES AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS RECEIVED FROM EFPAR'S COUNSEL. | 0.3 | $375 | $112.50 |
| 9/23/2014 | CAM | REVIEW AND ANALYZE SUPPLEMENTAL INTERROGATORY RESPONSES RECEIVED FROM EFPAR'S COUNSEL. | 0.4 | $375 | $150.00 |
| 9/23/2014 | CAM | REVIEW AND ANALYZE SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS RECEIVED FROM EFPAR'S COUNSEL. | 0.3 | $375 | $112.50 |
| 9/29/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND DOCUMENTS FROM B. BROUSSEAU RE STATE COURT DISCOVERY CONDUCTED RE LITIGATION WITH EFPAR. | 0.2 | $375 | $75.00 |
| 10/22/2014 | CAM | REVIEW AND ANALYZE PARTY AND NON-PARTY DOCUMENT PRODUCTION FROM MULTI-PARTY STATE COURT LITIGATION RECEIVED FROM B. BROUSSEAU RE PREPARATION FOR TRIAL WITH EFPAR, AND RE PREPARING JOINT PRE-TRIAL STIPULATION AND ORDER, EXHIBIT LIST AND EXHIBIT BINDER RE SAME. | 4.2 | $375 | $1,575.00 |

(L) Correspondence re: Joint Pre-Trial Order

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 9/8/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND REVISED STIPULATION CONTINUING VARIOUS DEADLINES RECEIVED FROM EFPAR'S COUNSEL. | 0.2 | $375 | $75.00 |
| 9/12/2014 | CAM | DRAFT CORRESPONDENCE TO EFPAR'S COUNSEL RE PREPARATION OF JOINT PRE- TRIAL ORDER, SCHEDULING DEPOSITIONS AND RE EFPAR FURNISHING SUPPLEMENTAL DISCOVERY RESPONSES. | 0.2 | $375 | $75.00 |

| 9/17/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND EXECUTED STIPULATION RE JPTO, PRE-TRIAL CONFERENCE AND DISCOVERY COMPLETION DEADLINE. | 0.1 | $375 | $37.50 |
|---|---|---|---|---|---|

**(M) Review and Research Entry of Court's Orders**

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 7/30/2014 | CAM | REVIEW AND ANALYZE COURT'S ENTERED ORDER EXTENDING VARIOUS DISCOVERY DEADLINES RE DEBTOR'S OBJECTION TO EFPAR'S CLAIM. | 0.1 | $375 | $37.50 |
| 8/18/2014 | CAM | RESEARCH RE COURT'S ENTRY OF ORDER CONTINUING DISCOVERY COMPLETION AND MEDIATION COMPLETION DEADLINES. | 0.2 | $375 | $75.00 |
| 9/19/2014 | CAM | REVIEW AND ANALYZE COURT'S ENTERED ORDER CONTINUING PRE-TRIAL CONFERENCE AND DEADLINE FOR FILING PRE-TRIAL ORDER, AND EXTENDING DEADLINE FOR DEBTOR TO COMPLETE FOLLOW UP DISCOVERY. | 0.1 | $375 | $37.50 |

**(N) Review and Analyze Issue Related to Service of Deposition Subpoenas**

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 8/15/2014 | CAM | REVIEW AND ANALYZE ISSUES RE SERVICE OF DEPOSITION SUBPOENAS ON EFPAR'S THIRD PARTY TRIAL WITNESSES AND PROVIDING SAME WITH WITNESS FEES. | 0.2 | $375 | $75.00 |
| 8/18/2014 | CAM | REVIEW AND ANALYZE ISSUES RE SERVICE OF DEPOSITION SUBPOENAS ON THIRD-PARTY WITNESSES RE OBJECTION TO EFPAR'S CLAIM. | 0.2 | $375 | $75.00 |

**(O) Correspondence re: Meeting with M. Orh**

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 9/19/2014 | CAM | EXCHANGE E-MAILS WITH M. ORH RE ARRANGING MEETING WITH R. HSU AND T. RINGSTAD TO DISCUSS TRIAL OF | 0.1 | $375 | $37.50 |

| | | OBJECTION TO EFPAR'S CLAIM AND POSSIBILITY OF SETTLING SAME. | | | |
|---|---|---|---|---|---|
| 9/19/2014 | CAM | EXCHANGE E-MAILS WITH M. ORH RE ARRANGING MEETING. | 0.1 | $375 | $37.50 |
| 9/19/2014 | CAM | EXCHANGE E-MAILS WITH R. HSU RE ARRANGING MEETING WITH MICHELLE AND SAHM ORH. | 0.1 | $375 | $37.50 |
| 9/19/2014 | CAM | EXCHANGE E-MAILS WITH M. ORH RE MEETING RE EFPAR LITIGATION. | 0.1 | $375 | $37.50 |

Miscellaneous Entries

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 7/21/2014 | TR | ANALYZE ISSUES RE EFPAR REQUEST FOR EXTENSION OF TIME RE DISCOVERY. DISCOVERY  RESPONSE  EXTENSION. | 0.3 | $625 | $187.50 |
| 9/17/2014 | CAM | DRAFT PROPOSED ORDER ON STIPULATION WITH EFPAR RE JOINT PRE-TRIAL ORDER, DISCOVERY COMPLETION DEADLINE AND PRE-TRIAL CONFERENCE. | 0.4 | $375 | $150.00 |
| 9/18/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE SUPPLEMENTAL DISCOVERY  RESPONSES. | 0.1 | $375 | $37.50 |
| 9/22/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM COUNSEL FOR J. KIM RE DEPOSITION NOTICE AND SUBPOENA SENT TO SAME. | 0.1 | $375 | $37.50 |
| 10/20/2014 | CAM | REVIEW / ORGANIZE NOTES AND DOCUMENTS FROM DEPOSITION OF D. WAN. | 0.3 | $375 | $112.50 |

No Charge Entries

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 8/26/2014 | CAM | (NO CHARGE) REVIEW CORRESPONDENCE FROM EFPAR'S COUNSEL RE ARRANGING MEET AND CONFER TELEPHONE CONFERENCE RE FAILURE OF SAME TO RESPOND TO DISCOVERY. | 0.4 | $375 | $0.00 |
| 8/27/2014 | CAM | (NO CHARGE) REVIEW AND ANALYZE ISSUES RE EFPAR'S FAILURE TO ADEQUATELY RESPOND TO DISCOVERY, ARRANGING MEET AND CONFER RE SAME, AND RE NEED TO PREPARE JOINT PRE-TRIAL STIPULATION DESPITE NOT HAVING DOCUMENT PRODUCTION FROM EFPAR YET. | 0.4 | $375 | $0.00 |
| 8/30/2014 | CAM | (NO CHARGE) REVIEW CORRESPONDENCE | 0.1 | $375 | $0.00 |

| | | FROM J. KIM'S COUNSEL RE ARRANGING DEPOSITION OF SAME. | | | |
|---|---|---|---|---|---|
| 10/3/2014 | CAM | DRAFT CORRESPONDENCE TO B. BROUSSEAU RE DEPOSITION OF D. WAN AND SCHEDULING ISSUES RE SAME. | 0.1 | $375 | $0.00 |
| 10/29/2014 | CAM | ATTEND DEPOSITION OF BRANDON MICHAELS. | 1 | $375 | $0.00 |

## Exhibit 8

(A) Correspondence with B. Lofgren re: Trial Declaration

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 11/14/2014 | CAM | PREPARE CORRESPONDENCE TO B. LOFGREN RE PREPARATION OF TRIAL DECLARATION OF SAME. | 0.1 | $375 | $37.50 |
| 11/19/2014 | CAM | DRAFT DETAILED CORRESPONDENCE TO B. LOFGREN RE ISSUES RE PREPARATION OF DIRECT TESTIMONY TRIAL DECLARATION OF SAME AND EXHIBITS. | 0.4 | $375 | $150.00 |
| 11/19/2014 | CAM | DRAFT CORRESPONDENCE TO B. LOFGREN RE ISSUES RE PREPARATION OF DECLARATION OF SAME. | 0.1 | $375 | $37.50 |
| 11/19/2014 | CAM | DRAFT CORRESPONDENCE TO S. CRIST AND B. LOFGREN RE ISSUES RE PREPARATION OF DECLARATION OF SAME AND EXHIBITS. | 0.2 | $375 | $75.00 |
| 11/20/2014 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO B. LOFGREN RE REVISED PARTIAL DRAFT OF DECLARATION OF SAME AND POSSIBLE DATA TO INCLUDE IN DECLARATION. | 0.3 | $375 | $112.50 |
| 11/20/2014 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO B. LOFREN RE PROVIDING REQUESTED DOCUMENTS TO SAME RE PREPARATION OF TRIAL DECLARATION OF SAME AND EXHIBITS. | 0.2 | $375 | $75.00 |
| 11/20/2014 | CAM | PREPARE CORRESPONDENCE AND MULTIPLE ENCLOSURES TO B. LOFGREN RE PROVIDING DEPOSITION TRANSCRIPT AND DOCUMENTS TO SAME RE PREPARATION OF TRIAL | 0.3 | $375 | $112.50 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|-----------|
| | | DECLARATION OF SAME. | | | |
| 11/20/2014 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO B. LOFGREN RE PRELIMINARY DRAFT OF TRIAL DECLARATION OF SAME AND FINISHING SAME. | 0.3 | $375 | $112.50 |
| 11/20/2014 | CAM | DRAFT CORRESPONDENCE TO B. LOFGREN RE POSSIBLE SUBJECT OF DISCUSSION TO INCLUDE IN TRIAL DECLARATION OF SAME. | 0.2 | $375 | $75.00 |
| 11/23/2014 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO APPRAISER B. LOFGREN RE FURTHER REVISED TRIAL DECLARATION OF SAME, AND COMMENTS AND ISSUES RE SAME. | 0.2 | $375 | $75.00 |
| 11/24/2014 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO B. LOFGREN RE REVISED DECLARATION OF SAME AND ISSUES RE SAME. | 0.3 | $375 | $112.50 |
| 11/24/2014 | CAM | PREPARE CORRESPONDENCE AND MULTIPLE ENCLOSURES TO B. LOFGREN RE PROVIDING ADDITIONAL INFORMATION AND DOCUMENTS TO SAME RE PREPARATION OF TRIAL DECLARATION OF SAME. | 0.2 | $375 | $75.00 |
| 11/24/2014 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO APPRAISER B. LOFGREN RE ISSUES RE FURTHER REVISED TRIAL DECLARATION OF SAME AND ISSUES RE SAME. | 0.3 | $375 | $112.50 |
| 11/25/2014 | CAM | DRAFT CORRESPONDENCE TO B. LOFGREN RE PREPARATION OF TRIAL DECLARATION OF SAME. | 0.1 | $375 | $37.50 |

(B) Analyze Correspondence from B. Lofgren

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|-----------|
| 11/14/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM B. LOFGREN RE PREPARATION OF TRIAL DECLARATION OF SAME. | 0.1 | $375 | $37.50 |
| 11/19/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM B. LOFGREN'S ASSISTANT, S. CRIST, RE OBTAINING INFORMATION FROM SAME RE | 0.1 | $375 | $37.50 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| | | DECLARATION OF B. LOFGREN RE PROPERTY VALUATION ISSUES. | | | |
| 11/19/2014 | CAM | REVIEW AND ANALYZE MULTIPLE E-MAILS AND DOCUMENTS RECEIVED FROM B. LOFGREN RE PREPARATION OF DECLARATION OF SAME. | 0.2 | $375 | $75.00 |
| 11/20/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM B. LOFGREN RE ISSUES RE PREPARATION OF TRIAL DECLARATION OF SAME. | 0.1 | $375 | $37.50 |
| 11/23/2014 | CAM | REVIEW, ANALYZE AND REVISE DRAFT OF TRIAL DECLARATION RECEIVED FROM APPRAISER B. LOFGREN. | 0.3 | $375 | $112.50 |
| 11/24/2014 | CAM | REVIEW AND ANALYZE E-MAIL FROM B. LOFGREN RE FINALIZING TRIAL DECLARATION OF SAME. | 0.1 | $375 | $37.50 |
| 11/24/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM B. LOFGREN RE ISSUES RE REVISION TO TRIAL DECLARATION OF SAME. | 0.1 | $375 | $37.50 |

(C) Correspondence with B. Lofgren's Assistant

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 11/19/2014 | CAM | RESEARCH RE STATUTORY / FEDERAL RULE AUTHORITY RE EXPERT WITNESS REPORT. | 0.4 | $375 | $150.00 |
| 11/19/2014 | CAM | TELEPHONE CONFERENCE WITH S. CRIST RE PREPARATION OF DECLARATION OF B. LOFGREN AND EXHIBITS. | 0.2 | $375 | $75.00 |
| 11/19/2014 | CAM | TELEPHONE CONFERENCE WITH B. LOFGREN'S ASSISTANT, CRIST, RE OBTAINING INFORMATION FROM SAME RE DECLARATION OF B. LOFGREN RE PROPERTY VALUATION ISSUES. | 0.3 | $375 | $112.50 |

(D) Analyze Documents for B. Lofgren Trial Declaration

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 11/20/2014 | CAM | REVIEW AND ANALYZE NUMEROUS DOCUMENTS AND DEPOSITION TRANSCRIPTS OF F. EFRAIM AND B. MICHAELS RE PROVIDING INFORMATION AND DOCUMENTS TO B. LOFGREN RE PREPARATION OF TRIAL DECLARATION OF SAME RE PROPERTY VALUATION ISSUES. | 2.4 | $375 | $900.00 |
| 11/24/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE PROVIDING ADDITIONAL INFORMATION AND DOCUMENTS TO B. LOFGREN RE PREPARATION OF TRIAL DECLARATION OF SAME. | 0.3 | $375 | $112.50 |

(E) Draft B. Lofgren Trial Declaration

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 11/20/2014 | CAM | DRAFT TRIAL DECLARATION OF B. LOFGREN. | 1.8 | $375 | $675.00 |
| 11/24/2014 | CAM | DRAFT FURTHER REVISIONS TO TRIAL DECLARATION OF APPRAISER B. LOFGREN. | 0.3 | $375 | $112.50 |
| 11/24/2014 | CAM | PREPARE CORRESPONDENCE TO M. ORH RE ISSUES RE PREPARATION OF TRIAL DECLARATION OF SAME. | 0.1 | $375 | $37.50 |
| 11/24/2014 | TR | REVIEW AND REVISE TRIAL DECLARATION OF BRAD LOFGREN. | 0.8 | $625 | $500.00 |

(F) Confer with I. Chae/Commerce Escrow

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 11/21/2014 | CAM | TELEPHONE CONFERENCE WITH EMPLOYEES OF COMMERCE ESCROW RE OBTAINING DECLARATION OF ESCROW OFFICER FOR EFPAR TRIAL. | 0.3 | $375 | $112.50 |
| 11/21/2014 | CAM | SECOND TELEPHONE CONFERENCE WITH I. CHAE AT COMMERCE ESCROW RE OBTAINING DECLARATION OF SAME RE ISSUES RE EFPAR TRIAL. | 0.2 | $375 | $75.00 |
| 11/24/2014 | CAM | TELEPHONE CONFERENCE WITH REPRESENTATIVE OF COMMERCE ESCROW RE ISSUES RE OBTAINING DECLARATION FROM SAME RE ESCROW WITH EFPAR IN PREPARATION FOR TRIAL. | 0.3 | $375 | $112.50 |
| 11/24/2014 | CAM | TELEPHONE CONFERENCE WITH | 0.2 | $375 | $75.00 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| | | LEGAL COUNSEL FOR COMMERCE ESCROW RE ISSUES RE OBTAINING DECLARATION FROM ESCROW OFFICER IN PREPARATION FOR EFPAR TRIAL. | | | |
| 11/25/2014 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO S. DAVIS, COUNSEL FOR COMMERCE ESCROW, RE OBTAINING TRIAL DECLARATION OF I. CHAE AND ISSUES RE SAME. | 0.2 | $375 | $75.00 |
| 11/26/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND TRIAL DECLARATION OF I. CHAE, RECEIVED FROM COUNSEL FOR COMMERCE ESCROW. | 0.2 | $375 | $75.00 |
| 11/26/2014 | CAM | TELEPHONE CONFERENCE WITH S. DAVIS, COUNSEL FOR COMMERCE ESCROW, RE ISSUES RE OBTAINING TRIAL DECLARATION OF IRIS CHAE | 0.2 | $375 | $75.00 |

(G) Review/Analyze Correspondence and Documents from R. Riemer

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 11/24/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND DOCUMENT RECEIVED FROM R. RIEMER RE PREPARATION OF TRIAL DECLARATION OF SAME. | 0.2 | $375 | $75.00 |
| 11/24/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE DRAFTING TRIAL DECLARATION OF REAL ESTATE TRANSACTION EXPERT R. RIEMER. | 0.4 | $375 | $150.00 |
| 11/24/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE PREPARATION OF TRIAL DECLARATION OF SAME. | 0.4 | $375 | $150.00 |
| 11/25/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND EXECUTED DECLARATION OF R. RIEMER RECEIVED FROM SAME. | 0.1 | $375 | $37.50 |
| 11/25/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM R. RIEMER RE REVISIONS TO TRIAL DECLARATION OF SAME. | 0.1 | $375 | $37.50 |

(H) Preparing Trial Declaration of M. Orh

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 11/24/2014 | CAM | PREPARE TRIAL DECLARATION OF M. | 1.2 | $375 | $450.00 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| | | ORH. | | | |
| 11/25/2014 | CAM | REVIEW AND ANALYZE ISSUES RE ADDRESSING CERTAIN TOPICS IN TRIAL DECLARATION OF M. ORH. | 0.3 | $375 | $112.50 |
| 11/25/2014 | CAM | DRAFT TRIAL DECLARATION OF M. ORH. | 2.4 | $375 | $900.00 |
| 11/26/2014 | CAM | DRAFT TRIAL DECLARATION OF M. ORH. | 0.8 | $375 | $300.00 |
| 11/26/2014 | CAM | REVIEW / REVISE TRIAL DECLARATION OF M. ORH. | 0.4 | $375 | $150.00 |
| 11/26/2014 | CAM | DRAFT REVISIONS TO TRIAL DECLARATION OF M. ORH PER REQUEST OF SAME. | 0.3 | $375 | $112.50 |
| 11/26/2014 | TR | REVISE TRIAL DECLARATION OF M. ORH. | 1.4 | $625 | $875.00 |

(I) Draft Trial Declaration of R. Riemer

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 11/24/2014 | CAM | DRAFT TRIAL DECLARATION OF R. RIEMER. | 0.7 | $375 | $262.50 |
| 11/25/2014 | CAM | FINALIZE TRIAL DECLARATION OF R. RIEMER AND EXHIBITS. | 0.3 | $375 | $112.50 |
| 11/25/2014 | CAM | DRAFT / REVIEW / REVISE TRIAL DECLARATION OF R. RIEMER. | 0.6 | $375 | $225.00 |
| 11/25/2014 | CAM | FURTHER REVIEW / REVISE TRIAL DECLARATION OF R. RIEMER. | 0.2 | $375 | $75.00 |
| 11/25/2014 | TR | REVIEW AND REVISE DRAFT TRIAL DECLARATION OF RICHARD REIMER | 0.5 | $625 | $312.50 |

(J) Prepare Correspondence to R. Riemer

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 11/25/2014 | CAM | PREPARE CORRESPONDENCE TO R. RIEMER RE DRAFT OF DECLARATION OF SAME FOR REVIEW AND COMMENT. | 0.2 | $375 | $75.00 |
| 11/25/2014 | CAM | DRAFT CORRESPONDENCE TO R. RIEMER RE TRIAL DECLARATION AND TRIAL. | 0.1 | $375 | $37.50 |

(K) Review/Analyze Correspondence and Documents re: M. Orh Trial Declaration

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 11/25/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE DRAFTING TRIAL DECLARATION OF M. ORH. | 0.6 | $375 | $225.00 |

| 11/25/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM M. ORH RE ADDRESSING CERTAIN ISSUES IN TRIAL DECLARATION OF SAME. | 0.1 | $375 | $37.50 |
| 11/26/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM M. ORH RE REVISIONS REQUESTED BY SAME TO TRIAL DECLARATION OF SAME. | 0.1 | $375 | $37.50 |
| 11/26/2014 | CAM | REVIEW AND ANALYZE MULTIPLE E-MAILS AND EXECUTED TRIAL DECLARATION RECEIVED FROM M. ORH. | 0.1 | $375 | $37.50 |
| 11/26/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS AND ISSUES RE DRAFTING REVISIONS TO TRIAL DECLARATION OF M. ORH PER REQUEST OF SAME. | 0.4 | $375 | $150.00 |

(L) Correspondence to M. Orh

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 11/26/2014 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO M. ORH RE FINALIZED TRIAL DECLARATION OF SAME FOR EXECUTION. | 0.1 | $375 | $37.50 |
| 11/26/2014 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO M. ORH RE DRAFT OF DECLARATION OF SAME FOR REVIEW AND COMMENT. | 0.1 | $375 | $37.50 |
| 11/26/2014 | CAM | DRAFT MULTIPLE E-MAILS TO M. ORH RE ISSUES RE PREPARATION OF TRIAL DECLARATION OF SAME. | 0.1 | $375 | $37.50 |

(M) Draft Trial Declaration of I. Chae

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 11/26/2014 | CAM | FINALIZE TRIAL DECLARATION OF I. CHAE. | 0.2 | $375 | $75.00 |
| 11/25/2014 | CAM | DRAFT TRIAL DECLARATION OF IRIS CHAE. | 0.7 | $375 | $262.50 |

(N) Telephone Conference with M. Orh

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 11/26/2014 | CAM | FOURTH TELEPHONE CONFERENCE WITH M. ORH RE ISSUES RE FINALIZATION AND FILING OF TRIAL DECLARATION OF SAME. | 0.1 | $375 | $37.50 |
| 11/26/2014 | CAM | TELEPHONE CONFERENCE WITH M. | 0.2 | $375 | $75.00 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| | | ORH RE ISSUES RE PREPARATION OF TRIAL DECLARATION OF SAME. | | | |
| 11/26/2014 | CAM | SECOND TELEPHONE CONFERENCE WITH M. ORH RE ISSUES RE PREPARATION OF, AND REVISIONS TO, TRIAL DECLARATION OF SAME. | 0.1 | $375 | $37.50 |
| 11/26/2014 | CAM | THIRD TELEPHONE CONFERENCE WITH M. ORH RE ISSUES RE PREPARATION OF, AND REVISIONS TO, TRIAL DECLARATION OF SAME. | 0.1 | $375 | $37.50 |

Miscellaneous Entries

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 11/24/2014 | CAM | PREPARE CORRESPONDENCE TO R. RIEMER RE ISSUES RE PREPARATION OF TRIAL DECLARATION OF SAME. | 0.1 | $375 | $37.50 |
| 11/25/2014 | CAM | TELEPHONE CONFERENCE WITH R. RIEMER RE ISSUES RE FINALIZING TRIAL DECLARATION OF SAME. | 0.2 | $375 | $75.00 |
| 11/25/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU RE PREPARATION OF TRIAL DECLARATIONS OF M. ORH AND R. RIEMER, AND RE OTHER TRIAL PREPARATION ISSUES. | 0.4 | $375 | $150.00 |

Exhibit 9

(A) Draft Trial Brief

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 12/3/2014 | CAM | DRAFT DEBTOR'S TRIAL BRIEF. | 0.7 | $375 | $262.50 |
| 12/5/2014 | BN | WORK ON TRIAL BRIEF IN EFPAR CLAIM OBJECTION LITIGATION. | 0.1 | $300 | $30.00 |
| 12/9/2014 | BN | DRAFT SECTION OF EFPAR TRIAL BRIEF RE DAMAGES FOR BREACH OF CONTRACT TO SELL REAL PROPERTY. | 3.8 | $300 | $1,140.00 |
| 12/9/2014 | BN | DRAFT SECTION OF EFPAR TRIAL BRIEF RE DAMAGES FOR BREACH OF CONTRACT TO SELL REAL PROPERTY. | 0.1 | $300 | $30.00 |
| 12/9/2014 | CAM | DRAFT DEBTOR'S TRIAL BRIEF RE CONTESTED MATTER TRIAL AGAINST EFPAR. | 1.1 | $375 | $412.50 |
| 12/11/2014 | BN | DRAFT ARGUMENT RE IMPOSSIBILITY FOR EFPAR TRIAL BRIEF. | 2.5 | $300 | $750.00 |
| 12/11/2014 | CAM | DRAFT TRIAL BRIEF. | 1.8 | $375 | $675.00 |
| 12/12/2014 | BN | REVISE ARGUMENT RE DAMAGES FOR EFPAR OBJECTION TRIAL BRIEF. | 0.3 | $300 | $90.00 |

| 12/12/2014 | BN | WORK ON TRIAL BRIEF AND ISSUES RELATED THERETO. | 0.6 | $300 | $180.00 |
| 12/12/2014 | BN | REVISE LEGAL ARGUMENT RE IMPOSSIBILITY DEFENSE. | 0.3 | $300 | $90.00 |
| 12/12/2014 | BN | ASSIST IN PREPARATION OF EFPAR OBJECTION TRIAL BRIEF. | 0.4 | $300 | $120.00 |
| 12/12/2014 | BN | REVIEW AND REVISE TRIAL BRIEF DRAFT OF STATEMENT OF FACTS. | 0.9 | $300 | $270.00 |
| 12/12/2014 | CAM | DRAFT DEBTOR'S TRIAL BRIEF. | 3.1 | $375 | $1,162.50 |
| 12/12/2014 | CAM | DRAFT REVISIONS TO TRIAL BRIEF PER INSTRUCTION OF T. RINGSTAD RE DAMAGES  ISSUES. | 0.7 | $375 | $262.50 |
| 12/12/2014 | TR | WORK ON TRIAL BRIEF FOR EFPAR TRIAL. | 2.5 | $625 | $1,562.50 |
| 12/14/2014 | BN | REVISE EFPAR TRIAL BRIEF. | 3.9 | $300 | $1,170.00 |
| 12/14/2014 | TR | WORK ON TRAIL BRIEF FOR EFPAR TRIAL. | 1.5 | $625 | $937.50 |
| 12/15/2014 | BN | REVISE CONCLUSION IN EFPAR TRIAL BRIEF. | 0.4 | $300 | $120.00 |
| 12/15/2014 | BN | REVIEW FINAL REVIEW OF EFPAR TRIAL BRIEF. | 2.1 | $300 | $630.00 |
| 12/15/2014 | CAM | REVIEW / REVISE DEBTOR'S TRIAL BRIEF. | 1.6 | $375 | $600.00 |
| 12/15/2014 | TR | REVISE TRIAL BRIEF. | 2.6 | $625 | $1,625.00 |

(B) Research/Analysis of Damages Issue

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 12/9/2014 | BN | REVIEW ARGUMENTS RE DAMAGES FOR BREACH OF CONTRACT TO SELL REAL PROPERTY. | 0.5 | $300 | $150.00 |
| 12/9/2014 | BN | RESEARCH RE WHETHER TIME OF PRINCIPALS OF BUSINESS ARE INCLUDABLE AS DAMAGES FOR BREACH OF CONTRACT. | 0.8 | $300 | $240.00 |
| 12/9/2014 | BN | ANALYZE ISSUES RE DAMAGES FOR BREACH OF CONTRACT TO SELL REAL PROPERTY. | 0.4 | $300 | $120.00 |
| 12/9/2014 | BN | REVIEW DECLARATION OF APPRAISER FOR USE IN ARGUMENT RE DAMAGES FOR BREACH OF CONTRACT TO SELL REAL PROPERTY. | 0.3 | $300 | $90.00 |
| 12/10/2014 | BN | RESEARCH RE WHETHER TIME OF PRINCIPALS OF BUSINESS IS INCLUDABLE AS DAMAGES FOR BREACH OF CONTRACT. | 0.3 | $300 | $90.00 |

(C) Research/Analysis of Contract Defenses

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 12/5/2014 | BN | ANALYZE ISSUES RE NONMATERIAL BREACH AND WAIVER OF BREACH. | 0.3 | $300 | $90.00 |
| 12/10/2014 | BN | ANALYZE IMPOSSIBILITY DEFENSE TO BREACH OF CONTRACT. | 0.5 | $300 | $150.00 |
| 12/10/2014 | BN | RESEARCH RE IMPOSSIBILITY DEFENSE TO BREACH OF CONTRACT. | 4.4 | $300 | $1,320.00 |
| 12/11/2014 | BN | RESEARCH RE IMPOSSIBILITY DEFENSE TO BREACH OF CONTRACT. | 0.5 | $300 | $150.00 |
| 12/11/2014 | BN | ANALYZE ISSUES RE POSSIBLE COUNTER-ARGUMENTS TO MUTUAL MISTAKE AND IMPOSSIBILITY ARGUMENTS. | 0.3 | $300 | $90.00 |
| 12/11/2014 | CAM | REVIEW AND ANALYZE LEGAL AUTHORITIES PREPARED BY B. NELSON RE NONMATERIAL BREACH AND IMPOSSIBILITY DEFENSES RE DRAFTING DEBTOR'S TRIAL BRIEF. | 0.4 | $375 | $150.00 |
| 12/12/2014 | BN | ANALYZE ISSUES RE WAIVER DEFENSE TO EFPAR CLAIM. | 0.2 | $300 | $60.00 |
| 12/12/2014 | BN | ANALYZE ISSUES RE NONMATERIAL BREACH DEFENSE TO EFPAR CLAIM. | 0.2 | $300 | $60.00 |
| 12/12/2014 | BN | ANALYZE ISSUES RE MUTUAL MISTAKE DEFENSE TO EFPAR CLAIM. | 0.3 | $300 | $90.00 |
| 12/12/2014 | BN | ANALYZE ISSUES RE IMPOSSIBILITY DEFENSE TO EFPAR CLAIM. | 0.5 | $300 | $150.00 |
| 12/12/2014 | TR | ANALYZE EVIDENCE AND LEGAL ISSUES RE DEFENSES TO BREACH OF CONTRACT CLAIM. | 1.5 | $625 | $937.50 |
| 12/15/2014 | BN | RESEARCH ADDITIONAL DEFENSES TO BREACH OF CONTRACT CLAIM. | 1.4 | $300 | $420.00 |

(D) Review and Analyze Docs re: Trial Brief

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 12/3/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE DRAFTING DEBTOR'S TRIAL BRIEF. | 0.4 | $375 | $150.00 |
| 12/9/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE DRAFTING TRIAL BRIEF. | 0.6 | $375 | $225.00 |
| 12/11/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE DRAFTING DEBTOR'S TRIAL BRIEF. | 0.9 | $375 | $337.50 |
| 12/12/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE DRAFTING DEBTOR'S TRIAL BRIEF FOR UPCOMING TRIAL WITH EFPAR. | 1 | $375 | $375.00 |
| 12/15/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS RE REVISING DEBTOR'S TRIAL BRIEF. | 0.7 | $375 | $262.50 |

(E) Analyze Issues re: Trial Brief

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 12/5/2014 | BN | ANALYZE ISSUES RE TRIAL BRIEF. | 0.1 | $300 | $30.00 |
| 12/10/2014 | BN | ANALYZE ISSUES RE TRIAL BRIEF. | 0.2 | $300 | $60.00 |
| 12/15/2014 | BN | ANALYZE ISSUES RE EFPAR TRIAL BRIEF. | 0.6 | $300 | $180.00 |

(F) Work Related to Trial Brief Submission Deadline

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 12/8/2014 | CAM | TELEPHONE CONFERENCE WITH COURT'S LAW CLERK RE COURT NOT HAVING SET DEADLINE RE FILING OF PARTIES' TRIAL BRIEFS AND RESOLVING ISSUES RE SAME. | 0.2 | $375 | $75.00 |
| 12/9/2014 | BN | ANALYZE ISSUES RE TRIAL BRIEF SUBMISSION DEADLINE. | 0.1 | $300 | $30.00 |
| 12/9/2014 | CAM | PREPARE STIPULATION BETWEEN DEBTOR AND EFPAR RESOLVING LACK OF ESTABLISHED DEADLINE FOR THE FILING OF TRIAL BRIEFS PER INSTRUCTIONS RECEIVED FROM COURT'S CHAMBERS; REVIEW / REVISE SAME. | 0.5 | $375 | $187.50 |
| 12/9/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND EXECUTED STIPULATION ESTABLISHING DEADLINE FOR PARTIES TO FILE TRIAL BRIEFS RECEIVED FROM EFPAR'S COUNSEL. | 0.1 | $375 | $37.50 |
| 12/9/2014 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO S. REISS RE ISSUES RE LACK OF ESTABLISHED DEADLINE FOR THE FILING OF TRIAL BRIEFS, INSTRUCTIONS RECEIVED FROM COURT'S CHAMBERS RE SAME, AND RE DRAFT OF STIPULATION RESOLVING SAME. | 0.2 | $375 | $75.00 |
| 12/9/2014 | CAM | PREPARE PROPOSED ORDER ON STIPULATION BETWEEN DEBTOR AND EFPAR RESOLVING LACK OF ESTABLISHED DEADLINE FOR THE FILING OF TRIAL BRIEFS. | 0.3 | $375 | $112.50 |
| 12/9/2014 | CAM | TELEPHONE CONFERENCE WITH S. REISS RE ISSUES RE S. LACK OF ESTABLISHED DEADLINE FOR THE FILING OF TRIAL BRIEFS, INSTRUCTIONS RECEIVED FROM | 0.1 | $375 | $37.50 |

| | | COURT'S CHAMBERS RE SAME, AND RE AGREEING TO STIPULATION TO RESOLVE SAME. | | | |
|---|---|---|---|---|---|

### (G) Research Legal Authority Regarding Preparation of Trial Brief

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 12/9/2014 | CAM | RESEARCH LEGAL AUTHORITY RE PREPARATION OF DEBTOR'S TRIAL BRIEF. | 1.3 | $375 | $487.50 |
| 12/12/2014 | CAM | RESEARCH CASE LAW AND STATUTORY AUTHORITY RE PREPARATION OF DEBTOR'S TRIAL BRIEF. | 1.6 | $375 | $600.00 |

### (H) Review and Analyze Efpar's Trial Brief

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 12/15/2014 | TR | ANALYZE TRIAL BRIEF OF EFPAR. | 1.1 | $625 | $687.50 |
| 12/16/2014 | BN | REVIEW EFPAR'S TRIAL BRIEF. | 0.5 | $300 | $150.00 |
| 12/16/2014 | CAM | REVIEW AND ANALYZE EFPAR'S TRIAL BRIEF. | 0.5 | $375 | $187.50 |
| 12/16/2014 | CAM | REVIEW AND ANALYZE EFPAR'S TRIAL BRIEF AND AMENDED TRIAL EXHIBIT LIST AND ATIACHMENTS FILED BY EFPAR. | 0.7 | $375 | $262.50 |

## Exhibit 10

### (A) Draft Motion in Limine re: Loan Fee Damages

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 12/4/2014 | BN | DRAFT MOTION IN LIMINE TO EXCLUDE EVIDENCE OF LOAN FEE DAMAGES. | 1.1 | $300 | $330.00 |
| 12/5/2014 | CAM | DRAFT DEBTOR'S MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE OF COMMITMENT FEE AND MINIMUM INTEREST CHARGES PORTION OF EFPAR'S CLAIM ON STATUTE OF FRAUDS GROUNDS. | 0.5 | $375 | $187.50 |
| 12/8/2014 | BN | REVIEW DEPOSITION OF FARZAD SEAN RAHBAR FOR USE IN MOTION IN LIMINE TO EXCLUDE EVIDENCE OF LOAN COMMITMENT DAMAGES. | 0.3 | $300 | $90.00 |
| 12/8/2014 | BN | REVISE MOTION IN LIMINE TO | 0.6 | $300 | $180.00 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| | | EXCLUDE EVIDENCE OF LOAN FEE DAMAGES. | | | |
| 12/8/2014 | BN | REVISE MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DAMAGES FROM LOAN COMMITMENT AGREEMENT. | 0.3 | $300 | $90.00 |
| 12/8/2014 | CAM | RESEARCH ADDITIONAL CASE LAW ANO STATUTORY AUTHORITY RE ISSUES RE STATUTE OF FRAUDS DEFENSE TO INTEREST ANO COMMITMENT FEE BEING SOUGHT BY EFPAR AS PART OF ITS CLAIM | 0.6 | $375 | $225.00 |
| 12/8/2014 | CAM | REVIEW / REVISE DEBTOR'S MOTION IN LIMINE NO. 1TO EXCLUDE EVIDENCE RE ALLEGED OBLIGATION TO SR CAPITAL RELATED TO FINANCING COMMITMENT. | 0.2 | $375 | $75.00 |
| 12/8/2014 | TR | REVISE MOTION IN LIMINE RE STATUTE OF FRAUDS. | 0.5 | $625 | $312.50 |
| 12/9/2014 | BN | REVISE MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DAMAGES FROM LOAN COMMITMENT AGREEMENT. | 0.4 | $300 | $120.00 |
| 12/9/2014 | BN | REVISE MOTION IN LIMINE TO EXCLUDE EVIDENCE OF LOAN COMMITMENT FEE DAMAGES. | 0.1 | $300 | $30.00 |

(B) Draft Motion in Limine re: Valuation Evidence from B. Michaels

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 12/5/2014 | BN | DRAFT MOTION IN LIMINE TO EXCLUDE VALUATION EVIDENCE FROM BRANDON MICHAELS. | 2.2 | $300 | $660.00 |
| 12/5/2014 | BN | REVISE MOTION IN LIMINE TO EXCLUDE VALUATION EVIDENCE FROM BRANDON MICHAELS. | 1.4 | $300 | $420.00 |
| 12/8/2014 | BN | DRAFT DECLARATION IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE VALUATION EVIDENCE FROM BRANDON MICHAELS. | 0.3 | $300 | $90.00 |
| 12/9/2014 | BN | PREPARE PORTIONS OF DEPOSITION FOR ATTACHMENT TO MOTION IN LIMINE TO EXCLUDE EVIDENCE FROM VALUE OF BRANDON MICHAELS. | 0.4 | $300 | $120.00 |
| 12/9/2014 | BN | REVISE MOTION IN LIMINE TO EXCLUDE EVIDENCE OF VALUE FROM BRANDON MICHAELS. | 0.3 | $300 | $90.00 |
| 12/9/2014 | BN | ANALYZE ISSUES RE MOTION IN LIMINE TO EXCLUDE EVIDENCE OF VALUE FROM BRANDON MICHAELS. | 0.2 | $300 | $60.00 |

| 12/9/2014 | CAM | REVIEW / REVISE MOTION IN LIMINE TO EXCLUDE EVIDENCE BY BRANDON MICHAELS, SUPPORTING DECLARATION AND EXHIBIT. | 1 | $375 | $375.00 |
| 12/10/2014 | CAM | REVISE / FINALIZE AND PREPARE EXHIBIT TO DEBTOR'S MOTION IN LIMINE NO. 3 FOR EFPAR TRIAL PER INSTRUCTION OF T. RINGSTAD. | 0.4 | $375 | $150.00 |

(C) Draft Motion in Limine re: Valuation Evidence from F. Efraim

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 12/7/2014 | BN | DRAFT MOTION IN LIMINE TO EXCLUDE VALUATION EVIDENCE FROM FRED EFRAIM. | 0.3 | $300 | $90.00 |
| 12/8/2014 | BN | DRAFT MOTION IN LIMINE TO EXCLUDE VALUATION EVIDENCE FROM FRED EFRAIM. | 0.4 | $300 | $120.00 |
| 12/10/2014 | BN | REVISE MOTION IN LIMINE TO EXCLUDE EVIDENCE OF VALUE FROM FRED EFRAIM. | 0.2 | $300 | $60.00 |
| 12/10/2014 | CAM | DRAFT DEBTOR'S MOTION IN LIMINE NO. 2 TO EXCLUDE TESTIMONY / EVIDENCE RE VALUE OF PROPERTY BY F. EFRAIM. | 0.9 | $375 | $337.50 |

(D) Research/Analyze Issue of Loan Fee Damages

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 12/4/2014 | BN | RESEARCH RE WHETHER THE LOAN ALLEGEDLY GIVING RISE TO EFPAR'S LOAN COMMITMENT FEE DAMAGES WAS REQUIRED TO BE IN WRITING. | 0.6 | $300 | $180.00 |
| 12/4/2014 | BN | ANALYZE ISSUES RE MOTION IN LIMINE TO EXCLUDE EVIDENCE ON LOAN FEE DAMAGES. | 0.4 | $300 | $120.00 |
| 12/5/2014 | CAM | RESEARCH RE ISSUES, CASE LAW AND STATUTORY AUTHORITY RE COMMITMENT FEE AND MINIMUM INTEREST CHARGES PORTION OF EFPAR'S CLAIM THAT SR CAPITAL IS SEEKING TO COLLECT FROM EFPAR, AND OBJECTING TO / PREPARING MOTION IN LIMINE RE SAME. | 0.6 | $375 | $225.00 |

(E) Strategize re: Motion in Limine

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 11/19/2014 | TR | ANALYZE STRATEGY RE EXPERT TESTIMONY AND POSSIBLE MOTION IN LIMINE FOR EFPAR TRIAL. | 0.3 | $625 | $187.50 |
| 12/4/2014 | TR | WORK ON ISSUES AND STRATEGY RE OBJECTIONS TO EVIDENCE AND POSSIBLE MOTION IN LIMINE. | 0.8 | $625 | $500.00 |

(F) Research/Analyze Statute of Frauds

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 12/8/2014 | BN | RESEARCH RE CASES DISCUSSING CALIFORNIA LAW RE STATUTE OF FRAUDS ANO LOANS FOR MORE THAN $100,000. | 1.1 | $300 | $330.00 |
| 12/8/2014 | BN | ANALYZE STATUTE OF FRAUDS ISSUES. | 0.3 | $300 | $90.00 |

(G) Prepare Motions for Filing

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 12/11/2014 | BN | PREPARE MOTION IN LIMINE 1 FOR FILING. | 0.3 | $300 | $90.00 |
| 12/11/2014 | BN | PREPARE MOTION IN LIMINE 1 FOR FILING. | 0.3 | $300 | $90.00 |

(H) Analyze Correspondence from Efpar and Prepare Correspondence to Efpar

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 12/11/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND MOTION IN LININE FILED BY EFPAR RECEIVED FROM EFPAR'S COUNSEL. | 0.1 | $375 | $37.50 |
| 12/11/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE ISSUES RE MOTIONS IN LIMINE FILED BY DEBTOR. | 0.1 | $375 | $37.50 |
| 12/16/2014 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO EFPAR'S COUNSEL RE ISSUES RE OMITIED PAGE FROM EFPAR'S MOTION IN LIMINE NO. ONE, AND RE EFPAR FILING REQUIRED SUPPLEMENT TO JPTO RE STIPULATING TO DEBTOR'S TRIAL | 0.3 | $375 | $112.50 |

| | | EXHIBITS. | | | |
|---|---|---|---|---|---|

## (I) Review Efpar's Opposition

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 12/12/2014 | TR | ANALYZE MOTION IN LIMINE FILED BY EFPAR. | 0.6 | $625 | $375.00 |
| 12/16/2014 | CAM | REVIEW AND ANALYZE EFPAR'S OPPOSITION TO DEBTOR'S MOTIONS IN LIMINE. | 0.4 | $375 | $150.00 |
| 12/17/2014 | BN | REVIEW EFPAR'S OPPOSITION TO MOTION IN LIMINE 1. | 0.1 | $300 | $30.00 |
| 12/17/2014 | BN | REVIEW EFPAR'S OPPOSITION TO MOTION IN LIMINE 2. | 0.1 | $300 | $30.00 |
| 12/17/2014 | BN | REVIEW EFPAR'S OPPOSITION TO MOTION IN LIMINE 3. | 0.1 | $300 | $30.00 |
| 12/17/2014 | BN | REVIEW EFPAR'S MOTION IN LIMINE. | 0.1 | $300 | $30.00 |
| 12/17/2014 | CAM | REVIEW AND ANALYZE REVISED MOTION IN LIMINE N0.1FILED BY EFPAR. | 0.2 | $375 | $75.00 |

## (J) Review Motion in Limine

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 12/17/2014 | CAM | REVIEW AND ANALYZE DEBTOR'S THREE MOTIONS IN LIMINE IN PREPARATION FOR START OF EFPAR TRIAL. | 0.6 | $375 | $225.00 |
| 12/17/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND ENCLOSURE RECEIVED FROM EFPAR'S COUNSEL RE MISSING PAGE FROM MOTION IN LIMINE FILED BY SAME. | 0.1 | $375 | $37.50 |

## Miscellaneous Entries

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 12/9/2014 | TR | REVISE MOTION IN LIMINE RE VALUATION TESTIMONY. | 0.8 | $625 | $500.00 |
| 12/10/2014 | BN | ASSIST WITH PREPARATION OF FILING MOTIONS IN LIMINE IN EFPAR CLAIM OBJECTION PROCEEDING. | 0.2 | $300 | $60.00 |
| 12/10/2014 | TR | REVISE MOTIONS IN LIMINE. | 0.5 | $625 | $312.50 |

No Charge Entries

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 12/8/2014 | TR | (NO CHARGE) RESEARCH RE STATUTE OF FRAUDS. | 0.6 | $625 | $0.00 |

## Exhibit 11

(A) Research/Analyze Issue of Admissibility of Deposition Transcripts

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 12/4/2014 | BN | RESEARCH RE ADMISSIBILITY OF DEPOSITION TRANSCRIPTS. | 0.5 | $300 | $150.00 |
| 12/4/2014 | BN | RESEARCH RE ADMISSIBILITY OF DEPOSITION TRANSCRIPTS. | 0.1 | $300 | $30.00 |
| 12/4/2014 | BN | ANALYZE ISSUES RE ADMISSIBILITY OF DEPOSITION TRANSCRIPTS. | 0.2 | $300 | $60.00 |
| 12/8/2014 | BN | RESEARCH RE UNDER WHAT CIRCUMSTANCES DEPOSITION TESTIMONY  IS ADMISSIBLE. | 1.3 | $300 | $390.00 |

(B) Research/Analyze Issue of whether Real Estate Agent can give expert opinion

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 12/4/2014 | BN | ANALYZE ISSUES RE WHETHER REAL ESTATE DEVELOPER OR AGENT IS QUALIFIED TO GIVE EXPERT OPINION ON VALUATION. | 0.2 | $300 | $60.00 |
| 12/4/2014 | BN | RESEARCH RE WHETHER REAL ESTATE DEVELOPER OR AGENT IS QUALIFIED TO GIVE EXPERT OPINION ON VALUATION. | 0.2 | $300 | $60.00 |
| 12/5/2014 | BN | RESEARCH RE WHETHER REAL ESTATE DEVELOPER OR AGENT IS QUALIFIED TO GIVE EXPERT OPINION ON VALUATION. | 4.4 | $300 | $1,320.00 |

(C) Research/Analyze Documents re: Objections to Efpar's Trial Exhibits and Declarations

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 12/4/2014 | BN | REVIEW AND ANALYZE EFPAR'S TRIAL EXHIBITS RE DRAFTING OBJECTIONS | 1.3 | $375 | $487.50 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
|  |  | TO SAME, AND SUPPLEMENT TO JOINT PRE-TRIAL ORDER PER INSTRUCTION OF COURT AT PRE-TRIAL CONFERENCE. |  |  |  |
| 12/4/2014 | CAM | RESEARCH LEGAL AUTHORITIES RE PREPARATION OF DEBTOR'S OBJECTIONS TO EFPAR'S TRIAL EXHIBITS AND TRIAL DECLARATIONS. | 0.6 | $375 | $225.00 |
| 12/5/2014 | BN | ANALYZE ISSUES RE EVIDENTIARY OBJECTIONS TO EFPAR'S TRIAL BRIEFS. | 0.1 | $300 | $30.00 |
| 12/5/2014 | CAM | REVIEW AND ANALYZE TRIAL DECLARATION OF B. MICHAELS AND EXHIBITS FILED BY EFPAR RE DRAFTING EVIDENTIARY OBJECTIONS TO SAME. | 0.4 | $375 | $150.00 |
| 12/5/2014 | CAM | REVIEW AND ANALYZE TRIAL DECLARATION OF S. RAHBAR AND EXHIBITS FILED BY EFPAR RE DRAFTING EVIDENTIARY OBJECTION TO SAME. | 0.3 | $375 | $112.50 |
| 12/5/2014 | CAM | REVIEW AND ANALYZE TRIAL DECLARATION OF F. EFRAIM AND EXHIBITS RE DRAFTING EVIDENTIARY OBJECTIONS TO SAME. | 1.2 | $375 | $450.00 |
| 12/5/2014 | TR | REVIEW EXHIBIT LIST (EFPAR). | 0.1 | $625 | $62.50 |
| 12/10/2014 | CAM | REVIEW AND ANALYZE DEPOSITON TRANSCRIPT OF F. EFRAIM AND EXHIBITS. | 0.8 | $375 | $300.00 |

(D) Draft Objection to Trial Exhibits and Trial Declarations

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 12/4/2014 | CAM | DRAFT DEBTOR'S OBJECTIONS TO EFPAR'S TRIAL EXHIBITS. | 0.8 | $375 | $300.00 |
| 12/5/2014 | CAM | DRAFT REVISIONS TO DEBTOR'S OBJECTIONS TO EFPAR'S TRIAL EXHIBITS PER INSTRUCTION OF T. RINGSTAD. | 0.4 | $375 | $150.00 |
| 12/5/2014 | CAM | REVIEW / REVISE / FINALIZE DEBTOR'S OBJECTIONS TO EFPAR'S TRIAL EXHIBITS. | 0.2 | $375 | $75.00 |
| 12/5/2014 | CAM | DRAFT EVIDENTIARY OBJECTIONS TO TRIAL DECLARATION OF B. MICHAELS AND EXHIBITS FILED BY EFPAR. | 0.6 | $375 | $225.00 |
| 12/5/2014 | CAM | DRAFT EVIDENTIARY OBJECTIONS TO TRIAL DECLARATON OF S. | 0.5 | $375 | $187.50 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
|  |  | RAHBAR AND EXHIBITS FILED BY EFPAR. |  |  |  |
| 12/5/2014 | TR | REVISE EVIDENTIARY OBJECTIONS V. EFPAR. | 0.4 | $625 | $250.00 |
| 12/5/2014 | CAM | DRAFT EVIDENTIARY OBJECTIONS TO TRIAL DECLARATION OF F. EFRAIM AND EXHIBITS FILED BY EFPAR. | 0.5 | $375 | $187.50 |
| 12/8/2014 | CAM | DRAFT EVIDENTIARY OBJECTIONS TO TRIAL DECLARATION OF F. EFRAIM AND EXHIBITS FILED BY EFPAR. | 0.7 | $375 | $262.50 |
| 12/8/2014 | CAM | DRAFT REVISIONS TO OBJECTIONS TO TRIAL DECLARATIONS OF F. EFRAIM, B. MICHAELS AND S. RAHBAR, AND EXHIBITS, FILED BY EFPAR. | 0.7 | $375 | $262.50 |
| 12/8/2014 | TR | REVISE EVIDENTIARY OBJECTIONS TO EFPAR'S TRIAL DECLARATIONS. | 0.7 | $625 | $437.50 |

(E) Prepare/Review Trial Exhibits and Transcripts

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 12/5/2014 | CAM | PREPARE MULTIPLE ADDITIONAL TRIAL EXHIBITS OF DEBTOR RE PREPARATION OF TRIAL EXHIBIT BINDER. | 0.7 | $375 | $262.50 |
| 12/8/2014 | CAM | REVIEW AND ANALYZE TRANSCRIPT OF DEPOSITION OF S. RAHBAR IN PREPARATION FOR EFPAR TRIAL. | 0.5 | $375 | $187.50 |
| 12/8/2014 | CAM | REVIEW AND ANALYZE AND MARK PURSUANT TO LOCAL BANKRUPTCY RULE 7030 DEPOSITION TRANSCRIPT OF B. MICHAELS IN PREPARATION FOR TRIAL WITH EFPAR. | 0.6 | $375 | $225.00 |
| 12/9/2014 | CAM | REVIEW AND ANALYZE DEPOSITON TRANSCRIPT OF F. EFRAIM AND EXHIBITS, AND ANALYZE ISSUES RE PREPARATION FOR TRIAL WITH EFPAR. | 1.2 | $375 | $450.00 |
| 12/10/2014 | CAM | REVIEW / REVISE NOTICES OF FILING DEPOSITION TRANSCRIPTS FOR EFPAR TRIAL AND DEPOSITION TRANSCRIPTS AND EXHIBITS TO BE FILED. | 0.9 | $375 | $337.50 |
| 12/15/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS AND PREPARE SAME FOR TRIAL. | 1.8 | $375 | $675.00 |
| 12/15/2014 | TR | REVIEW TRIAL EXHIBITS. | 0.8 | $625 | $500.00 |

| 12/15/2014 | TR | REVIEW TRIAL DECLARATION AND DEPOSITION OF F. EFRAIM AND BEGIN PREPARING CROSS-EXAMINATION. | 1.7 | $625 | $1,062.50 |
|---|---|---|---|---|---|
| 12/16/2014 | CAM | DRAFT SUMMARY RE EFPAR'S RESPONSES AND SUPPLEMENTAL RESPONSES TO DEBTOR'S DISCOVERY REQUESTS RE ADMISSIONS MADE BY EFPAR CONCERNING CERTAIN SUBJECTS RE PREPARATION FOR TRIAL. | 0.3 | $375 | $112.50 |
| 12/17/2014 | BN | ASSIST WITH TRIAL PREPARATION. | 0.8 | $300 | $240.00 |
| 12/17/2014 | CAM | PREPARE DOCUMENTS RE CROSS-EXAMINATION OF EFPAR'S EXPERT, B. MICHAELS, AND RE REDIRECT EXAMINATION OF DOWENT'S EXPERT, B. LOFGREN. | 0.6 | $375 | $225.00 |
| 12/17/2014 | CAM | PREPARE ADDITIONAL TRIAL EXHIBITS. | 0.5 | $375 | $187.50 |
| 12/17/2014 | CAM | PREPARE EXHIBIT BINDERS, PLEADING BINDERS AND OTHER DOCUMENTS IN PREPARATION FOR TRIAL ON DEBTOR'S MOTION FOR DISALLOWANCE OF EFPAR'S CLAIM. | 1 | $375 | $375.00 |
| 12/17/2014 | CAM | REVIEW AND ANALYZE EVIDENTIARY OBJECTIONS TO EFPAR'S TRIAL DECLARATIONS AND EFPAR'S TRIAL EXHIBITS, AND PREPARE WORKING COPIES OF SAME, IN PREPARATION FOR START OF TRIAL. | 0.7 | $375 | $262.50 |

(F) Research Contract Law

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 12/8/2014 | BN | RESEARCH RE WAIVER OF BREACH. | 0.5 | $300 | $150.00 |
| 12/8/2014 | BN | RESEARCH RE NONMATERIAL BREACHES UNDER CALIFORNIA LAW. | 1 | $300 | $300.00 |
| 12/10/2014 | TR | ANALYZE ISSUES AND CASE LAW RE IMPOSSIBILITY AND MISTAKE ISSUES. | 2 | $625 | $1,250.00 |
| 12/11/2014 | TR | ANALYZE TRIAL ISSUES AND STRATEGY RE DEFENSES TO BREACH OF CONTRACT CLAIM. | 2.2 | $625 | $1,375.00 |
| 12/15/2014 | TR | ANALYZE ISSUES AND STRATEGY RE PRESENTATION OF DEFENSES TO CLAIM. | 0.8 | $625 | $500.00 |

(G) Conferring with Efpar's Counsel

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 12/10/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE DEBTOR'S WITNESSES SOUGHT TO BE CROSS- EXAMINED AT TRIAL AND PROPOSED SCHEDULE FOR SAME. | 0.1 | $375 | $37.50 |
| 12/10/2014 | CAM | DRAFT CORRESPONDENCE TO EFPAR'S COUNSEL RE ISSUES RE CROSS-EXAMINATION OF WITNESSES AT TRIAL AND PROPOSED SCHEDULE FOR SAME. | 0.1 | $375 | $37.50 |
| 12/11/2014 | CAM | PREPARE CORRESPONDENCE TO EFPAR'S COUNSEL RE VARIOUS SCHEDULING ISSUES RE CONDUCT OF EFPAR TRIAL AND CROSS- EXAMINATION OF WITNESSES AT SAME. | 0.2 | $375 | $75.00 |
| 12/11/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE DEBTOR'S WITNESSES THAT EFPAR WISHES TO CROSS-EXAMINE AND SCHEDULING SAME FOR TRIAL. | 0.1 | $375 | $37.50 |
| 12/16/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE TRIAL WITNESS SCHEDULE. | 0.1 | $375 | $37.50 |
| 12/17/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM EFPAR'S COUNSEL RE DEBTOR PROVIDING ADDITIONAL COPIES OF TRIAL EXHIBITS TO SAME. | 0.1 | $375 | $37.50 |
| 12/17/2014 | CAM | PREPARE CORRESPONDENCE AND MULTIPLE ENCLOSURES TO EFPAR'S COUNSEL RE PROVIDING SAME WITH COPIES OF CERTAIN TRIAL DOCUMENTS. | 0.2 | $375 | $75.00 |

(H) Correspondence (Drafting and Analyzing) and Conferring with B. Lofgren

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 12/11/2014 | CAM | DRAFT CORRESPONDENCE TO B. LOFGREN RE ISSUES RE SAME TESTIFYING AT TRIAL AND TIMING OF SAME. | 0.1 | $375 | $37.50 |
| 12/11/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM B. | 0.1 | $375 | $37.50 |

| | | | | | |
|---|---|---|---|---|---|
| | | LOFGREN RE ISSUES RE SAME TESTIFYING AT EFPAR TRIAL AND EXPECTED SCHEDULE RE SAME. | | | |
| 12/16/2014 | CAM | PREPARE CORRESPONDENCE AND MULTIPLE ENCLOSURES TO B. LOFGREN RE VALUATION INFORMATION AND TESTIMONY SET FORTH IN EFPAR'S TRIAL BRIEF AND DECLARATION OF F. EFRAIM RE HAVING B. LOFGREN PROVIDE ANALYSIS OF SAME IN PREPARATION FOR TRIAL. | 0.4 | $375 | $150.00 |
| 12/16/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM B. LOFGREN RE ARRANGING TRIAL PREPARATION CONFERENCE CALL; DRAFT REPLY TO SAME RE SAME. | 0.1 | $375 | $37.50 |
| 12/16/2014 | CAM | TELEPHONE CONFERENCE WITH B. LOFGREN RE TRIAL PREPARATION ISSUES. | 0.2 | $375 | $75.00 |
| 12/16/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM B. LOFGREN RE EFPAR TRIAL AND ANTICIPATED SCHEDULE FOR SAME TO TESTIFY. | 0.1 | $375 | $37.50 |
| 12/17/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND DOCUMENTS RECEIVED FROM B. LOFGREN RE DOLLAR TREE SALES COMPS. | 0.2 | $375 | $75.00 |
| 12/17/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND BRANDON MICHAELS MULTI-TENANT SALES COMPARABLE DATA RECEIVED FROM B. LOFGREN. | 0.2 | $375 | $75.00 |
| 12/17/2014 | CAM | TELEPHONE CONFERENCE WITH B. LOFGREN AND T. RINGSTAD IN PREPARATION FOR EFPAR TRIAL. | 0.5 | $375 | $187.50 |
| 12/17/2014 | CAM | DRAFT CORRESPONDENCE TO B. LOFGREN RE APPEARING AND TESTIFYING AT TRIAL. | 0.1 | $375 | $37.50 |
| 12/17/2014 | CAM | TELEPHONE CONFERENCE WITH B. LOFGREN RE PREPARATION FOR EFPAR TRIAL, AND RE SALES DATA RELIED ON BY EFPAR'S EXPERT AND RE SALES TRANSACTIONS HANDLED BY SAME EFPAR'S  EXPERT. | 0.6 | $375 | $225.00 |
| 12/18/2014 | CAM | EXCHANGE E-MAILS WITH B. LOFGREN RE ISSUES RE SAME | 0.1 | $375 | $37.50 |

| | | TESTIFYING AT EFPAR TRIAL. | | | |
|---|---|---|---|---|---|
| 12/22/2014 | CAM | EXCHANGE E-MAILS WITH B. LOFGREN RE ISSUES RE VALUATION TRIAL TESTIMONY, COURT'S RULINGS RE SAME AND OUTCOME OF TRIAL. | 0.2 | $375 | $75.00 |
| 12/23/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE AND INVOICE RECEIVED FROM EXPERT WITNESS B. LOFGREN. | 0.1 | $375 | $37.50 |

(I) Analyze Trial Strategies and Documents for Trial

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 12/9/2014 | TR | ANALYZE STRATEGY RE TRIAL TESTIMONY. | 0.8 | $625 | $500.00 |
| 12/10/2014 | CAM | REVIEW AND ANALYZE ISSUES RE DEBTOR'S AND EFPAR'S WITNESSES SOUGHT TO BE CROSS-EXAMINED AT TRIAL, AND PROPOSED SCHEDULE FOR SAME. | 0.2 | $375 | $75.00 |
| 12/10/2014 | TR | ANALYZE ISSUES AND STRATEGY RE EVIDENCE AND TESTIMONY FOR EFPAR TRIAL. | 2.2 | $625 | $1,375.00 |
| 12/11/2014 | BN | ANALYZE TRIAL STRATEGIES AND POSSIBLE MOTION FOR JUDGMENT ON PARTIAL FINDINGS. | 0.3 | $300 | $90.00 |
| 12/16/2014 | BN | ANALYZE EFPAR TRIAL ISSUES. | 0.3 | $300 | $90.00 |
| 12/16/2014 | CAM | RESEARCH RE STATUTORY AUTHORITY RE ISSUES INVOLVED IN TRIAL WITH EFPAR. | 0.6 | $375 | $225.00 |
| 12/16/2014 | CAM | REVIEW AND ANALYZE INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY DEBTOR TO EFPAR, AND EFPAR'S RESPONSES AND SUPPLEMENTAL RESPONSES TO SAME RE ADMISSIONS MADE BY EFPAR RE PREPARATION FOR TRIAL. | 0.6 | $375 | $225.00 |
| 12/16/2014 | CAM | REVIEW AND ANALYZE EFPAR'S OPPOSITION TO DEBTOR'S MOTION FOR DISALLOWANCE OF CLAIM OF SAME AND ATIACHMENTS, AND EFPAR'S TRIAL DECLARATIONS AND ATIACHMENTS, IN PREPARATION FOR TRIAL. | 0.8 | $375 | $300.00 |
| 12/16/2014 | TR | ANALYZE TRIAL EVIDENCE AND PREPARE FOR TRIAL. | 6 | $625 | $3,750.00 |
| 12/17/2014 | BN | RESEARCH RE WHETHER ANSWERS | 0.5 | $300 | $150.00 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| | | TO INTERROGATORIES ARE ADMISSIBLE. | | | |
| 12/17/2014 | TR | ANALYZE TRIAL DECLARATIONS AND EXHIBITS AND PREPARE FOR TRIAL. | 10.5 | $625 | $6,562.50 |
| 12/18/2014 | BN | ANALYZE ISSUES ARISING AT FIRST DAY OF TRIAL ON EFPAR CLAIM  OBJECTION. | 0.3 | $300 | $90.00 |
| 12/18/2014 | CAM | REVIEW AND ANALYZE DOCUMENTS IN PREPARATION FOR SECOND DAY OF EFPAR TRIAL, AND RE PROVIDING INFORMATION TO T. RINGSTAD RE PRESENTATION OF CLOSING TRIAL ARGUMENT BY SAME. | 0.8 | $375 | $300.00 |
| 12/19/2014 | BN | ANALYZE ISSUES ARISING AFTER SECOND DAY OF TRIAL ON EFPAR CLAIM OBJECTION. | 0.2 | $300 | $60.00 |

(J) Correspondence (Drafting and Analyzing) and Conferring with M. Orh

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 12/17/2014 | CAM | TELEPHONE CONFERENCE WITH M. ORH IN PREPARATION FOR EFPAR TRIAL. | 0.2 | $375 | $75.00 |
| 12/23/2014 | CAM | PREPARE CORRESPONDENCE TO M. ORH RE ISSUES RE EMPLOYMENT AND PAYMENT OF EXPERT APPRAISER B. LOFGREN / PEREGRINE REALTY. | 0.1 | $375 | $37.50 |
| 1/15/2015 | CA, | EXCHANGE MULTIPLE E-MAILS WITH M. ORH RE ISSUES RE CLOSING ARGUMENTS IN EFPAR TRIAL. | 0.1 | $375 | $37.50 |
| 1/21/2015 | CAM | EXCHANGE E-MAILS WITH M. ORH RE EFPAR TRIAL CLOSING ARGUMENTS. | 0.1 | $375 | $37.50 |

(K) Review Documents filed by Efpar

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 12/12/2014 | TR | ANALYZE EVIDENTIARY OBJECTIONS FILED BY EFPAR. | 0.6 | $625 | $375.00 |
| 12/15/2014 | CAM | REVIEW AND ANALYZE AMENDED TRIAL EXHIBIT LIST FILED BY EFPAR. | 0.1 | $375 | $37.50 |
| 12/17/2014 | CAM | REVIEW AND ANALYZE SUPPLEMENT TO JOINT PRE-TRIAL ORDER RE STIPULATION TO FOUNDATION RE DEBTOR'S TRIAL EXHIBITS FILED BY | 0.2 | $375 | $75.00 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|-----------|
| | | EFPAR. | | | |
| 12/18/2014 | BN | REVIEW EFPAR'S SUPPLEMENT TO THE JOINT PRETRIAL STIPULATION AND ORDER. | 0.1 | $300 | $30.00 |

(L) Correspondence (Drafting and Analyzing) and Conferring with R. Riemer

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|-----------|
| 12/10/2014 | CAM | TELEPHONE CONFERENCE WITH R. RIEMER RE CONTRACT ISSUES RE EFPAR DISPUTE. | 0.2 | $375 | $75.00 |
| 12/17/2014 | CAM | TELEPHONE CONFERENCE WITH R. RIEMER RE EFPAR TRIAL, AND RE NO NEED FOR SAME TO APPEAR TO TESTIFY. | 0.2 | $375 | $75.00 |
| 12/26/2014 | CAM | REVIEW AND ANALYZE CORRESPONDENCE ANO INVOICE RECEIVED FROM EXPERT R. RIEMER. | 0.1 | $375 | $37.50 |

(M) Correspondence (Drafting and Analyzing) and Conferring with R. Hsu

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|-----------|
| 12/8/2014 | TR | TELEPHONE CONFERENCE WITH ROGER HSU RE EFPAR TRIAL AND DOWENT DEFENSES. | 0.8 | $625 | $500.00 |

(N) Preparation for Closing Argument

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|-----------|
| 1/9/2014 | TR | ANALYZE EFPAR TRIAL RECORDING FOR PREPARATION FOR CLOSING  ARGUMENT. | 1.1 | $625 | $687.50 |
| 12/18/2014 | CAM | DRAFT DOCUMENT RE EFPAR'S ADMISSIONS IN RESPONSES AND SUPPLEMENTAL RESPONSES TO DISCOVERY RE PREPARATION FOR SECOND DAY OF TRIAL ANO PROVIDING INFORMATION TO T. RINGSTAD RE PREPARATION OF CLOSING ARGUMENT. | 0.6 | $375 | $225.00 |
| 12/18/2014 | TR | ANALYZE TRIAL EVIDENCE AND PREPARE FOR CLOSING ARGUMENT. | 2.5 | $625 | $1,562.50 |
| 1/12/2015 | TR | PREPARE FOR CLOSING ARGUMENT FOR EFPAR TRIAL. | 2.5 | $625 | $1,562.50 |
| 1/16/2015 | TR | ANALYZE EVIDENCE AND PREPARE DAMAGES CHART ANALYZING EVIDENCE FOR CLOSING ARGUMENT. | 1.8 | $625 | $1,125.00 |

| 1/19/2015 | TR | PREPARE FOR EFPAR TRIAL CLOSING ARGUMENT. | 4.5 | $625 | $2,812.50 |
|-----------|-----|-------------------------------------------|-----|------|-----------|
| 1/20/2015 | BN | REVIEW CLOSING ARGUMENT MATERIALS RE EFPAR OBJECTION. | 0.2 | $300 | $60.00 |
| 1/20/2015 | BN | TELEPHONE CONFERENCE WITH COURT CLERK RE POWER POINT PRESENTATION. | 0.1 | $300 | $30.00 |
| 1/20/2015 | BN | TELEPHONE CONFERENCE WITH COURT IT RE POWER POINT PRESENTATION. | 0.1 | $300 | $30.00 |
| 1/20/2015 | BN | ANALYZE ISSUES RE CLOSING ARGUMENTS. | 0.2 | $300 | $60.00 |
| 1/20/2015 | BN | ANALYZE ISSUES RE POWER POINT PRESENTATION FOR CLOSING ARGUMENT RE EFPAR CLAIM OBJECTION. | 0.1 | $300 | $30.00 |
| 1/20/2015 | BN | ASSIST WITH PREPARATION  FOR CLOSING ARGUMENTS. | 0.9 | $300 | $270.00 |
| 1/20/2015 | TR | PREPARE FOR EFPAR TRIAL CLOSING ARGUMENT. | 2.5 | $625 | $1,562.50 |
| 1/21/2015 | CAM | REVIEW AND ANALYZE DOCUMENTS AND LEGAL AUTHORITIES RE OBTAINING INFORMATION FOR CLOSING ARGUMENTS IN EFPAR TRIAL. | 1.4 | $375 | $525.00 |
| 1/21/2015 | TR | PREPARE FOR CLOSING ARGUMENT. | 0.6 | $625 | $375.00 |
| 1/21/2015 | TR | REVISE POWERPOINT PRESENTATIONS FOR CLOSING ARGUMENT. | 0.8 | $625 | $500.00 |
| 1/21/2015 | BN | ASSIST WITH PREPARATION FOR CLOSING ARGUMENTS RE EFPAR CLAIM OBJECTION. | 0.3 | $300 | $90.00 |

(O) Attend Trial

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 12/18/2014 | TR | ATTEND TRIAL ON EFPAR OBJECTION. | 10.5 | $625 | $6,562.50 |
| 12/19/2014 | TR | ATTEND SECOND DAY OF EFPAR TRIAL. | 8.8 | $625 | $5,500.00 |
| 1/21/2015 | TR | ATTEND CLOSING ARGUMENT IN EFPAR TRIAL. | 5.8 | $625 | $3,625.00 |

Miscellaneous Entries

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 12/18/2014 | BN | REVIEW TENTATIVE RULING ON EFPAR CLAIM OBJECTION. | 0.1 | $300 | $30.00 |
| 12/19/2014 | CAM | TELEPHONE CONFERENCE WITH R. HSU RE EVENTS AND STATUS | 0.2 | $375 | $75.00 |

| | | OF TRIAL WITH EFPAR. | | | |
|---|---|---|---|---|---|

Vague Entries

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 12/10/2014 | CAM | RESEARCH RE LEGAL ISSUES RE PREPARATION FOR TRIAL WITH EFPAR AND PREPARATION OF TRIAL BRIEF. | 0.7 | $375 | $262.50 |

## Exhibit 12

(A) Analysis of Strategy and Issues re: Proposed Findings and Conclusions of Law

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 1/5/2015 | TR | ANALYZE STRATEGY RE PREPARATION OF PROPOSED FINDINGS AND CONCLUSIONS RE EFPAR TRIAL. | 0.4 | $625 | $250.00 |
| 1/6/2015 | BN | ANALYZE ISSUES RE PROPOSED FINDINGS AND CONCLUSIONS OF LAW RE EFPAR OBJECTION. | 0.5 | $300 | $150.00 |
| 1/6/2015 | TR | WORK ON STRATEGY RE POPOSED FINDINGS OF FACT ANO CONCLUSIONS OF LAW FOR EFPAR TRIAL. | 0.3 | $625 | $187.50 |
| 1/13/2015 | BN | ANALYZE ISSUES RE PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE EFPAR OBJECTION. | 0.7 | $300 | $210.00 |
| 1/22/2015 | CAM | REVIEW AND ANALYZE ISSUES RE FINALIZATION OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE TRIAL OF DEBTOR'S OBJECTION TO CLAIM OF EFPAR. | 0.3 | $375 | $112.50 |
| 2/11/2015 | BN | ANALYZE ISSUES RE DAMAGES ANALYSIS FOR PROPOSED FINDINGS AND CONCLUSIONS RE EFPAR OBJECTION. | 0.1 | $300 | $30.00 |
| 2/17/2015 | CAM | REVIEW AND ANALYZE DOCUMENTS AND ISSUES RE FINALIZING PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE EFPAR TRIAL. | 0.2 | $375 | $75.00 |
| 2/24/2015 | BN | ANALYZE ISSUES RE PROPOSED FINDINGS AND CONCLUSIONS RE EFPAR CLAIM. | 0.3 | $300 | $90.00 |
| 2/25/2015 | BN | ANALYZE ISSUES RE PROPOSED FINDINGS AND CONCLUSIONS RE | 0.1 | $300 | $30.00 |

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| | | EFPAR OBJECTION. | | | |
| 2/25/2015 | CAM | REVIEW AND ANALYZE DOCUMENTS RE DRAFTING / REVISING PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE EFPAR TRIAL. | 0.3 | $375 | $112.50 |
| 2/26/2015 | BN | ANALYZE ISSUES RE PROPOSED FINDINGS AND CONCLUSIONS RE EFPAR OBJECTION. | 0.2 | $300 | $60.00 |
| 2/26/2015 | CAM | REVIEW AND ANALYZE DOCUMENTS AND ISSUES RE PREPARATION OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE EFPAR TRIAL. | 0.5 | $375 | $187.50 |
| 2/27/2015 | CAM | REVIEW AND ANALYZE DOCUMENTS RE REVISING DEBTOR'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE EFPAR TRIAL. | 0.4 | $375 | $150.00 |

(B) Analysis of Audio Recording of Trial

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 1/9/2015 | CAM | REVIEW AND ANALYZE RECORDING OF TRIAL RE PREPARATION OF CLOSING STATEMENT AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND ANALYZE ISSUES RE SAME. | 1.8 | $375 | $675.00 |
| 1/17/2015 | CAM | PREPARE NOTES AND TIME LOG OF AUDIO RECORDING OF EFPAR TRIAL RE PREPARATION OF FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND PREPARATION FOR TRIAL CLOSING ARGUMENTS. | 1.8 | $375 | $675.00 |
| 1/17/2015 | CAM | REVIEW AND ANALYZE AUDIO RECORDING OF EFPAR TRIAL RE PREPARATION OF FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND PREPARATION FOR TRIAL CLOSING ARGUMENTS. | 2.4 | $375 | $900.00 |
| 1/18/2015 | CAM | DRAFT NOTES AND PREPARE TIME LOG RE AUDIO RECORDING OF EFPAR TRIAL RE PREPARATION OF FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND PREPARATION FOR TRIAL CLOSING ARGUMENTS. | 3.8 | $375 | $1,425.00 |
| 1/18/2015 | CAM | REVIEW AND ANALYZE AUDIO | 5.9 | $375 | $2,212.50 |

| | | | | | |
|---|---|---|---|---|---|
| | | RECORDING OF EFPAR TRIAL RE PREPARATION OF FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND PREPARATION FOR TRIAL CLOSING ARGUMENTS. | | | |
| 2/24/2015 | CAM | REVIEW AND ANALYZE AUDIO RECORDINGS OF TRIAL EFPAR TRIAL RE PREPARATION OF FINDINGS OF FACT AND CONCLUSIONS OF LAW. | 2.4 | $375 | $900.00 |

(C) Draft/Revise Proposed Findings of Fact

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 1/12/2015 | BN | DRAFT PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE EFPAR OBJECTION. | 0.3 | $300 | $90.00 |
| 1/13/2015 | BN | DRAFT PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE EFPAR OBJECTION. | 1.5 | $300 | $450.00 |
| 1/14/2015 | BN | DRAFT PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE EFPAR  OBJECTION. | 0.8 | $300 | $240.00 |
| 1/16/2015 | BN | DRAFT PROPOSED FINDINGS AND CONCLUSIONS RE EFPAR CLAIM OBJECTION. | 2.2 | $300 | $660.00 |
| 1/16/2015 | BN | REVISE PROPOSED FINDINGS AND CONCLUSIONS RE EFPAR OBJECTION. | 0.3 | $300 | $90.00 |
| 1/17/2015 | BN | REVISE PROPOSED FINDINGS AND CONCLUSIONS RE EFPAR OBJECTION. | 2 | $300 | $600.00 |
| 2/12/2015 | BN | DRAFT DAMAGES SECTION OF PROPOSED FINDINGS AND CONCLUSIONS RE EFPAR OBJECTION. | 1.1 | $300 | $330.00 |
| 2/23/2015 | BN | DRAFT DAMAGES PORTION OF PROPOSED FINDINGS AND CONCLUSIONS RE EFPAR OBJECTION. | 1 | $300 | $300.00 |
| 2/24/2015 | CAM | DRAFT PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE EFPAR TRIAL; REVIEW . | 1.9 | $375 | $712.50 |
| 2/25/2015 | CAM | DRAFT / REVISE PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE EFPAR TRIAL. | 0.7 | $375 | $262.50 |
| 2/25/2015 | TR | REVIEW AND REVISE FINDINGS OF FACT AND CONCLUSIONS OF LAW RE EFPAR CLAIM OBJECTION. | 3.4 | $625 | $2,125.00 |
| 2/26/2015 | BN | REVISE PROPOSED FINDINGS AND CONCLUSIONS RE EFPAR OBJECTION. | 2.7 | $300 | $810.00 |
| 2/26/2015 | TR | REVISE FINDINGS OF FACT AND CONCLUSIONS OF LAW RE EFPAR | 1.8 | $625 | $1,125.00 |

| | | CLAIM. | | | |
| 2/27/2015 | CAM | REVIEW / REVISE DEBTOR'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW. | 1.4 | $375 | $525.00 |
| 2/27/2015 | TR | FINALIZE PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE EFPAR CLAIM OBJECTION. | 0.4 | $625 | $250.00 |

(D) Review/Analyze Efpar's Proposed Findings and Conclusions of Law

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 3/2/2015 | BN | REVIEW EFPAR'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW. | 0.3 | $300 | $90.00 |
| 3/2/2015 | BN | ANALYZE ISSUES RE EFPAR'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW AND OBJECTION THERETO. | 0.5 | $300 | $150.00 |
| 3/2/2015 | TR | ANALYZE EFPAR'S FINDINGS OF FACT AND CONCLUSIONS OF LAW. | 2.2 | $625 | $1,375.00 |
| 3/3/2015 | BN | REVIEW AND ANALYZE EFPAR'S PROPOSED FINDINGS AND CONCLUSIONS; ANALYZE ISSUES RELATED THERETO. | 0.1 | $300 | $30.00 |
| 3/3/2015 | TR | ANALYZE ISSUES RE EFPAR'S PROPERTY FINDINGS OF FACT. | 0.6 | $625 | $375.00 |
| 3/4/2015 | CAM | REVIEW AND ANALYZE EFPAR'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE PREPARATION OF RESPONSE TO SAME. | 1.3 | $375 | $487.50 |
| 3/5/2015 | BN | REVIEW EFPAR'S PROPOSED FINDINGS AND CONCLUSIONS. | 0.5 | $300 | $150.00 |
| 3/9/2015 | BN | REVIEW EFPAR'S PROPOSED FINDINGS AND CONCLUSIONS. | 0.5 | $300 | $150.00 |
| 3/10/2015 | BN | ANALYZE CASES CITED BY EFPAR IN ITS PROPOSED FINDINGS AND CONCLUSIONS; RESEARCH CASES RELATED THERETO. | 4.4 | $300 | $1,320.00 |
| 3/10/2015 | BN | REVIEW EFPAR'S PROPOSED FINDINGS AND CONCLUSIONS. | 0.4 | $300 | $120.00 |
| 3/10/2015 | BN | ANALYZE ISSUES RE EFPAR'S PROPOSED FINDINGS AND CONCLUSIONS. | 0.4 | $300 | $120.00 |
| 3/11/2015 | BN | REVIEW EFPAR'S PROPOSED FINDINGS AND CONCLUSIONS. | 0.2 | $300 | $60.00 |
| 3/11/2015 | BN | ANALYZE ISSUES RE EFPAR'S PROPOSED FINDINGS AND | 0.3 | $300 | $90.00 |

| | | CONCLUSIONS. | | | |
|---|---|---|---|---|---|
| 3/11/2015 | BN | ANALYZE CASES CITED BY EFPAR IN ITS PROPOSED FINDINGS AND CONCLUSIONS; RESEARCH CASES RELATED THERETO. | 2.9 | $300 | $870.00 |
| 3/12/2015 | BN | ANALYZE ISSUES RE EFPAR'S PROPOSED FINDINGS AND CONCLUSIONS. | 0.3 | $300 | $90.00 |
| 3/13/2015 | BN | ANALYZE ISSUES RE EFPAR'S PROPOSED FINDINGS AND CONCLUSIONS. | 0.5 | $300 | $150.00 |

(E) Draft Objection to Efpar's Proposed Findings and Conclusions of Law

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 3/3/2015 | BN | DRAFT OBJECTION TO EFPAR'S PROPOSED FINDINGS AND CONCLUSIONS. | 1.4 | $300 | $420.00 |
| 3/5/2015 | BN | DRAFT OBJECTION TO EFPAR'S PROPOSED FINDINGS AND CONCLUSIONS. | 0.7 | $300 | $210.00 |
| 3/9/2015 | BN | DRAFT OBJECTION TO EFPAR'S PROPOSED FINDINGS AND CONCLUSIONS. | 0.5 | $300 | $150.00 |
| 3/10/2015 | BN | DRAFT OBJECTION TO EFPAR'S PROPOSED FINDINGS AND CONCLUSIONS. | 3.7 | $300 | $1,110.00 |
| 3/11/2015 | BN | REVISE OBJECTION TO EFPAR'S PROPOSED FINDINGS AND CONCLUSIONS. | 3.3 | $300 | $990.00 |
| 3/11/2015 | BN | DRAFT OBJECTION TO EFPAR'S PROPOSED FINDINGS AND CONCLUSIONS. | 1.2 | $300 | $360.00 |
| 3/12/2015 | BN | REVISE OBJECTION TO EFPAR'S PROPOSED FINDINGS AND CONCLUSIONS. | 2.5 | $300 | $750.00 |
| 3/12/2015 | TR | REVISE OBJECTIONS TO EFPART'S FINDINGS OF FACT AND CONCLUSIONS OF LAW. | 1.5 | $625 | $937.50 |
| 3/13/2015 | BN | REVISE OBJECTION TO EFPAR'S PROPOSED FINDINGS AND CONCLUSIONS. | 4.5 | $300 | $1,350.00 |
| 3/13/2015 | CAM | WORK ON REVISING / FINALIZING OBJECTIONS TO EFPAR'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW. | 0.5 | $375 | $187.50 |
| 3/13/2015 | TR | PREPARE AND REVISE OBJECTIONS TO EFPAR'S FINDINGS OF FACT AND CONCLUSIONS OF LAW. | 5.5 | $625 | $3,437.50 |

(F) Review/Analyze Efpar's Objection to Debtor's Proposed Findings and Conclusions of Law

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 3/16/2015 | BN | REVIEW EFPAR'S OBJECTION TO THE DEBTOR'S PROPOSED FINDINGS AND CONCLUSIONS. | 0.4 | $300 | $120.00 |
| 3/16/2015 | BN | ANALYZE ISSUES RE EFPAR'S OBJECTION TO THE DEBTOR'S PROPOSED FINDINGS AND CONCLUSIONS. | 0.3 | $300 | $90.00 |
| 3/16/2015 | TR | ANALYZE EFPAR'S OBJECTIONS TO DOWENT'S FINDINGS OF FACT. | 1.5 | $625 | $937.50 |

(G) Correspondence (Drafting and Analyzing) and Conferring with R. Hsu

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 7/24/2015 | CAM | TELEPHONE CONFERENCE WITH R. HSU RE STATUS RE OBJECTION TO EFPAR CLAIM. | 0.1 | $625 | $62.50 |
| 8/11/2015 | CAM | TELEPHONE CONFERENCE WITH R. HSU AND T. RINGSTAD RE COURT'S MEMORANDUM OF DECISION RE DEBTOR'S OBJECTION TO CLAIM OF EFPAR DEVELOPMENT, AND ISSUES RE SAME. | 0.3 | $375 | $112.50 |

(H) Correspondence (Drafting and Analyzing) and Conferring with M. Orh

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|------|------|-------------|------|-------------|------------|
| 3/4/2015 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO M. ORH RE STATUS OF EFPAR LITIGATION AND RECENTLY FILED DOCUMENTS RE SAME, AND RE STATUS OF SETTLEMENT WITH J. KIM AND OBTAINING COURT APPROVAL OF SAME. | 0.3 | $375 | $112.50 |
| 3/12/2015 | CAM | PREPARE CORRESPONDENCE AND MULTIPLE ENCLOSURES TO M. ORH RE PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW SUBMITTED BY PARTIES, AND RE ISSUES RE OBJECTIONS TO SAME. | 0.4 | $375 | $150.00 |
| 3/16/2015 | CAM | PREPARE CORRESPONDENCE AND MULTIPLE ENCLOSURES TO M. ORH RE DEBTOR'S OBJECTIONS TO EFPAR'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND EFPAR'S REPLY TO DEBTOR'S PROPOSED | 0.2 | $375 | $75.00 |

| | | FINDINGS AND CONCLUSIONS. | | | |
|---|---|---|---|---|---|
| 4/7/2015 | CTR | TELEPHONE CONFERENCE WITH M. ORH RE STRATEGY RE PAYMENT OF CREDITOR CLAIMS. | 0.2 | $625 | $125.00 |
| 4/17/2015 | CAM | EXCHANGE E-MAILS WITH M. ORH RE STATUS OF COURT ISSUING DECISION RE EFPAR LITIGATION. | 0.2 | $375 | $75.00 |
| 4/29/2015 | CAM | EXCHANGE E-MAILS WITH M. ORH RE OUTCOME OF STATUS CONFERENCE ON EFPAR TRIAL, COURT'S ISSUANCE OF DECISION RE SAME, AND FURTHER CONTINUANCE OF STATUS CONFERENCE. | 0.1 | $375 | $37.50 |
| 5/26/2015 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM M. ORH RE OUTCOME OF STATUS CONFERENCES ON SBH REALTY AND EFPAR MATIERS. | 0.1 | $375 | $37.50 |
| 6/30/2015 | CAM | TELEPHONE CONFERENCE WITH M. ORH RE ISSUES RE STATUS OF OBJECTIONS TO CLAIMS OF EFPAR AND DOWENT, AND ISSUES RE SAME. | 0.2 | $375 | $75.00 |
| 7/8/2015 | CAM | REVIEW AND ANALYZE MULTIPLE E-MAILS FROM M. ORH AND R. HSU RE ISSUES RE STATUS OF CLAIMS LITIGATION WITH EFPAR AND SBH REALTY, AND SCHEDULED STATUS CONFERENCES RE SAME. | 0.1 | $375 | $37.50 |
| 7/9/2015 | CAM | REVIEW AND ANALYZE CORRESPONDENCE FROM M. ORH RE BANKRUPTCY JUDGE RULING ON EFPAR TRIAL AND IMPLICATIONS RE SAME. | 0.1 | $375 | $37.50 |
| 7/27/2015 | CAM | EXCHANGE E-MAILS WITH M. ORH RE COURT'S TENTATIVE RULINGS RE STATUS CONFERENCES ON DEBTOR'S OBJECTIONS TO CLAIMS OF EFPAR AND SBH, AND RE STATUS OF COURT ISSUING DECISION ON EFPAR TRIAL. | 0.2 | $375 | $75.00 |
| 8/11/2015 | CAM | SECOND TELEPHONE CONFERENCE WITH R. HSU RE ISSUES RE COURT'S MEMORANDUM OF DECISION RE DEBTOR'S OBJECTION TO CLAIM OF EFPAR DEVELOPMENT. | 0.2 | $375 | $75.00 |
| 8/11/2015 | CAM | PREPARE CORRESPONDENCE AND ENCLOSURE TO M. ORH AND R. HSU RE COURT'S DECISION RE OBJECTION TO EFPAR CLAIM. | 0.1 | $375 | $37.50 |
| 8/11/2015 | CAM | TELEPHONE CONFERENCE WITH M. ORH AND T. RINGSTAD RE COURT'S MEMORANDUM OF DECISION RE | 0.3 | $375 | $112.50 |

| | | DEBTOR'S OBJECTION TO CLAIM OF EFPAR DEVELOPMENT, AND ISSUES RE SAME. | | | |
|---|---|---|---|---|---|

(I) Review/Analyze Court's Memorandum of Decision

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 1/20/2015 | CAM | EXCHANGE E-MAILS WITH DEBTOR'S APPRAISER. | 0.1 | $375 | $37.50 |
| 2/4/2015 | CAM | REVIEW AND ANALYZE DOCUMENTS AND ISSUES RE ERRONEOUS INVOICE RECEIVED FROM DEBTOR'S APPRAISER AND RESOLVING SAME. | 0.1 | $375 | $37.50 |
| 8/11/2015 | BN | REVIEW MEMORANDUM DECISION RE EFPAR CLAIM OBJECTION. | 0.6 | $300 | $180.00 |
| 8/11/2015 | CAM | ANALYZE ISSUES AND DOCUMENTS RE COURT'S MEMORANDUM OF DECISION RE OBJECTION TO EFPAR'S CLAIM AND POSSIBLE IMPLICATIONS OF SAME. | 0.7 | $375 | $262.50 |
| 8/11/2015 | CAM | REVIEW AND ANALYZE COURT'S MEMORANDUM OF DECISION RE DEBTOR'S OBJECTION TO CLAIM OF EFPAR DEVELOPMENT AND PREPARE NOTES RE SAME. | 1.8 | $375 | $675.00 |

(J) Review of Trial Testimony, Declarations and Other Related Documents

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| 3/5/2015 | BN | REVIEW EFPAR'S TRIAL TESTIMONY FOR USE IN OBJECTION TO EFPAR'S PROPOSED FINDINGS AND CONCLUSIONS; ANALYZE ISSUES RELATED  THERETO. | 1.4 | $300 | $420.00 |
| 3/9/2015 | BN | REVIEW DOLLAR TREE LEASE; ANALYZE ISSUES RELATED THERETO. | 0.6 | $300 | $180.00 |
| 3/9/2015 | BN | REVIEW DECLARATION OF B. LOFGREN RE DOLLAR TREE LEASE. | 0.3 | $300 | $90.00 |
| 3/9/2015 | BN | REVIEW TRIAL TESTIMONY OF B. LOFGREN RE VALUE OF THE PROPERTY. | 4 | $300 | $1,200.00 |
| 3/12/2015 | BN | REVIEW PLEADINGS FOR USE IN OBJECTION TO EFPAR'S PROPOSED FINDINGS AND CONCLUSIONS. | 0.2 | $300 | $60.00 |

(K) Research Regarding Damages

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
|---|---|---|---|---|---|

| 1/16/2015 | BN | RESEARCH RE EFPAR'S BURDEN OF PROOF RE DAMAGES. | 0.5 | $300 | $150.00 |
| 1/20/2015 | BN | RESEARCH RE PROVIDING DAMAGES. | 0.7 | $300 | $210.00 |

Miscellaneous Entries

| Date | Atty | Description | Time | Hourly Rate | Total Fees |
| --- | --- | --- | --- | --- | --- |
| 2/27/2015 | CAM | TELEPHONE CONFERENCE WITH COURT'S LAW CLERK RE ISSUES RE LODGING FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND RE COURT'S PREFERRED MANNER OF CITATIONS TO EVIDENCE IN SAME. | 0.2 | $375 | $75.00 |
| 2/27/2015 | CAM | RESEARCH RE LOCAL AND FEDERAL BANKRUPTCY RULES RE SUBSTANTIVE AND PROCEDURAL REQUIREMENTS FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW RE EFPAR TRIAL. | 0.3 | $375 | $112.50 |
| 3/10/2015 | BN | RESEARCH RE WHETHER COURT MAY HEAR AND DETERMINE LEGAL ISSUES NOT INCLUDED IN PRE-TRIAL ORDER. | 0.4 | $300 | $120.00 |
| 3/10/2015 | TR | ANALYZE CASE LAW FOR IMPOSSIBILITY DEFENSE. | 1.5 | $625 | $937.50 |
| 3/16/2015 | CAM | REVIEW AND ANALYZE EFPAR'S REPLY TO DOWENT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW. | 0.4 | $375 | $150.00 |
| 4/24/2015 | CAM | REVIEW AND ANALYZE ISSUES RE UPCOMING STATUS CONFERENCE RE EFPAR TRIAL. | 0.2 | $375 | $75.00 |
| 5/22/2015 | CAM | REVIEW AND ANALYZE COURT'S TENTATIVE RULING RE TRIAL ON OBJECTION TO EFPAR'S CLAIM. | 0.1 | $375 | $37.50 |
| 8/11/2015 | BN | ANALYZE ISSUES RE ATTORNEY'S FEES WHEN OBJECTIONS TO CLAIM GRANTED IN PART AND DENIED IN PART. | 0.2 | $300 | $60.00 |